BILL OF COMPLAINT

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

CA NO: CA 07 055ML

JAMES C. MARCELLO; OLIVIA A. MARCELLO

--Plaintiffs--

vs.

STATE OF RHODE ISLAND

--Defendant--

(RI STATE OFFICIALS)
CONSTABLE ALFRED HARRIS; CHIEF JOHN LACROSS, BPD;
6TH DIST.CT: JUDGE PATRICIA MOORE; JUDGE GORMAN;
PROV.SUP.CT: JUDGE KRAUSE, JUDGE CLIFTON, JUDGE SAVAGE
BARRINGTON PROB.CT: JUDGE MARVIN HOMONOFF, LORRAINE DEBOIS, CLERK

(RI LAW FIRMS)
KIERNAN, PLUNKETT, REDIHAN; RESNICK, CAFFREY, MORETTI; and
MCINTYRE, TATE, LYNCH, HOLT

(ATTORNEYS OF RI LAW FIRMS)
JOHN A DESANO, BERNARD P HEALY, JAMES MORETTI, JEFFREY CAFFREY,
and DAVID STRACHMAN

(RI BUSINESSES)
DAVID COLEMAN, PROPRIETOR OF COLEMAN REALTY IN BARRINGTON; KEVIN KERNAN, PROPRIETOR OF JONES MOVING AND STORAGE IN PROVIDENCE; and EVA MARTINELLI, PRESIDENT & TREASURER OF DIAMOND FUNDING CORPORATION IN CRANSTON

(PRIVATE PERSONS)
ARTHUR T. MARCELLO, ARTHUR T. MARCELLO, JR, THOMAS MARCELLO, NUNO C NEVES, NATALIA PAIVA-NEVES, ALBERT MASTRIANO, BETTY BARNEY

--Defendants--

**COMPLAINT FOR CONSPIRACY, EMBEZZLEMENT, & RACKETEERING PURSUANT TO:**

15 RIGL §§ 7-15-1 ET SEQ. (R.I. RICO STATUTE)
18 USCA §§ 1961 ET SEQ. (FED. RICO STATUTE)

AND THE

42 USCA §§ 1983 ET SEQ. (CIVIL RIGHTS)
CIVIL ACTION FOR DEPRIVATION OF RIGHTS

# TABLE OF CONTENTS


| ITEM | PAGE(S) |
|---|---|
| IDENTIFICATION OF ENTERPRISE | i-iv |
| I. Estate Racketeering | i |
| II. Identification of Super Structure | i |
| A. Kiernan,Plunkett & Redihan | i |
| B. Judge Marvin Homonoff of Barrington Probate | ii |
| C. David Coleman of Barrington Coleman Realty | ii |
| D. Chief John LaCross of Barrington Police Dpt | ii |
| E. Constable Alfred Harris | iii |
| F. State of Rhode Island | iii |
| III. Identification of Lower Management | iv |
| A. Resnick, Caffrey & Moretti | iv |
| JURISDICTIONAL STATEMENT | v |
| I. Jurisdictional Statement | v |
| II. Constitutional Rights of Plaintiffs | v |
| III. Bill of Complaint | vi |
| COUNT I | 1-10 |
| Ist Episode - 16 Sub-Counts | |
| Time Period: May 17, 2000 to September 28, 2002 | |
| COUNT II | 1-5 |
| 2nd Episode - 8 Sub-Counts | |
| Time Period: September 28, 2002 to April 7, 2003 | |
| COUNT III | 1-7 |
| 3rd Episode - 11 Sub-Counts | |
| Time Period: June 6, 2003 to November 14, 2003 | |

COUNT IV.................................................... 1-6

4th Episode - 6 Sub-Counts

Time Period: November 14, 2003 to February 6, 2004

COUNT V..................................................... 1-6

State of Rhode Island Constitutional Violations

7 Sub-Counts

Time Period: March 6, 2002 to September 25, 2006

PRAYER FOR RELIEF........................................ 1-5

Primary 1-5.................................... 1

1st Alternative - Defendant State Liability.......... 2-3

2nd Alternative - Joint Defendant Liability.......... 3-5


**EXHIBITS**


A. Order of Barrington Probate April 7, 2003......... 1-2

B. Purported Will March 6, 2002...................... 1-7

C. Revoking Letters April 26, 2002.................. 1-11

D. Void Default July 23, 2003 + Unsigned Vacat Notice 1-3

E. Will May 22, 1999................................ 1-3

F. Power of Attorney for Sale of Real Estate 2/14/95. 1-3

# INDENTIFICATION OF ENTERPRISE

## C. IDENTIFICATION OF ENTERPRISE

### I. Estate Racketeering

Plaintiffs infer, that an enterprise exist in the State of Rhode Island, Estate Racketeering, one of it's many functioning ares, the East Bay area of Bristol County centralized around the Barrington Probate Court. Their objective is to find and seek out elderly persons, in said area with dementias, that are sufficiently deteriorative to understand the consequences of what is before them and are in law legally incompetent to sign and make a will whereby their estates pass legal title by intestate cession to their next of kin on the day of their death, and to manufacture an instrument for them purporting to be a will ultimately used by the enterprise, following the death of said insane elderly victom, as a fraudulent devise to commit a larceny sale of the entire estate, in the absence of the required Authorization order of Probate to Sell Real Estate pursuant to RIGL § 33-19-3 and subject matter jursidiction even if all debts are immediately paid off by the children who chose by right not to sell the property and keep it.

