# COUNT 4

4th Episode

Defendants' Pattern of Racketeering Activity

To Single Fraudulent Scheme to Obtain Plaintiff's Real Property

Conspiracy to Misuse of Process

In the Providence Superior Court of RI

Time Period: November 14, 2003 to February 6, 2004

## COUNT 4

1. On and about 12th day of November, 2003, the State of Rhode Island Defendants: Attorney John A. DeSano of Barrington, Attorney Bernard P. Healy, Arthur T. Marcello of Barrington, Chief John LaCross of Barrington Police Department, David Coleman of Coleman Realty in Barrington, Nuno C. Neves, Natalia Paiva-Neves, and Co-Defendant Judicial Officer of State of R.I. Judge Patricia Moore of the 6th District Court in Providence R.I., who acted under color of law and in clear absence of all jurisdiction over subject matter, did conspire, in the second repeated episode to same single fraudlent scheme to obtain the real estate property of plaintiff James C. Marcello located at 557 Maple Avenue Barrington R.I. worth approximately ($500,000.00), and fraudulently convert it through an unlawful debt of a larceny sale to said defendants Nuno C. Neves and Natalia Paiva-Neves on February 6, 2004 and line their pockets by direct or indirect means, (see 6th Dist.Ct. 61-03-14824 State of R.I. vs. James C. Marcello), to commit to a RI IMH Facility said James C. Marcello till March 1, 2004, who was know at the time of said Judge Moores act in clear absence of all jurisdiction over subject matter, not to be developmentally disabled.

This violation is made pursuant to RIGL § 40.1-22-25. Conspiracy to Commit Person Improperly.

## COUNT 4

2. On and about the 14th day of November, 2003, the State of Rhode Island Defendants: Attorney John A. DeSano of Barrington, Attorney Bernard P. Healy, Arthur T. Marcello of Barrington, Chief John LaCross of Barrington Police Department, David Coleman of Coleman Realty in Barrington, Nuno C. Neves, Natalia Paiva-Neves, and Judge Clifton of Providence Superior Court of R.I. who acted under color of law in clear absence of all jurisdiction over subject matter, did conspire, in a second repeated episode to same single fraudulent scheme to obtain the real estate property of plaintiff James C. Marcello located at 557 Maple Avenue Barrington R.I. worth approximately ($500,000.00), and fraudulently convert it through an unlawful debt of a larceny sale to said defendants Nuno C. Neves and Natalia Paiva-Neves on February 6, 2004 and line their pockets by direct or indirect means, through a misuse of legal process with Co-Defendant Constable Alfred Harris, who's unauthorized acts done under color of executing process on said plaintiff James C. Marcello (see Sup.Ct. 03-6003 Arthur T. Marcello vs. James C. Marcello), calculated first by perversion of process, a second illegal arrest, a second illegal alleged probation violation, a second false imprisonment all on December 10, 2003, and unlawful commitment of said plaintiff to IMH facility till March 1, 2004 discharge, all done even prior to a swift Void Order dated December 12, 2003 signed by said Judge Clifton indicating on face no finding of trespass or breaking and entering, as claimed by Barrington Police false affidavit of arrest 12/10/03, or title determination.

This violation is made pursuant to the RI (RICO) Statute §§ 7-15-1 et seq, Conspiracy to violate RICO, § 11-41-3 Embezzlement and Fraudulent Conversion, and Title 18 USCA § 1961 et seq. Racketeering Influence and Corrupt Organization.

**COUNT 4**

3. On and about January 1, 2004, Defendants: Attorney John A. DeSano, Attorney Bernard P. Healy, and Arthur T. Marcello, by virtue of their involvement in the enterprise's affairs, did conspire with the Defendant State of Rhode Island's Pyschiatrist (unknown) who acted under color of law in clear absence of jurisdiction over subject matter and for a consideration, to have Plaintiff James C. Marcello illegally committed to a R.I. IMH Forensic Unit for (60) days till March 1, 2004, upon false information manufactured by said defendants and said defendant State of R.I. Psyshciatrist and known by him to be false imformation at the time of his act, to the extent falsely that said plaintiff James C. Marcello had been commited numerous times in the past to the Providence Center for Pyschiatrics when in fact the said defendants and said R.I. Psyshciatrist invaded the personal files of said Providence Center by direct or indirect means and finding a person with some simularity to said plaintiff's name but clearly and distinctly not the same person by reason of different middle initial and social security number and numerous other varifying reasons known by them at the time, so as for their corrupt reasons within the second repeated episode to same fraudulent scheme to obtain the real estate property of said plaintiff James C. Marcello located at 557 Maple Avenue Barrington R.I. while he held under the said false and illegal committed, to fraudulently convert said plaintiff's real estate property through the monthly collection of an unlawful debt mortgage by a larceny sale financed to said Co-Defendants Nuno C. Neves and Natalia Paiva-Neves on February 6, 2004.

