UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JAMES C. MARCELLO, et ux., *Plaintiffs,* | |
| vs. | C.A. No. 07-055 T |
| STATE OF RHODE ISLAND, et al., *Defendants.* | |

**DEFENDANTS'[1] MOTION TO DISMISS IN LIEU OF ANSWER**

NOW COME defendants, Marvin Homonoff, Lorraine Derois, and John LaCross (collectively, "Barrington defendants") and hereby move to dismiss Plaintiffs' complaint, in lieu of answer, pursuant to Fed. R. Civ. P. 12(b)(6), under the doctrine of res judicata. In support thereof, the Barrington defendants rely on their memorandum of law, attached hereto and incorporated herein.

Barrington defendants,
By their attorneys,

*/s/ Michael A. DeSisto*

Michael A. DeSisto (#2444)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
michael@desistolaw.com

1 Marvin Homonoff, Lorraine Derois, and John LaCross.

CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on April 11, 2007, that it is available for viewing and downloading from the ECF system, and that counsel of record listed below will receive notice via the ECF system:

Mark P. Dolan, Esq.
ricedolan@ricedolan.com

Robert W. Smith, Esq.
rsmith@agglaw.com

Notice by other means will be sent to:

James C. Marcello
Olivia A. Marcello
152 Cross Road
Stetson, ME 04488

*/s/ Michael A. DeSisto*

Michael A. DeSisto

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JAMES C. MARCELLO, et ux., *Plaintiffs,* vs. STATE OF RHODE ISLAND, et al., *Defendants.* | C.A. No. 07-55 T |

**DEFENDANTS'[1] MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS IN LIEU OF ANSWER**

Defendants, Marvin Homonoff, Lorraine Derois, and John LaCross (collectively, "Barrington defendants"), have moved to dismiss Plaintiffs' complaint in lieu of answer given the doctrine of res judicata. The Barrington defendants assert that the Plaintiffs' instant claims have already been adjudicated before this Court, in *James C. Marcello, et al v. John A. DeSano, et al, C.A. No. 05-004 ML.*

## I. PLEADINGS

Plaintiffs, James C. Marcello ("James") and his wife Olivia, have filed a voluminous five-count Complaint against numerous Defendants, including Barrington Probate Court Judge Marvin Homonoff, Lorraine Derois, Clerk of the Barrington Probate Court and John LaCross, Chief of the Barrington Police Department (collectively, "Barrington Defendants"). According to Plaintiffs' Complaint, the starting point for their cause of action began on March 6, 2002 when Nicholas F. Marcello, the father of Plaintiff James C. Marcello, executed a new Will ("Will").

[1] Marvin Homonoff, Lorraine Derois, and John LaCross.

Plaintiffs' Complaint, *Count 1, at ¶ 9.*[2] The new Will named Arthur T. Marcello as executor and, unfortunately for James, substantially reduced his share of his father's estate. *See Exhibit B of Plaintiffs' Complaint*. James now was only to receive 15% of this father's estate. Id. Nicholas F. Marcello died on September 28, 2002. *Id., Count 1, at ¶ 14.*

Arthur T. Marcello submitted the Will to the Barrington Probate Court. Evidently, James attempted to submit "a prior natural will" of father executed on July 30, 2000. *Id., Count 2,* at ¶ *1*. James also objected to the Will, alleging an earlier revocation and fraud and that his father was insane by reason of Alzheimer dementia *Id. Count 2, at ¶ 4 and Count 1, at ¶ 1.* On April 21, 2003, the Will was admitted to probate by the Barrington Probate Court. *Id., Count 2, at ¶ 1.* The Executor eventually sold the home and disbursed and/or sold the assets of the Estate. However, Plaintiffs did not acquiescence in the probate of the Will or the workings of the probate estate. James refused to leave his father's home, which led to his arrest and incarceration. *See generally Counts 3 and 4 of Plaintiffs' Complaint*. After the home was sold by the Estate, Plaintiffs filed a lawsuit against the buyers. *See generally Counts 4 and 5 of Plaintiffs' Complaint*. Plaintiffs were not successful with their lawsuit. *Id., Count 5, at ¶ 3 and ¶ 7.*

Plaintiffs contend that the actions of everyone involved with the Will and/or its probate all conspired to deprive them of James's father's estate. Those involved include the individuals who witnessed the new Will, the beneficiaries under the Will, personnel of the Barrington Probate Court, the attorneys representing the executor, law enforcement personnel, state District and Superior Court judges, the buyers of the father's home, their attorney, and the real estate agent who listed the house for sale. The Complaint alleges violations of *42 U.S.C. § 1983* for alleged civil rights violations and claims violations of federal and state RICO statutes. Pursuant

[2] Plaintiffs' complaint restarts the numbering of paragraphs with each new count.

to Rule 12(b)(6), the Barrington Defendants seek dismissal of the instant action in lieu of filing an Answer. As grounds, the Barrington Defendants submit that Plaintiffs' Complaint is barred by the doctrine of res judicata.

