# Exhibit B

# STATEMENT OF THE CASE

On June 9, 2000, Insane/Incompetent and delusional Alzheimer Dementia patient, Rudolph Nicholas Marcello, a/k/a Nicholas F. Marcello, was exclusively discharged from the Desilets Nursing Home in Warren RI into the care and custody of his only child, the plaintiff, James C. Marcello.

A copy of the discharge is attached and seen at (ADD: 3+4 ).

On the face of the discharge, page (1 of 2), at the top left hand corner, it indicates a diagnosis of the insane patient a/k/a Nicholas F. Marcello of "Alzheimer Dementia". Further on the face it indicates a list of anti-pschotic drugs to control the insane delusions as a result of dead brain cells. (ADD: 3 ).

On the second page of the discharge, page (2 of 2), it indicates that the insane/incompetent patient Nicholas F. Marcello is prone to agitation and confusion, and is a hi risk for elopement and wandering off, requiring a 24 hour a day watch and control by a guardian. (ADD: 4 ).

Further on the second page of the discharge, it indicates that the discharging nurse explained to the plaintiff son James C Marcello that she was unable to arrange the necessary home health care service required for the discharging insane patient, and personally explained that your father has very bad heart, that the necessary heart medications are absolutely required daily, and he would die without them. (ADD: 4 ).

STATEMENT OF THE CASE

Finally, on the second page of the discharge, it indicates the signature of said plaintiff James C. Marcello, power of attorney for his father a/k/a Nicholas F. Marcello, lower right corner, indicating who in fact sign the patient out, and the presumption that a/k/a Nicholas F. Marcello was insane/incompetent to sign any and all legal documents. (ADD: 4 )

This synopsis is made to declare that Rudolph Nicholas Marcello, a/k/a Nicholas F. Marcello was in fact insane and incompetent prior to the alledged signing of the purported will on 3/6/02, and that he died intestate, leaving no valid will, and that this fact is in contradiction to the defendants' sworn statement in his memorandum (II. Facts/Travel - quote: "Mr. Nicholas Marcello died testate on 9/28/02").

A copy of Defendants Memorandum is attached in (5) pages and the above quote is seen and framed at (ADD: 5).

# STATEMENT OF THE CASE

On and about March 6, 2002, Arthur T. Marcello, and John A. DeSano and Albert Mastriano, did then and their conspired to defraud the plaintiffs' father's estate by inducing said insane/incompetent Alzheimer Dementia home patient Rudolph Nicholas Marcello into signing papers against his will.

At approximately 8:30 a.m., the above mention parties did go to the home of said plaintiff's father, and did threaten the 72 year old retired homecare nurse that I hired, a Ms. Betty Barney, stating quote: "You Are A Theft And A Crook, Stay Out Of Our Business".

Subsequent to this threat, said plaintiffs father refused to sign the purported will documents, and then Ms. Betty Barney called the Barrington Police Department against the above mention inducing parties.

Following the phone call to the police, the above mentioned parties grabbed by the arm said plaintiffs father, and took him against his will out of his house and into their automobile, to flee the premise before the police got there.

At approximately 9:15 a.m., the above mentioned conspirators pulled into a nearby gas station called Vic's Texaco located on Maple Avenue, in Barrington RI, and took said plaintiff's father against his will out of the car, and then asked the owner Vic Texeira to be a second witness to the

STATEMENT OF THE CASE

instrument purporting to be a will. Vic Texeira stated the situation was not right and would not sign those papers as a witness.

At approximately 9:30 a.m., the Barrington Police arrived at my father's house and Officer Joe Pine, overseer for Elderly Abuse, indicated to me by phone that your father is not here and that he was not going to make an investigation or arrest.

On March 6, 2002, an investigation by the RI Department of Elderly Abuse was conducted representative Ms. Carol Baker.

