UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JAMES C. MARCELLO, et al

Plaintiffs

vs. **CA NO: 07-055 ML**

STATE OF RHODE ISLAND, et al

Defendants

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS BILL OF COMPLAINT**

Plaintiffs, James C. Marcello and Olivia A. Marcello, respectfully submit this brief Reply Memorandum of Law in response to Defendants' Memorandum in Support (Supp. Memo. docket # 30) of Marvin Homonoff, Lorraine DeRois, and John LaCross Motion to Dismiss in Lieu of Answer, to the Bill of Complaint filed by Plaintiffs.

## I. NOTICE TO COURT

Defendants failed to provide Exhibit D to plaintiffs, plaintiffs hereby annexes at Exhibit I a document purportly styled as "judgment" signed by deputy clerk Barbara Barletta on April 10, 2007, not withstanding any objections hereby waived, plaintiffs makes reference to. The face of the document reads as follows:

> Judgment is hereby entered for the defendants, John A. DeSano, Bernard Healy, John LaCross, Albert Mastriano and Arthur Marcello against the plaintiffs,James C. Marcello and Olivia A. Marcello, pursuant to the Memorandum and Order dated April 7, 2006 accepting the Report and Recommendation of Magistrate Judge David L. Martin purusuant to Title 28 U.S.C. § 636(b)(1) GRANTING the defendants' Motions to Dismiss

## II. DOCTRINE OF RES JUDICATA

### 1. The Two Main Rules:

"The doctrine of res judicata, first definitely formulated in

Duchess of Kingston's case, embodies two main rules, which may be stated as follows:

(1) the judgment or decree of a court of competent jurisdiction upon the merits concludes the parties and privies to the litigation and constitutes a bar to a new action or suit involving the same cause of action either before the same or any other tribunal See R.I.--Curry v. Swett, 13 R.I. 476.

(2) Any right, fact, or matter in issue, and directly adjudicated upon, or necessarily involved in, the determination of an action before a competent court in which a judgment or decree is rendered upon the merits is conclusively settled by the judgment therein and cannot again be litigated between the parties and privies whether the claim or demand, purpose, or subject matter of the two suits is the same or not. See R.I.--Curry v. Swett,...."

2. **Two Grounds of Universal Law:**

"Res judicata is a rule of universal law pervading every well regulated system of jurisprudence, and is put upon two grounds, embodied in various maxims of the common law;

(the one), public policy and necessity, which makes it to the interest of the state that there should be an end to litigation--interest republicae ut sit finis litium;

(the other), the hardship on the individual that he should be vexed twice for the same cause-nemo debet bis vexari pro eadem causa See R.I.--Curry v. Swett,...."

**III. COUNTER ARGUMENT**

First, There Are _5_ Reasons Why The First Element Necessary to Establish Res Judicata is Not Satisfied and the Judgment is Not Final and Entered in Marcello I on April 10, 2006 Exhibit D, as Defendants Argue. (Supp.

Memo. at 5 ¶ 1):

1. **No Entry Was Made:**

"But the decision or findings of the court do not constitute a bar to a subsequent action unless judgment is entered thereon, See U.S.--Oklahoma City v. McMaster, 196 U.S. 529, 25 SCt 324, 49 L. ed 587"

2. **Motion Decisions Not Res Judicata:**

"The determination of a motion or summary application is not res judicata so as to prevent the parties from litigating the same matters again in the more regular form of an action, especially if the matter affected by the motion was only incidental or collateral to the determination of the main controversy See U.S.--Wills v. Chandler. 2 Fed. 273. 1 McCrary 276."

3. **No Full Determination on Merits:**

"Unless the proceedings and judgment in a case involved or afforded full legal opportunity for an investigation and determination of the merits of the suit, the judgment therein will not operate as a bar to a subsequent suit upon the same cause of action See R.I.--Sayles v. Tibbitts, 5 R.I. 79."

4. **Judgment is Void:**

"Where a judgment is void for want of jurisdiction, whether of the subject matter or of the person of defendant, it is of no effect whatever as an estoppel, does not merge the cause of action, and constitutes no bar to further litigation upon the same cause of action See R.I.--Westerly Probate Court v. Potter, 26 R.I. 202, 58 A 661."

