UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JAMES C. MARCELLO, et al

Plaintiffs

vs. **CA NO: 07-055 ML**

STATE OF RHODE ISLAND, et al

Defendants

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COLLECT THE COSTS OF SERVICE**

The Plaintiffs, James C. Marcello, Olivia A. Marcello, respectfully submit this brief Reply Memorandum of law in response to Defendants' Memorandum in Objection (Op. Memo.) of LaCross and Homonoff, to the Motion to Collect the costs of Service filed by Plaintiffs.

First, an award of attorney's fees is available to pro se litigants as Defendants' argue. (Opp. Memo. at 1-1). A pro se litigant is in fact an attorney for themself, and as self-evident in this 4th filed case in this court alone, originally filed in November of 2002, (see James C Marcello v Arthur T Marcello, John A DeSano, Albert Mastriano - CA NO. 02-488 L), (see DCRI Order dismis without prejudice 4/2/03 at Att: 2), have now for (5) years as prosecurtors dedicated themselves to the elimination of organized crime in this state together with and the issue of elderely abuse and exploitation. While plaintiffs, who are victoms thereof, drain all their monthly disability money to fight these defendants in an effort to reduce the governmental burden of fighting organized crime, these

defendants line their pockets every month from collecting an unlawful debt mortgage from defendant Neves, from the larceny sale of plainitff house and property in Barrington, and use these illegal moneys to maintain their corrupt enterprise without any expense drained from their own and without any fear of civil or criminal prosecution in this state. Plaintiffs are more than worthy of all attorneys fees incurred with their respected cost demand.

Second, contrary to Defendants' argument (Opp. Memo. at 1-2), the other nominal expenses sought by Plaintiffs are allowable by Rule 4(d)(5) and sufficiently identifiable to be costs of service and/or attributable to these Defendants. Rule 4(d)(G) requires that "...the court shall impose the cost subsequently incurred in effecting service on the defendant unless good cause for the failure be show. Defendants have shown not only no good cause for the total disregard for plaintiffs constitutional rights, but have show no evidence of good cause for the failure to waive service . Plaintiff sent on February 13, 2007 (16) waivers and complaints out to RI defendants named and, by what coincidental means can one make a logical inferrence that all (16) defendants failed to waiver service of summons and complaint but for some centralized communication decision making process causing the results.

Third, plaintiffs have met the burden to prove these costs and the portion,..., attributable to Defendants, as Defendants argue. (see affidavit at 2).

Forth, contrary to Defendants' argument (Opp. Memo. at 2-1), the March 29, 2007 notary fee and March 30, 2007 "cert + weig" occurred after service, are differentiated by defendant. They are expenses concurred under Rule 4(d)(5) "...together with the cost...of any motion required to collect the costs of service. A copy of the actual "cert + weig" for the mailing of plaintiffs motion to collect was ($6.32) hereby annexed. Plaintiff merely underestimated the certified at $5.00 (mot. to collect at Ex: 7), and is now properly documented as defendant argued, bringing the actual total gross cost demanded on four defendants: LaCross, Homonoff, Neves, and Coleman, to ($905.72).

**Conclusion**

THEREFORE, for the reasons set forth herein and in the inital Motion to Collect & Affidavit Plaintiffs respectfully request that their Fed. R. Civ. P. Rule 4(d)(5) Motion to Collect the Costs of Service be granted; that Plaintiffs' be awared the costs incurred in effecting service against all (4) defendants in the ($\frac{1}{4}$) of gross amount of ($226.43) against LaCross, ($226.43) against Homonoff, ($226.43) against Nuno C. Neves & Natalia Paiva-Neves, and ($226.43) against David Coleman; and other and further relief as justice may require.

Respectfully submitted,

PLAINTIFFS * IN PRO SE

/s/ James C. Marcello

/s/ Olivia A. Marcello

James & Olivia Marcello
152 Cross Rd.
Stetson, ME 04488

## CERTIFICATION

I, the undersigned, hereby certify that I have mailed a conformed copy of the REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COLLECT THE COSTS OF SERVICE WITH ATTACHMENTS: 1+2, by regular mail, postage prepaid, on April 17, 2007, to the following indicated below:

Michael A. DeSisto,Esq
for: John LaCross & Marvin Homonoff
211 Angell St
Providence, RI 02906

Robert Smith,Esq
155 S Main St
Providence, RI 02903

Nuno C. Neves &
Natalia Paiva-Neves
557 Maple Avenue
Barrington, RI 02806

David Coleman
Coleman Realty of Barrington
210 County Rd
Barrington, RI 02806

/s/ James C. Marcello