UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JAMES C. MARCELLO, et al

Plaintiffs

vs. **CA NO: 07-055 ML**

STATE OF RHODE ISLAND, et al

Defendants

**OBJECTION TO MOTION TO DISMISS**

Plaintiffs, James C. Marcello and Olivia A. Marcello, respectfully submit this objection in response to Defendants' Memorandum of Law of State of Rhode Island, in Support of Motion to Dismiss, to the Bill of Complaint filed by Plaintiffs. In support hereof, Plaintiffs respectfully submits the accompanying Memorandum of Law.

WHEREFORE, Plaintiffs respectfully requests that the hearing and determination thereof be deferred until the trial and before the jury; that the defendant "State's" Motion to Dismiss be denied; that the Court may enter judgment against the defendants and for the plaintiffs for the relief prayed for in their complaint; and such other and further relief as justice may require.

Respectfully submitted,

PLAINTIFFS * IN PRO SE

/s/ James C. Marcello

/s/ Olivia A. Marcello

James & Olivia Marcello
152 Cross Rd.
Stetson, ME 04488

CERTIFICATION

I, the undersigned, hereby certify that I have mailed a conformed copy of the above by regualr mail, postage prepaid, on the **2nd** day of **May**, 2007, to counsels of record as follows:

Robert Smith,Esq
155 South Main St
Providence, RI 02903

Michael DeSisto,Esq
211 Angell St
Providence, RI 02906

James Moretti,Esq
300 Centerville Rd
Warwick, RI 02886

Thomas Palombo,Esq,AAG
150 South Main St
Providence, RI 02903

/s/ James C. Marcello

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JAMES C. MARCELLO, et al

Plaintiffs

vs. **CA NO: 07-055 ML**

STATE OF RHODE ISLAND, et al

Defendants

**MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO MOTION TO DISMISS**

**Introduction**

This Memorandum of Law supports the Objection to Motion to Dismiss filed by Plaintiffs, James C. and Olivia A. Marcello.

With all due respect, Plaintiffs hereby oppose the misguided and futile attempt by the defendant "State", thinking that the "State" is not liable for the acts so complained of and further thinking that she is not become a person under the law waiving it's 11th Amendment Immunity Rights and priviledges by participating in Constitutional violations in the nature of tort activity at the common-law against the plaintiffs, who were deprived of their real and personal property by her without due process of law. For reasons set forth, Plaintiffs respectfully request that the hearing and determination thereof of the "State's" Motion to Dismiss be deferred until trial before the jury as so demand by plaintiffs; that the defendant "State's" Motion to Dismiss be denied; that the Court may enter judgment against the defendant "State" and for the plaintiffs for the relief prayed for in their complaint; and such other and further relief as justice may require.

## COUNTER ARGUMENTS

1. <u>This Civil Action Was (Not) Filed Beyond The Applicable Statute Of Limitations And Is (Not) Time-Barred, As Defendant "State" Argue. (Memo. at 4-2)</u>

First, Plaintiffs bring this action under not only under § 1983 Civil Rights as defendant state contends but also under 18 U.S.C. § 1961, et seq (Federal RICO) and, that the statute of limitations to RICO is: "(4) years applicable to Clayton Act (15 USC § 15b), "from last predicate act", and, "pattern requires at least two acts of racketeering activity, last of which occurs within (10) years after commission of prior act" and, "person injured by RICO violation can bring civil RICO action (18 USC § 1964(c) -- is not governed by "injury and pattern discovery " accrual rule... <u>See Rotella v Wood (2000) 528 US 549 (citations omitted)</u>.

Second, The Court should <u>not</u> look back three years, to February 8, 2004, as defendant state argue. (Memo. at 4-3) The Court should look back, if necessary, to any last predicate act to four years, to February 8, 2003. This would cover the February 6, 2004 larceny of plaintiffs real estate property stolen by defendants while defendant "state of RI" had plaintiff kidnapped under false imprisonment to aid in the accomplishment of the larceny, (see cmplt at Ct 4: sub-ct: 5 ) not withstanding the Court's considerations to the question whether the constitutional violations charged by plaintiffs against the "state of RI", accruing from March 6, 2002 through and ongoing to September 25, 2006 (see Cmplt at Ct 5: sub-ct: 1-7, State

of Rhode Island's Constitutional Crimes in Aid of Racketeering Activity), constitute "last predicate acts" as when defendant "state of RI" is being charged being a member of the "enterprise" under Civil RICO (see cmplt at: II. Indentification of Enterprise - F. State of Rhode Island - p. iii.)

