UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JAMES C. MARCELLO, et al

Plaintiffs

Vs. CA NO: 07-055 ML

STATE OF RHODE ISLAND, et al

Defendants

OBJECTION

Now comes the purported defendant, ALFRED HARRIS, and objects to the application to the court for entry of default against him filed by Plaintiffs, JAMES C. MARCELLO and OLIVA MARCELLO. As grounds therefore, Defendant states that he never waived service of process and has never been served with a summons and complaint in accord with Rule 4 of the United States District Court Rules of Civil Procedure. In support of his objection, this Defendant submits his affidavit and memorandum of law.

The Defendant
ALFRED HARRIS pro se

P.O. Box 1107
Pawtucket, RI 02862
(401) 580-4808

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JAMES C. MARCELLO, et al

Plaintiffs

Vs. CA NO: 07-055 ML

STATE OF RHODE ISLAND, et al

Defendants

MEMORANDUM OF THE DEFENDANT, ALFRED HARRIS, IN SUPPORT OF HIS OBJECTION TO THE PLAINTIFF'S APPLICATION FOR ENTRY OF DEFAULT AGAINST HIM

STATEMENT OF FACTS AND TRAVEL OF THE CASE

The Plaintiffs, JAMES C. MARCELLO and OLIVIA A. MARCELLO, apparently commenced this present action in the United States District Court for the District of Rhode Island in February, 2007. Shortly after commencement of action, the Plaintiffs sent to me a copy of what was entitled a Bill of Complaint together with a request that I waive service of process. I decided that I would not waive service of process. I therefore did not return the requested waiver form to Mr. Marcello. Since that time, until quite recently, in April, 2007, I heard nothing further from Mr. Marcello.

I did receive last week an application to this Court for Entry of Default against several parties, including me. The application for Entry of Default indicates that I failed to "plead, defend, nonappearance, and by obstructing justice on April 6, 2007 at approx. 10:00 a.m." The Marcellos go on to state that the failure of Defendants, and I assume I am among them, to plead or otherwise defend is set forth in the affirmation immediately following the application. In that affirmation of truth, Mr. and Mrs. Marcello state in paragraph three that on February 13, 2007 they sent me two copies of a notice of lawsuit and request for waiver of service of summons. In paragraph six and seven of the "Affirmation of Truth" Mr. Marcello outlines various parties who have been served with process. I am not listed among those persons who were served with process. In fact, I never agreed to waive service of a summons and complaint nor have I ever been served with a summons and complaint. Therefore, application for Entry of Default against me is entirely improper.

## ISSUE

Should the application for Entry of Default against Alfred Harris be denied.

## ARGUMENT

Rule 55 of the Rules of Civil Procedure of the United States District Court provides that when a party against whom a judgment for a affirmative relief is sought has failed to plead or otherwise defend as provided by the Rules, and that fact is made to appear by affidavit or otherwise, the clerk shall enter the parties default. There is an unstated premise which applies to Rule 55. That premise is that person or persons against whom default is sought is in fact a "party", that has been duly served with process in accord with Rule 4 of the Federal Rules of Civil Procedure. In this case, an examination of the Marcello's application demonstrates beyond doubt that I have not been served with process. Rule 4 (d) (2) provides that a plaintiff may send Defendants a request to waive service of a summons and complaint. If a Defendant elects not to waive service, the Court is directed to impose the costs subsequently incurred in effecting service. Rule 4 (d) does not mandate that a party who is sent a request to waive service is compelled to do so. The notes of the Advisory Committee on the Rules expressly states that transmission of a request to waive service is a private nonjudicial act and does not purport to effect service. Unless the addressee of a request to waive service consents, the receipt of the request under the Rules of Procedure does not give rise to any obligation to answer the lawsuit, and does not provide a basis for default or default judgment. One would think that Mr. and Mrs. Marcello were aware of this, since their Affirmation of Truth indicates that they indeed did serve certain co-defendants, including Nuno C. Neves, Natalia Paiva-Neves, Chief John LaCross, Judge Marvin Homonoff, and David Coleman. It is telling that I am not among those persons served.

Rule 4 (e) of the Federal Rules of Civil Procedure outlines the manner upon which service should be made upon an individual from whom a waiver has not been obtained and filed. In their Affirmation of Truth, the Marcello's, at least by a process of elimination, do seem to admit that they have never served me. It is therefore completely improper for them, before I have been properly served with process, to enter default against me.

## CONCLUSION

Based upon the foregoing, I, the Defendant, ALFRED HARRIS, respectfully requests that the application for Entry of Default against me be denied. I specifically request that my filing this objection, affidavit, and memorandum not be construed as a waiver of service of process upon me.

Alfred Harris

CERTIFICATION

I, the undersigned, hereby certify that I have mailed a copy of my objection by regular mail, postage prepaid, on May 9, 2007 to the indicated below:

Thomas C. Plunkett, Esq.
Kiernan, Plunkett & Redihan
91 Friendship Street
Providence, RI 02903

Robert Smith, Esq.
Armstrong, Gibson & Gnys, LLP
155 South Main Street
Providence, RI 02903

Resnick, Caffrey & Moretti
300 Centerville Rd. Suite 300
Summit West
Warwick, RI 02886

Arthur Marcello
130 Roffee Street
Barrington, RI 02806

Arthur T. Marcello, Jr.
114 Governor Bradford
Barrington, RI 02806

Thomas Marcello
24 Cove Avenue
Barrington, RI 02806

Albert Mastriano
431 Maple Avenue
Barrington, RI 01806

Nuno C. Neves
Natalia Paiva-Neves
557 Maple Avenue
Barrington, RI 02806

Chief John LaCross
Barrington Police Dept.
100 Federal Road

Chief John LaCross
Barrington Police Dept.
100 Federal Road
Barrington, RI 02806

Judge Marvin Homonoff
Barrington Probate Court
283 County Road
Barrington, RI 02806

David Coleman
Coleman Realty of Barrington
210 County Road
Barrington, RI 02806

Mark Dolan, Esquire
Rice, Dolan & Kershaw
170 Westminster Street
Providence, RI 02903

James C. Marcello
Olivia Marcello
152 Cross Road
Stetson, Me 04488

[signature]