UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JAMES C. MARCELLO, et al

Plaintiffs

Vs. CA NO: 07-055 ML

STATE OF RHODE ISLAND, et al

Defendants

ANSWER OF DEFENDANT, ALFRED HARRIS TO PLAINTIFFS' COMPLAINT

FIRST DEFENSE

IDENTIFICATION OF ENTERPRISE

I. Estate Racketeering. To the extent that any of the allegations contained in "Estate Racketeering" may be construed as directed to this Defendant, the Defendant hereby denies them.

II. Identification of Superstructure

A) Kiernan, Plunkett & Redihan. This Defendant is not required to respond to the allegations of paragraph A as said paragraph is not directed against him. Any allegations of said paragraph that may be construed as directed against this Defendant are denied.

B) Judge Marvin Homonoff of Barrington Probate. This Defendant is not required to respond to the allegations of paragraph B as said paragraph is not directed against him. To the extent that any of the allegations of said paragraph may be construed as directed to this Defendant, the same are denied.

C) David Coleman of Barrington Coleman Realty. This Defendant is not required to respond to the allegations of paragraph C as said paragraph is not directed to him. To the extent that any of the allegations of said paragraph may be construed as directed to this Defendant, the same are denied.

D) Chief John LaCross of Barrington Police. This Defendant is not required to respond to the allegations of paragraph D as said paragraph is not directed against

him. To the extent that any of the allegations of this paragraph may be construed as directed to this Defendant, the same are denied.

E) Constable Alfred Harris. Defendant denies each and every allegation contained in paragraph E of Plaintiff's Complaint.

F) State of Rhode Island. This Defendant is not required to respond to the allegations of paragraph F as said paragraph is not directed to him. To the extent that any of the allegations of said paragraph may be construed as directed to this Defendant, the same are denied.

III. Identification of Lower Management.

A) Resnick, Caffrey & Moretti. This Defendant is not required to respond to the allegations of paragraph A as said paragraph is not directed to him. To the extent that any of the allegations of said paragraph may be construed as directed to this Defendant, the same are denied.

## JURISDICTIONAL STATEMENT

I. Defendant denies each and every allegation contained in this paragraph.

II. Defendant denies each and every allegation contained in this paragraph.

## BILL OF COMPLAINT

III. As to the "BILL OF COMPLAINT" this Defendant notes that he is not named therein as a person or party against whom the Plaintiffs complain. To the extent that any of the allegations of this paragraph may be construed as directed to this Defendant, the same are denied.

## COUNT ONE, FIRST EPISODE

As to COUNT ONE, FIRST EPISODE, this Defendant is not required to respond to the allegations of the count as the same are not directed against him. To the extent that any of the allegations of Count One may be construed as directed to this Defendant, the same are denied, and to that extent this Defendant denies each and every allegation contained in paragraphs one through sixteen of Count One.

COUNT TWO, SECOND EPISODE

This Defendant is not required to respond to the allegations of Count Two as the same are not directed to this Defendant. To the extent that any of the allegations of Count Two may be construed as directed to this Defendant, the same are denied, and to that extent this Defendant denies each and every allegation contained in paragraphs one through eight of Count Two.

COUNT THREE, THIRD EPISODE

As to Count Three, it is unclear to this Defendant whether the same is directed against him, this Defendant being mentioned in paragraph one of this count but not otherwise, and there being no other claim of wrongdoing against him. To the extent that any of the allegations of Count Three may be construed as allegations against this Defendant, the Defendant denies each and every allegation contained therein, specifically including paragraphs one through eleven of Count Three. As to paragraph one of Count Three, this Defendant states that he does not know what Plaintiffs mean when they state that "Constable Alfred Harris, who's unauthorized acts done under color of executing process on said Plaintiff James C. Marcello (see Sixth District Court 03-5880 Arthur Marcello vs. James Marcello), calculated first a swift void default order dated July 23, 2003 on docket sheet, a subsequent illegal arrest, and illegal probation violation, false imprisonment, …," but to the extent the same can be construed as an allegation against this Defendant, this Defendant specifically denies it.

