UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JAMES C. MARCELLO, et al

Plaintiffs

Vs. CA NO: 07-055 ML

STATE OF RHODE ISLAND, et al

Defendants

## OBJECTION

Now comes the Defendant, ALFRED HARRIS, and objects to the motion of the Plaintiffs, JAMES C. MARCELLO AND OLIVIA A. MARCELLO, to collect costs of service, including attorney's fees. As grounds therefore, Defendant states that the Plaintiffs are not attorneys and are not entitled to attorney's fees at the rate of $100 or any other rate. In addition, the Plaintiffs are attempting to charge for time spent in reference to sending a notice of the waiver. This is improper pursuant to Rule 4.

The Defendant
ALFRED HARRIS pro se

P.O. Box 1107
Pawtucket, RI 02862
(401) 580-4808

# CERTIFICATION

I, the undersigned, hereby certify that I have mailed a copy of my objection by regular mail, postage prepaid, on June 4th, 2007 to the indicated below:

Michael DeSisto, Esquire
211 Angell Street
Providence, RI 02903

Robert Smith, Esq.
Armstrong, Gibson & Gnys, LLP
155 South Main Street
Providence, RI 02903

Thomas Palumbo, Esquire
150 South Main Street
Providence, RI 02903

Mark Dolan, Esquire
170 Westminster Street
Providence, RI 02903

James Moretti, Esquire
300 Centerville Road
Warwick, RI 02886

Thomas Marcello
Olivia Marcello
152 Cross Road
Stetson, Me 04488

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JAMES C. MARCELLO, et al

Plaintiffs

Vs. CA NO: 07-055 ML

STATE OF RHODE ISLAND, et al

Defendants

MEMORANDUM OF THE DEFENDANT, ALFRED HARRIS IN SUPPORT OF HIS OBJECTION TO THE PLAINTIFF'S MOTION FOR COSTS

The Plaintiffs, JAMES C. MARCELLO AND OLIVIA A. MARCELLO, have filed motion for payment of costs. In their motion, the Plaintiffs are requesting that they be compensated for in essence attorney's fees at the rate of $100 per hour. Their total costs for attorney's fees and/or time spent totals $250. This is a cost clearly not allowed by the Rules. Mr. and Mrs. Marcello are not attorneys and are not entitled to attorney's fees. If any costs are to be assessed, the only legitimate costs would be the sheriff's bill for the service itself, which to the knowledge of this Defendant totaled $60.

Rule 4 of the Federal Rules of Civil procedure indicates that a Defendant who refuses a waiver of service is liable for the costs related to subsequent service absent "good cause". What is or is not good cause is a matter which has developed since amendment of this Rule in 1993. In this case, the Plaintiff's Complaint was not in any usual form. It was unclear from the body of the Complaint whether and why I was being sued. Where the Marcellos listed the Defendants, I was not listed among them. In subsequent sections of the Complaint, I was named as a wrongdoer, but even in those sections, I do not think there was any specific demand of judgment against me. The Complaint was so unusual that I questioned whether it was genuine and I elected to await service of the Complaint by a sheriff.

Given the internal inconsistencies of the Complaint itself, the fact that it was filed well after the statute of limitations had run, the fact that it alleges I have done nothing aside from servicing process upon James Marcello, should constitute good cause for denial of the Plaintiff's cost incurred in reference to service.

The Defendant
ALFRED HARRIS pro se

P.O. Box 1107
Pawtucket, RI 02862
(401) 580-4808

CERTIFICATION

I, the undersigned, hereby certify that I have mailed a copy of my objection by regular mail, postage prepaid, on June 4th, 2007 to the indicated below:

Michael DeSisto, Esquire
211 Angell Street
Providence, RI 02903

Robert Smith, Esq.
Armstrong, Gibson & Gnys, LLP
155 South Main Street
Providence, RI 02903

Thomas Palumbo, Esquire
150 South Main Street
Providence, RI 02903

Mark Dolan, Esquire
170 Westminster Street
Providence, RI 02903

James Moretti, Esquire
300 Centerville Road
Warwick, RI 02886

Thomas Marcello
Olivia Marcello
152 Cross Road
Stetson, Me 04488