IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

**CA NO: 07-055 ML**

JAMES C. MARCELLO; OLIVIA A. MARCELLO

Plaintiffs

vs.

STATE OF RHODE ISLAND, ET AL

Defendants

(To the Available Honorable Judge, Presiding)

# MOTION FOR SUMMARY JUDGMENT

(On The Issue of State Liability Alone)

Respectfully submitted,

**PLAINTIFFS * IN PRO SE**

JAMES C. MARCELLO
OLIVIA A. MARCELLO

/s/ James C. Marcello

/s/ Olivia A. Marcello

James & Olivia Marcello
152 Cross Rd.
Stetson, ME 0488
(207) 296-3433

# TABLE OF CONTENTS


PAGE(S)

Table of Contents.......................................... i

Table of Authorities....................................... ii

Statement of Issues Presented.............................. iii

**MOTION FOR SUMMARY JUDGMENT**........................... iv

**MEMORANDUM OF LAW IN SUPPORT OF**........................ 1-11

I. Introduction............................................ 1

II. Argument and Law....................................... 2-8

III. Conclusion............................................ 9

AFFIRMATION OF TRUTH....................................... 10

EXHIBITS...................................................1.1-1-3

CERTIFICATION.............................................. 11

# TABLE OF AUTHORITIES

**CASE LAW** **PAGE(S)**

National Credit Union Admin. Bd. v Regine,
795 F. Supp. 59 (D.R.I. 1992)....................................2

United States v Masters,
(1991, CA7 Ill) 924 F2d 1362, 32 Fed Rules Evid................3

United States v Angelilli,
(1991, CA2 NY) 660 F2d 23, 9 Fed Rules Evid...................3

Della Grotta v Rhode Island,
(1986, CA1 RI) 681 F2d 343, 5 FR Serv 3d 807..................4

Marrapese v Rhode Island,
(1980, DC RI) 500 F Supp 1207...................................4

Bates v Hacking,
68 A. 622, 28 R.I. 523, 29 R.I. 1, 14 LRANS 927,
13 Prob.Rep.Ann. 1..............................................4

U.S. Constitutional Amendment XIV..............................5

LaPlant v Southworth,
(1980, DC RI) 484 F Supp 115....................................7

# STATEMENT OF ISSUES PRESENTED

## Plaintiffs Issues of State Liability

### 1st Reason

Whether Defendant State of Rhode Island is liable to Compensate Plaintiffs For The loss of his Real Estate Property located at 557 Maple Avenue Barrington Rhode Island.

### 2nd Reason

Whether Defendant State of Rhode Island is Liable to Compensate Plaintiffs for the loss of his Personal Estate Properties taken from the 557 Maple Avenue Barrington Rhode Island location.

### 3rd Reason

Whether Defendant State of Rhode Island is Liable to Compensate Plaintiffs for the Wrongful Death of his Father Rudolph N. Marcello.

### 4th Reason

Whether Defendant State of Rhode Island is Liable to Compensate Plaintiffs for the Pain, Suffering, Mental Anguish, and emotional Trama and Stress.

### 5th Reason

Whether Defendant State of Rhode Island is Liable to Compensate Plaintiffs for Any and All Other Liabilites Not Mentioned Herein.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JAMES & OLIVIA MARCELLO, ET AL

Plaintiffs

vs. **CA NO: 07-055 ML**

STATE OF RHODE ISLAND, ET AL

Defendants

## MOTION FOR SUMMARY JUDGMENT

Now come Plaintiffs, James C. Marcello, Olivia A. Marcello, (Collectively the "Marcellos" or "Plaintiffs), and pursuant to Rule 56(a)+(c) of the Federal Rules of Civil Procedure, moves for Summary Judgment on the issue of liability alone. In support hereof, Plaintiffs respectfully submit the acompanying Memorandum of Law and Affirmation of Truth.

