UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JAMES C. MARCELLO AND OLIVIA A. MARCELLO<br>Plaintiff<br><br>v.<br><br>STATE OF RHODE ISLAND, ET AL.<br>Defendant | CIVIL ACTION NO. 07-055 ML |

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS, DAVID STRACHMAN AND MCINTYRE, TATE & LYNCH'S[1] MOTION TO DISMISS IN LIEU OF ANSWER

The plaintiffs have filed a voluminous five count complaint against numerous defendants, including six judges, constables, court clerks, a chief of police, several lawyers and law firms, and numerous private citizens. The plaintiffs' allegations revolve around a will executed by James Marcello's father, Nicholas F. Marcello, on March 6, 2002. The new will substantially reduced plaintiff James Marcello's share of his father's estate. Upon Nicholas F. Marcello's death on September 28, 2002, the plaintiffs began a now 4½ year campaign to challenge the will and subsequently to overturn the Probate Court's admission of the will to probate. Along the way, plaintiff James Marcello has been arrested for refusal to leave his father's former home. After the home was sold by the Estate, the plaintiffs brought suit against the buyers of the home. The plaintiffs were unsuccessful with that lawsuit.

[1] At the time the plaintiff's alleged cause of action arose, the name of Attorney Strachman's firm was McIntyre, Tate, Lynch & Holt (the law firm). The name of the firm was changed upon Mr. Holt's departure prior to the instigation of this lawsuit.

In 2005 the plaintiffs brought suit in the U.S. District Court for the District of Rhode Island against five of the defendants in the present action, John DeSano, Bernard P. Healy, John Lacross, Albert Mastriano, and Arthur T. Marcello. That action was dismissed by this Court.

In the plaintiffs' most recent voluminous complaint, defendant David Strachman is mentioned in only the caption and in two paragraphs in Count II. The defendant McIntyre, Tate & Lynch is mentioned in only the caption and in a single paragraph in Court II. Those two paragraphs are as follows:

COUNT 2

> 2. On and about the 3th day of February, 2003, the State of Rhode Island Defendants: Attorney John A. DeSano, Attorney Bernard P. Healy, Arthur T. Marcello, Attorney David Strachman of law firm McIntyre, Tate, Lynch & Holt, and Co-Defendant Judicial Officer of State of R.I. Judge Marvin Homonoff of Barrington Probate Court, who acted under color of law in clear absence of all jurisdiction over subject matter, did conspire, to sign a void order, to aid Defendants Arthur T. Marcello and said David Strachman, to trespass break and enter into plaintiff James C. Marcello's real estate property located at 557 Maple Avenue Barrington R.I. and commit larceny of antique furniture, antique china, etc., on February 10, 2003.
>
> This violation is made pursuant to Title 42 §1983. Civil Rights Deprivation.
>
> 3. On and about the 10th day of February, 2003, Defendants: Arthur T. Marcello and Attorney David Strachman, did knowingly and willfully brake the close of driveway entrance with no trespassing signs posted of plaintiff James C. Marcello resident owned property located at 557 Maple Avenue Barrington R.I., and subsequently break and entered into said plaintiffs said real estate property and committed larceny of antique furniture, antique china, chairs, etc. in approximate value of ($2,000.00), in calculation to said plaintiff owner and wife not being home.
>
> This violation is made pursuant to RIGL § 11-41-3, Embezzlement and Fraudulent Conversion, and RIGL § 11-41-4. Obtaining property by false pretenses or personation.

## STANDARD OF REVIEW

Fed. R. Civ. P. Rule 12(b)(6) provides for dismissal for "failure to state a claim upon which relief can be granted." The Court must accept the well-pleaded allegations in plaintiffs' Complaint as true, and view these facts in the light most favorable to the plaintiffs. Chongris v. Bd. of Appeals, 811 F.2d 36, 37 (1st Cir. 1987). A Rule 12(b)(6) Motion can only be granted where it "appears beyond doubt that the plaintiff can prove no set of facts. . .which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957). In judging the adequacy of a plaintiff's allegations, "bald assertions, periphrastic circumlocutions, unsubstantiated conclusions [and] outright vituperation carry no weight." Educadores Puertorriquenos En Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004). The Court's role is "to determine whether the complaint. . .alleges facts sufficient to make out a cognizable claim." United States ex rel. Karvelas v. Melrose-Wakefield Hospital, 360 F.3d 220, 224 (1st Cir. 2004). For the purposes of this Motion, the defendants do not contest the Marcellos' allegations, and respectfully submits that the Complaint should be summarily dismissed for the reasons stated.

