**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**JAMES C. MARCELLO AND**
**OLIVIA A. MARCELLO**

**V.** **C.A. NO. 07-055 ML**

**STATE OF RHODE ISLAND, ET AL.**

**MOTION TO DISMISS**

Now comes Defendant, State of Rhode Island (the "State"), and, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves to dismiss the Bill of Complaint filed by pro se Plaintiffs, James C. Marcello and Olivia A. Marcello ("Plaintiffs"), for failure to state a claim on which relief can be granted. In support hereof, Defendant respectfully submits the accompanying Memorandum of Law.

WHEREFORE, Defendant respectfully requests that the Motion Dismiss be granted; that the Bill of Complaint be denied and dismissed with prejudice; and such other and further relief as justice may require.

Respectfully submitted,

DEFENDANT
By its Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Thomas A. Palombo*
______________________________

Thomas A. Palombo, Bar No. 4212
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2296
Fax: (401) 222-2995

**CERTIFICATION**

I, the undersigned, hereby certify that the within Motion was electronically filed with the USDC ECF system on this 24th day of April, 2007 and that I caused a copy to be electronically sent to:

**Robert W. Smith, Esquire**
rsmith@agglaw.com

**Mark P. Dolan, Esquire**
ricedolan@ricedolan.com

**Michael A. DeSisto**
michael@desistolaw.com mary@desistolaw.com

/s/ Thomas A. Palombo

______________________________

**CERTIFICATION**

I hereby certify that I mailed a true copy of the within Motion and Memorandum on this 24th day of April, 2007 by first class mail, postage prepaid to:

**James C. Marcello and Olivia A. Marcello, pro se**
152 Cross Road
Stetson, ME 04488

**James Moretti**
Resnick & Caffrey
300 Centerville Road, #300 W
Warwick, RI 02886

*/s/ Thomas A. Palombo*

______________________________

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**JAMES C. MARCELLO AND**
**OLIVIA A. MARCELLO**

**V.** **C.A. NO. 07-055 ML**

**STATE OF RHODE ISLAND, ET AL.**
**DEFENDANTS**

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO DISMISS BILL OF COMPLAINT**

**INTRODUCTION**

This Memorandum of Law supports the Motion to Dismiss the Bill of Complaint (the "Complaint") filed by Defendant, State of Rhode Island (the "State"), pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Defendant hereby opposes the most recent futile attempt by pro se Plaintiffs, James C. Marcello and Olivia A. Marcello ("Plaintiffs" or the "Marcellos"), to sue the State. For the reasons set forth, Defendant respectfully requests that the Motion to Dismiss be granted; that Plaintiffs' Bill of Complaint be denied and dismissed with prejudice; and such other and further relief as justice may require.

**PLAINTIFFS' COMPLAINT**

Plaintiffs' pro se Complaint, fairly read and liberally construed, alleges the following. The Marcellos are citizens of the State of Maine. The named Defendants are the State of Rhode Island; Constable Alfred Harris; Town of Barrington Police Chief John LaCross; Judge Patricia Moore; Judge Walter Gorman; Judge Robert D. Krause; Judge Edward C. Clifton; Judge Judith C. Savage; Barrington Probate Court Judge Marvin Homonoff; Barrington Probate Court Clerk Lorraine Derois; the law firm of Kiernan, Plunkett and Redihan, the law firm of Resnick, Caffrey

and Moretti, and the law firm of McIntyre, Tate, Lynch and Holt; Attorneys John P. Disano, Bernard P. Healy, James Moretti, Jeffrey Caffrey, and David Strachman; and the following individuals: David Coleman, Kevin Kernan, Eva Martinelli, Arthur T. Marcello, Arthur T. Marcello, Jr., Thomas Marcello, Nuno Neves, Natalia Paiva-Neves, Albert Mastriano and Betty Barney. Complaint, ¶ 2.

The Plaintiffs claim that Rudolph N. Marcello, the father of plaintiff James C. Marcello, left no valid will and died intestate on September 28, 2002. The Plaintiffs allege that the estate of Rudolph N. Marcello vested in its entirety in James C. Marcello, the decedent's only child. Complaint, page 10. Plaintiffs further aver that an elaborate estate racketeering enterprise exists in Rhode Island. They charge the Defendants with conspiring to steal the proceeds of the estate to which James C. Marcello was entitled through the use of a "void order of probate, signed April 21, 2003…" Complaint, page 24. The Plaintiffs contest the validity of the decedent's estate sale of real property in Barrington to Defendants Nuno Neves and Natalia Paiva Neves on February 6, 2004. Complaint, page 38.

