MPD;taa07-139

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JAMES C. MARCELLO and | : | |
| OLIVIA A. MARCELLO | : | |
| | : | |
| VS | : | C.A. NO. 07-055 ML |
| | : | |
| STATE OF RHODE ISLAND, et al | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, DAVID COLEMAN'S MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)**

Plaintiffs, James and Olivia Marcello (hereinafter the "plaintiffs") have filed a complaint against defendant, David Coleman, Proprietor of Coleman Realty in Barrington, (hereinafter "Coleman"). The plaintiffs' complaint against Coleman is based on numerous legal theories. However, since the plaintiffs have failed to state a claim for which relief may be granted, Coleman's motion to dismiss should be granted.

## I. FACTS/TRAVEL

The instant action revolves around a Will executed by plaintiff, James Marcello's father, Nicholas F. Marcello, on March 6, 2002 and its subsequent admission to the Probate Court upon his father's death. Essentially, the Will executed by James Marcello's father in March of 2002 substantially reduced the plaintiff's share of Rudolph N. Marcello's Estate. The plaintiffs allege a grand conspiracy between the Probate Court, estate attorneys, and realtors. The plaintiffs claim that real estate attorneys have elderly and mentally disabled clients change their Wills to favor the attorneys. The plaintiffs also allege that realtors, i.e. Coleman, are part of the conspiracy as they market this allegedly stolen real estate and collect commissions from sales.

The plaintiffs have made various allegations against Coleman. Namely, the plaintiffs allege that Coleman by action, as the listing agent for his father's property, was involved in a

conspiracy to convert property, embezzlement and larceny of personal real estate property, fraud, and false imprisonment. Since the plaintiffs' claims fail to state a claim upon which relief may be granted, the defendant, Coleman's motion to dismiss should be granted.

## II. STANDARD OF REVIEW

Fed. R. Civ. P. Rule 12(b)(6) provides for dismissal for "failure to state a claim upon which relief can be granted." The Court must accept the well-pleaded allegations in plaintiffs' Complaint as true, and view these facts in the light most favorable to the plaintiffs. Chongris v. Bd. of Appeals, 811 F.2d 36, 37 (1st Cir. 1987). A Rule 12(b)(6) Motion can only be granted where it "appears beyond doubt that the plaintiff can prove no set of facts. . .which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957). In judging the adequacy of a plaintiffs allegations, "bald assertions, periphrastic circumlocutions, unsubstantiated conclusions [and] outright vituperation carry no weight." Educadores Puertorriquenos En Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004). The Court's role is "to determine whether the complaint. . .alleges facts sufficient to make out a cognizable claim." United States ex rel. Karvelas v. Melrose-Wakefield Hospital, 360 F.3d 220, 224 (1st Cir. 2004).

## III. DISCUSSION

### (i) The Vagueness of the Pleadings

The issue here is whether the plaintiffs have pleaded sufficient facts to stave off the instant Rule 12(b)(6) motion. The First Circuit has detailed the requirements imposed upon the plaintiffs in this regard.

> "In the precincts patrolled by Rule 12(b)(6) the demands on the pleader are minimal. As we have recently stated, the court must accept the well-pleaded factual averments of the latest . . . complaint as true, and construe these facts in the light most flattering to the [plaintiff's] cause . . . exempt[ing], of course, those 'facts' which have since been conclusively contradicted by [plaintiff's]

> concessions or otherwise, and likewise eschew[ing] any reliance on bald assertions, unsupportable conclusions, and 'approbrious epithets'." Gooley v. Mobile Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988) (citing Chongris v. Board of Appeals, 811 F.2d 36, 37 (1st Cir. 1987).

The First Circuit further stated that,

> "minimal requirements are not tantamount to nonexistent requirements. The threshold may be low, but it is real – and it is the plaintiff's burden to take the step which brings this case safely into the next phase of the litigation. The court need not conjure up unpled allegations or contrive elaborately arcane scripts in order to carry the blushing bride through the portal." See Id.

