UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JAMES C. & OLIVIA A. MARCELLO

Plaintiffs

vs. CA NO: 07-055 ML

STATE OF RHODE ISLAND, ET AL

Defendants

**PLAINTIFFS OPPOSITION MEMORANDUM**

Plaintiffs, James C. Marcello and Olivia A. Marcello, respectfully submit this brief Memorandum of Law in Opposition to Defendants David Strachman and McIntyre, Tate & Lynch's Amended Motion to Dismiss in lieu of Answer dated 8/9/2007.

First, this Civil Action was not filed beyond the applicable Statute of Limitaions and is not time barred as Defendants argue. (Memo Argument at 3 ¶ 1). This original action was filed by plaintiffs in November of 2002 and was wrongfully dismiss without prejudice, see attached Order at A: 1 of Judge Ronald R. lagueux DCRI CA NO: 02-488 L - April 2, 2003. Plaintiffs are simply being denied justice, and a delay in justice equals a denial of justice. It is the court's fault for delay not plaintiffs. Defendants are misguided to think this action is timed barred when it was originally filed one month after the death of plaintiffs father and no ultimate rights or liabilities have been determined.

Second, the court does not lack subject matter jurisdiction over the Counts Brought Againt Defendants Strachman and McIntyre, Tate & Lynch as Defendants argue. (Memo Argument at 4 ¶ 2).

Federal Courts have jurisdiction over Civil Rights Deprivation suits under 42 USC § 1983 and "... is not affected by subequent failure of plaintiff to establish valid claim arising under Constitution and Law of United States. See Ortiz De Arroyo v Barcelo (1985, CA1 Puerto Rico) 765 F2d 275. Defendant Strachman conspired and aided and abetted larceny at the behest of co-defendants attorneys John A. DeSano and Bernard P. Healy (see cplt at ct: 2 sub-ct: 2+3) and is liable as one of many predicate acts under Federal RICO but also liable for all other predicate acts so complained of by co-defendants under co-conspiracy rule and is "... bound by all that has gone before in the conspiracy, even if unknown to him or her..., because defendant Strachman embraced the common purpose of conspiracy with sufficient understanding. See U.S. U.S. v. Umagat, 998 F.2d 7790 (9th Cir. 1993). A copy of a void probate order dated February 3, 2003 to which defendant Strachman pretended to act under authority of law is annexed at A: 2.

Third, Plaintiffs allegations are not vague and not imprecise and Plaintiffs have not failed to state a claim upon which relief can be granted as Defendants argue. (Memo Argument at 8 ¶ 3). The 47 RICO Count complaint is in chronological order in the manner in which the crimes were progressively committed. When an 83 year old man as plaintiffs father, diseased and insane from Alzheimer Dementia, is tortured and tormented unto death for mere profit of money, as perpetrated by defendants in the complaint, there is most certainly a claim upon which relief

can be granted. If the state of RI permits these atrocities that were commited against one elderly to go unpunished, then it implies prior permission has been granted against all other elderlys victoms and that the future securities of such remain in danger thereof. Defendant Strachman is liable to the criminal acts complained of in Count 1 Sub-Counts 1-16 dated May 17, 2000 thru September 28, 2002 even through his illegal and criminal involvement began on and about February 3, 2003 and that his predicate acts are most certainly clear and precise.

Forth, argument numbers 4 and 5 of defendants are not worthy of a response. (Memo Arugment at 10 ¶ 4 and at 11 ¶ 5).

Fifth and lastly, Plaintiffs complaint is not barred by the doctrine of res judicata as Defendants argue. (Memo Argument at 12 ¶ 6). The particular point or question in issue in this action in which the judgment will depend upon the determination therof (see cplt at v. II. Constituional Rights of plaintiffs) of:

**Question in Issue**

"Whether Plaintiff James C. Marcello's Contitutional Legal Rights of Ownership to His Father's Entire Estate Property Was Established on September 28, 2002 the Day of His Father's Intestate Death as Defined by RIGL § 33-1-1(1) Real Estate Descending By Intestacy to Children....",

was not in issue and adjudicated in the first or any prior suit.

