**UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**JAMES MARCELLO AND**
**OLIVIA MARCELLO**

**V** **CA No. 07-055 ML**

**STATE OF RHODE ISLAND, ET AL**

**NUNO NEVES, NATALIA PAIVA-NEVES, JEFFREY CAFFREY, RESNICK & CAFFREY (incorrectly named as RESNICK, CAFFREY & MORETTI), AVA MARTINELLI, AS PRESIDENT AND TREASURER OF DIAMOND FUNDING CORPORATION and DIAMOND FUNDING CORPORATION (COLLECTIVELY "DEFENDANTS") COUNTER-MOTION FOR PARTIAL AND FULL SUMMARY JUDGMENT**

Now comes defendants and hereby file this counter-motion for partial and full summary judgment. As a basis thereof, defendants rely on their memorandum filed in support of this motion and also in support of their opposition to defendants motion for summary judgment.

/s/ James Moretti

Resnick & Caffrey
300 Centerville Road, #300W
Warwick, RI 02886
401-738-4500

**CERTIFICATION**

I hereby certify that on October 15, 2007 I mailed a copy of the within to: James Marcello, 152 Cross Road, Stetson, ME 04488; Olivia Marcello, 152 Cross Road, Stetson, ME 04488 and Betty Barney, 77 Dorr Avenue, E. Providence, RI 02915. All other parties were served by the court's ECF system on that date.

/s/ James Moretti

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**JAMES MARCELLO AND**
**OLIVIA MARCELLO**

**V** **CA No. 07-055 ML**

**STATE OF RHODE ISLAND, ET AL**

**MEMORANDUM OF NUNO NEVES, NATALIA PAIVA-NEVES, JEFFREY CAFFREY, RESNICK & CAFFREY (incorrectly named as RESNICK, CAFFREY & MORETTI), AVA MARTINELLI, AS PRESIDENT AND TREASURER OF DIAMOND FUNDING CORPORATION and DIAMOND FUNDING CORPORATION (COLLECTIVELY "DEFENDANTS") IN SUPPORT OF THEIR OPPOSITION TO PLAINTFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANTS' COUNTER-MOTION FOR PARTIAL SUMMARY JUDGMENT AND FULL SUMMARY JUDGMENT**

## Introduction

The pro se plaintiffs have blindly filed a motion seeking summary judgment on issues that have previously and repeatedly been ruled on by other courts to the point of ad nausuem. The issues raised by plaintiffs' motion actually calls for the doctrine of res judicata to be now be applied in multiple and succeeding stages. The plaintiffs' motion was also filed in violation of Rule 47 of this Court's Local Rules and Rule 56 the Federal Rules of Civil Procedure because it does not state against whom the relief or what type of, or how the judgment should enter. It is also not supported by an affidavit or any credible facts.

The defendants' counter motion for partial summary judgment on the claim of ownership of the real estate is based on the Rhode Island Supreme Court's previous decision in **Marcello v Neves, 912 A.2d 420 (RI 2006) (Ex. A).** The claims made by plaintiffs were previously raised and denied (numerous times). It should be noted that plaintiffs then curiously made several attempts to remove that case to this court while pending appeal before the Rhode Island Supreme Court. **Marcello v Neves, US District Court CA No. 05-243 ML**. The defendant's counter-motion for full summary judgment is based on the simple premise that plaintiffs can not produce a shred of evidence in support of their claims based on the State and Federal Racketeer Influenced and Corrupt Organizations Act.

**Facts**

The plaintiff represented himself pro se in the probate of his father's estate. He claimed that he was the owner of certain real estate located at 557 Maple Avenue, Barrington, RI, and not the estate. The probate court ruled against him. He never appealed. He then filed a Superior Court action claiming ownership of the property. The Superior Court entered summary judgment against him, based on the doctrine of res judicata and dismissed his claim. The plaintiff then filed an appeal to the Rhode Island Supreme Court. The Rhode Island Supreme Court affirmed the trial court's ruling and also affirmed the following findings of facts in **Marcello v Neves, (id):**

a. The plaintiff's father died leaving a Will (pg. 420);
b. The Will was duly admitted into probate and an executor admitted and failed to appeal that ruling (pg. 420);
c. The decedents' real property (557 Maple Avenue, Barrington, RI) was duly sold per the power of sale clause contained in the Will (pg. 420);
d. Plaintiff's motion to vacate the sale based on an inadequate sales price was denied by the probate court and he failed to appeal that ruling (pgs. 420-421);
e. The plaintiff litigated the issue in the Probate Court (pgs. 420-421);
f. The plaintiff never appealed the Probate Court rulings and they became final (pgs. 420-421).

Plaintiff was provided a full and fair opportunity to litigate his ownership claims and was unsuccessful. He has now spent the past several years filing numerous frivolous lawsuits blaming everyone but himself for his failures. He repeatedly claims that there was this some type of grand and complex conspiracy against him involving local police, a probate judge, numerous law firms, state officials and court employees and numerous state court judges.

