UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

JAMES C. MARCELLO;

OLIVIA A. MARCELLO

VS C. A. NO. 07-055 ML

STATE OF RHODE ISLAND, ET AL

**MEMORANDUM OF DEFENDANTS, KIERNAN, PLUNKETT & REDIHAN, JOHN A. DESANO, BERNARD P. HEALY, ARTHUR T. MARCELLO, ARTHUR T. MARCELLO, JR., THOMAS MARCELLO, ALBERT MASTRIANO, AND TO THE EXTENT NAMED AS DEFENDANTS ALL LAWYERS IN KIERNAN, PLUNKETT & REDIHAN IN SUPPORT OF THEIR OBJECTION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

## STATEMENT OF FACTS

The plaintiff, James C. Marcello, is the son of Nicholas Marcello who died on September 28, 2002. **(Exhibit 1 - Bill of Complaint, jurisdictional statement para. II)** The plaintiff, Olivia A. Marcello, is the wife of James C. Marcello. **(Exhibit 1 - Bill of Complaint, jurisdictional statement, para. I)** The plaintiffs filed this complaint in February, 2007. Nicholas Marcello executed a will on March 6, 2002. The defendant, Albert Mastriano, was a witness to the will. **(Exhibit 2 - Affidavit of Bernard P. Healy and Exhibit 3 - Records of Barrington Probate Court, pp. 4-9) Records of Barrington Probate Court)**. The defendant, John DeSano, who is now Of Counsel to Kiernan, Plunkett & Redihan, was Nicholas Marcello's attorney and prepared the will and also prepared and filed the petition to admit the will to probate. **(Exhibit 4, Affidavit of John DeSano)** Arthur T. Marcello was the named executor in the will and was appointed executor when the will was admitted to probate by the Barrington Probate Court. **(Exhibit 2; Exhibit 3; pp. 27, 28)** The plaintiff, James C. Marcello, was duly notified of the petition to admit the will to probate and initially participated in the probate proceedings contesting the admission of the will. Subsequently, he absented himself from the

probate hearings despite being given all required notices. The will was admitted on April 7, 2003, and Arthur T. Marcello was appointed executor. **(Exhibit 3, pp. 27-31)** Neither plaintiff appealed this order, and the order became final. **(Exhibit 2; Exhibit 3; pp. 69, 70; Exhibit 10, Decision of Rhode Island Supreme Court, Marcell v. Neves, 912 A.2d 420 (R.I. 2006)** The defendant, Bernard Healy, of Kiernan, Plunkett & Redihan represented the estate in the proceedings. **(Exhibit 2; Exhibit 3; pp. 18, 19)**

Arthur T. Marcello, Jr. and Thomas Marcello are sons of Arthur T. Marcello. **(Exhibit 5, Affidavit of Arthur T. Marcello) A**. Nicholas Marcello, the decedent, was the brother of Arthur T. Marcello. **(Exhibit 5)** Nicholas Marcello was also known as Rudolph Marcello.

Arthur Marcello, as executor, took the necessary steps to advertise and sell the home of Nicholas Marcello at 557 Maple Avenue, Barrington, Rhode Island. **(Exhibit 2; Exhibit 3; pp 39-70)** That property is the subject of this present suit. Pursuant to the power of sale in the will of Nicholas Marcello, the property was sold to the defendants Nuno C. Neves and Natalia Paiva-Neves on February 6, 2004 for the sum of $275,000. **(Exhibit 2; Exhibit 3; pp 39-52; Exhibit 6, Copy of Deed to Neves)** That sale was confirmed by order of the Barrington Probate Court after hearing on May 10, 2004, denying plaintiffs' motion to vacate the sale. Neither plaintiff appealed that order. **(Exhibit 2; Exhibit 3; pp 48-53; Exhibit 10) Decision of Rhode Island Supreme Court).**

During the time the property was in the process of being advertised, the plaintiff James C. Marcello appeared, entered the property, and began to occupy the property. At that time, Arthur T. Marcello sent James C. Marcello a notice to quit the premises. He failed to do so and, therefore, Arthur Marcello, on behalf of the estate, commenced a tenancy and ejectment action against James C. Marcello in the District Court of the State of Rhode Island, Sixth Division. James C. Marcelo responded to the complaint, the case proceeded to trial on July 23, 2003, and a judgment for possession was rendered against James C. Marcello in favor of Arthur Marcello, Executor. No appeal was taken by James C. Marcello, the judgment became final, and execution issued on August 5, 2003. **(Exhibit 2; Exhibit 7; Records of District Court, Sixth Division)**

During the process of serving the execution to remove James C. Marcello from the property, Mr. Marcello resisted in an unlawful manner and was charged with obstructing an officer in the execution of duty. The complaint alleges obstruction of police officer John Lacross (a defendant here), Patrolman Hanfield, and Constable Alfred J. Harris ( a defendant here) by

refusing to leave and obey a valid court order. James C. Marcello pleaded nolo in the District Court of the State of Rhode Island and received a sentence of one year imprisonment, suspended, and one year probation. An order was also entered that Mr. Marcello have no contact with 557 Maple Avenue, Barrington, Rhode Island. **(Exhibit 2, Exhibit 8, Records of District Court Sixth Division)** No appeal was taken from this judgment and sentence.

Subsequently, James C. Marcello reentered the property despite having no legal right to do so and began to occupy it again. Arthur T. Marcelo, as executor, commenced suit in the Providence County Superior Court to restrain and enjoin him from this trespass. A preliminary injunction was entered after hearing restraining him from entering the property and further from filing any more documents relating to the property in the land records of the Town of Barrington. The case proceeded to trial in 2006 and a judgment was entered in favor of Arthur T. Marcello, as executor, against James C. Marcello. A permanent injunction was entered prohibiting Mr. Marcello from filing any documents relating to the Maple Avenue property in the Barrington land records. James C. Marcello did not appear for the trial despite having received notice. **(Exhibit 2, Exhibit 9, Records of Providence Superior Court)**

Once the preliminary injunction was obtained in February, 2004, the property was sold to the Neves. The proceeds were deposited to the estate account and distributed in accordance with the will. James C. Marcello is one of the beneficiaries under the will. His distributive share and reimbursement for payments was deposited into the Registry of the Barrington Probate Court and remains there, available to be withdrawn by him at any time. **(Exhibit 2; Exhibit 3; pp 39-70)**