### II. Indentification of Super Structure

#### A. Kiernan, Plunkett & Redihan

All the attorneys from this law firm located at 91 Friendship Street Providence R.I. head the super structure over the enterprise. In particular Attorney John A. DeSano who is a resident of Barrington and sub=divided neighbor to Judge Marvin Homonoff of Barrington Probate , and Attorney Bernard P. Healy. They essential control many smaller law firms in the state of RI to aid in their fraudulent and unlawful assistance in the Probate Court of Barrington to secure the larceny of the estate properties of these insane victoms.

## IDENTIFICATION OF ENTERPRISE

### B. Judge Marvin Homonoff of Barrington Probate

Barrington Probate Court Judge Marvin Homonoff is a member of the enterprise. His function is to act under color of law in total absence over subject matter jurisdiction, and to issue an order which is in affect void, but to average layman it has the assemble of what appeas to be legal, essential probating the instrument purporting to be a will of an insane victom person. He receives a stake in the action when the property is dold illegally and agrees that only members as he is can violate the (RICO) Statute for the protection and preservation of the enterprise.

### C. David Coleman of Barrington Coleman Realty

David Coleman of Coleman Realty in Barrington is also a resident of the town of Barrington and a member of the enterprise. His function is to market the stolen real estate properties of these insane elderly victoms on the computer net, and to only market, when the precise time is determined to do soa at the behest of the super structure Attorney John A. DeSano or an indirect affiliate. He has a stake in the action when the property is sold illegally or otherwise and agrees that only members as he is can violate the (RICO) Statute for the protection and preservation of the enterprise.

### D. Chief John LaCross of Barrington Police

Chief John LaCross of the Barrington Police Department is also a member of the enterprise. His function is to act under color of law and pretend he, along with entire Barrington Police Department, Jones Moving and Storage of Providence, and Constable Alfred Harris, to illegally evict the "next of kin" or children, from thier deceased insane victom parents home, and if necessary to a failed bluff, to illegally arrest and false imprison them, so as to allow then the super structure Attorney John A. DeSano, to instruct

## IDENTIFICATION OF ENTERPRISE

David Coleman to then market the stolen real estate property. He Chief LaCross of Barrington PD has a stake in the action and agrees that only members as he is can violate the (RICO) Statute for the protection and preservation of the enterprise.

**E. Constable Alfred Harris**

Constable Alfred Harris is a member of the enterprise. His function, which no other RI Sheriff Department would conduct, is to serve under color of law a process of evictions against the children who live in their deceased insane victom parents home. He carries a secret tape recorder to disclose to both the super structure Attorney John A. DeSano of Barrington and his affiliated law firm attorneys, and Chief John LaCross. The purported evictions are served with a complaint for eviction with an attached notice to vacate the premises by a purported executor unsigned by him or any other person. He receives a stake in the action once the larceny sale is made or any other consideration that has been given to him, and agrees that onlymembers of the enterprise can violate the (RICO) Statute for the protection and preservation thereof.

**F. State of Rhode Island**

The State of Rhode Island is a member of this enterprise. It's position in the enterprise is to circumvent the 14th Amendment Rights of the Federal Constitution secured to all person's who's insane parents died intestate and inherited their properties on the day of thier death at common law, by coordinating it's position in a subordinate role to the super structure of the enterprise the attorneys of the law firm, Kiernan, Plunkett & Redihan, and to move at the behest of thier will attorneys who devulge in every effort to deprive such persons of their inheritable rights and possession to their

## IDENTIFICATION OF ENTERPRISE

parents real estate properties that have died intestate but by illusion of the enterprise left an order void purporting to probate the instrument purporting to be a will. The full power of the State to it's criminal and civil judicial systems and the decision making process of the judges as well, in it's enteirety, is thereof at their command and instruction, so that the enterprise who is devulging larceny schemes of real estate properties against it's victoms is in effect also is judge and juries against them.

### III. Indentification of Lower Management

#### A. Resnick, Caffrey & Moretti

All these attorneys from this law firm located at 300 Centerville Rd, Warwick, R.I., are employeed in the lower management of the enterprise. They effectuate their efforts at the behest of the super structure law firm attorneys at Kiernan, Plunkett & Redihan. Such as counterfeiting executor deeds, collection of unlawful debt mortgage money by direct or indirect means from the larceny purchasers of these estate sales, paying property taxes on the stolen estate properties from the proceeds within, taking slice of proceeds, and representing the larceny purchasers in all countersuit actions by these victoms. They receive a stake in the action once the larceny sale of the estate property is made or other methods of consideration, and agree that only the members of the enterprise can violate the (RICO) Statute for the protection and preservation of the enterprise.

# JURISDICTIONAL STATEMENT

## JURISDICTIONAL STATEMENT

A. The grounds upon which the jurisdiction of the court depends are that this is a suit between the Defendants all citizens of the State of Rhode Island and the Plaintiffs both citizens of a different state, the State of Maine, and the matter in controversy herein exclusive of interest, costs, and damages, is: (3) times the value of the real and personal property located at 557 Maple Avenue Barrington, R.I., embezzled or fraudulently converted by said Defendants as complained hereof, exceeding the sum of ($1,500,000.00), and/or both, imprisonment not more than (20) years invoked under RIGL § 11-41-3, wrongful death of Plaintiffs father Rudolph N. Marcello in amount of ($1,000,000.00) or maximum penalty which ever is greater, and ($500,000.00) for pain, suffering, emotional trama, homelessness, suffered by said Plaintiff and his wife as complained hereof.