## COUNT 4

4. On and about 6th day of February, 2004, the Defendants: Attorney John A. DeSano, Attorney Bernard P. Healy, Arthur T. Marcello, did conspire and at their behest, with an attorney notary public Jeffrey Caffrey of the law firm Resnick,Caffrey,Moretti, to improperly take the acknowledgment to a counterfeit executors deed purporting on it's face said defendant Arthur T. Marcello as an executor of plaintiff's deceased father Rudolph N. Marcello estate and purporting to have authority to sell the said plaintiff's deceased father's real estate property located at 557 Maple Avenue Barrington R.I. to Co-Defendants Nuno C. Neves and Natalia Paiva-Neves, known by said notary public Jeffrey Caffrey at the time of his act, to be entirely untrue and false for his agreed purpose, for a consideration, to aid in the pattern of racketeering activity to the second episode of a single fraudulent scheme for the accomplishment of a larceny sale thereof.

This violation is made pursuant to RIGL § 42-30-16. and Title 18 USCA § 1961 et seq. Counterfeiting.

## COUNT 4

5. On February 6, 2004, Defendant Arthur T. Marcello, by virtue of his involvement in the enterprise's affairs, did commit, through a pattern of racketeering activity, a larceny sale of plaintiff James C. Marcello's real estate property located at 557 Maple Avenue Barrington R.I., by a collection of an unlawful debt to Co-Defendants Nuno C. Neves and Natalia Paiva-Neves who subsequently trepassed and broke and entered upon and took unlawful possession thereof, while said plaintiff James C. Marcello was held kidnapped under both false imprisonment and false commitment to IMH Facility perpetrated at the behest of the enterprise Defendants: the Law firm Kiernan, Plunkett, Redihan, the State of Rhode Island, Marvin Homonoff of Barrington Probate Court, Constable Alfred Harris, David Coleman of Barrington Coleman Realty, Chief John LaCross of Barrington PD, for the accomplishment thereof.

This violation is made pursuant to RI (RICO) Statute § 7-15-1, Title 18 USCA § 1961(6), and RIGL § 11-41-3. Embezzlement and Fraudulent Conversion.

And further made in violation pursuant to RIGL § 11-41-2. Receiving Stolen Goods, RIGL § 11-44-26. Trespass, and RIGL § 11-8-2. Unlawful Breaking and Entering of Dwelling House.

## COUNT 4

6. On and about February 6, 2004, Defendants: Attorney John A. DeSano, Attorney Bernard P. Healy, and Arthur T. Marcello, by virtue of their involvement in the enterprise's affairs, did conspire with the R.I. Social Security Administration in Providence R.I., to deprive the Plaintiff James C. Marcello and his wife Olivia A. Marcello of their JointSocial Security Disability monthly income for (1) year suspension, without due process of law and for corrupt reasons, to terminate said plaintiff's ability to pay, and to take over, the ($300.00) per month property tax payments timely made and due by him on his real estate property located at 557 Maple Avenue Barrington R.I., that was stolen by said defendants and larceny saled to Co-Defendants Nuno C. Neves and Natalia Paiva Neves on February 6, 2004, by using the monthly proceeds from the collection of an unlawful debt mortgage, that is being illegally financed and paid by said defendant Neves for their purchase of said plaintiff's stolen property, and paid indirectly by the "lower management" of the enterprise Co-Defendant Resnick, Caffrey, & Moretti, while said plaintiff James C. Marcello was held kidnapped under both false imprisonment and false commitment to IMH Facility perpetrated at the behest of the enterprise Defendants: the law firm Kiernan, Plunkett, Redihan, the State of Rhode Island, Marvin Homonoff of Barrington Probate, Constable Alfred Harris, David Coleman of Barrington Coleman Realty, Chief John LaCross of Barrington PD.