## II. STANDARD OF REVIEW

Defendants file the instant Motion pursuant to Rule 12(b)(6) and seek dismissal of the instant action in lieu of answer. The standard of review on a motion to dismiss in lieu of answer is well-settled. First, this Court must take all well-pleaded factual averments as true. However, it "need not credit a complaint's 'bald assertions' or legal conclusions." *Shaw v. Digital Equipment Corp., 82 F.3d 1194, 1216 (1st Cir. 1996)(citations omitted).* In judging the adequacy of a plaintiff's allegations, "bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, [and] outright vituperation" carry no weight. *Puertorriquenos En Accion v. Herenandez, 367 F.3d 61, 68 (1st Cir. 2004); Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990). Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997).* Thus, Courts have noted that although "this standard is diaphanous, it is not a virtual mirage." *Berner, 129 F.3d at 25.* This Court's role is "to determine whether the complaint . . . alleges facts sufficient to make out a cognizable claim." *United States ex rel. Karvelas v. Melrose-Wakefield Hosp., 360 F.3d 220, 224 (1st Cir. 2004) quoting Carroll v. Xerox Corp., 294 F.3d 231, 241 (1st Cir. 2002).*

## III. ARGUMENT

"Under the federal law of res judicata, a final judgment on the merits of an action precludes the parties from relitigating claims that were raised or could have been raised in that action." *Adames v. Fagundo, 198 Fed. Appx. 20, 21 (1st Cir. 2006).* The elements for proving res judicata are: "(1) a final judgment on the merits in the earlier action; (2) an identity of the

cause of action in both the earlier and later suits; and (3) an identity of the parties or privies in the two suits." _Maher v. GSI Lumonics, Inc._, *433 F.3d 123, 127 (1st Cir. 2005).*

On January 6, 2005, Plaintiffs filed a lawsuit in this Court entitled, *James C. Marcello, et al v. John A. DeSano, et al, C.A. No. 05-004 ML*. ("*Marcello I*") *See attached Exhibit A, Amended Bill of Complaint (Marcello I, Docket #20).* In *Marcello I*, plaintiffs alleged that John A. DeSano, Bernard P. Healy, John LaCross, Albert Mastriano, Arthur T. Marcello, and the State of Rhode Island conspired and reached an understanding to commit crimes against the constitutional rights of Plaintiffs. *See attached Exhibit A, at ¶¶ 3-4*. Plaintiffs alleged violations of 42 U.S.C. § 1983 and the federal RICO statutes. *Id. at ¶¶ 4-5*. Plaintiffs asked that the sale of the house be vacated, that the purchasers be removed, and that possession be granted to plaintiffs. Finally, Plaintiffs asked for monetary damages of $1,500,000.00. *Id., at 3.*

In *Marcello I*, Plaintiffs contended that James's father was an insane, incompetent, and delusional Alzheimer dementia patient and that Arthur T. Marcello and others had conspired to defraud both he and James of his estate. *See attached Exhibit B, Plaintiffs' Statement of the Case, at 3.*[3] Plaintiffs alleged that the conspiracy included Defendant LaCross, who allegedly committed constitutional crimes, in concert with the other named defendants, against Plaintiffs. *Id. at 10-11.* These crimes included alleged misuse of legal process, James's arrest and incarceration, and conversion of James's father's estate. *Id. at 14*. *Marcello I* was dismissed by this Court on April 10, 2006. *See attached Exhibit D, Judgment (Marcello I, Docket #176), attached Exhibit E, Report and Recommendation (Marcello I, Docket #167), and attached Exhibit F, Memorandum and Order (Marcello I, Docket #175).*

---

[3] Plaintiffs' Statement of the Case was part of their filing that was refused and returned by the Court. *See attached Exhibit C, Court Order Returning Document* (*Marcello I, Docket #158).*

The first element necessary to establish *res judicata* is a final judgment on the merits in the earlier action, namely, in *Marcello I*. "A final judgment for res judicata purposes 'ends the litigation on the merits and [leaves] nothing for the court to do but execute the judgment.'" *Maher, 433 F.3d at 127 (citation omitted).* This first element is satisfied by the final judgment entered in *Marcello I* on April 10, 2006. *See Exhibit D.*