On March 12, 2002, Ms. Carol Baker indicated to me said plaintiff that she spoke to John DeSano and following that investigation of the inducement and obduction of Rudolph Nicholas Marcello, she stated to me quote: "Your father's Alzheimer Dementia cured itself and he is now competent again and we are not going to file criminal charges against John DeSano, Arthur T. Marcello, and Albert Mastriano."

It was at this point in time, that the State of Rhode Island insinuated itself into a position of interdependence with these private parties as joint participants in the conspiritorial action against the estate, by depriving the insane/incompetent 82 year old Alzheimer Dementia homepatient a/k/a/ Nicholas F. Marcello of the "Equal Protection" of the law.

STATEMENT OF THE CASE

On April 26, 2002, Insane/Incompetent and delusional Alzheimer Dementia home patient, Rudolph Nicholas Marcello, a/k/a Nicholas F. Marcello, revoked everything on the papers that he was induced against his will and alledgedly signed on March 6, 2002, the instrument purporting to be a will, that the defendants present as Exhibit F, revoking in pursuant to RIGL § 33-5-10.

A copy of RIGL § 33-5-10 is attached and seen at (ADD:10).

A copy of the revoking letters to Arthur T. Marcello, John DeSano, Lorainne Derois, Clerk of Probate, certified receipts, etc., are attached and seen at (ADD:11-23).

This synopsis is made to declare that the filing of the revoked purported will dated 3/6/02 by Arthur T Marcello on October 10, 2002 in the probate court, as indicated in defendants Exhibit E, cannot invoke competent jurisdiction in said probate court, cannot be probated by law, in contradiction to defendants IV. Argument quote: "has been fully adjudicated.."

From April 26, 2002 to the date of death on September 28, 2002, of Rudolph Nicholas Marcello, a/k/a Nicholas F Marcello, Arthur T. Marcello and John A. DeSano, committed statutory crimes by concealing the purported will 3/6/02 from said Nicholas F. Marcello, who demanded the purported will back to destroy it, in violation to RIGL § 33-7-6, in revoking letters.

A copy of RIGL § 33-7-6 is attached and seen at (ADD:24).

The demand for the return of 3/6/02 will is at (ADD:12-15).

# STATEMENT OF THE CASE

On September 28, 2002, plaintiff's father Rudolph Nicholas Marcello died intestate, at the age of 82½, leaving no valid will.

For the last ten years of his life, he was insane/incompetent by reasoning of Alzheimer Dementia.

Furthermore, incompetent from 1942, when he was given a medical discharge from the army, and brought home, in a straight jacket, into his mother and fathers care and custody.

Over 2000 pages of Veterans Administration records exist verifying the live-time of incompetency of plaintiffs father Rudolph Nicholas Marcello.

The title of his property invested imediately on the day of his death, in it's entirety, in his only child, the plaintiff James C Marcello pursuant to RIGL § 33-1-1.(1).

A copy of RIGL § 33-1-1.(1) is seen at (ADD:25).

Plaintiff, now being the legal owner of the property located at 557 Maple Avenue Barrington RI on September 28, 2002, plaintiff, as he promised, planned and discussed with his father, conducted the funeral for his father and paid off the entire funeral bill by himself.

A copy of the proof of payments are seen at (ADD:26-29).

STATEMENT OF THE CASE

On October 17, 2002, plaintiff paid-in-full, the entire only existing mortgage of his father in the amount of (§24,007.61) to RI Housing and Mortgage Finance.

On October 21, 2002, RI Housing cashed a Citizen Bank Check from plaintiff James C Marcello, of ($24,007.61), a copy of front/back.is seen at (ADD:30 ).

On November 22, 2002, RI Housing sent a letter and original discharge of the mortgage to plaintiff James C Marcello at 557 Maple Avenue Barrington RI, and plaintiff filed and recorded the discharge on December 2, 2002 in the land records of Barrington, a copy of the letterhead and discharge is seen as (ADD:31-32). The discharge indicates a discharge on November 18, 2002.