5. **Judgment Procured by Fraud:**

"But if the suit in which the judgment was entered was merely collusive, and a fraudulent arrangement between some of the parties to trick the other out of their rights, it is not an estoppel or bar against the proper claims of the latter. See U.S.--Andes v. Ely, 158 U.S. 312, 15 SCt 954, 39 L. ed.

996."

Second, There Are _2_ Reasons Why The Second Element of Res Judicata is Not Satisfied Because the Cause of Action in Both Lawsuits are Not Identical, and Does Not Adjudicate Claims that Could Have Been Raised in Prior Proceeding, as Defendants argue. (Supp. Memo. at 5 ¶ 2):

**1. Not Identical Causes of Action:**

"Although a judgment may be conclusive evidence on any point formerly litigated and decided between the same parties, yet it is not pleadable in bar of a second action, unless it is founded on the same identical or substantially identical cause of action See R.I.--Perkins v. Kirby, 39 R.I. 343, 97 A 884, Knowles v. Knowles, 33 R.I. 491, 82 A 257."

**2. Different Theory of Action or Recovery:**

"Where plaintiff is defeated in an action based upon a certain theory of his legal rights...this will not as a rule preclude him form renewing the litigation, without any change in the facts, but basing his claim on a new and more correct theory. "...where he fails to establish defendant's liability undr a written instrument, and afterwards seeks recovery...on the ground of fraud or mistake See R.I.--Horton v. Bassett, 17 R.I. 129, 20 A 234.

Third, and lastly, There Are _2_ Reasons Why The Final Element of Res Judicata is Not Satisfied Because the Identity of the Parties or Privies in the Two Lawsuits Are Not the Same, as Defendants argue. (Supp. Memo. at 6 ¶ 2):

**1. Different Quality or Character:**

"To make a former judgment a bar to the maintenance of a present suit, it must have been rendered in an action between the same parties, or between

those in privity with them, and there must be identity of the quality in the persons in or for whom the claim is made, or, in other words, identity of the parties in the character in which they are litigants See U.S.-Washington etc., Steam Packet Co. v. Sickles, 24 How. 333, 16 L. ed. 650."

**2. No Privity Amongst Joint Tort-Feasors:**

"The relationship of joint tort-feasors is not such as to constitute privity See U.S.--Bigelow v. Old Dominion Copper Min., etc., Co., 225 U.S. 111, 32....."No privity between joint wrongdoers because all are jointly and severally liable."

**IV. ADDITIONAL ARGUMENTS**

**1. Probate Courts:**

"A judgment of a probate court (see cmplt - Ex: A,B+C) on a matter over which it has no righful jurisdiction does not operate as an estoppel on the parties in another court See N.Y--Sweeney v. Warren, 127 N.Y. 426, 28 NE 413. 24 AmSR 468 (determining title to land)."

**2. Question for Jury Determination:**

"...but if extrinsic evidence is required to effect the necessary identification (of parties, subject matter or cause of action to support the plea of res judicata), it becomes a question of fact and must go to the jury See U.S.--Plews v. Burrage, 266 Fed. 237, 249." Plaintiffs hereby dispute.

**3. Burden of Proof on Defendants:**

"The party pleading a former judgment as a bar to the present action must assume the burden of proving, if the fact does not appear from the record, that the subject matter or cause of action in the former suit was identical with that now in suit. See Providence-Washington Ins. Co. v. Owens,

(Civ. A.) 210 SW 558, 560."

## V. CONCLUSION

Therefore, for the reasons set forth herein and in the inital Bill of Complaint, Plaintiffs respecfully request that the court may order that the hearing and determination thereof be deferred until the trial and before the jury; that the Defendants' Motion to Dismiss in lieu of Answer be denied; that the court may entered judgment against the defendants and for the plaintiffs for the relief prayed for in their complaint; and other and further relief as justice may require.

Respectfully submitted,

PLAINTIFFS * IN PRO SE

/s/ James C. Marcello

/s/ Olivia A. Marcello

James & Olivia Marcello
152 Cross Rd.
Stetson, ME 04488
(207) 296-3433

CERTIFICATION

I, the undersigned, hereby certify that I have mailed a conformed copy of the REPLY MEMORANDUM OF LAW IN SUPPORT OF BILL OF COMPLAINT, by regular mail, postage prepaid, on April 21, 2007, to counsels of record indicated below:

Robert Smith,Esq
155 S Main St
Providence, RI 02903

Michael DeSisto,Esq
211 Angell St
Providence, RI 02906

/s/ James C. Marcello