Third, the applicable statute of limitations did not ran prior to the filing of this civil action and, plaintiffs' claims are not time-barred as defendant state argue. (Memo. 4-3). The two false arrest and false imprisonment periods perpetrated by defendant "state of RI" against plaintiff on August 13th thr 28th of 2003 (see cmplt at Ct :3 sub-cts : 4+5) and December 10, 2003 thru March 1, 2004 (see cmplt at Ct :4 sub-ct :2), precludes a summary judgment because "summary judgment was precluded in 42 USC § 1983 false arrest action, where issue was when false arrest claim accrued for purposes of statute of limitations,...then false arrest claim would not accrue until those criminal proceedings terminated, and claim would not be time-barred. See Covington v City of New York (1999) (citations omitted)."

Forth, and lastly, right now in this month of May, 2007, and stemming from larceny sale of plaintiffs property on February 6, 2004, defendants have been continuously collecting an unlawful debt mortgage from co-defendant purchasers Nuno and Natalia Paiva-Neves (cplt at Ct:4-sub-ct:5), constituting "last predicate act", to extent every month of unlawful collection is another "last predicate act" committed tolling the statutes of limitations. Therefore, plaintiffs claims are not time-barred.

2. Plaintiffs' Prayer For Damages Against the State is (Not) Barred By Will v. Michigan, As Defendant "State" Argue. (Memo. at 4-4)

First, the "State" is a "person" who can be sued for monetary damages for the alledged violation of constitutional rights, as defendant "state" argue. (Memo. at 5-1)

The United States Constitutional Amendment XIV provides that:

> Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States: nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

There was not one due process proceeding in the State of Rhode Island that the defendant "state" can claim plaintiff James C. Marcello had that deprived him with due process of law of his real and personal property located at 557 Maple Avenue Barrington RI. And, furthermore, the "State" can not claim that the defendants attorney John A. DeSano, attorney Bernard P Healy, Arthur T. Marcello, etc., etc., deprived plaintiff James C Marcello of said property out of their own power and in the absence of "State Power". The "State of Rhode Island" used criminal and illegal police power, and all their

power against said plaintiff to accomplish the deprivation larceny of 557 Maple Avenue Barrington RI property. The "State of Rhode Island" denied every effort to provide equal protection to said plaintiffs father from the criminal activity inposed against him by defendants to the point of killing him. It is impossible to make any reasonable inferrence that these efforts of the "state" to deprive and to deny equal protection is not a deliberated act of a unified person to the point that the "state" has waived it's 11th Amendment immunity rights and has become a person subject to the criminal and civil liabilities so complained off. Even to this current date in time the "state" is still laboring in refusing to entertain the (16) sworn affidavits against the defendants and refusing to bring criminal charges directing themselves. What other logical explaination does the "state" have in explaining that they the "state" is not a member of this crime orgainization "estate racketeering" being charged against the attorney of the law firm Kiernan, Plunkett & Redihan, and that elderly persons such as plaintiffs father of 83 year old with insane from Alzheimer Dementia are being targeted by the corrupt law firm and committing any and all criminal acts against these elderly people without any fear of criminal prosecution instituted by the "state" against them, but for the simple explanation that the "state" is a member thereof. Therefore, the defendant "State of Rhode Island" is a person who has waived 11th Amendment Immunity and the plaintiffs complaint against them should be granted.

3. Res Judicata And/Or Collateral Estoppel (Do Not) Bar the Plaintiffs' Claim, as Defendant "State" argue. (Memo. at 5-3)