COUNT FOUR, FOURTH EPISODE

As to Count Four of the Plaintiff's complaint, this Defendant denies each and every allegation contained therein, including each and every allegation contained in paragraphs one through six. This Defendant specifically denies the statement contained in paragraph two of Count Four that, "through a misuse of legal process with co-defendant Constable Alfred Harris, who's unauthorized acts done under color of executing process on said Plaintiff James C. Marcello ( see Sup. Ct. 036003 Arthur T. Marcello vs. James C. Marcello), calculated first by perversion of process, a second illegal arrest, a second illegal alleged probation violation, a second false imprisonment all on December 10, 2003, …".

COUNT FIVE STATE OF RHODE ISLAND'S ACTS OF CONSTITUTIONAL VIOLATIONS

As to Count Five, this Defendant is not required to respond to the allegations therein as said count is not directed to this Defendant. To the extent that any of the allegations of Count Five, paragraphs one through seven, may be construed as

directed to this Defendant, this Defendant specifically denies each and every allegation contained therein.

PRAYER FOR RELIEF

This Defendant denies each and every prayer for relief contained in Plaintiff's complaint.

SECOND DEFENSE

As to the Defendant, OLIVIA A. MARCELLO, the Plaintiff's complaint fails to state a cause of action against this Defendant, in that there is no allegation that Defendant did anything to said OLIVIA A. MARCELLO and/or caused loss to OLIVIA A. MARCELLO.

THIRD DEFENSE

The complaint of the Plaintiffs fails to state a claim against this Defendant, there being no allegation that this Defendant did anything other than serve legal process upon the Plaintiff, JAMES C. MARCELLO, which activity is legally protected.

FOURTH DEFENSE

The Plaintiff's complaint is barred by the doctrines of estoppel, waiver and laches.

FIFTH DEFENSE

The Plaintiff lacks standing to maintain this action.

SIXTH DEFENSE

The within action is barred by the statute of limitations.

SEVENTH DEFENSE

The within action is barred by the doctrine of collateral estoppel. These Plaintiffs having adjudicated these issues to a conclusion in a prior proceeding which ended with a finding against them on the merits.

EIGHT DEFENSE

Any injuries or damages the Plaintiffs may have sustained are the proximate result of the conduct of a third party or third parties for whom this Defendant is not legally responsible.

NINTH DEFENSE

At all times relevant hereto, this Defendant was acting as the agent of a disclosed principal.

TENTH DEFENSE

The acts of this Defendant complained of in the complaint were neither the cause in fact nor the legal cause of any injuries suffered by the Plaintiffs.

ELEVENTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

TWELFTH DEFENSE

This Defendant is immune from suit pursuant to Rhode Island General Laws Section 45-16-4.5.

THE DEFENDANT
ALFRED HARRIS PRO SE

[signature]
PO Box 1107
Pawtucket, RI 02862

CERTIFICATION

I, the undersigned, hereby certify that I have mailed a copy of this answer by regular mail, postage prepaid, on May 21, 2007 to the indicated below:

[signature]

James C. Marcello
Olivia Marcello
152 Cross Road
Stetson, Me 04488

Chief John LaCross
Barrington Police Dept.
100 Federal Road
Barrington, RI 02806

Robert Smith, Esq.
Armstrong, Gibson & Gnys, LLP
155 South Main Street
Providence, RI 02903

Mark Dolan, Esquire
Rice, Dolan & Kershaw
170 Westminster Street
Providence, RI 02903

Judge Marvin Homonoff
Barrington Probate Court
283 County Road
Barrington, RI 02806

Nuno C. Neves
Natalia Paiva-Neves
557 Maple Avenue
Barrington, RI 02806