WHEREFORE, Plaintiffs respectfully request that the Motion for Summary Judgment may be granted; that the Court may find the Defendant "State of Rhode Island" liable alone as to the damages set forth in said plaintiffs Bill of Complaint (see Prayer for Relief In the 1st Alternative - Defendant State Liability at 2+3 ¶¶ 6 thru 10); and that the court may grant such other and further relief as to the circumstance and justice may require.

Respectfully submitted,

PLAINTIFFS * IN PRO SE

JAMES C. MARCELLO
OLIVIA A. MARCELLO

/s/ James C. Marcello

/s/ Olivia A. Marcello

James & Olivia Marcello
152 Cross Rd.
Stetson, ME 04488
(207) 296-3433

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JAMES & OLIVIA MARCELLO, ET AL

Plaintiffs

vs. **CA NO: 07-055 ML**

STATE OF RHODE ISLAND, ET AL

Defendants

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

This Memorandum of Law supports the Motion for Summary Judgment filed by Plaintiffs, James C. Marcello and Olivia A. Marcello, (Collectively, the "Marcellos" or "Plaintiffs"), pursuant to Rule 56(a)+(c) of the Federal Rules of Civil Procedure on the issue of liability alone.

With all due respect, Plaintiffs hereby infer that the defendant "State" is liable to said plaintiffs for all losses and sufferings compounded due to the high complusory level of involvement it had with the named defendants.

That the "State" ultimately permitted said defendants to conduct any and all acts of cruelty, allowing them to misuse the justice system as a weapon machine without conscience, depriving plaintiffs and elderly father of both due process and equal protection of the laws, causing death.

And that the defendant "State" must be accountable for theses acts it so permitted to the said defendants to conduct in their ongoing efforts to accomplish larceny of all the real and personal property complained of.

For the reasons set forth, Plaintiffs respectfully request that the Motion for Summary Judgment be granted; that the Court may find the "State" liable as to the damages set forth in said plaintiffs Bill of Complaint (see prayer - 1st alter); and such other and further relief as justice may require.

## ARGUMENT AND LAW

### 1st Reason

The Defendant State of Rhode Island is Liable to Compensate Plaintiffs for the Loss of His Real Estate Property Located at 557 Maple Avenue Barrington Rhode Island:

On December 10, 2003, Defendant "State of Rhode Island" kidnapped plaintiff James C. Marcello under illegal arrest and false imprisonment for (3) months till Marceh 1, 2004, so as to provide the enterprise, as named in the complaint, a fraudulent scheme to obtain plaintiff's real estate property located at 557 Maple Avenue Barrington Rhode Island, a larceny, a racketeering activity. **See RI Case law: National Credit Union Admin. Bd. v. Regine,** 795 F. Supp. 59 (D.R.I.1992).

But for this repeated strangel hold, a corrupt activity designed and planned by the defendant "State" with the enterprise super-structure defendant attorneys of law firm Kiernan, Plunkett & Redihan, said plaintiff would not have lost his real estate property.

Defendant Arthur T. Marcello, attorney John A. DeSano, and all other named defendants collectively and in a cooperative legal manner, cannot deprive said plaintiff of his real estate property, but for the ill compulsory conduct of the defendant "State" furnishing to them color of law with access to the state institutions as a hostage highaway for the victiom plaintiff.

Wherefore, the Defendant State did deprive plaintiff of his "property" rights under the 14th Amendment to the US Constitution without due process of law, and is therefore liable to plaintiff.

## ARGUMENT AND LAW

### 2nd Reason

The Defendant State of Rhode Island is Liable to Compensate Plaintiffs for the Loss of His Personal Real Estate Properties taken From the 557 Maple Avenue Barrington Rhode Island Location:

On August 13, 2003, Defendant "State of Rhode Island" kidnapped plaintiff James C. Marcello under illegal arrest and false imprisonment for (2) weeks till August 28, 2003, so as to provide the enterprise, as named in the complaint, a fraudulent scheme to obtain plaintiffs' personal estate property located at 557 Maple Avenue Barrington Rhode Island, a larceny, a racketeering activity. (see Ct: 3, Sub-Cts: 1 thru 11 - time period June 6, 2003 thru November 14, 2003)

**In United States v Masters,** (Citations Omitted) says: "RICO enterprise which is not legal entity need not be group of formerly associated individuals but may be "association in fact;" thus, law firm, police department, and sheriff's department may constitute "enterprise." Certainly defendant Constable Harris and RI Att. General Office inclusiver constitute "enterprise."