## ARGUMENT

1. This Civil Action was Filed Beyond the Applicable Statute of Limitations and is Time Barred.

Alleging constitutional violations, plaintiffs bring this action under 42 U.S.C. §1983. Accordingly, the applicable statute of limitations is three (3) years. Wilson v. Garcia, 471 U.S. 261, 280 (1995); Walden III, Inc. v. Rhode Island, 442 F.Supp. 1168 (D.R.I. 1977) *affirmed*, 576 F.2d 945 (1st Cir. 1978); Marrapese v. Rhode Island, 500 F.Supp. 1207 (D.R.I. 1980).

This civil action was filed February 8, 2007. For statute of limitations purposes, the Court should look back three years, to February 8, 2004.

Although the allegations as to precisely what defendants Strachman and the law firm of McIntyre, Tate & Lynch (the "law firm") did are far from clear, the plaintiffs are clear in alleging that the two dates the violations occurred were February 3, 2003 and February 10, 2003. The plaintiffs also aver that the alleged violation is made pursuant to Title 42 U.S.C. §1983.

Accordingly, the applicable statute of limitations ran prior to the filing of this civil action and therefore, the plaintiffs' claims are time-barred.

2. The Court Lacks Subject Matter Jurisdiction Over the Counts Brought Against Defendants Strachman and McIntyre, Tate & Lynch.

The plaintiffs' Jurisdictional Statement, found on Page V. of the Bill of Complaint, is as follows:

JURISDICTIONAL STATEMENT

> I. The grounds upon which the jurisdiction of the court depends are that this is a suit between the Defendants of all citizens of the State of Rhode Island and the Plaintiffs both citizens of a different state, the State of Maine, and the matter in controversy herein exclusive of interests, costs, and damages is: (3) times the value of the real and personal property located at 557 Maple Avenue, Barrington, R.I., embezzled or fraudulently converted by said Defendants as complained hereof, exceeding the sum of ($1,500,000.00), and/or both, imprisonment not more than (20) years invokes under RIGL §11-41-3, wrongful death of Plaintiffs father Rudolph N. Marcello in the amount of ($1,000,000.00) or maximum penalty which ever is greater, and ($500,000.00) for pain, suffering, emotional trauma, homelessness suffered by said Plaintiff and his wife as complained hereof.

In their jurisdictional statement the plaintiffs do not take the position that Jurisdiction is based on a federal question. The only federal statute referenced in relation to the moving defendants is 42 USC §1983. The plaintiffs do not allege the violation of any federal statutes in paragraph 3 and cite two state statutes: RIGL 11-41-3 and 11-41-4.

28 USC §1332 entitled "Diversity of Citizenship; amount in controversy; costs" states in part: "(a) the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interests and costs. . ."

The only damages which the plaintiffs have allegedly incurred as a result of alleged violations by Strachman and the law firm amount to $2,000.00. Paragraph 2 of Count II does not contain a dollar figure but lists the allegedly stolen property as "antique furniture, antique china, etc. on February 10, 2003." In Paragraph 3 of Count III, the plaintiffs place a dollar value on the items allegedly taken: "larceny of antique furniture, antique china, chairs, etc. in approximate value of ($2,000.00)." Although clear in little else, the complaint is clear that the alleged larceny by Strachman and the law firm consisted on one act occurring on one day: February 10, 2003. None of the millions of dollars in damages listed in the Jurisdictional Statement have any relation to the limited alleged violations of Strachman and the law firm.