Plaintiffs allege that the Defendants entered into a RICO enterprise in violation of 18 U.S.C. § 1961. Complaint, page 17. Plaintiffs invoke 42 U.S.C. § 1983. Complaint, page 25. In addition, Plaintiffs allege numerous state law claims, including negligence, wrongful death, theft, kidnapping, false imprisonment, perjury, forgery, and fraud.

Plaintiffs pray for "a writ of possession" granting the Plaintiffs possession of the Barrington property, that "the occupant purchasers… be so ordered to vacate the said premises," and that the defendants be enjoined from harassing, molesting and continuing proceedings against the plaintiffs. Compliant, page 52. In the alternative, the Plaintiffs pray that the State be

ordered pay the Plaintiffs $3 Million for the loss of the estate, the wrongful death of Plaintiff James C. Marcello's father and the Plaintiffs' emotional trauma. Complaint, pages 53 - 54.

The Marcellos have again asserted a legal dispute over real estate located in Barrington and have again sued the State and the parties involved in the real estate matter. Plaintiffs previously filed identical claims against the State on January 6, 2005 in C.A. No. 05-004ML. The Plaintiffs' claims against the State were dismissed by order of this court on September 9, 2005 pursuant to the State's motion to dismiss.

Plainly, the State had no involvement in the Barrington real estate matter. Indeed, the only allegation against the State in the present Complaint is the allegation that the State is a member of the alleged "estate racketeering" enterprise and that "it's (sic) position in the enterprise is to circumvent the 14th Amendment rights of the Federal Constitution secured to all person's who's insane parents died intestate and inherited their properties on the day of thier (sic) death…" Complaint, page 7. In their prayer for relief, the Plaintiffs request that the State be ordered to not only pay damages to the Plaintiffs, but to criminally prosecute all criminal charges filed by Plaintiff James C. Marcello with the Rhode Island Attorney General's Office, the Governor's Office and other named agencies that have been "forever lingering in delay and refusal to act upon since March of 2002." Complaint, page 54.

**STANDARD OF REVIEW**

Fed. R. Civ. P. Rule 12(b)(6) provides for dismissal for "failure to state a claim upon which relief can be granted." The Court must accept the well-pleaded allegations in Plaintiffs' Complaint as true, and view these facts in the light most favorable to the Plaintiffs. Chongris v. Bd. of Appeals, 811 F.2d 36, 37 (1st Cir.1987). A Rule 12(b)(6) Motion can only be granted where it "appears beyond doubt that the plaintiff can prove no set of facts ... which would entitle

him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). For the purposes of this Motion, the State does not contest the Marcellos' allegations, and respectfully submits that the Complaint should be summarily dismissed.

## ARGUMENT

### 1. This Civil Action Was Filed Beyond The Applicable Statute of Limitations And Is Time-Barred.

Alleging constitutional violations, Plaintiffs bring this action under 42 U.S.C. § 1983. Accordingly, the applicable statue of limitations is three (3) years. Wilson v. Garcia, 471 U.S. 261, 280 (1995); Walden III, Inc. v. Rhode Island, 442F. Supp. 1168(D.R.I. 1977), *affirmed*, 576 F.2d 945 (1st Cir. 1978); Marrapese v. Rhode Island, 500 F. Supp. 1207 (D.R.I. 1980).

This civil action was filed February 8, 2007. For statute of limitations purposes, the Court should look back three years, to February 8, 2004. The Plaintiffs allege racketeering activity by the defendants and violations of the Plaintiffs' constitutional rights from May 2000 through September 2006. However, the specific events giving rise to the Plaintiffs' claims occurred more that three years prior to the filing of this civil action: the alleged "void order of probate" was signed April 21, 2003 and the Barrington real estate was sold by the decedent's estate on February 6, 2004. Accordingly, the applicable statute of limitations ran prior to the filing of this civil action and, therefore, the Plaintiffs' claims are time-barred.

### 2. Plaintiffs' Prayer For Damages Against the State Is Barred By Will v. Michigan.

The plaintiffs have named the State of Rhode Island as a Defendant in this civil action for damages pursuant to 42 U.S.C. §1983. The Plaintiffs' claim against the State must fail. The U.S. Supreme Court stated in Will v. Michigan, 491 U.S. 58 (1989), "Section 1983 provides a federal forum to remedy many deprivation of civil liberties, but it does not provide a federal forum for

litigants who seek a remedy against a State for alleged deprivations of civil liberties." However, the State is not a "person" who can be sued for monetary damages for the alleged violation of constitutional rights. *See* Will, 491 U.S. at 71. ("We hold that neither a State nor its officials acting in their official capacities are persons under §1983.")