In Gooley, the plaintiff had alleged *inter alia*, a violation of the Petroleum Marketing Practices Act, 15 U.S.C.S. §§ 2801-2841 (1982). In his pleading, the plaintiff alleged that contrary to the Act, Mobile's offer to purchase the site in question was not bona fide. In affirming the decision below to grant the defendant's 12(b)(6) motion, the First Circuit stated that,

> "here, the allegation that Mobile's offer was other than bona fide was merely subjective characterization, devoid of a minimally sufficient factual predicate. To permit a plaintiff, on such a skimpy foundation, to drag a defendant past the pleading threshold would be to invite litigation by hunch and to open gasoline franchisors -- just because they are franchisors -- to the most unrestrained of fishing expeditions. We decline to impose such a onerous burden. In sum, Count II of the second amended complaint cannot withstand scrutiny because it contains insufficient rudiments of an actionable claim."

Similarly, in Aulson v. Blanchard, 83 F.3d 1, 2 (1st Cir. 1996), the First Circuit reviewed the District Court's decision to grant the defendant's 12(b)(6) motion and referenced the deferential standard in reviewing the complaint. The Court further stated that,

> "We hasten to add, however, that this deferential standard does not force an appellate court to swallow the plaintiff's invective hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited." See Id.

The plaintiffs here make a number of claims against defendant, Coleman. Although it is nearly impossible to determine what defendants are the subject of the plaintiffs' various claims and allegations, it appears the plaintiffs have set forth the following claims against Coleman. In

Count III, paragraph 1, the plaintiffs seem to allege that Mr. Coleman conspired to defraud the plaintiffs of certain real estate. The plaintiffs also mention false imprisonment in this paragraph, although, it is impossible to tell if the plaintiff is merely extrapolating on the previous claim, or presenting a new one for the Court to consider.

In Count III, paragraph 3, the plaintiffs seem to allege that Coleman conspired to defraud the plaintiffs' personal property. In Count III, paragraph 7, the plaintiffs allege that Coleman violated R.I.G.L. § 5-20.5-5 by conspiring to defraud the plaintiffs of real estate. In Count IV, paragraph 1, the plaintiffs seem to allege once again that Coleman fraudulently converted their real estate. In the Count, the plaintiffs also allege that Coleman conspired to commit plaintiff, James Marcello, to a mental hospital in violation of R.I.G.L. § 40-1-22. Further, the plaintiffs seem to allege that Coleman violated the Rhode Island RICO statute G.L. § 7-15-1 and § 11-41-3. Finally, in Count IV, paragraph 6, the plaintiffs allege that Coleman violated their civil rights pursuant to Title 42 U.S.C.A. § 1983 and Title 18 § 1962(b)(c).

A similar thread runs through all of these allegations. Namely, all of the plaintiffs' various, yet similar, allegations are made in a vacuum, completely devoid of any minimally sufficient factual predicate. The plaintiffs have failed to support any of their numerous allegations with fact. The complaint is nothing besides a jumble of wildly fantastical assertions and unsupported conclusions. Even when viewing the complaint in a light most favorable to the plaintiffs, the only reasonable inference the Court can draw is that the plaintiffs' grand allegations of conspiracy were fabricated out of thin air. The plaintiffs have completely failed to deliver any factual predicate showing that Coleman was involved in any conspiracy to defraud them out of real estate, conspired to commit Mr. Marcello into a mental hospital, or participated in any other sort of scheme to deprive the plaintiffs of their rightful property. Since the plaintiffs

have failed to lay any sort of foundation upon which to build the case against Coleman, Coleman's motion to dismiss pursuant to Rule 12(b)(6) should be granted.

**(ii) Res Judicata/Collateral Estoppel**

The plaintiffs alleged claims similar to those made in the instant action in Marcello v. Desano, 05-004 ML (D.R.I. 2002). This Court dismissed the action as to all defendants, with prejudice. The issue here is whether the doctrine of *res judicata* prevents the plaintiffs from making the same claims against a new defendant. The elements of *res judicata* are "(1) a final judgment on the merits in the earlier action; (2) an identity of the cause of action in both earlier and later suits; and (3) an identity of the parties or privies in the two suits." Maher v. GSI Lumonics, Inc., 433 F.3d 123, 127 (1st Cir. 2005).

*Res judicata* works not only to preclude claims that had been previously adjudicated on the merits, but also precludes the litigation of claims arising from the same set of operative facts that could have been raised in the prior proceeding. Solomon v. Texas Instruments, Inc., 2007 U.S. Dist. LEXIS 1946 (D.Ma. 2007) (citing Wolf v. Gruntal & Co., Inc., 45 F.3d 524, 527-28 (1st Cir. 1995). Like the plaintiffs in the instant action, the plaintiff in Solomon had filed two complaints alleging conspiracy amongst a number of government and private actors to commit grand larceny and fraud against him. The first two complaints were dismissed. Solomon brought a third complaint that was derivative of the prior complaints but included a few new allegations. The U.S. District Court for the District of Massachusetts held that all of the allegedly "new" claims could have been raised in the prior complaints; thus, the plaintiff was precluded from litigating the new allegations in the subsequent complaint.