## Supporting Law

**Identity of Issues:**

"The true test of the conclusiveness of a former judgment in respect to particualr matter is identity of issues."

"If a particular point or question is in issue in the second action, and the judgment will depend upon the determination of the particualr point or question, a former judgment between the same parties will be final and conclusive in the second if that same point or question was in issue and adjudicated in the first suit; otherwise not. **See Rhode Island Case Laws as follows:**

**MESSIER V. MESSIER, 34 R.I. 233, 82 A 996**

**SCHAFFER V. BROWN, 23 R.I. 233, 82 A 895**

**CRAFTS V. CRAFTS, 23 R.I. 5, 52 A 890**

## Conclusion

Therefore, for the reasons set forth herein and in the sufficiency of the RICO Complaint, Plaintiffs respectfully request that the Defendants Amended Motion to Dismiss in Lieu of Answer be denied.

Respectfully submitted,

PLAINTIFFS * IN PRO SE

JAMES C. MARCELLO
OLIVIA A. MARCELLO

/s/ James C. Marcello

/s/ Olivia A. Marcello

James & Olivia Marcello
152 Cross Rd.
Stetson, ME 04488
207 296 3433

**CERTIFICATION**

I, the undersigned, hereby certify that I have mailed a conformed copy of the following:

1. PLAINTIFFS OPPOSITION MEMORANDUM
2. 
3. 
4. 
5. 

by regular U.S. Mail, postage prepaid, on the 22nd day of August , 2007, to counsels of record and parties as indicated below:

Michael DeSisto,esq
211 Angell St
Providence RI 02906

Robert Smith,esq
155 S Main St
Providence RI 02903

Thomas Palombo,esq
150 S Main St
Providence RI 02903

Mark Dolan,esq
175 Westminister St
Providence RI 02903

James Moretti,esq
300 Centerville Rd
Warwick RI 02886

Mark Charleson,esq
928 Park Avenue
Cranston RI 02910

Frederick Connelly,jr,esq
30 Rowes Wharf
Boston MA 02110

Alfred Harris
287 Rand St - Box 1107
Central Falls RI 02862

Betty Barney
77 Dorr Avenue
E Providence RI 02915

/s/ James C. Marcello

# ATTACHMENT #

4.2.03

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

James C. Marcello

VS CA NO. 02-488L

Arthur T. Marcello, et al

ORDER

On November 21, 2002, this court denied the petitioner's motion to proceed in forma pauperis.

On March 14, 2003, a Show Cause Order was entered stating "the filing fee is to be paid by March 28, 2003 or the case would be dismissed". As of this date, no filing fee has been paid.

The case is dismissed without prejudice.

ENTER:

Ronald R. Lagueux

Ronald R. Lagueux
District Judge
Dated: 4/2/03

So Ordered:

*Barbara J. D'Amico*
Deputy Clerk

(6)

1

#39

STATE OF RHODE ISLAND
BRISTOL, SC.

PROBATE COURT OF THE
TOWN OF BARRINGTON

No. 5148

Estate of Nicholas F. Marcello, a/k/a
Nicholas Rudolph Marcello, a/k/a
Rudolph Nicholas Marcello

ORDER

This matter came on for hearing before the Honorable Probate Judge Marvin Homonoff on February 3, 2003 and in consideration of the Emergency Motion filed by the ~~temporary~~ custodian, it is hereby:

ORDERED

1. The ~~temporary~~ custodian is authorized to take all steps necessary to secure and protect the property located at 557 Maple Avenue, Barrington, RI.

ENTERED as an Order of this Honorable Court this 3 day of Feb., 2003.

APPROVED:

Justice 2/3/03

PER ORDER:

Clerk

PRESENTED BY:

DAVID J. STRACHMAN #4404
MCINTYRE, TATE, LYNCH & HOLT
321 South Main Street, Ste. 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 fax

2