**Standards of Rule 56**

Summary judgment is appropriate when it is shown that there is no genuine issue of any material fact and that judgment should be entered as a matter of law. **Rule 56 (c) of the Federal Rules of Civil Procedure.**

**Argument**

**1. The plaintiffs' claim of ownership of the real estate located at 557 Maple Avenue, Barrington Rhode Island, that was sold by the Executor of his father's estate, has been fully adjudicated (numerous times) and their motion for summary judgment should by denied and defendants' counter-motion for partial summary judgment on the issue of ownership of the property should be granted based on the doctrine of res judicata.**

As stated by the Rhode Island Supreme Court in **Marcello v Neves, 912 A.2d 420 (RI 2006),** the plaintiff's father died testate in the Town of Barrington, Rhode Island. His father's Will was admitted to probate and an executor was duly appointed. The plaintiff, who represented himself pro se, failed to appeal that order and the ruling became final pursuant to **R.I.G.L δ 33-23-1.**

The Executor then sold the real estate to the Neves pursuant to the power of sale clause contained in the Will. Plaintiff filed a motion to vacate the sale on the basis that the sales price was inadequate. That motion was denied and plaintiff did not appeal that ruling either.

Around the same time period, the Rhode Island Superior Court also enjoined plaintiff from interfering with the Executor's duties and from filing any documents in the Barrington Land Evidence records concerning title to the property.

On July 18, 2004, plaintiff then filed a civil action in the Providence County Superior Court claiming that he was the rightful owner of the property. The motion justice dismissed his claim based on the doctrine of res judicata and the Rhode Island Supreme Court affirmed the motion justice **Marcello v Neves (id).**. Simply put, plaintiff had a full opportunity to litigate any claim of ownership in the probate court. The matter was duly adjudicated and became final when the plaintiff failed to appeal the probate court rulings. As the Rhode Island Supreme Court concluded, the doctrine acts to prevent re-litigation of issue that were *or could have been*, litigated in the previous action **Marcello v Neves (id).**

Plaintiffs' motion for summary judgment should be denied and defendants' counter-motion for summary judgment, seeking judgment against plaintiff's as to any claim of ownership of the property they was raised, should be granted. These issues should not be unfamiliar with this court either (**see Marcello v Desano, et al, US District Court District of Rhode Island, CA No. 05-004 ML and Marcello v Neves, US District Court of Rhode Island, CA No. 05-243).**

**2. Plaintiffs' motion for summary judgment should be denied because it was filed in violation of Rule 47 of the Local Rules and Rule 56 of the FRCP**

Plaintiffs have filed an eccentric multiple -count complaint against numerous judges, law Firms, state and local officials that alleges some type of conspiracy and criminal enterprise existed that falls within the realm of the State and Federal Racketering Influenced Corrupt Organization Acts. They have now filed a motion for summary judgment and state "4 reasons" why it should be granted. However, nothing in the motion does not state who the judgment is sought against and what type of judgment should enter. It simply appears that plaintiff is making a desperate attempt to have the court make pre-determined interlocutory findings of fact without an evidentiary hearing.

The plaintiffs' motion is in violation of Rule 47 of the Local Rules because it fails to set forth

a short and plain description of relief requested. The motion is simply titled "summary judgment" and does not specify where, how or against whom the summary judgment should be entered against. Per that motion, there is no "judgment' to be entered.

The motion is also not in compliance with Rule 56 of the Federal Rules of Civil Procedure. There is no supporting affidavit as required by Rule 56 (c). There is some type of strange document titled "Affirmation of Truth: which is neither a sworn statement and in which plaintiff simply makes bizarre and eccentric conclusions without supporting facts.

Plaintiff also refers to various documents that serve no credible purpose. In plaintiffs' Exhibit 5, Mr. Marcello appears to have strangely drafted a document to deed title to the real estate at issue to himself. He did so without ever having title to the property. As noted in **Marcello v Neves, (id)** he was restrained by the Rhode Island Superior Court for engaging in such behavior.

Plaintiffs' motion for summary judgment should be denied for the above reasons.

**3. Plaintiffs can not set forth any factual basis whatsoever to support their claims that a violation of The Racketeer Influenced and Corrupt Organization existed pursuant to R.I.G.L. δ 7-15-1 and 18 USC δ 1961, et seq. and plaintiff's motion for summary judgment should be granted and defendants' counter-motion for summary judgment should be granted.**

The plaintiff's complaint is based on pure fiction and fantasy. Period. Plaintiff filed a complaint alleging a complex scheme and enterprise involving numerous judges, law firms and local and state officials pursuant to the Racketeer Influenced and Corrupt Organizations Act **R.I.G.L. 7-15 –1 et seq.** and **18 USC 1961, et seq.** To prevail on the claim, plaintiffs must show that there was (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. **Bessette v Avco Financial Services, Inc., 279 B.R. 442 (D.R.I. 2002).** The plaintiffs' claim is based on mere allegations in the form of rambling and nonsensical conclusions. They simply can not produce one inference from any competent fact to support of their claims.

As such, the defendant's counter-motion for summary judgment should be granted and plaintiff's complaint dismissed.

/s/ James Moretti

James Moretti (#5092)
Resnick & Caffrey
300 Centerville Road, #300W
Warwick, RI 02886
738-4500

**CERTIFICATION**

I hereby certify that on October 15, 2007, I mailed a copy of the within to: James Marcello 152 Cross Road, Stetson, ME 04488; Olivia Marcello, 152 Cross Road, Stetson, ME 04488 and Betty Barney, 77 Dorr Avenue, E. Providence, RI 02915. All other parties were served electronically through the court's ECF system on that date.

/s/ James Moretti