It was learned during the course of the administration of the estate that James C. Marcello had paid the balance of the mortgage, approximately $24,000 and had paid some funeral expenses for Nicholas Marcello. Provision was made in the estate proceedings to reimburse James C. Marcello for these expenses and the reimbursement is reflected in the final accountings. **(Exhibit 2; Exhibit 3; pp 39-70)** As noted above, those funds were in fact paid into the Registry of the Court with the permission of the Court along with James C. Marcello's distributive share of the estate. **(Exhibit 2; Exhibit 3, pp 39-70)**

Arthur T. Marcello then proceeded to close the estate. A Second Amended First & Final Account was allowed on July 23, 2004. **(Exhibit 2, Exhibit 3, pp 54-62)** By order of the Barrington Probate Court of June 6, 2005, Arthur T. Marcello was discharged as executor, the bond was cancelled and the estate was finally closed. **(Exhibit 2; Exhibit 3; pp 69-70).** No

appeal was taken from these orders so that they became final. **(Exhibit 2; Exhibit 3; pp 69, 70; Exhibit 10)**

In 2004, after the sale of the property on Maple Avenue to the Neves, James C. Marcello filed suit against the Neves in the Providence County Superior Court. The suit alleged he was the rightful owner of the property. Summary judgment was granted for the Neves in the Superior Court and the judgment was affirmed by the Rhode Island Supreme Court. The court ruled that James C. Marcello was not the owner of 557 Maple Avenue and the property had been lawfully sold to the Neves. The court relied on the doctrine of res judicata stating the ownership issue had been resolved by the Barrington Probate Court, as no appeal had been taken from its orders. **(Exhibit 10)**

In April 2005, the plaintiffs filed suit in the United States District Court for the District of Rhode Island. In their Amended Bill of Complaint, they named John A. DeSano, Bernard P. Healy, John Lacross, Albert Mastriano, Arthur T. Marcello, and the State of Rhode Island as defendants. The allegations were vague and unclear but do contain references to violations of constitutional rights, violations of 42 USC Sec. 1983, violations of 18 USC Sec. 1961, and conspiracy. There is an allegation against Ava Martinelli and Diamond Funding Corporation of an involvement in a fraudulent scheme. The allegations and relief requested all related to the ownership and sale of the property at 557 Maple Avenue and the Probate proceedings regarding Nicholas Marcello. **(Exhibit 2; Exhibit 11; Amended Bill of Complaint in C.A. No. 05-004ML)** In that case the defendants DeSano, Healy, Mastriano and Marcello, filed a motion to dismiss pursuant to FRCP 12 (b) (6). The defendant Lacross filed a motion to dismiss for failure of the plaintiffs to comply with discovery. A Report and Recommendation was entered by Magistrate Martin recommending granting of the motions. **(Exhibit 2; Exhibit 12; report and recommendation of Magistrate Martin)** In a decision dated April 10, 2006, Judge Lisi accepted the recommendation, and entered judgment for all the defendants. **(Exhibit 2; Exhibit 13; decision and judgment of Judge Lisi)** There was no effective appeal from this judgment and it became final. **(Exhibit 2; Exhibit 14; judgments of First Circuit Court of Appeals)**

The plaintiffs filed the instant complaint against the same parties and some additional related parties and again made essentially the same allegations relating to the ownership and sale of the property at 557 Maple Avenue and the Probate proceedings regarding Nicholas Marcello.

**(Exhibit 1, Bill of Complaint in C.A. No. 07-055 ML)** The plaintiffs have now filed this motion for summary judgment apparently against all defendants.

The defendants Kiernan, Plunkett & Redihan, John DeSano, Bernard P. Healy, Arthur T. Marcello, Jr., Thomas Marcello, Albert Mastriano, and to the extent named as defendants, all lawyers in Kiernan, Plunkett & Redihan, object to the plaintiffs' motion for summary judgment and submit the motion should be denied.

## STANDARD OF REVIEW

In determining whether summary judgment is appropriate, the Court must view the facts in the records and all inferences therefrom in the light most favorable to the non-moving party. **Continental Cas. Co. v. Canadian Universal Ins. Co.,** 924 F.2d 370, 373 (1st. Cir. 1991. F.R.C.P. 56 provides that summary judgment may be granted when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Access **Solution International Inc.** v. **Data/Ware Development Inc.**, 70 F.Supp.2d 92 (D.R.I. 1999).

Summary judgment is only available when there is no dispute as to any material fact and only questions of law remain. **Blackie v. Maine**, 75 F.3d 716, 721 (1st Cir. 1996). A material fact is one "that might affect the outcome of the suit under the governing law." **Morrissey v. Boston Five Cents Sav. Bank,** 54 F.3d 27, 31 (1st. Cir. 1995). The moving party bears the burden of showing that no evidence supports the non-moving party's position. **Celotex Corp. v. Catrett**, 477 U.S. 317, 325, 106 S. Ct. 2548, 91L.Ed.2d 265 (1986).

As the moving party bears the "initial burden of demonstrating the absence of a genuine issue of material fact," the moving party has a substantial burden to meet. This is particularly true where the moving party is the party who bears the burden of persuasion at trial. **Aurelio v. Rhode Island Department of Administration, Division of Motor Vehicles,** 985 F. Supp. 48, 54 (D.R.I. 1997).

## ARGUMENT

The defendants Kiernan, Plunkett & Redihan, John A. DeSano, Bernard P. Healy, Arthur T. Marcello, Arthur T. Marcello, Jr., Thomas Marcello, Albert Marcello, and all the lawyers in

Kiernan, Plunkett & Redihan object to the plaintiffs' motion for summary judgment on the grounds that: plaintiffs' motion fails to comply with the requirements of F.R.C.P. 56 and Local Rule CV56; plaintiffs' factual allegations are unsupported by any viable affidavits or other evidentiary materials, including pleadings, deposition transcripts, interrogatory answers, admissions or stipulations; and plaintiffs have not set forth any controlling legal standard or any recognized authority in support of their motion. Plaintiffs' unauthenticated factual allegations are not viable evidence. Furthermore, plaintiffs failed to file any statement of undisputed facts with their motion. Accordingly, there are genuine issues of material facts and the plaintiffs' motion for summary judgment should be denied.