## CONSTITUTIONAL RIGHTS OF PLAINTIFFS

B. On September 28, 2002, Plaintiff James C. Marcello's (82½) year old father, Rudolph N. Marcello, stricken with both a bad heart and insane by reason of Alzheimer Dementia, died intestate, leaving no valid will. At the time of his death decedant left real and personal property located at 557 Maple Avenue Barrington R.I., in approximate value of ($500,000.00), to which the said decedant, his son said plaintiff and his wife, were in possession thereof. Pursuant to the U.S. Federal and State of Rhode Constitutional laws of the land, the legal title to the said real and personal estate property of decedant Rudolph N. Marcello, invested in it's entirety, in said decedant's only child and son said Plaintiff James C. Marcello, on the day of his death September 28, 2002.

Plaintiffs, have secured property interest, as defined by state law,and invoke RIGL § 33-1-1(1). "Real Estate Descending By Intestacy to Children...."

# COUNT 1

1st Episode

To Single Fraudulent Scheme to Obtain Plaintiff's Real Property
Conspiracy to Defraud Estate of Insane Alzheimer Dementia

Home Patient Plaintiff's father Rudolph N. Marcello

Kidnapping, Extortion, Wrongful Death, Assault, Elderly Abuse,

Concealment of Will, Perjury, Forgery and Counterfeiting

Time Period: May 17, 2000 to September 28, 2002

**COUNT 1**

1. On and about the 17th day of May, 2000, Defendants: Arthur T. Marcello, Rosalia Marcello, Arthur T. Marcello,(jr), and Thomas Marcello, did conspire, to cause a wrongful death and/or to cause incapacitation of Plaintiff James C. Marcello's (80) year old father Rudolph N. Marcello, who was known at the time by said defendants to have a bad heart and insane by reason of Alzheimer Dementia, for their intent of two fraudulent options, to either effectuate by cause of wrongful death a purported will of his dated May 22, 1999, a copy hereby annexed at **(Exhibit E)**, and/or to effectuate in the alternative by cause of incapacitation into hospital or nursing home confinement a Power of Attorney For Sale of Real Estate dated February 14, 1995, a copy hereby annexed at **(Exhibit F)**, both said instruments designed by and empowering said defendants for fraudulent sale of said plaintiff's father's estate located at 557 Maple Avenue Barrington R.I. and defraud said plaintiff, for their own benefit; by lurring said plaintiff's father to said defendants Arthur T. Marcello's and Rosalia Marcello's home address located at 130 Roffee Street Barrington R.I. and compel him to preform hard labor by posthole digging and fence erecting etc, and in fact causing him a 1st hearattack at said defendant's home address, and the said defendants, by deliberately failing to call an ambulance and failing to directly assist him with hopeful intent to cause said wrongful death, subsequently compelled said plaintiff's father to desperately get into his car and drive with 1st heartattack to Veterans Hospital in Providence entering emergency room and collapsing to floor with 2nd massive heartattack.

This violation is made pursuant to RIGL § 10-7-1. Liability for Damages for Causing Death; and RI State and Federal (RICO) Statutes.

**COUNT I**

2. On the 4th day of June, 2000, the Defendants: Arthur T. Marcello, Rosalia Marcello, Arthur T. Marcello,(jr), and Thomas Marcello, did break and entered into Plaintiff James C. Marcello's father Rudolph N. Marcello's resident owned property located at 557 Maple Avenue Barrington R.I., and proceeded as planned to commit larceny of priceless antiques furniture, china, etc, in approximate value of $150,000.00, and to attempt wrongfully and fraudulently the sale of said plaintiff's father's said real estate above indicated, through a Power of Attorney to Sell Real Estate dated February 14, 1995, a copy hereby annexed at **(Exhibit F)**, designed for their own benefit and to defraud said plaintiff of inheritable rights, while said plaintiff's father was held at Veterans Hospital in Providence resulting from the deliberated acts perpetrated by said defendants inducing said plaintiff's father with two heartattacks that occurred at the said defendants Arthur T. Marcello and Rosalia Marcello's residence on May 17, 2000.

3. On the 4th day of June, 2000, the Defendants: Arthur T. Marcello, Rosalia Marcello, Arthur T. Marcello,(jr), and Thomas Marcello, did make an unlawful threat of communication to Plaintiff James C. Marcello's son James N.J. Marcello, while caught by said plaintiff's son in the act of committing larceny of said plaintiff's father's antiques at his resident owned property located at 557 Maple Avenue Barrington R.I., to the extent saying: "I will pay (bribery) money to put you all in jail to get this house and property".