Plaintiffs suffered subsequent homeless, pain, emotional trauma, as a result of the defendant State of Rhode Island's conduct.

This violation is made pursuant to Title 42 USCA § 1983 and Title 18 § 1962(b)(c), of USCA.

# COUNT 5

State of Rhode Island's Acts of Constitutional Violations

In Aid of Co-Defendants' Racketeering Activity

Time Period: March 6, 2002 to September 25, 2006

## COUNT 5

1. On and about the 6th day of March, 2002, the Defendant: State of Rhode Island's Department of Elderly Affairs, Ms. Carol Baker,SW, following her investigation of complaints thereof, did fail to act in presenting criminal charges to RI Attorney Generals Office, of the crimes of kidnapping, assault, and extortion, that occurred against Plaintiff's (82½) year old insane Alzheimer Dementia father Rudolph N. Marcello at and from his home located at 557 Maple Avenue Barrington RI, that was perpetrated and committed by Co-Defendants Attorney John A. DeSano, Albert Mastriano, and Arthur T. Marcello on said March 6, 2002, in the course of their racketeering activity, to successfully commit larceny of said plaintiff's father's estate property above described.

## COUNT 5

2. On and about the 12th day of March, 2002 through the 23th day of August, 2002, the Defendant: State of Rhode Island's Department of Elderly Affairs social worker Ms. Carol Baker, at the behest of Co-Defendants Will Attorney John A. DeSano, Arthur T. Marcello, and Albert Mastriano, did interefere, discourage, and prevented Plaintiff James C. Marcello's attempts for his ($82\frac{1}{2}$) year old father Rudolph N. Marcello, who was insane by reason of Alzheimer Dementia, from undertaking a (D.M.A.T.) competency examination with a RI Dr. Cappizzo, as said defendant Baker stated on 8/23/02 quote: "without a determination the presumption of his competency stands", for the corrupt intention of concealing the fact that said plaintiff's father was insane at the time he alledgedly signed an instrument purporting to be a will of his on March 6, 2002 for vacating it and to aid in said Co-Defendants racketeering activity to their objective in committing a larceny of his estate.

**COUNT 5**

3. On the 29th day of March, 2005, the Defendant: State of Rhode Island's Judicial Officer of the Providence Superior Court, Judge Judith Savage, did violate the due process clause of the U.S.C.A. Const. Amend. 14 of Plaintiff James C. Marcello, while unlawfully presiding in the Providence Superior Court action for Trepass and Ejectment to Try Title of said plaintiff (James C. Marcello vs. Nuno C. Neves, & Natalia Paiva-Neves CA NO: PC-04-3972), to the extent that said Judge Savage decisions on the undisputed facts were arbitrary and deprived said plaintiff of his property rights, of the 557 Maple Avenue Barrington RI real estate property that decented by the intestate death of his father on September 28, 2002, without due process of law, and further denied said plaintiff equal protection of laws to the extent that said Judge Savage concealed said plaintiffs Motion for Summary Judgement from the summary judgment hearing held on said March 29, 2005, by falsely stating into the record that she and the court did not receive said plaintiff's summary judgment papers, when in fact they were timely received and accepted certified mail by Clerk of Providence Superior Court on March 10, 2005.

**COUNT 5**

4. On and about the 7th day of April, 2003, the Defendant: State of Rhode Island's Judicial Officer of the Barrington Probate Court Defendant Judge Marvin Homonoff and Defendant Clerk Lorraine DeRois, did violate the due process clause of the U.S.C.A. Const. Amend. 14 of Plaintiff James C. Marcello, to the extent by depriving said plaintiff of the required RIGL § 33-22-7(1)+(2) statutory notice of the probate hearing to the granting of letters of administration and the probate of a will, for corrupt reasons to act under color of law in total absence of all jurisdiction over subject matter, to the extent by signing a void order purporting on it's face probating an instrument purporting to be a will dated March 6, 2002 of said plaintiffs father Rudolph N. Marcello that was known by said Defendant Judge Homonoff at time of act to be a revoked will, presented, designed, and forged, by Co-Defendants Attorney Bernard P. Healy, Attorney John A. DeSano, Arthur T. Marcello, and Albert Mastriano, and for the intent to aid said Co-defendants in a racketeering activity to commit larceny sale, of the real and personal estate property of said plaintiff's father located at 557 Maple Avenue Barrington RI, through the mere said void order and in the absence of a required Authorization Order to Sell Real Estate pursuant to RIGL § 33-19-3.