The second element requires an identity of the cause of action in both lawsuits. "The doctrine of res judicata extinguishes not only claims that have been previously adjudicated on the merits, but also the litigation of claims arising from the same set of operative facts that could have been raised in the prior proceeding." *Solomon v. Texas Instruments, Inc., 2007 U.S. Dist. LEXIS 1946 (D. MA. 2007) (internal quotations and citation omitted)*. "The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." *Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 714 (9th Cir. 2001) (internal quotations and citation omitted). See also Figueroa v. Wall, 2006 U.S. Dist. LEXIS 94815 (D.R.I. 2006) ("Under this approach, a valid and final judgment in the first action will extinguish subsequent claims with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.")*

Both the instant case and *Marcello I* arise out of the same transactional nucleus of facts. Both lawsuits concern James's father, his mental state when he executed the Will, and the admission of that Will to probate in the Barrington Probate Court. Further, both lawsuits chronicle and complain about Plaintiffs' treatment by Chief LaCross in removing them from James's father's home, and the Barrington Probate Court in admitting the Will to probate and rejecting the various attempts by James to overturn it. Finally, both lawsuits make the same

claims (violation of RICO statutes and violation of their constitutional rights under *§ 1983*) and seek the same relief (the return of the father's home to Plaintiffs and monetary damages of three times the value of the father's home). Consequently, the second element of res judicata is satisfied because the cause of action in both lawsuits is identical.

The final element requires an identity of the parties or privies in the two lawsuits. There is no dispute that Defendant LaCross was named as a defendant in both lawsuits and meets the identity of the parties element. Defendants Homonoff and Derois were not named as defendants in *Marcello I*. However,

> [i]t has long been recognized that the federal doctrine of "non-mutual claim preclusion" permits a non-party defendant in a prior action to raise a defense of res judicata in a subsequent suit. * * * Thus, non-defendants in one action may assert res judicata in the second action if the new defendants have a close and significant relationship with the original defendants, such as when the new defendants were named as conspirators in the first proceeding but were not joined in the action. Another formulation of this idea is that preclusion is appropriate only if the new party can show good reasons why he should have been joined in the first action and the old party cannot show any good reasons to justify a second chance. (internal quotations and citations omitted.) *Andrews-Clarke v. Lucent Technologies, Inc., 157 F.Supp.2d 93, 100-101 (D. Mass. 2001).*

*See also, In Re El San Juan, 841 F.2d 6 (1st Cir. 1988) ("Cuprill [as the co-perpetrator] could have been, and should have been, included in the San Juan Hotel I if he shared culpability for the wrongdoing alleged there.")* ; *Connaughton v. New England Telephone and Telegraph, 1988 U.S. Dist. LEXIS 2563 (D. Mass. 1988) ("[U]nnamed co-conspirators should be able to use the first decision as preclusive in situations such as that presented in this case.")*

Here, Defendants Homonoff and Derois could have been named as defendants in *Marcello I*. They are part of the alleged conspiracy at the foundation of both lawsuits. Defendants Homonoff and Derois could have been and should have been named in the earlier lawsuit if they shared in this overarching conspiracy alleged by Plaintiffs. As such, Defendants Homonoff and Derois have a sufficiently close and significant relationship with the *Marcello I*

defendants to warrant the application of the doctrine of res judicata. *Andrews-Clarke, 157 F.Supp.2d at 101*. Consequently, there is sufficient identity of the parties to satisfy the third and final element of res judicata for the Barrington defendants.

## IV. CONCLUSION

For the reasons cited herein, as well as those that may be raised at hearing, the Barrington defendants respectfully request that their Motion to Dismiss in Lieu of Answer be granted and an Order enter pursuant to Fed. R. Civ. Proc. 54(b).

Barrington defendants,
By their attorneys,

*/s/ Michael A. DeSisto*

Michael A. DeSisto (#2444)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
michael@desistolaw.com

CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on April 11, 2007, that it is available for viewing and downloading from the ECF system, and that counsel of record listed below will receive notice via the ECF system:

Mark P. Dolan, Esq.
ricedolan@ricedolan.com

Robert W. Smith, Esq.
rsmith@agglaw.com

Notice by other means will be sent to:

James C. Marcello
Olivia A. Marcello
152 Cross Road
Stetson, ME 04488

*/s/ Michael A. DeSisto*

Michael A. DeSisto