On February 13, 2003, the second official discharge from the Secretary of Housing and Urban Development was signed, and entered in the Barrington Land Records on February 19, 2003.

A copy of 2nd discharge, deed, and letter head 4/3/03 is seen at (ADD:33-35 ).

From June,2000, up to February,2004, when the embezzlement and fraudulent conversion occurred, plaintiff made monthly tax payments and every utility bill consistently and efficiently.

A copy of the tax checks, utilities, and tax agreements are seen at (ADD:36-145 ).

STATEMENT OF THE CASE

On and February 1, 2003, Arthur T Marcello conspired with his attorneys John A DeSano,Bernard P Healy, and a David J Strachman, to brake and enter and commit larceny at my property in question located at 557 Maple Avenue Barrington RI.

On February 10, 2003, my neighbors, who remain confidental, witness Arthur t Marcello, Albert Mastriano, and a locksmith company, brake the close across the driveway, 3 no-trespassing signs posted, stealing antique china and antique furniture approx. value of $5000.00.

A worthles piece of paper that had the appearance of an order of some type, was counterfeited by the above attorneys void and signed by no attorney, was apparently used by the above mention to commit trespass quare clausum fregit and trespass de bonis asportatis.

A copy of the counterfeit document is seen at (ADD:146).

On April 7, 2003, at approx. 11:00 a.m., the Barrington Police busted Arthur T Marcello and Albert Mastriano braking and entering with an intent, I believe, to commit a second larceny at our property in question.

The police came back to our house and informed us that Arthur T Marcello and Albert Mastriano had no legal justification, at that time, and were told never to step on our property again.

# STATEMENT OF THE CASE

On April 7, 2003, I heard Arthur T Marcello state to the police officers, at the time of the arrest, this house has to be sold.

The Barrington Police stated, on their second return to my property at about 11:30 a.m., that Arthur T Marcello claimed he received an injunction that morning for purposes of accessing the house and for sale of the house, police stated these alledged papers were not on Arthur T Marcello's possession at the time of the attempted brake and entering.

Notation, these above facts are in contradiction to defendants attorney Joe Moretti's II. facts/Travel, paragraph 3 quote: "A review of the order shows the travel of plaintiff's involvement in the probate cour proceedings when the Will was admitted for probate (Ex.G)."

On April 7, 2003, the plaintiff and his wife were in his home, the property in question, and not before the court that day when the alledged purported order of April 7, 2003, as defense alledged, "allowing the will for probate (Ex.G)".

On June 7, 2003, Arthur T Marcello being restrained by Barrington Police from entering onto my property in question located at 557 Maple Avenue Barrington RI, Arthur T Marcello conspires with his attorneys, John A DeSano,Bernard P Healy, Chief John LaCross of Barrington Police, Constable Alfred

STATEMENT OF THE CASE

Harris, and Albert Mastriano, to a conspiracy of a Misuse of Process filed in the Providence 6th District Court, with the ulterior motive of embezzling and fraudulently converting into cash the plaintiff's father's estate over to the defendants, Nuno & Natalia Paiva-Neves, without the required authorization sale of a probate court pursuant to § 33-19-3.

Furthermore, within it's design, Arthur T Marcello's intent at the time, was to commit larceny of over $150,000.00 in antiques and equipment, etc., from the estate property, which no longer existed as an estate due to the title investing immediately into said plaintiff on September 28, 2002, the day of the death of his father, by intestate succession.

A copy of the process is seen in (10) pages at (ADD:147-156)

The process was void on it's face, due to the purported "Notice to Quit" being unsigned by Arthur T Marcello, nor any other person (SEE ADD:150+159).

The District Court had no jurisdiction over the matter, and required a dismissal, however, Arthur T Marcello threaten the plaintiff and his children, threatening that he was going to pay money to judges and police to put us in jail to get the house.