First, in was found in R.I. Case Laws: Messier v. Messier, 34 R.I. 233, 82 A 996; Schaffer v. Brown, 23 R.I. 216, 49 A 895; and Crafts v. Crafts, 23 R.I. 5, 52 A 890, regarding the true test of the conclusiveness of a former judgment in respect to particular matters is identity of issues that: "If a particular point or question is in issue in the second action, and the judgment will depend upon the determination of the particular point or question, a former judgment between the same parties will be final and conclusive in the second if that same point or question was in issue and adjudicated in the first suit; otherwise, not." The defendant "state of RI" recognizes plaintiff James C. Marcello's claim that their Constitutional Rights of legal ownership to his father's real and personal property was established on September 23, 2002, the day of his father death; that he in fact died intestate leaving no valid will (see state's Memo at 2 ¶ 2); (see cmplt at Jurisdictional Statement - II. Constitutional Rights of Plaintiffs - p. V.) In the Marcello I Case, this point or question was never in issue and adjudiated; and that, this particular point is in issue in this second action, and the judgment in this action will depend upon the determination of that particular point or question, it is an ultimate right and liability question. Therefore, there was no final judgment entered in the Marcello I action adjudicating this ultimate fact, and the Plaintiffs

never had a fair oppotunity to present their factual allegation because in Marcello I the Court , Magistrate Judge Martin and Judge Lisi prevented said plaintiffs summary judgment from being heard and even docketed (see Marcello v DeSano, 05-004 ML docket # 154 summary judgment of plaintiff and motion for rehearing - see void order returning plt summary judmgnet at Defendant LaCross, Homonoff, DeRois Motion to Dismiss at Exhibit :C ) see docket # 153). Where there is prejudice and collusive behavior between defendants and court to obtain judgment in their favor, there is no bar.

4. Plaintiffs' (Did Not) Fail to State a Claim Upon Which Relief Can Be Granted, as Defendant "State" argue. (Memo. at 7-5)

First, plaintiffs complaint alledges (47) counts of ongoing criminal activity from May, 2000 to September of 2006 against both private persons and state officials. The complaint is in chronological order, so as for the court, jury, and parties to view the particular joint criminal conduct of defendants and the merger of the "state" as revealed by their negligence to act (cplt at ct:1 at sub-ct:8 + ct:5 at sub-ct:1), when studied, to a pattern of racketeering activity to a single fraudulent scheme, as was applied by defendants in simularity force not only against said plaintiff's (83) year old father during his life time till causing his death as alledged (see Defs' kidnapping of plt's father on Mar,6,02 [see cplt at ct:1 at sub-ct:6] ), but against plaintiff himself as well (see Defs' + "state" kidnappings of plt on Aug,13,03 [see ct:3 sub-ct:3

line 11] & Nov,14,03 [see ct:4 sub-cts:1+2] ), by being in subsequent possession and inherited owner of his father's property by intestate session, and in the way of defendants modus operandi to the larceny of such.

It was found in Ludtke v Kuhn (1978, SD NY) 461 F Supp 86, 18 BNA FEP Cas 246, 4 Media L R 1625, 18 CCH EPD § 8654 that:

> "State involvement sufficient to support finding of state action may be predicated on mere failure to act.

Therefore, plaintiffs' complaint "...is sufficient for purposes of 42 USC § 1983 where plaintiffs adequately allege that property deprivation of which they complain is both object and result of conspiratiorial union on part of defendants See Safeguard Mut. Ins. Co. v Miller (1979,ED Pa) 477 F Supp 299", and does not fail to state a claim upon which relief can be granted. Thus the Complaint against the "State" should be granted.

## Conclusion

Therefore, Plaintiffs respectfully requests that the hearing and determination thereof be deferred until the trial and before the jury as demand by plaintiffs; that the defendant "State's" Motion to Dismiss be denied; that the Court may enter judgment against the defendants and for the plaintiffs for the relief prayed for in their complaint; and such other and further relief as justice may require.

Respectfully submitted,

PLAINTIFFS * IN PRO SE

/s/ James C. Marcello

/s/ Olivia A. Marcello

James & Olivia Marcello
152 Cross Rd
Stetson, ME 04488
(207) 296 3433

CERTIFICATION

I, the undersigned, hereby certify that I have mailed a conformed copy of the REPLY MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO MOTION TO DISMISS, by regular mail, postage prepaid, on **2nd** day of **MAY**, **2007**, to counsels of record indicated below:

Michael DeSisto,esq
211 Angell St
Providence RI 02906

Robert Smith,esq
155 S Main St
Providence RI 02903

James Moretti,esq
300 Centerville Rd #300W
Warwick RI 02886

Thomas Palombo,esq,AAG
150 S Main St
Providence RI 02903

/s/ James C. Marcello