Further, in is found in **United States v Angelilli,** (Citations Omitted) says: "Language of 18 USCA § 1961, defining enterprise, unambiguously encompasses governmental units, and purpose and history of § 1961 demonstrate clear Congressional intent that RICO be interpreted to apply to activities that corrupt public or governmental entities." Also certainly, the defendant attorneys of law firm Kiernan, Plunkett & Redihan may have corrupted the RI attorney General's Office into this "estate racketeering enterprise.

The defendant "State of Rhode Island" granted power to the named defendants in Ct: 3 to commit crimes against plaintiffs; while denying the equal protection of the laws to plaintiffs when crying out to the state for help and for criminal prosecution. (see Ct: 5, Sub-Cts: 1 thru 7)

In **RI Case Law: Della Grotta v Rhode Island,** (1986, CA1 RI) 781 F2d 343, 5 FR Serv 3d 807 says: "State which has waived Eleventh Amendment immunity is person for § 1983 purposes." And furthermore mixed with **Marrapese v Rhode Island,** (1980, DC RI) 500 F Supp 1207 says: "Rhode Island has waived its 11 Amendment immunity(RIGL § 9-31-1)in cases which alledged constitutional violation arises from activities in nature of tort at common law."

On April 7, 2003, the defendants State of Rhode Island Judicial Officer of Barrington Probate, Judge Marvin Homonoff, while under color of law, probated a revoked will dated February 6, 2002. (See Order 4/21/03 at cplt - Ex: A, 1-2; Will 2/6/02 Ex: B; and revoked letters 4/26/02 - Ex: C, 1-11).

Wherefore, the Defendant state is a person and has waived it's immunity right by committing constitutional violations ... at common law **See RI Case Law: Bates v Hacking,** (citations omitted) saying: "...revocation of subsequent will promotes revival of prior will....", and has deprived plaintiff of his "property" rights under the 14th Amendment to the US Constitution without due process of law, and is therefore liable to plaintiff.

## ARGUMENT AND LAW

### 3rd Reason

The Defendant State of Rhode Island is Liable to Compensate Plaintiffs for the Wrongful Death of his Father Rudolph N. Marcello:

It is despicable to perceive that family members such as the defendants "Marcello clan" would abuse, manipulate, and inevitably drive to his death, plaintiffs 83 year old father insane and delusional from Alzheimer Dementia, to obtain his real and personal property through a counterfeited will designed by them, particularly when they are worth millions of dollars in real estate and cash revenues themselves. (see cplt at Ct: 1, Sub Cts: 1 thru 16 - Time period: 5/17/00 to 9/28/02)

But, it is even more despicable, when the defendant "State of Rhode Island" Department of Elderly affairs, attorney General Office, Barrington Police Department, and State Police, refuse to act against these circumstances during, after, and now, when call upon (see cplt at Ct: 5, Sub-Cts: 1 thru 7, Time Period: 3/6/02 thru and ongoing 9/25/06), but rather give more power to these wrongdoers in obtaining these material possessions to the point of driving plaintiffs father to death.

**United States Constituional Amendment XIV Provides:**

Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

Wherefore the Defendant "State of R.I." denied plaintiffs 83 year old father of his "equal protection of the laws" under the 14th Amendment to the US Constitution, and is therefore liable to plaintiff.

**ARGUMENT AND LAW**

**4th Reason**

The Defendant State of Rhode Island is Liable to Compensate Plaintiffs for the Pain, Suffering, Mental Anguish, and Emotional Trama and Stress:

As a result of the Defendant "State of Rhode Island" participation in the crimes with the named defendants and coupled with negligence to act on plaintiffs timely complaint to the said crimes committed by defendants, plaintiffs endured pain, suffering, mental anguish, emotional trama, stress.