The issue is whether the plaintiffs can aggregate their multiple claims versus multiple defendants to satisfy the amount in controversy requirement. They can not. The issue was addressed in Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d §3704:

> . . .This anomaly results from the long-standing and seemingly well-settled rule, that has been invoked and applied by countless courts, noted earlier, that the claims of several plaintiffs, if they are separate and distinct, cannot be aggregated for purposes of determining the amount in controversy. Representative cases from all levels of the federal judiciary illustrating the separate-and-distinct claim rule are cited in the note below. Even when the claims arise from a single instrument or the parties have a community of interest, as in the example given above, the cases are quite clear and virtually unanimous that separate and distinct claims by different plaintiffs still cannot be aggregated for purposes of measuring the amount in controversy. <u>The same rule also applies when suit is brought by a single plaintiff against multiple defendants.</u> (emphasis added)
>
> This rule against the aggregation of claims against multiple parties had its origin one-hundred and thirty years ago…

The U.S. Supreme Court dealt with this issue in Sovereign Camp W.O.W. v. O'Neill, 266 US 292 (1924) in a suit brought by a fraternal society against twenty-five of its members.

> It is the settled general rule, frequently applied by this Court is tax cases, that in a suit based on diversity of citizenship brought against several defendants to enjoin the collection of claims against the plaintiff which are separate and distinct-although depending for their validity upon a common origin-the test of jurisdiction is the amount of each separate claim, and not their aggregate amount.

A similar issue was addressed recently by the U.S. Supreme Court in the case of Exxon Mobil Corp. vs. Allapattah Services, Inc., et al., 545 US 546 (2005). Allapattah involved multiple plaintiffs and a single defendant. The issue was whether a diversity case in which the claims of some, but not all, plaintiffs satisfy the amount-in-controversy requirement qualifies as a civil action of which the district courts have original jurisdiction. The Court looked to 28 USC §1367 to determine Congress's intent under §1332 when some claims did not meet the amount-in-controversy requirement. Although holding that jurisdiction existed in those limited circumstances, the Court was equally clear that the same is not true in cases involving multiple defendants.

The Court held that 28 USC §1367(a) is broad grant of supplemental jurisdiction over other claims within the same case or controversy. The Court, however, stated that the exceptions to §1367(a) found at 1367(b) continue to apply.

Section 1357(b) provides in relevant part:

> In any civil action of which the district courts have original jurisdiction founded solely on Section 1332 of this title, the district counts shall not have supplemental jurisdiction under Subsection (a) over claims by plaintiffs against persons made parties under Rules 14, 19, 20 or 24 of the Federal Rules of Civil Procedure. . .

The Court went on to make it clear that §1367(a) confers supplemental jurisdiction over claims by Rule 20 and 23 plaintiffs and not defendants. "This inference, at least with respect to

Rule 20 plaintiffs, is strengthened by the fact that §1367(b) explicitly excludes supplemental jurisdiction over claims against defendants joined under Rule 20." Id.

In other words, defendants Strachman and the law firm could not be joined to the case under Rule 19 (Joinder of Parties Needed for Just Adjudication) or Rule 20 (Permissive Joinder of Parties), since both fell within the exception found at 28 USC §1367(b). Under the reasoning of the US Supreme Court in Allapattah, these two defendants must be dismissed from the case for lack of subject matter jurisdiction.

The only change to the old rule barring multiple plaintiffs from aggregating their claims versus a defendant to satisfy the amount-in-controversy requirement is Congress' enactment of 28 USC §1367. The US Supreme Court made it clear that this statute must be read narrowly. "We must not give jurisdictional statutes a more expansive interpretation than their text warrants." The Court will not try to determine why Congress created the anomaly regarding the exceptions listed in §1367(b), but will enforce those exceptions.

The plaintiffs may argue that the claims brought and allegations made against Strachman and the law firm derive from a common nucleus of operative fact as the claims against co-defendants which meet the amount-in-controversy requirement. The year after the U.S. Supreme Court decided Allapattah, the Court decided Daimler Chrysler Corp. v. Cuno, 126 S. Ct. 2961 (2006). The Court again emphasized that federal jurisdiction is restrictive and does not extend to all claims related to a claim over which the court has jurisdiction. The Court wrote that "our standing cases confirm that a plaintiff must demonstrate standing for each claim he seeks to press." Citing Allen v. Wright, 468 U.S. 752 (1984) and Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 185 (2000). The Court warned that allowing

standing as to one claim to suffice for all claims arising from the same "nucleus of operative fact would have remarkable implications."