This doctrine has been applied numerous times in this judicial district. For example, in Wiggins v. Rhode Island, 326 F.Supp.2d 297, 302 (D.R.I. 2004), this Court granted summary judgment to State officials, writing: "The rule of Will v. Michigan is that damage actions may not be brought against states, or individuals in their official capacities as state representatives, because states are not 'persons' within the meaning of 42 U.S.C. § 1983." See Will, 491 U.S. at 71, 109 S.Ct. 2304. To the extent that Plaintiffs seek damages or declaratory relief against the State pursuant to section 1983, summary disposition is appropriate. Accordingly, the Plaintiffs' prayer for monetary damages against the State is barred. Therefore, the Defendant's Motion to Dismiss for failure to state a claim should be granted.

**3. Res Judicata And/Or Collateral Estoppel Bar the Plaintiffs' Claims.**

The Plaintiffs alleged the same claims against the State in Marcello v. Desano, No. 05-004ML (D.R.I. 2005) [hereinafter "Marcello I"] as they now allege in the present Complaint. See Marcello, 2005 WL 2205853 (D.R.I. 2005). On September 9, 2005, this Court granted the State's motion to dismiss the Plaintiffs' Complaint in Marcello I. In its ruling this Court noted that the Plaintiffs asserted the defendants "under color of state law, conspired… and reached an understanding to commit crimes against the constitutional rights of the plaintiffs… by depriving them of the 'Life, Liberty, & Property' (sic) without due process of law[,] all in violation of 42 U.S.C. §1983." This Court further stated in Marcello I that the Plaintiffs alleged that the Defendants "knowingly and willingly entered into an enterprise (RICO)…" In Marcello I, as in

the present Complaint, the Plaintiffs sought money damages for the "fraudulent sale," possession of the premises, and an order that the "occupant purchasers… vacate the premises." Marcello v. Desano, No. 05-004, 2005 WL 2205853.

Under the doctrine of ***res judicata***, "a final judgment on the merits of an action precludes the parties from re-litigating claims that were raised or could have been raised in that action." Porn v. Nat'l Grange Mut. Ins. Co., 93 F.3d 31, 34 (1st Cir. 1996). Before ***res judicata*** will apply, three factors must be present: "(1) a final judgment on the merits in the earlier action; (2) an identity of the cause of action in both earlier and later suits; and (3) an identity of the parties or privies in the two suits." Maher v. GSI Lumonics, Inc., 433 F.3d 123, 127 (1st Cir. 2005) (citing Kale v. Combined Ins. Co. Of America, 924 F.2d 1161, 1156 (1st Cir. 1991). A final judgment for ***res judicata*** purposes "end[s] the litigation on the merits and [leaves] nothing for the court to do but execute the judgment." AVX Corp. v. Cabot Corp., 424 F.3d 28, 32 (1st Cir. 2005).

Collateral estoppel or claim preclusion bars a party from maintaining an action when an issue of fact or law was actually litigated and determined by a valid judgment and this determination is conclusive in a subsequent action between the parties and their privies, whether on the same or different claims. Monarch Life Ins. v. Ropes & Gray, 65 F.3d 973, 978 (1st Cir. 1995); Richards v. Public Serv. Co., 848 F.Supp. 318, 325 (D.R.I. 1994). Specifically, collateral estoppel bars the relitigation of the same issues of law or fact where: "(1) the instant matter and the prior proceedings involve the ***same issue*** of law or fact; (2) the parties ***actually litigated*** the issue in the prior proceeding; (3) the previous court ***actually resolved*** the issue in a final and binding judgment; and (4) the prior court's resolution of that issue was ***essential*** to its holding." Monarch Life Ins., 65 F.3d at 978 (emphasis in original); ***see also*** Global NAPS Inc. v.

Massachusetts Department of Telecommunication and Energy, 427 F.3d 34, 44 (1st Cir. 2005); Richards, 848 F.Supp. at 325.

The doctrine of ***res judicata*** should be applied in the instant case and the Plaintiffs should be barred from relitigating issues they raised or could have raised in Marcello I. The factors required for the application of res judicata are present: This Court expressly ruled on the Plaintiffs' claims against the State for violations of 42 U.S.C. §1983, as well as the Plaintiffs' other claims against the State, and granted the motion to dismiss brought by the State of Rhode Island in Marcello I. The parties and the Plaintiffs' alleged cause of action against the State in both the earlier and present suit are identical.