Since the original complaint was filed in Federal Court, Federal *res judicata* principles govern the *res judicata* effect of the prior judgment. Andrews-Clarke v. Lucent Technologies, Inc., 157 F.Supp.2d 93, 99 (D.Ma. 2001) (citing Iannochino v. Rodalakis, 242 F.3d 36, 41 (1st Cir. 2001). Although Coleman was not a party to the original complaint filed by the plaintiffs, "it has long been recognized that the federal doctrine of "non-mutual claim preclusion" permits a non-party defendant in a prior action to raise a defense of *res judicata* in a subsequent suit." Lucent, 157 F.Supp.2d at 100. The question becomes "whether a party not involved in the earlier action may deflect this lawsuit because he should have been, but was not, included in the earlier suit. See id. (quoting In re El San Juan Hotel Corp., 841 F.2d 6, 10 (1st Cir. 1988). In El San Juan Hotel Corp., the First Circuit declared that "non-defendants in one action may assert *res judicata* in the second action "if the new defendants have a close and significant relationship with the original defendants, such as when the new defendants were named as co-conspirators in the first proceeding, but were not joined in the action." See id. at 10.

Although Coleman was not named as a party to the first action, the basis of the plaintiffs' first complaint was the alleged conspiracy surrounding the embezzlement and fraudulent scheme to sell the plaintiff's deceased father's estate located at 557 Maple Avenue, Barrington, Rhode Island. In the instant action, the plaintiffs merely expand upon that original premise. The plaintiffs allege that David Coleman is but one player in this alleged conspiracy to fraudulently sell his deceased father's estate. As such, there is a significance in the close relationship between the original defendants and David Coleman. Furthermore, it is clear that the plaintiff could have named Coleman as a defendant in the original complaint, but failed to do so. As such, the doctrine of *res judicata* applies to preclude the instant claims against Coleman.

**(iii) Claims Barred by Statute of Limitations**

The issue here is whether the plaintiffs' various claims against David Coleman are barred by the applicable statutes of limitation. The plaintiffs have filed a lengthy, rambling and nearly incomprehensible complaint. However, in Count III, paragraph 7 of the complaint, the plaintiffs allege that Coleman violated General Law § 5-20.5-5 on or about August 13, 2003. General Laws § 5-20.5-5 is entitled "The Real Estate Recovery Account" and sets forth the establishment of an account whereby a person aggrieved by the act of a broker or real estate salesperson may recover. However, the subpart (c) (1) sets forth the statute of limitations as two years from the accrual of the cause of action. Since the alleged incidents occurred on August 13, 2003, and the complaint was not filed until February 6, 2007, the plaintiffs' claimed is barred by the statute of limitations.

## IV. CONCLUSION

Based on the foregoing, Coleman's motion to dismiss pursuant to Rule 12(b)(6) should be granted.

Respectfully Submitted,

Defendant, DAVID COLEMAN,
Proprietor of Coleman Realty in Barrington,
By His Attorneys,

/s/ Mark Dolan
Mark P. Dolan, Esq. (#3280)
RICE DOLAN & KERSHAW
170 Westminster Street, Suite 900
Providence, RI 02903
(401) 272-8800

**CERTIFICATION**

The undersigned hereby certifies that on August 3, 2007, a true copy of the within document has been mailed, postage pre-paid, to *pro se* plaintiffs **James Marcello** and **Olivia Marcello**, 152 Cross Road, Stetson, ME 04488; **James Moretti, Esq**., Resnick & Caffrey, 300 Centerville Road, #300W, Warwick, RI 02886; **Betty Barney**, 77 Dorr Avenue, E. Providence, RI 02915; **Alfred Harris**, P.O. Box 1107, Pawtucket, RI 02862; **Mark A. Charleson, Esq.**, 928 Park Ave., Cranston, RI 02910; and **Thomas A. Palombo, Esq.**, Assistant Attorney General, 150 South Main Street, Providence, RI 02903. The undersigned further certifies that all counsel of record have received the within document electronically via the Court's ECF System.

/s/ Mark Dolan_______________