Olivia A. Marcello is named as a plaintiff and has moved for summary judgment with her husband, plaintiff James C. Marcello. Mrs. Marcello is not a beneficiary under the will of Nicholas Marcello. **(Exhibit 2, Exhibit 3, pp 1-10)** While she is the wife of James C. Marcello **(Exhibit 1, jurisdictional statement, para. 1)**, she was not an heir-at-law of Nicholas Marcello. **(Exhibit 2; Exhibit 3; pp 1, 2)** R.I.G.L. 33-1-1. Therefore, if Nicholas Marcello died intestate, as plaintiffs contend, she could not inherit from the estate of Nicholas Marcello. Plaintiffs' motion for summary judgment apparently requests determinations as to the ownership of the real estate, the validity of the will, and the criminal prosecutions of plaintiff James C. Marcello. The motion itself states that judgment is requested on the "issues of plaintiffs' constitutional legal rights of ownership to his father's entire estate property by intestate death" and defendants' subsequent larceny in its entirety. As a plaintiff, Olivia Marcello, must establish that she has standing to prosecute this action. She must prove that she is entitled to have the court decide the merits of the dispute or of particular issues. **Werner v. Stonebridge**, 2007 WL 2412255 (D.R.I.). Mrs. Marcello is required to show (1) injury in fact – an invasion of a legally protected interest that is both concrete and particularized, and actual or imminent, (2) causation, and (3) redressability. **Werner,** p. 3. The motion asserts none of these as to her. She has suffered no injury, there is no causation and nothing to redress. Olivia A. Marcello, therefore, has no standing to prosecute this motion or this suit and therefore the motion as to her should be denied.

## 1. RES JUDICATA

Plaintiffs' motion should be denied based on the doctrine of res judicata. The arguments attempted to be made in the plaintiffs' motion are unclear, confusing and not viable. Some of them make no sense and are not decipherable. They do seem to involve, however, issues as to

the validity of the will of Nicholas Marcello, ownership of the property at 557 Maple Avenue, Barrington, Rhode Island, and the arrest and criminal prosecution of the plaintiff, James C. Marcello. These issues have all been resolved in prior legal proceedings and the plaintiffs are not entitled to relitigate them here. Such claims, as well as the plaintiffs' entire action, are barred by res judicata and collateral estoppel.

The federal law of res judicata applies in determining the effect of a prior federal case. **Andrews-Clarke v. Lucent Technologies, Inc.,** 157 F.Supp. 2d 93 (DCMA). There are three conditions for the application of the doctrine. These are: 1.) a final judgment on the merits in an earlier action 2.) an identity of the cause of action in both the earlier and later suits and, 3.) an identity of the parties or their privies in the two suits. **Kale v. Combined Insurance Co. of America,** 924 F.2d 1161 (C.A.1 1991). A final judgment on the merits of an action precludes the parties from relitigating claims that were raised or which could have been raised in the prior action. **Maher v. GSI Lumonics Inc.,** 433 F.3d 123 (C.A.1, 2005).

Prior to filing the instant action the plaintiffs filed a suit in this court entitled James C. Marcello and Olivia Marcello v. John A. DeSano, Bernard P. Healy, John Lacross, Albert Mastriano, Arthur Marcello, and the State of Rhode Island, C.A. No.05-004 ML. **(Exhibit 2; Exhibit 11)** The Amended Bill of Complaint alleges that John DeSano, Bernard P. Healy, Arthur Marcello, and Albert Mastriano under color of law conspired with Chief John Lacross of the Barrington Police Department and reached an understanding to commit crimes against the constitutional rights of James C. Marcello and Olivia Marcello. **(Exhibit 2; Exhibit 11; paragraphs 3 and 4)** The Amended Bill of Complaint further alleges that the defendants "knowingly and willingly entered into an enterprise (RICO) and further agreed that only members of this said enterprise, (RICO) are to violate this statute". **(Exhibit 2; Exhibit 11; paragraph 5)** There are further allegations against Ava Martinelli claiming that she was engaging in a fraudulent scheme with the defendants regarding the mortgage for the "embezzled and fraudulently converted property of the plaintiffs located at 557 Maple Ave., Barrington, RI". **(Exhibit 2; Exhibit 11; paragraph 6)** Allegations of violations of 42 USC Sec. 1983 and federal RICO statutes are also made. The relief requested is to vacate the "fraudulent sale" of the property at 557 Maple Ave., Barrington, RI, to grant possession to the plaintiffs, to order the

purchasers of the property, Nuno and Natalia Paiva-Neves to vacate the property and to order the defendants to pay $1,500,000 in damages.

The subjects of that Amended Bill of Complaint are the will and probate proceedings of Nicholas Marcello, the father of James C. Marcello, the sale of the property, both real and personal, at 557 Maple Ave., Barrington, RI and the claimed illegal criminal prosecution of plaintiff James C. Marcello. This is evident from the allegations in the Amended Bill of Complaint and in filings in that case including answers to certain of the interrogatories directed to plaintiffs. **(Exhibit 2; Exhibit 16; Answer Nos. 10, 11, 12, 13 & 14 of plaintiffs to defendants' interrogatories in C.A. No. 05-004 ML)** The Marcellos' answers to interrogatories included the following: that Nicholas Marcello, the decedent, was suffering from Alzheimer dementia; that the defendants had conspired to defraud Nicholas Marcello and fraudulently deprive the plaintiffs of the property at 557 Maple Ave.; that the defendants conspired to have James C. Marcello illegally arrested; that a superstructure was involved; that defendants violated plaintiffs' constitutional rights; and that defendants committed RICO violations. Finally the damages requested were for the claimed loss of the real estate and personal property. **(Exhibit 2; Exhibit 16)**

All the defendants filed motions to dismiss which were granted. Judgment entered on April 10, 2006 for the defendants DeSano, Healy, Marcello, Mastriano and Lacross. **(Exhibit 2; Exhibit 12; Exhibit 13)** The State of Rhode Island had been dismissed from the case previously. The dismissal of the defendants DeSano, Healy, Marcello, and Mastriano was based upon FRCP 12 (b) (6). The dismissal of the defendant Lacross was based upon plaintiffs' failure to attend a deposition. The plaintiffs here, after the dismissal of the previous suit, have now filed a new action based upon the same set of events and are making essentially the same claims. Plaintiffs' inartfully drafted motion for summary judgment is based on the same claims made in the previous suit and, therefore, should be denied based upon res judicata. The first requirement for the application of that doctrine is a final judgment on the merits in an earlier action. That condition is met here because in the earlier suit, C.A. No. 05-004 ML, a motion to dismiss filed by the defendants John DeSano, Bernard P. Healy, Arthur T. Marcello and Albert Mastriano was granted and a final judgment for those defendants was entered on April 10, 2006. There was no effective appeal. **(Exhibit 2; Exhibit 13; Exhibit 14)** A dismissal for failure to state a claim

does constitute a final judgment for res judicata purposes. **Andrews-Clarke v. Lucent Technologies, Inc. supra.**