**COUNT I**

4. On and about the 3th day of June, 2001, at approximately 8:00 pm, the defendants: Arthur T. Marcello, Rosalia Marcello, Arthur T. Marcello,(jr.), and Thomas Marcello, did conspire, to terrorize by attempting to induce, Plaintiff James C. Marcello's (81½) year old father Rudolph N. Marcello, who was known by said defendants at the time of their act to have a bad heart, paranoia phsycosis, mental retardation, and insane by reasons of Alzheimer Dementia, into signing a second instrument purporting to be a will and Power of Attorney to Sell His Real Estate, designed by said defendants for their benefit to defraud his estate, causing said plaintiff's father to have a nervous breakdown and to be emergency admitted to the Veterans Hospital in Providence R.I.

COUNT 1

5. On and about the 6th day of March, 2002, in the Town of Barrington and County of Bristol, and State of Rhode Island, Defendants: Attorney John A. DeSano, Albert Mastriano, Arthur T. Marcello, and Dinah Baker, did then and there conspire together to defraud the estate of Plaintiff James C. Marcello's 82½ year old father Rudolph N. Marcello, known to be, at that time by them, insane and incompetent by reason of Alzheimer Dementia and life-time mental illness, by devising an instrument purporting to be a will.

This violation is made pursuant to RIGL § 11-1-6. Conspiracy

6. On the 6th day of March, 2002, at approximately 8:30 am, Defendants: Attorney John A. DeSano, Albert Mastriano, and Arthur T. Marcello, did knowingly and willfully kidnapp Plaintiff James C. Marcello's 82½ year old father Rudolph N. Marcello from his home address located at 557 Maple Avenue Barrington R.I., by them assaulting him, to the extent by them grabbing him by both of his arms and taking him out of his home and stuffing him into their car and fleeing the said premise, for the intentions to both avaid a police call response made against them by visiting homecare nurse Betty Barney in their presence, at plaintiff's demand, and extort him into signing an instrument purporting to be a will designed to defraud his estate.

This violation is made pursuant to RI (RICO) Statute § 7-15-1. Kidnapping; and RIGL § 11-57-1. Violent Crime in Aid of Racketeering.

7. On the 6th day of March, 2002, at approximately 9:15 am, in the Town of Barrington R.I. behind a local gas station on Maple Avenue called Vic's Texaco, Defendants: Attorney John A. DeSano, Arthur T. Marcello, and Albert Mastriano attempted to extort Plaintiff James C. Marcello's 82½ year old father Rudolph N. Marcello into signing an instrument purporting to be his will, following their kidnapping him from his home.

This violation is made pursuant to RI (RICO) Statute § 7-15-1 and Title 18 USCA 1961(1). Extortion.

8. On the 6th day of March, 2002, at approximately 9:15 am, Defendant State of Rhode Island's Barrington Police Officer of Elderly Abuse Unit, Officer Thomas Pine, while at plaintiff's father home address following his response to phone call complaint by homecare nurse Betty Barney, spoke to plaintiff James C. Marcello on phone stating to press charges of kidnapping and extortion against defendants attorney John A. DeSano, Arthur T. Marcello, and Albert Mastriano, stated quote: "I don't know where they took him and I'm not going to make any arrests".

This violation is made pursuant to the 14th Amendment of U.S. Constitutional Law pursuant to the "Equal protection Clause".

9. On the 6th day of March, 2002, at approximately 9:30 am, in the Town of Barrington R.I. behind a local gas station on Maple Avenue called Vic's Texaco, Defendants: Attorney John A. DeSano and Arthur T. Marcello procured co-defendant Albert Mastriano to commit perjury, to the extent to swear under oath falsely as a witness to the instrument purporting to be a will

of Plaintiff James C. Marcello's father Rudolph N. Marcello, that he signed the purported will and that he was of sound mind.

This violation is made pursuant to RIGL § 11-33-2. Subornation of perjury.

10. On the 6th day of March, 2002, Defendant Albert Mastriano did commit perjury to swearing under oath as a witness to a purported will of Plaintiff James C. Marcello's father Rudolph N. Marcello, to the extent that he saw him sign it when he knew in fact he did not, and further swore falsely that he was of sound mind at the time when he knew in fact he was not.

This violation is made pursuant to RIGL § 11-33-1. Perjury

11. On and about the 6th day of March, 2002, Defendants: Attorney John A. DeSano and/or Arthur T. Marcello did forge the (10) names of Nicholas R. Marcello a/k/a Nicholas Rudolph Marcello on an instrument purporting to be a will of Plaintiff's 82½ year old father Rudolph N. Marcello, for after death intent, to embezzle and fraudulently convert his real and personal estate property located at 557 Maple Avenue Barrington R.I.

This violation is made pursuant to RIGL § 11-17-1. Forgery and Counterfeiting.

12. On and about the 6th day of March, 2002, in the Town of East Providence R.I., Defendant Betty Barney, with actual knowledge and power to stop, did neglect or refused to prevent a conspiracy perpetrated by co-defendants Attorney John A. DeSano, Arthur T. Marcello, Albert Mastriano, and Dinah Baker to defraud said plaintiff's father Rudolph N. Marcello.

This violation is made in pursuant to Title 42 USCA 1986.