**COUNT 5**

5. On and about the 26th day of May, 2006, the Defendant: State of Rhode Island's Department of Attorney General Office employees Ms. Linda Morison, Roger Demers, of the Criminal Division, following receipt certified mail from Plaintiff James C. Marcello of (16) sworn affidavits and other numerous material of said plaintiff in support of warrant of arrest charging Defendants: Attorney John A. DeSano, Attorney Bernard P. Healy, Arthur T. Marcello, Albert Mastriano, and Chief John LaCross of Barrington Police Department, with crimes of larceny of estate property, kidnapping, assault, extortion, bribery, false imprisonment, and numerous other crimes under RI (RICO) Statute, did fail to act on the matter thereof.

6. On and about the 8th day of August, 2006, the Defendant: State of Rhode Island's RI State Police Department of Danielson Pike Scituate RI, trooper Capone, Brian Cassilli, of Financial Crime Unit, following receipt certifed mail from Plaintiff James C. Marcello of (16) sworn affidavits and other numerous material of said plaintiff in support of warrant of arrest charging Defendants: Attorney John A. DeSano, Attorney Bernard P. Healy, Arthur T. Marcello, Albert Mastriano, and Chief John LaCross of Barrington Police Department, with crimes of larceny of estate property, kidnapping, assault, extortion bribery, false imprisonment, and numerous other cirmes under RI (RICO) Statute, did fail to act on the matter thereof.

**COUNT 5**

7. On and about the 25th day of September, 2006, the Defendant: State of Rhode Island's RI Supreme Court Clerk Michael Caffrey, while at the behest of the enterprise Co-Defendant's Attorney John A. DeSano, Attorney Bernard P. Healy, Attorney James Moretti, did violate the due process clause of U.S.C.A. Const. Amend. 14 of Plaintiff James C. Marcello, to the extent by depriving said plaintiff of the required notice of hearing on appeal (See RI SUPR CT * Marcello v Neves, et al 05-176 A) and denying the appeal and affirming the judgment through a Void Order on appeal dated November 6, 2006, from Co-Defendant Providence Superior Court Judge Savage's unauthorized Void Decision that was absent findings of facts and conclusions of law on March 29, 2005, granting summary judgment of Co-Defendants Nuno C. Neves and Natalia Paiva-Neves and dismissing the complaint of said plaintiff for Trespass and Ejectment to Try Title (See RI SUP CT * Marcello v Neves, et al PC-04-3972), for corrupt reasons to delay and deny justice to said plaintiff and to aid in said defendant's racketeering activity in lining their pockets with money from the collection of an unlawful debt from monthly mortgage payments paid to them by said defendants Neves in the larceny sale of said plaintiff's real estate property located at 557 Maple Avenue Barrington RI.

# PRAYER FOR RELIEF

**PRAYER FOR RELIEF**

Wherefore, The Plaintiffs Pray:

1. That a writ of possession may be issued, Granting possession to the plaintiffs James C. Marcello and Olivia A. Marcello of his the certain real estate property located at 557 Maple Avenue Barrington Rhode Island and further ordering a Sheriff to personally place said plaintiffs in possession thereof.

2. That the Court may order the defendants, who are found to be in possession of any personal properties of plaintiffs so stolen from his 557 Maple Avenue Barrington Rhode Island property, to return the said properties back to the said Maple Avenue property at his own expense.

3. That the defendants Nuno C. Neves and Natalia Paiva-Neves, the occupant purchasers of certain stolen real estate property belonging to plaintiffs located at 557 Maple Avenue Barrington Rhode Island, be so ordered to vacate the said premises by a reasonable time fixed by the court.

4. That the Court may enjoin the Defendant State of Rhode Island and all named defendants, restraining them from further harassing, molesting, and any continuing proceedings and/or filing any other actions relating specifically to these circumstances complained of against the plaintiffs.

5. That the Plaintiffs may receive any and all other relief as the circumstances in the cause may require.

**In The 1st Alternative-Defendant State liability**

That Subject To The Court's Finding Of Defendant State Of Rhode Island Liability and Non-Recovery of Property; The Plaintiffs Pray In The 1st Alternative To The Following:

6. That the defendant State of Rhode Island be order to pay to the plaintiff James C. Marcello in the amount of One Million Dollars ($1,000,000.00) or the current apprazed value [three times the value thereof], which ever is greater, for the loss of his real estate property located at 557 Maple Avenue Barrington Rhode Island.