On July 23, 2003, Arthur T Marcello purchased a default judgment from a Judge Gorman, and then went to Chief John LaCross to conspire in committing constitutional crimes against the plaintiff, by using unlawful police power against plaintiff.

## STATEMENT OF THE CASE

On and about August 13, 2003, attorneys John A DeSano, Bernard P Healy, Constable Alfred Harris, Arthur T Marcello, and Albert Mastriano, did then and there in the Town of Barrington RI, conspired with a local official one Chief John LaCross of the Barrington Police Department, and reach an understanding to commit crimes against the Constitutional rights of the plaintiff and his wife, by depriving them of their "life, Liberty, & Property" without due process of law.

The above parties mentioned, willfully participated in the joint activity with the local official as one of numerous overt acts within the course of an embezzlement and fraudulent scheme to obtain and or sell the plaintiffs' deceased father's estate the said property in question, located at 557 Maple Avenue in the town of Barrington RI.

These charges are made in violation of RIGL § 11-41-3, RICO STATUTE, and 42 U.S.C.A. § 1983.

A copy of the above are viewed at (ADD: 157-159 ).

Plaintiff was illegal arrested, illegally incarserated, illegal held without bail, and deprived of his the said property in question on August 13, 2003.

Attorney John A DeSano, counterfeited a writ of execution and provided to Chief John LaCross to bluff plaintiff off his property. (SEE DEFENSE EX.J)

STATEMENT OF THE CASE

On August 13, 2003, Chief John LaCross, stole plaintiff's original deed to the said property in question filed and record in the land records of Barrington on July 8, 2003, that placed plaintiffs name on the said property.

A copy is seen at (ADD:160)

On August 14, 2003, while plaintiff was unconstitutional held in prison for the purpose of the embezzlement, defendants Nuno + Natalia Paiva-Neves, so innocently arrive at plaintiffs property and meet Arthur T Marcello there, knowing at the time plaintiffs interest in the property, and willfully disregarding such.

On October 1, 2003, plaintiff and his wife return back to his home, the property in question, legally and rightfully.

On October 13, 2003, Jones Moving and Storage admitted they came to my property on August 13, 2003, and moved antique furniture at the instructions of Arthur T Marcello to designated addresses.

On October 13, 2003, Mike Coleman, owner of Coleman Realities admitted planning to market my property with the atorneys after they put me in jail first. Further admitted, that he knew I was back in the house and will wait for further instructions from Arthur T Marcello and John DeSano about remarketing the house after they put you away again.

STATEMENT OF THE CASE

On and about November 1, 2003, the defendants Mr. Nuno & Natalia Paiva-Neves, through covin and fraud with Arthur T. Marcello and enterprise, consisting of attorneys Bernard P. Healy, John A. DeSano, Chief John LaCross, and Jeffrey F. Caffrey, the designated notary to the forged Executor's Deed dated 2/6/04, did willfully enter into a Civil Conspiracy agreement to a Misuse of legal process, prior to entry into said plaintiffs' father's estate, agreeing to wait till the misuse of legal process was imploid against said plaintiff and achieved, illegally incarserating said plaintiff and ridding him from the estate property, and then agreeing to purchase the stolen estate property with "guilty knowledge" at a grossly inadequate price, in violation of RIGL § 11-42-2.

A copy of RIGL § 11-41-2 is attached and seen at (ADD:161).

Further, on and about that time, the defendants knew that Arthur T. Marcello was acting under impersonation as an executor of said plaintiffs father's estate, and further did they know, that Arthur T. Marcello was without the required RI Statutory Authorization Order of a Probate Court to sell the estate legally to them, in violation to RIGL § 33-19-3.

A copy of RIGL § 33-19-3 is attached and seen at (ADD:162).