Plaintiffs suffered, by and through two episodes of homelessness, two false imprisonments with accompanying highblood pressure and depression, and one whole year of Joint SSI Social Security Disability Income suspension, at such impermissible motivation and with such disregard of plaintiff's clearly established constitutional rights through the hands of defendants Arthur T. Marcello and John A. DeSano in nexus with Defendant State of RI physciatrist (see cplt at Ct: 4, Subt-Ct: 3) acting under color of law as an executor of said plaintiff's father's estate, that their action cannot by any reasonable inference be characterized as being in good faith.

In **R.I. Case Law: LaPlante v Southworth,** (1980, DC RI) 484 F Supp 115 that: "Compensatory award in action under 42 USCA § 1983 is appropriate only when defendant has acted with such impermissible motivation or with such disregard of plaintiff's clearly established constitutional rights that his action cannot reasonably be characterized as being in good faith."

Wherefore, the Defendant State deprived plaintiffs of "liberty" rights under the 14th Amend. to the US Const., and is therfore liable to plaintiffs.

## ARGUMENT AND LAW

### 5th Reason

The Defendant State of Rhode Island is Liable to a Legal Responsibility in Entertaining Plaintiffs Any and All Criminal Charges Filed by Said Plaintiffs Against All Named Defendants:

On May 26, 2006, Plaintiff James C. Marcello filed with RI Attorney Generals Office with Linda Marison of Criminal Division (15) Affidavits Sworn out Complaints for Warrants of Arrest and Indictment against the named defendants. A copy of letter head is viewed at Exhibit: 1.1

On July 5, 2006, Roger R. Demers, Special Assistant Attorney General, sent letter to plaintiff referring the complaints to the RI State Police. A copy of the letter viewed at Ex: 1.2

On August 9, 2006, Plaintiffs mailed out (15) Affidavits sworn out complaints to the RI State Police. A copy of letterhead viewed at Ex: 1.3 As of this date in time no movement on the charges have been entertained.

Wherefore, the Defendant State of Rhode Island is liable to justice itself to entertain these charges if the state is truely not involved in the enterprise as complained of, then it would entertain these charges against the defendants.

**CONCLUSION**

WHEREFORE, Plaintiffs respectfully request that the Motion for Summary Judgment may be granted; that the Court may find the Defendant State of Rhode Island" liable alone as to the damages set forth in said plaintiffs Bill of Complaint (see Prayer for Relief - In the 1st Alternative - Defendant State liability at 2 + 3 §§ 6 thru 10); and that the Court may grant such other and further relief as to the circumstance and justice may require.

Respectfully submitted,

**PLAINTIFFS * IN PRO SE**

JAMES C. MARCELLO
OLIVIA A. MARCELLO

/s/ James C. Marcello

/s/ Olivia A. Marcello

James & Olivia Marcello
152 Cross Rd.
Stetson ME 04488
(207) 296-3433

**CERTIFICATION**

I, the undersigned, hereby certify that I have mailed a conformed copy of the following:

1. MOTION TO SET FOR HEARING
2. MOTION FOR SUMMARY JUDGMENT
3. MEMORANDUM OF LAW & AFFIRMATION
4. EXHIBITS: 1.1 - 1.3
5.

by regular U.S. Mail, postage prepaid, on the **13th day of June**, **2007**, to counsels of record and parties as indicated below:

Michael DeSisto,esq.
211 Angell St
Providence RI 02906

Robert Smith,esq.
155 S Main St
Providence RI 02903

Thomas Palombo,esq.aag,
150 S Main St
Providence RI 02903

Mark Dolan,esq.
175 Westminister St
Providence RI 02903

James Moretti,esq.
300 Centerville Rd
Warwick RI 02886

Constable Alfred Harris
287 Rand St
Central Falls RI 02863

/s/ James C. Marcello