3. Plaintiffs' Allegations Are Vague and Imprecise and Thus Plaintiffs Have Failed to State a Claim Upon Which Relief Can Be Granted.

The Court must "assume the truth of all well-pleaded facts and indulge all reasonable inferences that fit the plaintiff's stated theory of liability." In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 15 (1st Cir. 2003). However, in this process, the Court is not required to give credence to "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996).

In Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005), the First Circuit affirmed Rule 12(b)(6) dismissal of constitutional and civil rights claims, reasoning:

> In considering a motion to dismiss for failure to state a claim, a court must take the allegations in the plaintiff's pleadings as true and must make all reasonable inferences in favor of the plaintiff…A complaint may be dismissed for failure to state a claim "only it if is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. (Citations and quotation marks omitted.)

In Paragraph 2 of Count 2 the plaintiffs allege that defendant Strachman and the law firm violated their civil rights pursuant to 42 USC §1983, but are woefully deficient in providing facts and details. The plaintiffs allege a conspiracy but provide no information as to how Strachman and the law firm were involved in the conspiracy. Although difficult to decipher what is being alleged, it does not appear that the plaintiff is alleging that Strachman and the law firm had any involvement in the signing or obtaining of a "void" order. There is no specific allegation that Strachman or the law firm violated the plaintiffs' civil rights by relying upon the order given or that they acted without good faith. Finally, the plaintiffs fail to provide any facts or details as to how Strachman and the law firm acted under the color of law.

There is considerable support for the argument that there is a heightened pleading requirement for complaints charging violations of federal civil rights statute, and the complaint must state specific facts, not mere conclusory allegations. The plaintiff must state with factual detail and particularity the basis of its claim. See: Streetman v. Jordan 918 F.2d 555 (5th Cir. 1990). A civil rights complaint containing conclusory, vague, and general allegations of conspiracy will be dismissed as insufficient. See: Pena-Burrero v. Estreneda 365 F.3d (1st Cir.), and Searcy v. Singleton, 894 F. Supp. 1565 (M.D. Fla) affirmed at 87 F.3d 1329 (11th Cir. Fla. 1996).

In the case of Carlow v. Mruk 425F. Supp. 2d 225 (D. R. I. 2006) this court held that unsupported and conclusory allegations and unsupported speculation were an insufficient basis on which to hold the fire chief liable for the moderator's actions, citing Ayala-Gerena v. Bristol Myers Squibb 95 F.3d 86, 95 (1st Cir. 1996). See also: Silverman v. City of New York 64 Fed. App. 799 (2nd Cir. 2003) (unspecific, conclusory, and unsupported allegations were insufficient to support §1983 conspiracy claim.

The complaint fails to set forth any facts to support an allegation that Strachman and the law firm somehow acted under color of state law or in what official capacity they were alleged to have acted.

To state a §1983 claim, plaintiff must allege facts which show deprivation of right, privilege or immunity secured by the Constitution or federal law by persons acting under color of state law. Lopez v. Department of Health Services 939 F.2d 881 (9th Cir. 1991) To allege a valid §1983 claim, plaintiff must allege denial of rights, privileges, or immunity secured by federal law. De Young v. State of Kansas, 69 F.3d 547 (10th Cir. 1995) cert denied 517 US 1236.

The defendants do not have sufficient information to intelligently prepare their defense. The plaintiffs have the obligation to clearly set forth the act or acts committed by each individual defendant that deprived them of their civil rights and how the defendants acted in bad faith.

The plaintiffs will not be able to add any clarity to their §1983 claim by reference to Paragraph 3.

Paragraph 3 of Count 2 states in part:

> Defendants Arthur T. Marcello and Attorney David Strachman, did knowingly and willfully brake the close of driveway entrance with no trespassing signs posted in plaintiff James C. Marcello resident owned property.

Liberal notice pleading notwithstanding, the allegations against defendant Strachman cannot survive a Rule 12(b)(6) dismissal. The allegations make little sense. It is unclear what Strachman and the law firm are accused of doing or what rights of plaintiffs they allegedly violated.