Collateral estoppel should bar the Plaintiffs from maintaining their claims against the State because the issues of fact and law alleged by the Plaintiffs were actually litigated and determined by a valid judgment of this Court. This Court's determination is conclusive in this subsequent action because the action is between the identical parties on the same claims.

Moreover, the doctrines of res judicata or collateral estoppel should bar the Plaintiffs' re-litigation of the issues despite this Court's finding that specific factual allegations against the State Defendants were wholly absent from the Plaintiffs' first complaint. The Plaintiffs' present complaint likewise contains no factual allegations against the State. In Marcello I the Plaintiffs had a full and fair opportunity to present their factual allegations and to litigate the issues. They chose not to. Respectfully then, *res judicata* and/or collateral estoppel bar relitigation of the Plaintiffs' claims. Therefore, the Plaintiffs' Complaint against the State should be dismissed.

**4. Plaintiffs' Fail To State A Claim Upon Which Relief Can Be Granted**

The general rules of pleading a claim for relief in a civil action are set forth in Rule 8 of the Federal Rules of Civil Procedure. A district court considering a Rule 12(b)(6) motion must

view the plaintiff's complaint through the prism of Fed.R.Civ.P. 8(a)(2)'s notice pleading requirements. Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 5 (1st Cir. 2005). A complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). *See* Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 103 (1957).

Even in a civil rights case, there is no "heightened pleading standard;" instead, there is a "liberal system of 'notice pleading' set up by the Federal Rules." Leatherman v. Tarrant County, 507 U.S. 163, 168, 113 S.Ct. 1160, 1163 (1993). The First Circuit, however, recognized the limits of liberality in Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1171 (1st Cir. 1995):

> The bottom line is simply this: while courts should construe pleadings generously, paying more attention to substance than to form, they must always exhibit awareness of the defendant's inalienable right to know in advance the nature of the cause of action being asserted against him. [Citations omitted.] A fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to afford the opposing party fair notice of the claims asserted against him and the grounds on which those claims rest. [Citation omitted.]

The court must "assume the truth of all well-pleaded facts and indulge all reasonable inferences that fit the plaintiff's stated theory of liability." In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 15 (1st Cir. 2003). However, in this process, the court is not required to give credence to "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996).

In Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005), the First Circuit affirmed Rule 12(b)(6) dismissal of constitutional and civil rights claims, reasoning:

> In considering a motion to dismiss for failure to state a claim, a court must take the allegations in the plaintiff's pleadings as true and must make all reasonable inferences in favor of the plaintiff… A complaint may be dismissed for failure to state a claim "only if it is clear that no relief could be granted under any set of facts

that could be proved consistent with the allegations." (Citations and quotations marks omitted.)

Applying these teachings, liberal "notice pleading" notwithstanding, the Marcellos' Complaint clearly cannot survive Rule 12(b)(6) dismissal for failure to state a claim upon which relief can be granted. Even when this pro se Complaint is "h[e]ld to less stringent standards than formal pleadings drafted by lawyers", Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596 (1972), there are simply no allegations or claims as against the State. Thus, the Complaint against the State should be dismissed.

**CONCLUSION**

Therefore, for the reasons set forth and the cases argued above, Defendant, State of Rhode Island, respectfully requests that its Motion to Dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(6) be granted; that Plaintiffs' Bill of Complaint be denied and dismissed with prejudice; and such other and further relief as justice may require.

Respectfully submitted,

DEFENDANT

State of Rhode Island

By its Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Thomas A. Palombo*

______________________________

Thomas A. Palombo, Bar No. 4212
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2296
Fax: (401) 222-2995

**CERTIFICATION**

I, the undersigned, hereby certify that the within Memorandum was electronically filed with the USDC ECF system on this 24th day of April, 2007 and that I caused a copy to be electronically sent to:

**Robert W. Smith, Esquire**
rsmith@agglaw.com

**Mark P. Dolan, Esquire**
ricedolan@ricedolan.com

**Michael A. DeSisto**
michael@desistolaw.com mary@desistolaw.com

/s/ Thomas A. Palombo
______________________________

**CERTIFICATION**

I hereby certify that I mailed a true copy of the within Memorandum on this 24th day of April, 2007 by first class mail, postage prepaid to:

**James C. Marcello and Olivia A. Marcello, pro se**
152 Cross Road
Stetson, ME 04488

**James Moretti**
Resnick & Caffrey
300 Centerville Road, #300 W
Warwick, RI 02886

*/s/ Thomas A. Palombo*
______________________________