The second requirement is an identity of the cause of action in both the earlier and later suits. The First Circuit has adopted a transactional approach in making this determination. A valid and final judgment in the first action will extinguish subsequent claims with respect to all or any part of the transaction or series of connected transactions out of which the action arose. **Porn v. National Grange Mutual Insurance Co.,** 93 F.3d 31 (1st Cir., 1996)

In deciding what factual grouping constitutes a transaction, the court can give weight to factors such as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit and whether their treatment as a unit conforms to the parties' expectations. These factors are suggestive and are not intended to be exhaustive. Ibid, p. 34. Application of these factors results in the conclusion that the causes of action asserted in the earlier and the present suit are sufficiently identical. The facts alleged by the plaintiffs are related in time, space, origin and motivation. The Amended Bill of Complaint in C. A. No. 05-004 ML **(Exhibit 2; Exhibit 11)** refers to violations of 42 USC sec. 1982, and violations of 18 USC sec. 1961. It states that the defendants, John A. DeSano, Bernard Healy, Arthur T. Marcello, Albert Mastriano and Chief John Lacross "reached an understanding" to violate the constitutional rights of the plaintiffs by depriving them of their "Life, Liberty and Property", without due process of law. Further, the plaintiffs allege that these defendants "knowingly and willingly entered into an enterprise (RICO)", that "...only members of their enterprise (RICO) are to violate this statute", and that this violation is made "pursuant to 18 USC sec. 1961". **(Exhibit 2; Exhibit 11)** The Amended Bill of Complaint in paragraph 6 alleges that Ava Martinelli engaged in a fraudulent scheme with the defendants to embezzle and fraudulently convert the property of the plaintiffs at 557 Maple Avenue. **(Exhibit 2; Exhibit 11; paragraph 6)** The relief requested is money damages, that the "fraudulent sale of the property located at 557 Maple Avenue, Barrington, Rhode Island, be vacated for fraud", that possession of the property be given to the plaintiffs, and that the purchasers, Nuno and Natalia Paiva-Neves be ordered to vacate the property. Although the Amended Bill of Complaint is vague and unclear, it is evident that the claim related to the medical condition of Nicholas Marcello, the probate proceedings for the Estate of Nicholas Marcello, and the purchase, sale and ownership of the

House and property at 557MapleAvenue, Barrington.

The allegations contained in the current Bill of Complaint arise out of the same set of facts and events, and these are the probate of the will of Nicholas Marcello, the father of James C. Marcello, the probate proceedings involving the will and the sale of the property at 557 Maple Avenue, the medical condition of Nicholas Marcello, the criminal action taken against James C. Marcello by the Barrington Police and Chief John Lacross, and the ownership of the real and personal property at Maple Avenue. Both complaints make assertions of violations of constitutional rights, violation of 18 USC sec. 1982, violation of RICO statutes, fraud, and conspiracy. Finally, the relief requested in both actions is the same—that is, money damages and ownership of the property at Maple Avenue. Thus the facts surrounding the plaintiffs' claims are all related in time, space, origin and motivation. They form a convenient trial unit in that the same facts would be presented in support of both complaints with the same witnesses. Intended to conserve judicial resources, this factor provides that where witnesses or proof needed in the second action overlay with the first, the second action should be precluded. Porn, supra, p. 36.

The last factor is whether treating the underlying facts as a trial unit conforms to the parties' expectations. The plaintiffs complain about the same events and conduct in both complaints, starting with the medical condition of Nicholas Marcello and extending to the sale of the property at Maple Avenue and the distribution of the estate assets. Plaintiffs were aware of the death of Nicholas Marcello, of the probate proceedings involving his will, of the sale of the property and the distribution of estate assets to the named beneficiaries including the plaintiff himself, James C. Marcello, who appeared in and participated in the probate proceedings. The claims alleged, as unclear as they are, arose out of the same facts and events and in the same time period, and therefore it is reasonable to expect that all claims be brought together. **Porn, supra, p. 37.**

When the claims asserted in both a prior and subsequent suit are founded on the same transaction, arise out of the same nucleus of operative facts, and seek redress for essentially the same basic wrong, the two suits advance the same cause of action notwithstanding the differences in remedies sought or theories of recovery pleaded. The determination to be made is whether the underlying facts of both transactions were the same or substantially similar. A particular legal theory not pressed in the first suit will be precluded in the second suit if it arises

from the same set of operative facts. When two successive suits seek recovery for the same injury, a judgment on the merits acts as a bar to the later suit, even if a different legal theory of recovery is asserted in the second suit. **Kale v. Combined Insurance Company,** 924 F 2d 1161 (CA 1, 1991).

That is exactly the circumstance here in that the plaintiffs are seeking recovery in this present suit for the same claimed injury as the first suit and based upon the same set of facts. The determination of whether there is an identity of claims in the first and second actions is whether the two suits arise out of the same transactional nucleus of facts. **Owens vs Kaiser Foundation,** 244 F 3d 708 (CA 9, 2001) Even though this second Bill of Complaint contains poorly worded allegations which appear to assert a wrongful death claim, res judicata still bars the second action because that is also a ground for recovery which could have been asserted, even if it was not, in the prior suit between the parties on the same cause of action. **Owens, supra, p. 714.** Of note is that any claim for wrongful death, even if properly pleaded, would be barred by the three year statute of limitations. RIGL §10-7-7.

The third and final requirement for the application of res judicata is an identity or privity between parties in the prior and subsequent suits. Bernard Healy, John DeSano, Albert Mastriano, and Arthur Marcello were all defendants in the first case. **(Exhibit 2; Exhibit 11).** As to those defendants, the question of identity of parties is settled. Additional parties named in the second action are Kiernan, Plunkett & Redihan, Arthur T. Marcello, Jr., and Thomas Marcello, among others. There are also vague allegations as to "all lawyers in Kiernan, Plunkett & Redihan". Mr. DeSano and Mr. Healy were both associated with Kiernan, Plunkett & Redihan during the probate proceedings and while the property at Maple Avenue was sold. Arthur T. Marcello, Jr., and Thomas Marcello are the children of Arthur T. Marcello and are beneficiaries under the will of Nicholas F. Marcello. **(Exhibit 5).**

Under the doctrine of non-mutual claim preclusion, a non-party defendant in a prior action may raise the defense of res judicata in a subsequent suit in which they are named.