**COUNT 1**

13. On and about the 18th day of March, 2002, at approximately 10:00 am, the Defendants: Arthur T. Marcello, Rosalia Marcello, Arthur T. Marcello,(jr.), Thomas Marcello, and Co-Defendant Attorney John A. DeSano, did conspire, by terrorizing in attempting to induce, Plaintiff's James C. Marcellos (82) year old father Rudolph N. Marcello, who was known them at the time of their act, to have a bad heart, paranoia pshcosis, mental retardation, and insane by reason of Alzheimer Dementia, into signing a Power of Attorney to Sell His Real Estate, designed by said defendants for their benefit and to defraud his estate, causing said plaintiff's (82) year old father to begin to have a nervous brakedown and requesting to go to Veterans Hospital and to flee immediately his home and hide out from said defendants at his visiting homecare nurses house Ms Betty Barney who were planning to come back to his home agains with these additional papers to sign giving them authority to sell and defraud his real estate property located at 557 Maple Avenu Barrington R.I.

**COUNT 1**

14. On and about the 16th day of May, 2002 and through September 28, 2002 the death date of plaintiff's father Rudolph N. Marcello, the Defendants: Attorney John A. DeSano and Arthur T. Marcello did conspire and conceal the instrument purporting to be a will of said plaintiff's father dated March 6, 2002, after accepting certified revoking letters from him on said May 16, 2002 specifically revoking and demanding back the said purported will, for the intent to prevent him from tearing and destroying it permanently and to use the said purported will as a fraudulent devise to commit a larceny of his entire estate property located at 557 Maple Avenue Barrington R.I. after his death and permanently deprive said plaintiff of his Constitutional inheritable rights thereof.

This violation is made pursuant to RIGL § 33-7-7. Penalty for Theft, Destruction, or Concealment of Will.

## COUNT I

15. On and about the 28th day of August, 2002, through the 28th day of September, 2002, the day of death of plaintiffs (82½) year old father Rudolph N. Marcello, who was diseased with a bad heart and insane from Alzheimer Dementia, the Defendant: Ms. Betty Barney, daily homecare nurse for said plaintiff's father, did instruct, procure, and commanded said plaintiff's father to hang up and in fact hung up on, all daily incoming phone call checks made for the past (2½) years by his son said plaintiff James C. Marcello,POA, while during said August 28th to September 28th of 2002 period, said defendant Barney sort numerous lawyers, one particular Attorney Mike Faley of Willet Avenue Riverside R.I., seeking what it appeared to be legal relinquishment in contemplation from a wrongful death liability of said plaintiff's father who's apparent knowledge and cause of death she anticipated soon to occur.

## COUNT 1

16. The Plaintiff, James C. Marcello, of the State of Maine, of the Town of Stetson, for the County of Penobscot, charges that on the 28th day of September, 2002, in the Town of Barrington Rhode Island, in the County of Bristol, the Defendants: State of Rhode Island, Attorney John A. DeSano, Attorney Bernard P. Healy, of the law firm Kiernan,Plunkett,Redihan, Attorney Jeff Caffrey, Attorney James Moretti, of the law firm Resnick,Caffrey,Moretti, Chief John LaCross and Officer Joe Pine of Barrington Police Department, Judge Marvin Homonoff of Barrington Probate Court, Carol Baker of RI Depart of Elderly Affairs, Arthur T. Marcello, Rosalia Marcello, Arthur T. Marcello,(jr.), Thomas Marcello, Albert Mastriano, Nuno C. Neves, Natalia Paiva-Neves, and Betty Barney, caused together, through acts of persecutions, abuses, negligences, and the denial of the equal protection of the law, for the intent to default his estate, the wrongful death, of said plaintiff's (82½) year old father Rudolph N. Marcello, who was known by them at the time of their acts, to have a bad heart condition, mental retardation, paranoia pshcosis, and insane by reason of Alzheimer Dementia.

# COUNT 2

2nd Episode

Defendants' Pattern of Racketeering Activity

To Single Fraudulent Scheme to Obtain Plaintiff's Real Property

Conspiracy to Misuse of Process

In the Barrington Probate Court

Time Period: September 28, 2002 to April 7, 2003

**COUNT 2**

1. On and about October 28, 2002, Defendant State of Rhode Island Clerk of Barrington Probate Court, Lorraine DeRois, at the behest of Co-Defendants Attorney John A. DeSano, Attorney Bernard P. Healy, and Arthur T. Marcello, conspired to deny equal access to justice against plaintiff James C. Marcello, by deliberately failing to charge said plaintiff the filing fee for a petition to probate a prior natural will of his father Rudolph N. Marcello executed July 30, 2000 when presented by said plaintiff and forwarded to her in person, so as to in fact, not placing the said prior natural will in the probate file and to oust the probate court of jurisdiction over it, and aid to the fraud of said co-defendants in obtaining a void order of probate signed April 21, 2003 probating their instrument purporting to be a subsequent will of said plaintiffs father dated March 6, 2002, that was known by her at the time of said plaintiffs filing of the prior said natural will, both, to be a revoked subsequent will by said plaintiffs father and to cause by the common law of R.I. a revival of the prior said natural will.

**COUNT 2**

2. On and about the 3th day of February, 2003, the State of Rhode Island Defendants: Attorney John A. DeSano, Attorney Bernard P. Healy, Arthur T. Marcello, Attorney David Strachman of law firm McIntyre,Tate,Lynch, & Holt, and Co-Defendant Judicial Officer of State of R.I. Judge Marvin Homonoff of Barrington Probate Court, who acted under color of law in clear absence of all jurisdiction over subject matter, did conspire, to sign a void order, to aid said Defendants Arthur T. Marcello and said David Strachman, to trespass break and enter into plaintiff James C. Marcello's real estate property located at 557 Maple Avenue Barrington R.I. and commit larceny of antique furniture, antique china, etc, on February 10, 2003.