7. That the defendant State of Rhode Island be ordered to pay to the plaintiff James C. Marcello in the amount of Five Hundred Thousand Dollars ($500,000.00) or the current apprazied value [three times the value thereof], which ever is greater, for the loss of his personal properties that is found and determined by this Court to been stolen, sold, and or destroyed by said named defendants on and about August 13, 2003 and December 10, 2003, herein complained, from the said plaintiffs property located at 557 Avenue Barrington Rhode Island.

8. That the defendant State of Rhode Island be ordered to pay to the plaintiff James C. Marcello in the amount of One Million Dollars ($1,000,000.00) or the maximum penalty allowed by statute, which ever is greater, for the wrongful death of said plaintiff's father Rudolph N. Marcello.

9. That the defendant State of Rhode Island be ordered to pay to plaintiffs James C. Marcello and Olivia A. Marcello the amount of Five Hundred Thousand Dollars ($500,000.00) for the pain, suffering, mental anguish, and emotional trama and stress endued by and through the circumstances of homelessness, false imprisonment, resulting from said defendant State's participation and negligence to act on the timely complaints to the crimes committed by the named defendants herein.

10. That the defendant State of Rhode Island's Office of the Attorney General be ordered to entertain, issue warrants of arrest, and criminally prosecute, the any and all criminal charges filed by plaintiff James C. Marcello with the said R.I. Attorney Generals Office, the Governor Office, the R.I. State Police, the R.I. Depart. of Elderly Affairs, and Barrington Police Department, against all named defendant parties or other persons so liable, that has been forever lingering in delay and refusal to act upon since March of 2002.

**In The 2nd Alternative-Joint Named Defendant Liability**

That Subject To The Court's Finding Of Joint Named Defendant Liability In Individual Capacities and Non-Recovery Of Property; The Plaintiffs Pray In The 2nd Alternative To The Following:

11. That the Joint Named Defendants be ordered to pay to the plaintiff James C. Marcello in the amount of One Million Dollars ($1,000,000.00) or the current appraized value [three

times the value thereof], which ever is greater, for the loss of his real estate property located at 557 Maple Avenue Barrington Rhode Island.

12. That the Joint Named Defendants be ordered to pay to the plaintiff James C. Marcello in the amount of Five Hundred Thousand Dollars ($500,000.00) or the current appraized value [three times the value thereof], which ever is greater, for the loss of his personal properties that is found and determined by this Court to been stolen, sold, and or destroyed by said named defendants on and about August 13, 2003 and December 10, 2003, herein complained, from the said plaintiffs property located at 557 Maple Avenue Barrington Rhode Island.

13. That the Joint Named Defendants be ordered to pay to the plaintiff James C. Marcello in the amount of One Million Dollars ($1,000,000.00) or the maximum penalty allowed by statute, which ever is greater, for the wrongful death of said plaintiff's father Rudolph N. Marcello.

14. That the Joint Named Defendants be ordered to pay to plaintiffs James C. Marcello and Olivia A. Marcello the amount of Five Hundred Thousand Dollars ($500,000.00) for the pain, suffering, mental anguish, and emotional trama and stress endued by and through the circumstances of homelessness, false imprisonment, resulting from Defendant State of Rhode Island's participation and negligence to act on the timely complaints to the crimes committed by the said Joint Named Defendants.

15. That the Court may order a lien against all Joint Named Defendants real estate properties to be granted to plaintiff

James C. Marcello for the total sum liabilities incurred and determined by this Court, in its entirety against all, till the full debt is paid-in-full.

Respectfully submitted,

PLAINTIFFS * IN PRO SE

JAMES C. MARCELLO
OLIVIA A. MARCELLO

James Marcello
Olivia Ann Marcello

James & Olivia Marcello
152 Cross Rd.
Stetson, ME 04488
(207) 296 3433

**PLAINTIFFS HEREBY CLAIM A TRIAL BY JURY**

Subscribed to in the Town of Stetson, in the County of Penobscot, and in the State of Maine, this 6TH day of FEBRUARY, 2007.