The defendants are not bona fide purchaser, for on October 14, 2003, they found said plaintiff and his wife in possession of his father's estate and informed of the interest in the premise, open, visible, continuous, etc., and the possession of

STATEMENT OF THE CASE

said equitable plaintiff clamant, at the time of consummation of the sale on 2/6/04 is effective, whereby said plaintiff charges the purchaser defendants with notice as the recording of an instrument prior to such purchase.

Therefore, on November 17, 2003, Arthur T. Marcello and enterprise, did imploid a misuse of legal process against said plaintiff in the Providence Superior Court (CA NO. 03 6003) to obtain the ulterior purpose of embezzlement and fraudulent conversion of said plaintiff's father's estate to said defendants, which the process was not intended by law to effect.

On December 8, 2004, a hearing was scheduled, and a premeditated illegal arrest and incarseration was plan for December 10, 2004, to give an appearance that the order on the 8th presumably intended, was the result thereof.

However, the hearing was continued to the 12th of December, 2004, and an order entered, said plaintiff was jailed prior to the order, and the perversion of the process was out of context, and not intended by law.

On December 12, 2004, to the extent of the jurisdiction of the court, a mere restraining order from the person only was enter, however, said plaintiff was illegally jail for 90 days.

A copy of mere restraining order is attached at (ADD:163).

STATEMENT OF THE CASE

On and about December 10, 2003, Arthur T. Marcello, impersonating 'executor of plaintiff's father's estate, and or his attorneys, Bernard P. Healy, John A. DeSano, and or Albert Mastriano, an incompetent perjured witness to plaintiff's father's purported will 3/6/02, did then and there paid bribes to and conspired with Chief John LaCross, a local official of the Barrington Police Department, to commit crimes against the constitutional rights of the said plaintiff and his wife, by depriving them of their "Life, Liberty, & Property" without due process of law.

A law suit was filed and is active against the above parties in the USDC of RI in violation of 42 U.S.C.A. § 1983 and 470 Racketeer Influence and Corrupt Organization (CA 05 004 ML).

A copy of RIGL § 11-41-4 'Obtaining Property by False Pretenses and Personation' is attached and seen at (ADD:164).

Subsequent to above date, Arthur T. Marcello, was draped with the power of the State of RI, establishing a formal procedure and working relationship, with the keys of the criminal justice system to achieve any and all illegal and wrongful acts against the said plaintiff and his wife, in meeting his objective .in conspiracy with the above mention parties, to the embezzlement and fraudulent conversion of said plaintiff's father's estate, in violation to RIGL § 11-41-3.

A copy of RIGL § 11-41-3 is attached and seen at (ADD:157).

## STATEMENT OF THE CASE

On December 10, 2003, Arthur T. Marcello and enterprise, subordinated Barrington Police Officer Sgt. Lee Soito to did then and there willfully commit perjury in affidavit form, in causing the false arrest and illegal incarseration of said plaintiff.

A copy of criminal complaint complaint is seen at (ADD:165).

A copy of the perjured affidavit is seen at (ADD:166).

On December 10, 2003, Arthur T. Marcello and enterprise, did cause, for the said non bona fide defendants aware, caused a illegal violation of bail, and held without bail, of plaintiff.

A copy of the states notice and motion is seen at (ADD:167).

A copy of hearing notice & "Held Without Bail" at (ADD:168).

A copy of court dates 12/17/03, 2/11/04, and 2/18/04, while held without bail, and beyond the objective point of the embezzlement sale to said defendants on 2/6/04, is at (ADD:169).

On February 24, 2004, following the completion of the embezzlement sale to said non bonafide defendant, the fraudulent scheme to obtain the estate property was a success amongst state, Arthur T. Marcello inpersonating executor, that said plaintiff was now given release on own recognizance.

A copy of bail release is seen at (ADD:170).

This synopsis contradicts defendants Exhibit K, that is counterfeit, quote: "... enjoined plaintiff from re-entering the premises" see (ADD:171) framed, when plaintiff was in fact jailed and not before the court.