4. The Plaintiffs' Complaint is Barred by the Doctrine of Res Judicata.

It is expected that the plaintiff will take the position that the alleged violations of defendants Strachman and the law firm arise from and are intertwined with the violations allegedly committed by co-defendants (although as discussed supra this will not defeat defendants' argument that subject matter jurisdiction does not exist). Whether or not the plaintiffs make this argument, they run afoul of the doctrine of res judicata.

The elements for proving res judicata are: "(1) a final judgment on the merits in the earlier action; (2) an identity of the cause of action in both the earlier and later suits; and (3) an identity of the parties or privies in the two suits." Maher v. GSI Lumonics, Inc., 433 F3d 123, 127 (1st Cir. 2005).

As set forth in defendants Marvin Homonoff, Lorraine Derois and John LaCross's Memorandum of Law in Support of Their Motion to Dismiss in Lieu of Answer (which defendants Strachman and the law firm adopt by reference), the plaintiffs' original action in the U.S. District Court for the District of Rhode Island was filed in 2005 and dismissed in 2006. (Marcello I, Docket #05-004) In the 2005 case, the plaintiffs allege that the defendants conspired and reached an understanding to commit crimes against the constitutional rights of the plaintiffs. Plaintiffs' alleged violations of their civil rights pursuant to 42 U.S.C. §1983. While not identical to the allegations set forth in the lengthier 2007 complaint, in both complaints the plaintiffs allege a conspiracy and misuse of legal process and conversion of James Marcello's father's estate. Simply, both cases arise out of the same transactional nucleus of facts. Both lawsuits concern James Marcello's father, his mental state, the sale of his property, etc.

The doctrine of res judicata extinguishes not only claims that have been previously adjudicated on the merits, but also the litigation of claims arising from the same set of operative facts that could have been raised in the prior proceeding. Solomon v. Texas Instruments, Inc., 2007 U.S. Dist. LEXIS 1946 (D. MA. 2007) (internal quotations and citation omitted). The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 714 (9th Cir. 2001) (internal quotations and citation omitted).

There is little dispute that the first two elements are met. The earlier case was dismissed on the merits and the causes of action are identical in many respects.

The final element requires an identity of the parties or privies in the two lawsuits. Although Strachman and his law firm were not named as parties in Marcello I,

> [i]t has long been recognized that the federal doctrine of "non-mutual claim preclusion" permits a non-party defendant in a prior action to raise a defense or res judicata in a subsequent suit. * * * Thus, non-defendants in one action may assert res judicata in the second action if the new defendants have a close and significant relationship with the original defendants, such as when the new defendants were named as conspirators in the first proceeding but were not joined in the action. Another formulation of this idea is that preclusion is appropriate only if the new party can show good reasons why he should have been joined in the first action and the old party cannot show any good reasons to justify a second chance. (internal quotations and citations omitted). Andrews-Clarke v. Lucent Technologies, Inc., 157 F.Supp.2d 93, 100-101 (D. Mass. 2001).

Defendants Strachman and the law firm could have been named as defendants in Marcello I. If they are part of the alleged conspiracy and same nucleus of facts, they should have been named in Marcello I. The doctrine of res judicata should apply.

In conclusion, for the reasons stated above the plaintiffs' Complaint against the defendants David Strachman and McIntyre, Tate & Lynch should be dismissed.

DEFENDANTS, DAVID STRACHMAN
AND MCINTYRE, TATE & LYNCH

By their Attorneys,

/s/ Frederick E. Connelly, Jr.

Frederick E. Connelly, Jr., #6772
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

CERTIFICATE OF SERVICE

I, Frederick E. Connelly, Jr., attorney for defendants DAVID STRACHMAN AND MCINTYRE, TATE & LYNCH hereby certify this 28th day of June, 2007 that I served a copy of the foregoing document by first-class mail, postage prepaid upon James C. Marcello, 152 Cross Road, Stetson, Maine 04488.

/s/ Frederick E. Connelly, Jr.
Frederick E. Connelly, Jr.

PABOS2:FCONNEL:663733_1