**Andrews-Clarke v. Lucent Technologies,** 157 F Supp 2s 93 (D. Mass 2001). The defense may be asserted if the new defendants in the second action have a close and significant relationship with the original defendants, such as when the new defendants were named as conspirators in the first action but were not joined in that action. **Andrews-Clarke, supra, p. 101**. A new defendant can assert res judicata where the new defendant and old defendant were alleged to be "co-perpetrators" in causing "joint harms" to the plaintiff. **In re El San Juan, 841 F 2d 6, p. 11. In the case of Connaughton v. New England Telephone,** 1988 WL 34321 (D. Mass 1988) the court found that res judicata should apply to parties who were not named or even referred to as conspirators in the earlier action. In that case, the plaintiff originally filed suit against his employer, New England Telephone. That litigation terminated in the granting of a motion to dismiss pursuant to F.R.C.P. 12(b)(6) in favor of the defendant. Subsequently, the plaintiff filed suit against New England Telephone again and also against Nynex, the parent and owner at the time of suit of New England Telephone, American Telephone and Telegraph, the previous parent and owner, and employees of those corporate defendants. The court dismissed the action as to all the defendants based upon res judicata. It stated as to the new corporate defendants that since the action against the subsidiary was barred under principles of res judicata, the parent corporation should not be held liable for what its subsidiary did at its direction. As to the new employee defendants, it found the action should be dismissed since res judicata bars further claims by parties or their privies on the same cause of action. **Connaughton, supra, p. 4**. The determination of an issue against a party can be asserted as conclusive in a subsequent action against the same party even if the person asserting the estoppel was a stranger to the first suit. **Connaughton, supra, P. 4.** In his second action, Connaughton alleged that the new defendants acted individually and severally to deprive him of his rights under ERISA. However, the court

noted that the allegations arose from the same factual scenario as was alleged in his earlier suit. It found that the employee defendants could rely on the preclusive effect of the first suit because the allegations against them could have and should have been made in the first suit. They were employees of the corporate defendants and are alleged to have acted in a way to implicate those defendants. Connaughton, supra, p. 4.

The same reasoning holds in this case. The defendants in Mr. Marcello's first suit included Mr. DeSano and Mr. Healy. They were associated with the firm of Kiernan, Plunkett and Redihan at the time of the events alleged. The second suit claims a conspiracy existed with the two lawyers and the firm and the allegations claimed arise out of the conduct of Mr. DeSano and Mr. Healy. Further, the claims against Kiernan, Plunkett & Redihan arise out of the same factual scenario as the first suit, that is, the medical condition of Nicholas F. Marcello, his death, the probate proceedings and the sale of the property at Maple Avenue. Kiernan, Plunkett & Redihan, if appropriately named, could and should have been joined in the first suit. The same holds true as to "all lawyers in Kiernan, Plunkett & Redihan" to the extent they are defendants here.

The same analysis applies to Arthur T. Marcello, Jr. and Thomas Marcello. They are named in the second suit and alleged to be co-conspirators with the other defendants, including the original defendants, and alleged to have been involved in the "defrauding" of the Plaintiffs and causing harm to Nicholas F. Marcello. As stated, they are the children of Arthur T. Marcello and beneficiaries under the will of Nicholas F. Marcello. The allegations as to them arise out of the same set of facts as the original complaint. These are the medical condition of Nicholas F. Marcello, his death, the probate proceedings and the sale and transfer of the property on Maple Avenue. In fact, the ownership of that property is really the subject of both complaints. They could have been and should have been joined in the first suit.

All of these new defendants have a close and significant relationship with the original

defendants. They are all alleged to have participated in the same events. They are in privity with the original defendants. In these circumstances, res judicata should apply. The plaintiffs' motion should be denied because the claims raised cannot be pursued based on res judicata.

## 2. COLLATERAL ESTOPPEL

Collateral estoppel or issue preclusion also acts to prevent the plaintiffs' suit and motion. The substance of the claims and the motion relate to the medical condition of Nicholas F. Marcello, the validity of the will, and the ownership and control of the property on Maple Avenue. The issues related to those claims have been resolved in three other court proceedings adversely to the plaintiffs.

The orders of the Barrington Probate Court admitting the will of Nicholas F. Marcello to probate **(Exhibit 2; Exhibit 3; pp 27, 28)** denying James C. Marcello's motion to set aside the sale of the Maple Avenue property **(Exhibit 2; Exhibit 3; pp 48-53)**, and approving the final accountings **(Exhibit 2; Exhibit 3; pp 52, 53, 61, 62)** are final. No appeal was taken. **(Exhibit 10)** The plaintiff, James C. Marcello, was given notice of the probate proceedings as an heir and appeared in those proceedings. **(Exhibit 2; Exhibit 3, pp 1, 2, 11-22)** The questions of the validity of the will and the competency of Nicholas F. Marcello were in issue and determined at the commencement of the probate proceedings. Subsequently, the issues of the ownership of the property at Maple Avenue, both real and personal, and the validity of the sale and distribution of the property were determined because the Probate Court denied the motion of James C. Marcello to set aside the sale and approved the final accounting which listed the disposition of the property of the estate. Again, no appeal was taken. The orders and judgment became final. See **Marcello vs. Neves, 912 A2d 420 (R.I. 2006).**

The second proceeding was the tenancy and ejectment action brought in the Rhode Island District Court, 6th Division, seeking to evict James C. Marcello from the property at 557 Maple Avenue. That suit was entitled Arthur Marcello, Executor v. James Marcello, Case number 03-5880. **(Exhibit 2; Exhibit 7)** In that case James C. Marcello, as a defendant, filed a motion to dismiss and other pleadings. **(Exhibit 2; Exhibit 7)** At the time of trial, judgment for possession was entered for Arthur Marcello, Executor. A necessary element of proof was

ownership of the property. That issue was determined in favor of the Estate. **(Exhibit 2; Exhibit 7, Complaint, Count I, paragraph 1, Count II paragraph 3)**

In a third proceeding, James C. Marcello brought suit against Nuno C. Neves and Natalia Paiva-Neves (defendants here) in the Providence Superior Court in 2004. In that suit, Mr. Marcello alleged he was the rightful owner of the property at 557 Maple Avenue and requested the issuance of a writ of possession granting him possession. Mr. & Mrs. Neves are the purchasers of the Maple Avenue property from the estate. Summary judgment was granted for the Neves in Superior Court. On appeal, the Rhode Island Supreme Court upheld the grant of summary judgment. **(Exhibit 10)** The question of ownership and possession of the property was squarely in issue. The Court relied on principles of res judicata in finding ownership and the right to possession rested with the Neves. The orders of the Barrington Probate Court admitting the will to probate and denying the motion to set aside the sale of the property were never appealed and became final.