This violation is made pursuant to Title 42 § 1983. Civil Rights Deprivation.

3. On and about the 10th day of February, 2003, Defendants: Arthur T. Marcello and Attorney David Strachman, did knowingly and willfully brake the close of driveway enterance with no-trespassing signs posted of plaintiff James C. Marcello resident owned property located at 557 Maple Avenue Barrington R.I., and subsequently break and entered into said plaintiffs said real estate property and committed larceny of antique furniture, antique china, chairs, etc in approximate value of ($2000.00), in calculation to said plaintiff owner and wife not being home.

This violation is made pursuant to RIGL § 11-41-3, Embezzlement and Fraudulent Conversion, and RIGL § 11-41-4. Obtaining property by false pretenses or personation.

## COUNT 2

4 On April 7, 2003, in the Town of Barrington and County of Bristol, and State of Rhode Island, Defendants: Attorney John A. DeSano, Attorney Bernard P. Healy, Arthur T. Marcello, and Albert Mastriano, did conspire with Co-Defendant Judge Marvin Homonoff of the Barrington Probate Court who acted under color of law in clear absence of all jurisdiction over subject matter; to deprive Plaintiff James C. Marcello of his Constitutional established right of legal possession and ownership in it's entirety, to the real and personal property located at 557 Maple Avenue Barrington R.I., that descended from, and vested in said Plaintiff on September 28, 2002, the intestate death of his father Rudolph N. Marcello pursuant to RIGL § 33-1-1(1). "Real Estate Descending by Intestacy to Children ...."; by signing a Void Order designed by said defendant attorney Bernard P. Healy a copy of such order signed on April 21, 2003 hereby annexed as (Exhibit A), purporting to probate the instrument purported to be a will of said plaintiff's father Rudolph N. Marcello dated March 6, 2002, a copy of said will hereby annexed as (Exhibit B), known by said Co-Defendant Judge Marvin Homonoff at the time of his act and his clear absence of all jurisdiction over subject matter by, both, the face of the record to be a Void will void for illegality and said plaintiffs petition to vacate purported will for being void for want of jurisdiction and obtained by fraud dated October 28, 2002 with attached revoking letters, and collateral to the record for being a revoked will by plaintiff's father who by his subsequent revoking letters executed by him on April 26, 2002 before Notary Public Debra A. Clark was certified accepted for probate deposit on May 16, 2002 by Defendants: Barrington Probate Clerk Lorraine DeRois, Attorney John A. DeSano, and Arthur T. Marcello, a copy of said revoking letters hereby annexed as (Exhibit C).

This violation is made pursuant to Title 42 USCA 1983. Civil Rights.

**COUNT 2**

5 On the 7th day of April, 2003, in the Probate Court of Barrington R.I., Defendants: Attorney John A. DeSano, Attorney Bernard P. Healy, and Arthur T. Marcello, procured Co-Defendant Albert Mastriano to commit perjury for a consideration, before Co-Defendant Judge Marvin Homonoff who acted under color of law in clear absence of all jurisdiction over subject matter, to the extent to swear under oath falsely in open court that he witnessed plaintiff's father Rudolph N. Marcello sign the instrument purporting to be a Will on March 6, 2002, that he was of sound mind, and that he signed voluntarily.

This violation is made pursuant to RIGL § 11-33-2. Subornation of Perjury.

6 On the 7th day of April, 2003, in the Probate Court of Barrington R.I., Defendant Albert Mastriano did willfully commit perjury for a consideration, before Co-Defendant Marvin Homonoff who acted under color of law in clear absence of all jurisdiction over subject matter, to the extent that he witnessed plaintiff's 82½ year old father Rudolph N. Marcello sign the instrument purporting to be a Will on March 6, 2002 when he knew in fact he did not, that he was of sound mind at the time when he knew he was not, and that he signed it voluntarily when he knew he did not.

This violation is made pursuant to RIGL § 11-33-1. Perjury.

7 On the 7th day of April, 2003, Defendant Arthur T. Marcello did knowingly, willfully, and unlawfully, impersonate the office of being an executor of plaintiff's father Rudolph N. Marcello's estate, to the extent by procuring a void order

**COUNT 2**

of the Barrington Probate Court purporting to probate the instrument purporting to be a will dated March 6, 2002 and appointment of executorship, know to him at the time to be void will for illegality, specifically revoked by said plaintiff's father certified revoking letters accepted by him, and non-probatable, for the intent to commit larceny of entire estate

This violation is made pursuant to RIGL § 11-41-4. Obtaining Property by False Pretenses or Personation.

8 On the 7th day of April, 2003, at approximately 11:00 am Defendants: Arthur T. Marcello and Albert Mastriano were apprehended at gun point caught in the act of breaking and entering into the plaintiffs James and Olivia Marcello's residence owned property located at 557 Maple Avenue Barrington R.I., while the owners were home, for the intent to commit larceny of antiques, furniture, and household items and larceny of the real estate property.

This violation is made pursuant to RI (RICO) Statute §§ 7-15-1, 11-41-3. Embezzlement and Fraudulent Conversion, and Title 18 USCA 1961 et seq. Embezzlement and Larceny.