By way of background, it should be noted that there are two criminal proceedings which also centered upon the issue of ownership and possession. The first is a misdemeanor charge of obstructing Chief John Lacross, a defendant here, Patrolman Handfield of the Barrington Police Department and Constable Alfred Harris, also a defendant here, by refusing to leave and obey a valid court order in violation of R.I.G.L. 11-32-1. **(Exhibit 2; Exhibit 8).** This charge was dated August 13, 2003 and resulted from James C. Marcello's refusal to leave the property at 557 Maple Avenue in response to the execution served upon him by Alfred Harris. The execution was from the tenancy and ejectment action referred to above commenced by Arthur T. Marcello, Executor. James C. Marcello pleaded nolo to the charge and was sentenced to 1 year of probation and, a 1 year suspended sentence. **Exhibit 2; Exhibit 8)** This plea amounted to a conviction. See **State v. Goburn; 423 A2d 1177 (R.I. 1981).** The plea can be used to impeach Mr. Marcello. See **Korsak v. Prudential, 441 A2d 832 (R.I. 1982).** The charge again was based upon James C. Marcello's lack of any right to possess or enter on the property.

The second charge was in the Providence Superior Court for Willful Trespass. It was made in 2004. **(Exhibit 2; Exhibit 15)** To this charge of willful trespass, Mr. Marcello also pleaded nolo and received a sentence of 1 year probation and 1 year imprisonment, suspended.

This plea also amounted to a conviction. The charge resulted from his entering onto the property at 557 Maple Avenue after being denied permission to do so by the rightful owner, Arthur Marcello, the executor. The underlying issue in the charge was his lack of ownership or right to be present on the property.

Since these prior judgments were in Rhode Island Courts, their preclusive effect is determined by Rhode Island law. **Oliveras v. Miranda Lopa, 800 F.2d 3 (1st Cir 1986)** Under Rhode Island law, for collateral estoppel to apply there must be an identity of issues, the prior proceedings must have resulted in a final judgment on the merits, and the party against whom collateral estoppel is sought must be the same or in privity with the party in the prior proceedings. Collateral estoppel provides that an issue of ultimate fact that has been actually litigated and determined cannot be re-litigated between the same parties or their privies in future proceedings. **Mulholland Construction Co. v. Lee Pare & Associates, Inc., 576 A.2d 1236 (R.I. 1990)**

Privity dictates that a non-party may be bound by a prior judgment if that party substantially controlled or was represented by a party to the original action. Parties are in privity when there is a commonality of interests between the two and when they sufficiently represent each other's interests.

In the prior pertinent cases, the interests of the defendants Healy, DeSano, Arthur T. Marcello and Mastriano as well as those of the new defendants, Kiernan, Plunkett & Redihan, Arthur Marcello, Jr. and Thomas Marcello, and to the extent named as defendants, all the lawyers in Kiernan, Plunkett & Redihan, were represented on the issues of ownership and right to possession of the property. In the Barrington Probate Court proceedings their interests were also represented on the issues of the competency of Nicholas F. Marcello, the validity of his will, and the validity of the sale of the property. In the criminal proceedings, their interests were represented on the issues of probable cause and guilt. There was a commonality of interests in all of the proceedings. The interests of those defendants was to show that the property at Maple Avenue was owned by Nicholas F. Marcello and controlled by his estate and that it was properly sold by the Executor to the Neves. Their interests also were to establish that the will of Nicholas F. Marcello was valid, that it was properly admitted to probate, that he was competent when he

executed it, and that the Executor had authority to sell the property. Those facts were determined in the probate proceedings in favor of the Estate and against James C. Marcello and Olivia Marcello.

The interests of James C. Marcello in those proceedings were to show otherwise. There was privity between the defendants Healy, DeSano, Arthur T. Marcello, Mastriano, Kiernan, Plunkett & Redihan, Arthur T. Marcello, Jr., Thomas Marcello, and all the lawyers in Kiernan, Plunkett & Redihan with the parties opposed to James C. Marcello. Further, the interests of Olivia Marcello, were the same as James C. Marcello. Notably, Olivia Marcello is not an heir of Nicholas F. Marcello. She is the wife of James C. Marcello. Her status as a Plaintiff in this suit is therefore unclear. She is not a beneficiary of the estate or an heir at law.

Since there is privity, those defendants should be permitted to assert the defense of collateral estoppel or issue preclusion as to the issues of ownership and possession of the property and the validity of the will of Nicholas F. Marcello and the arrest and prosecution of James C. Marcello. Applying collateral estoppel results in a determination that neither Plaintiff has any right to ownership or possession of the property at Maple Avenue, real or personal, and that the will was valid and that the criminal prosecutions were valid. Further, Rule 12 of the Rhode Island Rules of Criminal Procedure requires that defenses and objections based on defects in the institution of the prosecution or complaint may be raised only by motion before trial. It is apparent such defenses or objections were not pressed by James C. Marcello in either criminal proceeding. Also, his plea is an admission of guilt for the offense charged. Since these facts are the basis for the plaintiffs' motion for summary judgment, the motion should be denied.

## 3. UNSUPPORTED FACTUAL ALLEGATIONS

Although there is no Statement of Undisputed Facts, the plaintiffs make certain factual allegations and assertions on pages 1 and 2 of their memorandum entitled Introduction and Summary of Facts. The statements concerning the actions of John A. DeSano, Albert Mastriano and Arthur T. Marcello on March 6, 2002 regarding conspiring to defraud Nicholas Marcello, suffering from Alzheimer Dementia, strongarming Mr. Marcello out of his home, fleeing police, exhorting him to sign a will and committing a "larceny sale" of his property are false and unsupported by any competent discovery material, admissions, affidavit or other authenticated

evidence for the court to consider. The will of Nicholas Marcello was admitted to probate after hearing. James C. Marcello entered an appearance in the probate proceeding and made submissions to the court opposing the petition to admit the will. **(Exhibit 2; Exhibit 3, pp 11-17)** The petition was granted and no appeal was taken by James C. Marcello. The order granting the petition became final and the issues as to the validity of the will were concluded. **(Exhibit 10)** Nicholas Marcello did not die intestate. He died testate and the terms of his will have controlled the disposition of his estate. **(Exhibit 2; Exhibit 3; pp 1, 10, 27, 28)**

There is no competent medical evidence submitted to this Court that Nicholas Marcello was "insane", "incompetent" or "delusional" from "Alzheimer Dementia". All plaintiffs have submitted an unauthenticated copy of an agency transferal form from June, 2000, nearly two years before the will was executed. Despite reference to it, there is no Exhibit 22 in plaintiffs' list of exhibits. Issues s to competency were raised and resolved at the Probate Court level and the ruling of the Probate Court is final.