# COUNT 3

3th Episode

Defendants' Pattern of Racketeering Activity

To Single Fraudulent Scheme to Obtain Plaintiff's Real Property

Conspiracy to Misuse of Process

In the 6th District Court of RI

Time Period: June 6, 2003 to November 14, 2003

## COUNT 3

1. On and about the 6th day of June, 2003, the State of Rhode Island Defendants: Attorney John A. DeSano of Barrington, Attorney Bernard P. Healy, Arthur T. Marcello of Barrington, Chief John LaCross of Barrington Police Department, David Coleman of Coleman Realty in Barrington, Jones Moving and Storage of Providence, and Judge Gorman of the 6th District Court of R.I., did conspire, in a single fraudulent scheme to obtain the real and personal property of plaintiff James C. Marcello located at 557 Maple Avenue Barrington R.I. worth over ($500,000.00), and fraudulently convert it and line their pockets by direct and indirect means, through a misuse of legal process with Co-Defendant Constable Alfred Harris, who's unauthorized acts done under color of executing process on said plaintiff James C. Marcello (see 6th Dist.Ct 03-5880 Arthur Marcello vs. James Marcello), calculated first a swift Void Default order dated July 23, 2003 on docket sheet, a subsequent illegal arrest, an illegal alleged probation violation, false imprisonment, and an illegal incompetency call against said plaintiff, the same fraudulent pattern of racketeering activity scam devised by the Defendant State of Rhode Island and Barrington Police Officers in the 1986-1987 conspiracy against said plaintiff James C. Marcello that also deprived him of his prior real estate property and business located at (558) Maple Avenue Barrington R.I. ajacently owned, causing said plaintiff and wife pain, suffering, and emotional trama.

This violation is made pursuant to the RI (RICO) Statute §§ 7-15-1 et seq, Conspiracy to violate RICO, § 11-41-3 Embezzlement and Fraudulent Conversion, and Title 18 USCA § 1961 et seq. Racketeering Influence and Corrupt Organization.

**COUNT 3**

2. On the 23th day of July, 2003, the State of Rhode Island Defendants: Attorney John A. DeSano, Attorney Bernard P. Healy, Arthur T. Marcello, did conspire with Judicial Officer of State of Rhode Island Judge Gorman of the 6th District Court of R.I. who acted under color of law in clear absence of all jurisdiction over subject matter; to deprive plaintiff James C. Marcello of his constitutional established right of legal possession and ownership in it's entirety, to the real and personal property located at 557 Maple Avenue Barrington R.I., that descended from, and vested in said plaintiff on September 28, 2002, the intestate death of his father Rudolph N. Marcello pursuant to RIGL § 33-1-1(1) "Real Estate Descending by Intestacy to Children...."; by entering on the docket sheet a Void default order on July 23, 2003, a copy of said Void default docket order hereby annexed at (Exhibit D:1), purporting to give possession to a non-legal entity plaintiff Arthur T. Marcello Executor of the Estate of Nicholas F. Marcello, who's notice to vacate the premises to defendant-plaintiff James C. Marcello attached to complaint unsigned by him and not signed by any other person, a copy of unsigned notice to vacate premises hereby annexed at (Exhibit D:2+3), evidenced to and known by said Defendant Judge Gorman at the time of his act, that he acted under color of law and clear absence of all jurisdiction over subject matter by the face of the record.

This violation is made pursuant to Title 42 USCA § 1983. Civil Action for Deprivation of Rights.

**COUNT 3**

3. On and about August 13, 2003, in the Town of Barrington and County of Bristol, and State of Rhode Island, Defendant Arthur T. Marcello did commit an assault on an officer of the law, to wit that he purchased for a consideration Co-Defendant Chief John LaCross of Barrington Police Department, to illegally stake out with entire Barrington Police Officers, defendant Constable Alfred Harris, persons from Jones Moving and Storage of Providence, and numerous unknown persons, in front of plaintiff's home residence located at 557 Maple Avenue Barrington R.I., and brake the close of the driveway, enter in unlawfully and without probable cause, and illegally arrest kidnapp said plaintiff James C. Marcello into false imprisonment for (2) weeks, for the agree consideration to buy himself, and Co-Defendants attorney John A. DeSano, attorney Bernard P. Healy, David Coleman, Nuno C. Neves, and Natalia Paiva-Neves, time to commit embezzlement and/or larceny of the personal real estate property (100) year old dining room set, (3) antique bedroom sets, antique china, law office equipment and books, carpentry and mechanic equipment, lades, etc, in approximate value of ($200,000.00), and to illegally market the real estate property, preplanned with David Coleman Realty of Barrington commit a larceny sale of the real estate property to Co-Defendants Nuno C. Neves and Natalia Paiva-Neves.

This violation is made pursuant to RIGL § 11-7-4. Bribery of Agent, Employee, or Public Officer, and the RI State and Federal (RICO) Statutes.

COUNT 3

4. On August 13, 2003, Defendants: Attorney John A. DeSano, Attorney Bernard P. Healy, Arthur T. Marcello, did conspire with Defendant State of Rhode Island's Judicial Officer Judge Krause of the 6th District Court in the Superior Court Division therein, who acted under color of law in clear absence of all jurisdiction over subject matter, to the extent to illegally hold under false imprisonment said plaintiff James C. Marcello as a purported alledged probation violator for (2) weeks, so as to aid and abett and assist said above named defendants in a racketeering larceny of said plaintiff's property located at 557 Maple Avenue Barrington R.I.