James C. Marcello did pay the balance of the mortgage and certain funeral expenses and provision is made in the final accounting for reimbursement of these amounts to him. **(Exhibit 2; Exhibit 3; pp 39-47; 50-66)** The funds reimbursing him as well as his distributive share have been deposited in the registry of the Barrington Probate Court. **(Exhibit 2; Exhibit 3; pp 64-66)** These unsupported factual assertions, therefore, form no basis for the granting of summary judgment.

Under the heading "lst Reason on pp. 4-8 of the plaintiffs' memorandum, they argue that at the time of his death Nicholas Marcello was the sole owner of 557 Maple Avenue, that the executor's deed by Arthur T. Marcello to the Neves dated February 6, 2004 was void, that Nicholas Marcello died intestate and therefore the property of the estate passed to plaintiff James C. Marcello. There are statements about "ouster" and "disseizin" and illegal arrest which make no sense. Further there are statements that James C. Marcello's four children have accepted their distributive shares from the estate but that the will was invalid and the sale fraudulent from "impersonating executor" Arthur T. Marcello but the children didn't know this. While the children have taken their distributive shares **(Exhibit 2; Exhibit 3; pp 67-70)**, the remaining statements are just incredible and not supported by any appropriate evidentiary source. Finally, there is a statement James C. Marcello executed a deed to himself and he attached a copy as Exhibit 5 to his memorandum. This document is a nullity. He had no authority to act for the

estate or to effect any transfer of estate property. The authority for that rested with the executor, Arthur T. Marcello. **(Exhibit 2; Exhibit 3; pp 1-10; 27, 28)**

Summary judgment cannot be granted based upon the grounds asserted in the "lst Reason". Nicholas Marcello died testate, his will was admitted to probate, no appeal of that order was taken, the control of the property of the estate, real and personal, rested with the executor Arthur T. Marcello, not James C. Marcello. **(Exhibit 2; Exhibit 3; pp 1-10; 27, 28)** The real estate did not pass by intestacy to James C.Marcello. It was properly sold to the Neves under a power of sale in the will with the approval of the probate court and the funds were distributed to the beneficiaries under the will with the approval of the probate court. **(Exhibit 2; Exhibit 3; pp 39-70)** The validity of the sale has been confirmed by a decision of the Rhode Island Supreme Court which has collateral estoppel effect here. **(Exhibit 10)**

The next section of plaintiffs' memorandum is entitled "2nd Reason" and is contained on pp. 8-11. Again, these factual allegations are false and/or unsupported by any discovery document, admission, affidavit, certification, or other appropriate evidentiary source. On page 9, plaintiffs refer to a meeting on October 14, 2003 with defendants at the property with James C. Marcello showing deeds, identification, revoking letters of 4/26/02, evidence of payment of the mortgage, the interest and right to keep the property and the lack of authority of Arthur T. Marcello to sell the property. There is no reference to any acceptable evidentiary source to support these statements and, therefore, they cannot form the factual basis for summary judgment. Further, the facts are flatly contradicted by the orders of the probate court admitting the will to probate, denying James C. Marcello's motion to set aside the sale of the property, and approving the final accountings showing distribution to the beneficiaries and reimbursement to James C. Marcello. **(Exhibit 2; Exhibit 3; pp 27, 28, 50-53; 61, 62)** The will was not revoked. The issues as to that were resolved when the probate court admitted the will to probate after plaintiff James C. Marcello opposed its admission. There is no valid document revoking the will made in compliance with Rhode Island law. R.I.G.L. 33-5-10. None was submitted to the probate court.

There are further unsupported and false statements on pages 9 and 10 that defendants knew Arthur Marcello was impersonating the office of executor and was not authorized to sell the property and that defendants left a meeting on October 14, 2003 because they were riddled with guilt.

On page 10, there are allegations that the defendants committed fraud and "covin" with "impersonating executor" and their attorneys. These statements are very confusing and appear to center around claims the defendants had the plaintiff James C. Marcello arrested so the property could be sold and that defendants admitted this to the plaintiff on October 14, 2003. Again, plaintiffs make false assertions unsupported by any acceptable evidence for the court to consider. It is established that plaintiff James C. Marcello was arrested for obstructing an officer on August 13, 2003 and for trespass on November 17, 2004. He was convicted of both offenses. Suit was brought against him on November 14, 2003 seeking injunctive relief to keep him from the property at 557 Maple Avenue and a preliminary injunction was issued. **(Exhibit 2; Exhibit 8; Exhibit 15, Exhibit 9)** There is no evidence of any illegal conspiracy or other action by any of the defendants.

The remaining statements on pp. 10 and 11 are that the "property would be a purchase on their behalf of larceny, stolen property", that the property was being sold for ½ its market value, and that the $115,000 deposit would be a "payoff" to the heirs. The plaintiffs then cite a C.J.S. reference and case law about the authority of an executor and notice of a defect.

The statements are not true and are unsupported. In fact, the issue as to the sufficiency of the purchase price was decided by the Barrington Probate Court when it denied James C. Marcello's motion to set aside the sale based upon a claim of inadequate price. **(Exhibit 2; Exhibit 3; pp 50-53** This order was not appealed and became final. **(Exhibit 10)** The legal references are not on point. There was authority for the executor to sell the property and there was no defect. The defendants do not know what is meant by the phrase "as to a waiver of both legal and criminal liabilities against them and others involved".

The next section of plaintiffs' memorandum is entitled 3rd reason. The same difficulties with unsupported and/or false factual assertions and confusing and unclear arguments exist. On page 13, plaintiff James C. Marcello states he never "ratified the simulated and fraudulent sale" but he rejects it. He further states he protested to defendant Chief John Lacross. These alleged facts are not properly presented and in any event are irrelevant.