This violation is made pursuanat to Title 42 USCA § 1983., and the State and Federal (RICO) Statutes.

5. On August 13, 2003, Defendant State of Rhode Island Officer Chief John LaCross of Barrington Police Department, did knowingly and willfully act under color of state law evictions statutes, and with a counterfeit writ of execution in his hand that was designed and given to him by defendant Attorney John A. DeSano throught direct or indirect means, did illegally enter the plaintiffs property located at 557 Maple Avenue Barrington R.I., and after being warned by said plaintiff that he and his fellow police officers and unknown persons were trespassing and ordered to leave the property, and further charged by said plaintiff with conspiring with defendant Arthur T. Marcello to commit embezzlement and/or larceny of his property, did illegally arrest, kidnapped by way of false imprisonment said plaintiff for (2) weeks, to aid and abett

COUNT 3

co-defendants Arthur T. Marcello, Attorney John A. DeSano, Attorney Bernard P. Healy, in the racketeering larceny of said plaintiffs property.

This violation is made pursuant to Titles 42 USCA § 1983. Civil Rights Deprivation, and Title 18 USCA § 1961 et seq, Federal RICO Statute and the RI (RICO) Statute.

6. On and about August 13, 2003, Defendants Attorney John A. DeSano and/or Bernard P. Healy, forged and counterfeited a writ of executionand forwarded for use by co-defendant Chief John LaCross in the course of a conspiracy to kidnapp plaintiff James C. Marcello from his property located at 557 Maple Avenue Barrington R.I., by way of false imprisonment, and with intent to subsequently commit a racketeering larceny of his property.

This violation is made pursuant to RIGL § 11-17-1. Forging and Counterfeiting.

7. On and about August 13, 2003, Defendant David Coleman of Coleman Realty in Barrington R.I., did knowingly and willfully conspired with and at the behest of co-defendants Attorney John A. DeSano, attorney Benard P. Healy, and Arthur T. Marcello, to practise fraud, misrepresentation or deceit against plaintiff James C. Marcello' real estate property located at 557 Maple Avenue Barrington R.I., to advertising the sale of said plaintiffs property on the computer real estate systems knowing at the time it was a larceny sale.

This violation is made pursuant to RIGL § 5-20.5-5. Fraud, Misrepresentation or Deceit.

COUNT 3

8. On and about the 13th day of August, 2003, Defendant Arthur T. Marcello, did knowingly and willfully, trespassed and break and entered into the plaintiff James C. Marcello's residence owned property located at 557 Maple Avenue Barrington, R.I., did embezzle and fraudulently convert to his own use the personal real estate property consisting of (100) year old antique dining room set, (3) antique bedrooms sets, antique china, law office equipment books and supplies, carpentry and mechanic equipment, lades, auto mobile, etc, all in approximate value of ($200,000.00).

This violation is made pursuant to RIGL § 11-41-3. Embezzlement and Fraudulent Conversion, and the State and Federal (RICO) Statutes.

9. On and about the 13th day of August, 2003, Defendant Albert Mastriano, did aid, assist, abet, counsel, hire, command, or procured one Co-Defendant Arthur T. Marcello to willfully and unlawfully trespass and break and enter into the plaintiff James C. Marcello's residence owned property located at 557 Maple Avenue Barrington, R.I., and Embezzle and Fraudulently convert to their own use the personal real estate property consisting of (100) year old antique dining romm set, (3) antique bedrooms sets, antique china, law office equipment books and supplies, crpentry and mechanic equipment, lades, auto mobile, etc, all in approximate value of ($200,000.00).

This violation is made in pursuant to RIGL § 11-1-3. liability for Aiding, Abetting, Etc.

COUNT 3

10. On and about the 13th day of August, 2003, Defendant Arthur T. Marcello,(jr.) of 114 Governor Bradford Rd, Barrington R.I., did receive from Co-Defendant Arthur T. Marcello by direct or indirect means, stolen personal real estate property from the plaintiff James C. Marcello's residence owned property located at 557 Maple Avenue Barrington R.I., consisting of (100) year old antique dining room set, (3) antique bedrooms sets, antique china, law office equipment books and supplies, carpentry and mechanic equipment, lades, auto mobile, etc, all in approximate value of ($200,000.00), with guilty knowledge thereof.

This violation is made pursuant to RIGL § 11-41-2. Receiving Stolen Goods.

11. On and about the 13th day of August, 2003, Defendant Thomas Marcello, of 24 Cove Avenue, Barrington R.I., did receive from Co-Defendant Arthur T. Marcello by direct or indirect means, stolen personal real estate property from the plaintiff James C. Marcello's resident owned property located at 557 Maple Avenue Barrington R.I., consisting of (100) year old antique dining room set, (3) antique bedrooms sets, antique china, law office equipment books and supplies, carpentry and mechanic equipment, lades, auto mobile, etc, all in approximate value of ($200,000.00), with guilty knowledge therof.

This violation is made pursuant to RIGL § 11-41-2. Receiving Stolen Goods.