He next refers to two proceedings in this court and refers to Exh. 11 and Exh. 14-16. No orders or other evidence of court action are submitted. C. A. #02-488L (Plf. Exh. 11) was dismissed shortly after filing. **(Exhibit 2; Exhibit 17; PACER system records)** There is no evidence the action for injunctive relief was ever filed. **(Plaintiffs' Exhibits 14-17)** There is no

order or civil action number submitted by the plaintiffs. Similarly, there is no evidence the counterclaims contained in plaintiffs' Exhibits 12 and 13 were ever filed and there is no evidence of court action relating to them. These pertain to the Rhode Island District Court prosecution for obstructing an officer **(Exhibit 8)** and a counterclaim in that type of a proceeding is not a permitted pleading. These statements are not material to any issue raised by plaintiffs' motion.

On page 14, the memorandum states plaintiff (presumably James C. Marcello) has refused to accept the purchase money and maintains all criminal liabilities. He then states it is impossible to participate in the benefits of the sale of the property because of the "fraud and coven with impersonating executor Arthur T. Marcello" and defendants Caffrey, DeSano, Healy, Lacross and the State of Rhode Island who had the plaintiff "illegally incarcerated". Again, these statements are not relevant or materials to any issue in the pending motion. In fact, there was no illegality in the arrest and prosecution. The defendant pleaded to the criminal charges and, therefore, was convicted. The charges can't be determined illegal in those circumstances. Finally, there is no competent evidence submitted by the plaintiffs for this court to consider illegal conduct by any defendant in regard to the criminal prosecutions.

On page 14, there is a citation to C.J.S. regarding setting aside a sale but that reference is inapplicable here and pertains to no viable issue in this motion. As stated previously, the validity of the sale has been conclusively established.

The last argument under this section is on page 15 of plaintiffs' memorandum. It appears to be made in opposition to a motion filed by co-defendant. However, these defendants do dispute the points attempted to be made. In five prior court proceedings, the issues of ownership and/or right to possession have been conclusively established and for reasons stated earlier, the plaintiffs are collaterally estopped from raising them again. Further, plaintiffs' claims are barred by res judicata because of the pertinent earlier determination. Title was certainly in issue in the Barrington Probate Court and in the case of **Marcello v. Neves, 912 A.2d 420 (R.I. 2006)**. In both of these proceedings the plaintiffs did not prevail and title and ownership were determined to be in the Estate of Rudolph Marcello and subsequently in the Neves. The Rhode Island District Court Tenancy and Ejectment action rested upon a finding that the executor, Arthur T. Marcello and not James C. or Olivia Marcelo, was entitled to ownership or control. Final judgment entered conclusively establishing that fact **(Exhibit 2; Exhibit 7).** The suit for injunctive relief **(Exhibit 2; Exhibit 9)** required a showing that the estate through the executor,

and not James C. Marcello or Olivia Marcello, were the owners of or entitled to possession of the property. Title and right to possession have been litigated and the determinations have all been in favor of the estate and executor, not James C. Marcello or Olivia Marcello. The C.J.S. reference and cases cited by the plaintiffs are of no assistance to their argument.

The last section of the plaintiffs' memorandum is entitled 4th Reason, State Remedy Was Inadequate to Plaintiffs, both in Form and In Substance.

In paragraph 4.1, the plaintiffs assert that probate proceedings cannot settle issues of title. This argument seems to be made in opposition to a motion of the co-defendants. However, these defendants disagree with plaintiffs' argument and assert for the reasons stated earlier, title and the right to possession have been decided conclusively against the plaintiffs in prior proceedings.

Paragraph 4.2 makes reference to R.I.G.L. 33-19-3 which gives authority to an executor or administrator among others to sell real estate. Again this argument appears to be in opposition to a motion of a co-defendant but these defendants do wish to respond. R.I.G.L. 33-19-3 has no application here because the property was sold pursuant to a power of sale in the will. The affidavit as to the statements of Judge Homonoff is of no assistance to the plaintiffs. The quote is taken completely out of context and has nothing to do with the validity of the sale by power of sale. Judge Homonoff eventually approved the sale by denying the motion of James C. Marcello to set aside the sale and in approving the final accounts. Additionally, for the reasons stated earlier, the validity of the sale has been established conclusively.

Another argument is presented in paragraph 4.3 but it is confusing, unclear, and not viable. The statements about rights to the property ten months later, estoppel, and rights not being prior to or contained in the judgment do not make sense. There is no issue here of rights being acquired prior to or after any judgment. Title and ownership were in issue and were resolved in the probate court in favor of the estate.

In paragraph 4.4, the plaintiffs are attempting to refute arguments from a co-defendant's motion and do not appear to be asserted to support plaintiffs' motion against these defendants. The affidavit referred to in plaintiffs' **Exhibit 21** establishes no fact here. It relates to the prior Federal Court suit, C.A. No. 05-004ML and it contains no facts.

For the reasons stated above, these defendants assert that the plaintiffs' requests for judgment on the issues of plaintiffs' constitutional rights to ownership to his father's estate and

defendants' subsequent larceny, which appear to be the basis for their motion, must fail and that the plaintiffs' motion for summary judgment should be denied.

Defendants, Kiernan, Plunkett & Redihan,
John A. DeSano, Bernard P. Healy, Arthur
T. Marcello, Jr., Thomas Marcello, Albert
Mastriano and, to the extent named as
defendants, all lawyers in Kiernan, Plunkett
& Redihan
By their Attorney,

s/ Robert W. Smith

Robert W. Smith - #1874
Armstrong, Gibbons & Gnys, LLP
155 South Main Street
Providence, Rhode Island 02903
401-751-1500
FAX: 401-751-4124
e-mail: rsmith@agglaw.com

CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on October 15, 2007; that it is available for viewing and downloading from the ECF system, and that all counsel of record will receive notice via the ECF system.

Notice by other means will be sent to:

James C. Marcello
Olivia A. Marcello
152 Cross Road
Stetson, Maine 04488

Alfred Harris pro se
P.O. Box 1107
Pawtucket, Rhode Island 02862

Betty Barney, pro se
77 Dorr Avenue
East Providence, Rhode Island 02915

Kevin Kernan, President
Jones Moving & Storage
59 Central Street
Providence, Rhode Island 02903

Ava M. Martinelli, President and Treasurer
Diamond Funding Corp.
872 Park Avenue
Cranston, Rhode Island 02910

s/ Robert W. Smith
Robert W. Smith - #1874
Armstrong, Gibbons & Gnys, LLP
155 South Main Street
Providence, Rhode Island 02903
401-751-1500
FAX: 401-751-4124
e-mail: rsmith@agglaw.com