# Exhibit 1

BILL OF COMPLAINT

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

CA NO: 07 055 ML

JAMES C. MARCELLO; OLIVIA A. MARCELLO

--Plaintiffs--

vs.

STATE OF RHODE ISLAND

--Defendant--

(RI STATE OFFICIALS)
CONSTABLE ALFRED HARRIS; CHIEF JOHN LACROSS,BPD;
6TH DIST.CT: JUDGE PATRICIA MOORE; JUDGE GORMAN;
PROV.SUP.CT: JUDGE KRAUSE, JUDGE CLIFTON, JUDGE SAVAGE
BARRINGTON PROB.CT: JUDGE MARVIN HOMONOFF, LORRAINE DEROIS,CLERK

(RI LAW FIRMS)
KIERNAN, PLUNKETT, REDIHAN; RESNICK, CAFFREY, MORETTI; and
MCINTYRE, TATE, LYNCH, HOLT

(ATTORNEYS OF RI LAW FIRMS)
JOHN A DESANO, BERNARD P HEALY, JAMES MORETTI, JEFFREY CAFFREY,
and DAVID STRACHMAN

(RI BUSINESSES)
DAVID COLEMAN, PROPRIETOR OF COLEMAN REALTY IN BARRINGTON; KEVIN KERNAN, PROPRIETOR OF JONES MOVING AND STORAGE IN PROVIDENCE; and EVA MARTINELLI, PRESIDENT & TREASURER OF DIAMOND FUNDING CORPORATION IN CRANSTON

(PRIVATE PERSONS)
ARTHUR T. MARCELLO, ARTHUR T. MARCELLO,JR, THOMAS MARCELLO, NUNO C NEVES, NATALIA PAIVA-NEVES, ALBERT MASTRIANO, BETTY BARNEY

--Defendants--

**COMPLAINT FOR CONSPIRACY, EMBEZZLEMENT, & RACKETEERING PURSUANT TO:**

15 RIGL §§ 7-15-1 ET SEQ. (R.I. RICO STATUTE)
18 USCA §§ 1961 ET SEQ. (FED. RICO STATUTE)

AND THE

42 USCA §§ 1983 ET SEQ. (CIVIL RIGHTS)
CIVIL ACTION FOR DEPRIVATION OF RIGHTS

# TABLE OF CONTENTS


| ITEM | PAGE(S) |
|---|---|
| IDENTIFICATION OF ENTERPRISE | i-iv |
| I. Estate Racketeering | i |
| II. Identification of Super Structure | i |
| A. Kiernan, Plunkett & Redihan | i |
| B. Judge Marvin Homonoff of Barrington Probate | ii |
| C. David Coleman of Barrington Coleman Realty | ii |
| D. Chief John LaCross of Barrington Police Dpt | ii |
| E. Constable Alfred Harris | iii |
| F. State of Rhode Island | iii |
| III. Identification of Lower Management | iv |
| A. Resnick, Caffrey & Moretti | iv |
| JURISDICTIONAL STATEMENT | v |
| I. Jurisdictional Statement | v |
| II. Constitutional Rights of Plaintiffs | v |
| III. Bill of Complaint | vi |
| COUNT I | 1-10 |
| Ist Episode - 16 Sub-Counts | |
| Time Period: May 17, 2000 to September 28, 2002 | |
| COUNT II | 1-5 |
| 2nd Episode - 8 Sub-Counts | |
| Time Period: September 28, 2002 to April 7, 2003 | |
| COUNT III | 1-7 |
| 3rd Episode - 11 Sub-Counts | |
| Time Period: June 6, 2003 to November 14, 2003 | |

COUNT IV.............................................. 1-6

4th Episode - 6 Sub-Counts

Time Period: November 14, 2003 to February 6, 2004

COUNT V............................................... 1-6

State of Rhode Island Constitutional Violations

7 Sub-Counts

Time Period: March 6, 2002 to September 25, 2006

PRAYER FOR RELIEF..................................... 1-5

Primary 1-5........................................ 1

1st Alternative - Defendant State Liability.......... 2-3

2nd Alternative - Joint Defendant Liability.......... 3-5


<u>**EXHIBITS**</u>


A. Order of Barrington Probate April 7, 2003......... 1-2

B. Purported Will March 6, 2002...................... 1-7

C. Revoking Letters April 26, 2002................... 1-11

D. Void Default July 23, 2003 + Unsigned Vacat Notice 1-3

E. Will May 22, 1999................................. 1-3

F. Power of Attorney for Sale of Real Estate 2/14/95. 1-3

# INDENTIFICATION OF ENTERPRISE

## IDENTIFICATION OF ENTERPRISE

### I. Estate Racketeering

Plaintiffs infer, that an enterprise exist in the State of Rhode Island, Estate Racketeering, one of it's many functioning ares, the East Bay area of Bristol County centralized around the Barrington Probate Court. Their objective is to find and seek out elderly persons, in said area with dementias, that are sufficiently deteriorative to understand the consequences of what is before them and are in law legally incompetent to sign and make a will whereby their estates pass legal title by intestate cession to their next of kin on the day of their death, and to manufacture an instrument for them purporting to be a will ultimately used by the enterprise, following the death of said insane elderly victom, as a fraudulent devise to commit a larceny sale of the entire estate, in the absence of the required Authorization order of Probate to Sell Real Estate pursuant to RIGL § 33-19-3 and subject matter jursidiction even if all debts are immediately paid off by the children who chose by right not to sell the property and keep it..

### II. Indentification of Super Structure

#### A. Kiernan, Plunkett & Redihan

All the attorneys from this law firm located at 91 Friendship Street Providence R.I. head the super structure over the enterprise. In particular Attorney John A. DeSano who is a resident of Barrington and sub=divided neighbor to Judge Marvin Homonoff of Barrington Probate , and Attorney Bernard P. Healy. They essential control many smaller law firms in the state of RI to aid in their fraudulent and unlawful assistance in the Probate Court of Barrington to secure the larceny of the estate properties of these insane victoms.

## IDENTIFICATION OF ENTERPRISE

**B. Judge Marvin Homonoff of Barrington Probate**

Barrington Probate Court Judge Marvin Homonoff is a member of the enterprise. His function is to act under color of law in total absence over subject matter jurisdiction, and to issue an order which is in affect void, but to average layman it has the assemble of what appeas to be legal, essential probating the instrument purporting to be a will of an insane victom person. He receives a stake in the action when the property is dold illegally and agrees that only members as he is can violate the (RICO) Statute for the protection and preservation of the enterprise.

**C. David Coleman of Barrington Coleman Realty**

David Coleman of Coleman Realty in Barrington is also a resident of the town of Barrington and a member of the enterprise. His function is to market the stolen real estate properties of these insane elderly victoms on the computer net, and to only market, when the precise time is determined to do soa at the behest of the super structure Attorney John A. DeSano or an indirect affiliate. He has a stake in the action when the property is sold illegally or otherwise and agrees that only members as he is can violate the (RICO) Statute for the protection and preservation of the enterprise.

**D. Chief John LaCross of Barrington Police**

Chief John LaCross of the Barrington Police Department is also a member of the enterprise. His function is to act under color of law and pretend he, along with entire Barrington Police Department, Jones Moving and Storage of Providence, and Constable Alfred Harris, to illegally evict the "next of kin" or children, from thier deceased insane victom parents home, and if necessary to a failed bluff, to illegally arrest and false imprison them, so as to allow then the super structure Attorney John A. DeSano, to instruct

## IDENTIFICATION OF ENTERPRISE

David Coleman to then market the stolen real estate property. He Chief LaCross of Barrington PD has a stake in the action and agrees that only members as he is can violate the (RICO) Statute for the protection and preservation of the enterprise.

### E. Constable Alfred Harris

Constable Alfred Harris is a member of the enterprise. His function, which no other RI Sheriff Department would conduct, is to serve under color of law a process of evictions against the children who live in their deceased insane victom parents home. He carries a secret tape recorder to disclose to both the super structure Attorney John A. DeSano of Barrington and his affiliated law firm attorneys, and Chief John LaCross. The purported evictions are served with a complaint for eviction with an attached notice to vacate the premises by a purported executor unsigned by him or any other person. He receives a stake in the action once the larceny sale is made or any other consideration that has been given to him, and agrees that onlymembers of the enterprise can violate the (RICO) Statute for the protection and preservation thereof.

---

### F. State of Rhode Island

The State of Rhode Island is a member of this enterprise. It's position in the enterprise is to circumvent the 14th Amendment Rights of the Federal Constitution secured to all person's who's insane parents died intestate and inherited their properties on the day of thier death at common law, by coordinating it's position in a subordinate role to the super structure of the enterprise the attorneys of the law firm, Kiernan, Plunkett & Redihan, and to move at the behest of thier will attorneys who devulge in every effort to deprive such persons of their inheritable rights and possession to their

IDENTIFICATION OF ENTERPRISE

parents real estate properties that have died intestate but by illusion of the enterprise left an order void purporting to probate the instrument purporting to be a will. The full power of the State to it's criminal and civil judicial systems and the decision making process of the judges as well, in it's enteirety, is thereof at their command and instruction, so that the enterprise who is devulging larceny schemes of real estate properties against it's victoms is in effect also is judge and juries against them.

## III. Indentification of Lower Management

### A. Resnick, Caffrey & Moretti

All these attorneys from this law firm located at 300 Centerville Rd, Warwick, R.I., are employeed in the lower management of the enterprise. They effectuate their efforts at the behest of the super structure law firm attorneys at Kiernan, Plunkett & Redihan. Such as counterfeiting executor deeds, collection of unlawful debt mortgage money by direct or indirect means from the larceny purchasers of these estate sales, paying property taxes on the stolen estate properties from the proceeds within, taking slice of proceeds, and representing the larceny purchasers in all countersuit actions by these victoms. They receive a stake in the action once the larceny sale of the estate property is made or other methods of consideration, and agree that only the members of the enterprise can violate the (RICO) Statute for the protection and preservation of the enterprise.

# JURISDICTIONAL STATEMENT

## JURISDICTIONAL STATEMENT

I. The grounds upon which the jurisdiction of the court depends are that this is a suit between the Defendants all citizens of the State of Rhode Island and the Plaintiffs both citizens of a different state, the State of Maine, and the matter in controversy herein exclusive of interest, costs, and damages, is: (3) times the value of the real and personal property located at 557 Maple Avenue Barrington, R.I., embezzled or fraudulently converted by said Defendants as complained hereof, exceeding the sum of ($1,500,000.00), and/or both, imprisonment not more than (20) years invoked under RIGL § 11-41-3, wrongful death of Plaintiffs father Rudolph N. Marcello in amount of ($1,000,000.00) or maximum penalty which ever is greater, and ($500,000.00) for pain, suffering, emotional trama, homelessness, suffered by said Plaintiff and his wife as complained hereof.

## CONSTITUTIONAL RIGHTS OF PLAINTIFFS

II. On September 28, 2002, Plaintiff James C. Marcello's (82½) year old father, Rudolph N. Marcello, stricken with both a bad heart and insane by reason of Alzheimer Dementia, died intestate, leaving no valid will. At the time of his death decedant left real and personal property located at 557 Maple Avenue Barrington R.I., in approximate value of ($500,000.00), to which the said decedant, his son said plaintiff and his wife, were in possession thereof. Pursuant to the U.S. Federal and State of Rhode Constitutional laws of the land, the legal title to the said real and personal estate property of decedant Rudolph N. Marcello, invested in it's entirety, in said decedant's only child and son said Plaintiff James C. Marcello, on the day of his death September 28, 2002.

Plaintiffs, have secured property interest, as defined by state law,and invoke RIGL § 33-1-1(1). "Real Estate Descending By Intestacy to Children...."

BILL OF COMPLAINT

III. MR. JAMES C. AND OLIVIA A. MARCELLO, THE ABOVE NAMED PLAINTIFFS, THE LEGAL OWNERS OF 557 MAPLE AVENUE, BARRINGTON, RI, WHEREBY DISEIZED OF POSSESSION THEREOF BY ACTS PERPETRATED BY DEFENDANTS HEREIN COMPLAINED OF, ARE OF REFUGED AT 152 CROSS R, STETSON, MAINE 04488, HEREBY COMPLAINS AGAINST THE DEFENDANTS: THE STATE OF RHODE ISLAND: BY AND THROUGH THEIR REPRESENTED ATTORNEY PATRICK LYNCH,AG, OF 150 SOUTH MAIN STREET, PROVIDENCE, RI 02903; THE R.I. COURTS: PROBATE COURT OF BARRINGTON JUDGE MARVIN HOMONOFF AND LORRAINE A. DEROIS,CLERK, OF 283 COUNTY RD, BARRINGTON, RI 02806; 6TH DISTRICT COURT JUDGE GORMAN, JUDGE KRAUSE, AND JUDGE PATRICIA MOORE, OF ONE DORRANCE PLAZA, PROVIDENCE, RI 02903; PROVIDENCE SUPERIOR COURT JUDGE CLIFTON, OF 250 BENEFIT STREET, PROVIDENCE, RI 02903; THE R.I. LAW FIRMS: KIENAN,PLUNKETT,REDIHAN ATTORNEY JOHN A. DESANO AND ATTORNEY BERNARD P. HEALY, OF 91 FRIENDSHIP STREET, PROVIDENCE, RI 02903; RESNICK,CAFFREY,MORETTI ATTORNEY JEFFREY CAFFREY AND ATTORNEY JAMES MORETTI, OF 300 CENTERVILLE RD, WARWICK, RI 02886; MCINTYRE,TATE,LYNCH,HOLT ATTORNEY DAVID J. STRACHMAN, OF 321 SOUTH MAIN STREET, PROVIDENCE, RI 02903; THE R.I. MOVING COMPANY: JONE'S MOVING AND STORAGE KEVIN KERNAN, OF 59 CENTRAL AVENUE, PROVIDENCE, RI 02903; THE R.I. REAL ESTATE AGENCY: COLEMAN REALTY OF BARRINGTON DAVID COLEMAN, OF 210 COUNTY RD, BARRINGTON, RI 02806; THE R.I. MORTGAGE COMPANY & BANK: DIAMOND FUNDING CORPORATION AVA M. MARTINELLI, OF 872 PARK AVENUE CRANSTON, RI 02910; SOVEREIGN BANK OF BARRINGTON TIMOTHY MONAHAN, OF 272 COUNTY RD, BARRINGTON, RI 02806; THE MICHIGAN MORTGAGE COMPANY: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC, ITS SUCCESSORS AND ASSIGN, POB 2026, FLINT, MI 48501-2026 (SERVICE OF PROCESS MADE TO:) 3300 SOUTH WEST 34TH AVENUE, SUITE 101, OCALA, FLORIDA 3474; THE R.I. POLICE DEPARTMENT: BARRINGTON POLICE DEPART CHIEF JOHN LACROSS AND BARRINGTON POLICE OFFICERS, OF 100 FEDERAL RD, BARRINGTON, RI 02806; R.I. PRIVATE PERSONS: ARTHUR T. MARCELLO, OF 130 ROFFEE ST, BARRINGTON, RI 02806; ARTHUR T. MARCELLO,JR, OF 114 GOVERNOR BRADFORD RD, BARRINGTON, RI 02806; THOMAS MARCELLO, OF 21 COVE AVENUE, BARRINGTON, RI 02806; ALBERT MASTRIANO, OF 431 MAPLE AVENUE, BARRINGTON, RI 02806; NUNO C. NEVES AND NATALIA PAIVA-NEVES, OF 557 MAPLE AVENUE, BARRINGTON, RI 02806; BETTY BARNEY, OF 77 DORR AVENUE, EAST PROVIDENCE, RI 02915; **THE PLAINTIFFS SAYS:**----------------------------------------

# COUNT 1

1st Episode

To Single Fraudulent Scheme to Obtain Plaintiff's Real Property

Conspiracy to Defraud Estate of Insane Alzheimer Dementia

Home Patient Plaintiff's father Rudolph N. Marcello

Kidnapping, Extortion, Wrongful Death, Assault, Elderly Abuse,

Concealment of Will, Perjury, Forgery and Counterfeiting

Time Period: May 17, 2000 to September 28, 2002

COUNT 1

1. On and about the 17th day of May, 2000, Defendants: Arthur T. Marcello, Rosalia Marcello, Arthur T. Marcello,(jr), and Thomas Marcello, did conspire, to cause a wrongful death and/or to cause incapacitation of Plaintiff James C. Marcello's (80) year old father Rudolph N. Marcello, who was known at the time by said defendants to have a bad heart and insane by reason of Alzheimer Dementia, for their intent of two fraudulent options, to either effectuate by cause of wrongful death a purported will of his dated May 22, 1999, a copy hereby annexed at **(Exhibit E)**, and/or to effectuate in the alternative by cause of incapacitation into hospital or nursing home confinement a Power of Attorney For Sale of Real Estate dated February 14, 1995, a copy hereby annexed at **(Exhibit F)**, both said instruments designed by and empowering said defendants for fraudulent sale of said plaintiff's father's estate located at 557 Maple Avenue Barrington R.I. and defraud said plaintiff, for their own benefit; by lurring said plaintiff's father to said defendants Arthur T. Marcello's and Rosalia Marcello's home address located at 130 Roffee Street Barrington R.I. and compel him to preform hard labor by posthole digging and fence erecting etc, and in fact causing him a 1st hearattack at said defendant's home address, and the said defendants, by deliberately failing to call an ambulance and failing to directly assist him with hopeful intent to cause said wrongful death, subsequently compelled said plaintiff's father to desperately get into his car and drive with 1st heartattack to Veterans Hospital in Providence entering emergency room and collapsing to floor with 2nd massive heartattack.

This violation is made pursuant to RIGL § 10-7-1. Liability for Damages for Causing Death; and RI State and Federal (RICO) Statutes.

COUNT I

2. On the 4th day of June, 2000, the Defendants: Arthur T. Marcello, Rosalia Marcello, Arthur T. Marcello,(jr), and Thomas Marcello, did break and entered into Plaintiff James C. Marcello's father Rudolph N. Marcello's resident owned property located at 557 Maple Avenue Barrington R.I., and proceeded as planned to commit larceny of priceless antiques furniture, china, etc, in approximate value of $150,000.00, and to attempt wrongfully and fraudulently the sale of said plaintiff's father's said real estate above indicated, through a Power of Attorney to Sell Real Estate dated February 14, 1995, a copy hereby annexed at **(Exhibit F)**, designed for their own benefit and to defraud said plaintiff of inheritable rights, while said plaintiff's father was held at Veterans Hospital in Providence resulting from the deliberated acts perpetrated by said defendants inducing said plaintiff's father with two heartattacks that occurred at the said defendants Arthur T. Marcello and Rosalia Marcello's residence on May 17, 2000.

3. On the 4th day of June, 2000, the Defendants: Arthur T. Marcello, Rosalia Marcello, Arthur T. Marcello,(jr), and Thomas Marcello, did make an unlawful threat of communication to Plaintiff James C. Marcello's son James N.J. Marcello, while caught by said plaintiff's son in the act of committing larceny of said plaintiff's father's antiques at his resident owned property located at 557 Maple Avenue Barrington R.I., to the extent saying: "I will pay (bribery) money to put you all in jail to get this house and property".

COUNT I

4. On and about the 3th day of June, 2001, at approximately 8:00 pm, the defendants: Arthur T. Marcello, Rosalia Marcello, Arthur T. Marcello,(jr.), and Thomas Marcello, did conspire, to terrorize by attempting to induce, Plaintiff James C. Marcello's (81½) year old father Rudolph N. Marcello, who was known by said defendants at the time of their act to have a bad heart, paranoia phsycosis, mental retardation, and insane by reasons of Alzheimer Dementia, into signing a second instrument purporting to be a will and Power of Attorney to Sell His Real Estate, designed by said defendants for their benefit to defraud his estate, causing said plaintiff's father to have a nervous breakdown and to be emergency admitted to the Veterans Hospital in Providence R.I.

COUNT 1

5. On and about the 6th day of March, 2002, in the Town of Barrington and County of Bristol, and State of Rhode Island, Defendants: Attorney John A. DeSano, Albert Mastriano, Arthur T. Marcello, and Dinah Baker, did then and there conspire together to defraud the estate of Plaintiff James C. Marcello's 82½ year old father Rudolph N. Marcello, known to be, at that time by them, insane and incompetent by reason of Alzheimer Dementia and life-time mental illness, by devising an instrument purporting to be a will.

This violation is made pursuant to RIGL § 11-1-6. Conspiracy

6. On the 6th day of March, 2002, at approximately 8:30 am, Defendants: Attorney John A. DeSano, Albert Mastriano, and Arthur T. Marcello, did knowingly and willfully kidnapp Plaintiff James C. Marcello's 82½ year old father Rudolph N. Marcello from his home address located at 557 Maple Avenue Barrington R.I., by them assaulting him, to the extent by them grabbing him by both of his arms and taking him out of his home and stuffing him into their car and fleeing the said premise, for the intentions to both avaid a police call response made against them by visiting homecare nurse Betty Barney in their presence, at plaintiff's demand, and extort him into signing an instrument purporting to be a will designed to defraud his estate.

This violation is made pursuant to RI (RICO) Statute § 7-15-1. Kidnapping; and RIGL § 11-57-1. Violent Crime in Aid of Racketeering.

COUNT 1

7. On the 6th day of March, 2002, at approximately 9:15 am, in the Town of Barrington R.I. behind a local gas station on Maple Avenue called Vic's Texaco, Defendants: Attorney John A. DeSano, Arthur T. Marcello, and Albert Mastriano attempted to extort Plaintiff James C. Marcello's $82\frac{1}{2}$ year old father Rudolph N. Marcello into signing an instrument purporting to be his will, following their kidnapping him from his home.

This violation is made pursuant to RI (RICO) Statute § 7-15-1 and Title 18 USCA 1961(1). Extortion.

8. On the 6th day of March, 2002, at approximately 9:15 am, Defendant State of Rhode Island's Barrington Police Officer of Elderly Abuse Unit, Officer Thomas Pine, while at plaintiff's father home address following his response to phone call complaint by homecare nurse Betty Barney, spoke to plaintiff. James C. Marcello on phone stating to press charges of kidnapping and extortion against defendants attorney John A. DeSano, Arthur T. Marcello, and Albert Mastriano, stated quote: "I don't know where they took him and I'm not going to make any arrests".

This violation is made pursuant to the 14th Amendment of U.S. Constitutional Law pursuant to the "Equal protection Clause".

9. On the 6th day of March, 2002, at approximately 9:30 am, in the Town of Barrington R.I. behind a local gas station on Maple Avenue called Vic's Texaco, Defendants: Attorney John A. DeSano and Arthur T. Marcello procured co-defendant Albert Mastriano to commit perjury, to the extent to swear under oath falsely as a witness to the instrument purporting to be a will

COUNT 1

of Plaintiff James C. Marcello's father Rudolph N. Marcello, that he signed the purported will and that he was of sound mind.

This violation is made pursuant to RIGL § 11-33-2. Subornation of perjury.

10. On the 6th day of March, 2002, Defendant Albert Mastriano. did commit perjury to swearing under oath as a witness to a purported will of Plaintiff James C. Marcello's father Rudolph N. Marcello, to the extent that he saw him sign it when he knew in fact he did not, and further swore falsely that he was of sound mind at the time when he knew in fact he was not.

This violation is made pursuant to RIGL § 11-33-1. Perjury

11. On and about the 6th day of March, 2002, Defendants: Attorney John A. DeSano and/or Arthur T. Marcello did forge the (10) names of Nicholas R. Marcello a/k/a Nicholas Rudolph Marcello on an instrument purporting to be a will of Plaintiff's 82½ year old father Rudolph N. Marcello, for after death intent, to embezzle and fraudulently convert his real and personal estate property located at 557 Maple Avenue Barrington R.I.

This violation is made pursuant to RIGL § 11-17-1. Forgery and Counterfeiting.

12. On and about the 6th day of March, 2002, in the Town of East Providence R.I., Defendant Betty Barney, with actual knowledge and power to stop, did neglect or refused to prevent a conspiracy perpetrated by co-defendants Attorney John A. DeSano, Arthur T. Marcello, Albert Mastriano, and Dinah Baker to defraud said plaintiff's father Rudolph N. Marcello.

This violation is made in pursuant to Title 42 USCA 1986.

COUNT 1

12. On and about the 18th day of March, 2002, at approximately 10:00 am, the Defendants: Arthur T. Marcello, Rosalia Marcello, Arthur T. Marcello,(jr.), Thomas Marcello, and Co-Defendant Attorney John A. DeSano, did conspire, by terrorizing in attempting to induce, Plaintiff's James C. Marcellos (82) year old father Rudolph N. Marcello, who was known them at the time of their act, to have a bad heart, paranoia pshcosis, mental retardation, and insane by reason of Alzheimer Dementia, into signing a Power of Attorney to Sell His Real Estate, designed by said defendants for their benefit and to defraud his estate, causing said plaintiff's (82) year old father to begin to have a nervous brakedown and requesting to go to Veterans Hospital and to flee immediately his home and hide out from said defendants at his visiting homecare nurses house Ms Betty Barney who were planning to come back to his home agains with these additional papers to sign giving them authority to sell and defraud his real estate property located at 557 Maple Avenu Barrington R.I.

COUNT

14. On and about the 16th day of May, 2002 and through September 28, 2002 the death date of plaintiff's father Rudolph N. Marcello, the Defendants: Attorney John A. DeSano and Arthur T. Marcello did conspire and conceal the instrument purporting to be a will of said plaintiff's father dated March 6, 2002, after accepting certified revoking letters from him on said May 16, 2002 specifically revoking and demanding back the said purported will, for the intent to prevent him from tearing and destroying it permanently and to use the said purported will as a fraudulent devise to commit a larceny of his entire estate property located at 557 Maple Avenue Barrington R.I. after his death and permanently deprive said plaintiff of his Constitutional inheritable rights thereof.

This violation is made pursuant to RIGL § 33-7-7. Penalty for Theft, Destruction, or Concealment of Will.

COUNT

15. On and about the 28th day of August, 2002, through the 28th day of September, 2002, the day of death of plaintiffs (82½) year old father Rudolph N. Marcello, who was diseased with a bad heart and insane from Alzheimer Dementia, the Defendant: Ms. Betty Barney, daily homecare nurse for said plaintiff's father, did instruct, procure, and commanded said plaintiff's father to hang up and in fact hung up on, all daily incoming phone call checks made for the past (2½) years by his son said plaintiff James C. Marcello,POA, while during said August 28th to September 28th of 2002 period, said defendant Barney sort numerous lawyers, one particular Attorney Mike Faley of Willet Avenue Riverside R.I., seeking what it appeared to be legal relinquishment in contemplation from a wrongful death liability of said plaintiff's father who's apparent knowledge and cause of death she anticipated soon to occur.

COUNT

16. The Plaintiff, James C. Marcello, of the State of Maine, of the Town of Stetson, for the County of Penobscot, charges that on the 28th day of September, 2002, in the Town of Barrington Rhode Island, in the County of Bristol, the Defendants: State of Rhode Island, Attorney John A. DeSano, Attorney Bernard P. Healy, of the law firm Kiernan,Plunkett,Redihan, Attorney Jeff Caffrey, Attorney James Moretti, of the law firm Resnick,Caffrey,Moretti, Chief John LaCross and Officer Joe Pine of Barrington Police Department, Judge Marvin Homonoff of Barrington Probate Court, Carol Baker of RI Depart of Elderly Affairs, Arthur T. Marcello, Rosalia Marcello, Arthur T. Marcello,(jr.), Thomas Marcello, Albert Mastriano, Nuno C. Neves, Natalia Paiva-Neves, and Betty Barney, caused together, through acts of persecutions, abuses, negligences, and the denial of the equal protection of the law, for the intent to default his estate, the wrongful death, of said plaintiff's (82½) year old father Rudolph N. Marcello, who was known by them at the time of their acts, to have a bad heart condition, mental retardation, paranoia pshcosis, and insane by reason of Alzheimer Dementia.

# COUNT 2

2nd Episode

Defendants' Pattern of Racketeering Activity

To Single Fraudulent Scheme to Obtain Plaintiff's Real Property

Conspiracy to Misuse of Process

In the Barrington Probate Court

Time Period: September 28, 2002 to April 7, 2003

COUNT 2

1. On and about October 28, 2002, Defendant State of Rhode Island Clerk of Barrington Probate Court, Lorraine DeRois, at the behest of Co-Defendants Attorney John A. DeSano, Attorney Bernard P. Healy, and Arthur T. Marcello, conspired to deny equal access to justice against plaintiff James C. Marcello, by deliberately failing to charge said plaintiff the filing fee for a petition to probate a prior natural will of his father Rudolph N. Marcello executed July 30, 2000 when presented by said plaintiff and forwarded to her in person, so as to in fact, not placing the said prior natural will in the probate file and to oust the probate court of jurisdiction over it, and aid to the fraud of said co-defendants in obtaining a void order of probate signed April 21, 2003 probating their instrument purporting to be a subsequent will of said plaintiffs father dated March 6, 2002, that was known by her at the time of said plaintiffs filing of the prior said natural will, both, to be a revoked subsequent will by said plaintiffs father and to cause by the common law of R.I. a revival of the prior said natural will.

COUNT 2

2. On and about the 3th day of February, 2003, the State of Rhode Island Defendants: Attorney John A. DeSano, Attorney Bernard P. Healy, Arthur T. Marcello, Attorney David Strachman of law firm McIntyre,Tate,Lynch, & Holt, and Co-Defendant Judicial Officer of State of R.I. Judge Marvin Homonoff of Barrington Probate Court, who acted under color of law in clear absence of all jurisdiction over subject matter, did conspire, to sign a void order, to aid said Defendants Arthur T. Marcello and said David Strachman, to trespass break and enter into plaintiff James C. Marcello's real estate property located at 557 Maple Avenue Barrington R.I. and commit larceny of antique furniture, antique china, etc, on February 10, 2003.

This violation is made pursuant to Title 42 § 1983. Civil Rights Deprivation.

3. On and about the 10th day of February, 2003, Defendants: Arthur T. Marcello and Attorney David Strachman, did knowingly and willfully brake the close of driveway enterance with no-trespassing signs posted of plaintiff James C. Marcello resident owned property located at 557 Maple Avenue Barrington R.I., and subsequently break and entered into said plaintiffs said real estate property and committed larceny of antique furniture, antique china, chairs, etc in approximate value of ($2000.00), in calculation to said plaintiff owner and wife not being home.

This violation is made pursuant to RIGL § 11-41-3, Embezzlement and Fraudulent Conversion, and RIGL § 11-41-4. Obtaining property by false pretenses or personation.

COUNT 2

4 On April 7, 2003, in the Town of Barrington and County of Bristol, and State of Rhode Island, Defendants: Attorney John A. DeSano, Attorney Bernard P. Healy, Arthur T. Marcello, and Albert Mastriano, did conspire with Co-Defendant Judge Marvin Homonoff of the Barrington Probate Court who acted under color of law in clear absence of all jurisdiction over subject matter; to deprive Plaintiff James C. Marcello of his Constitutional established right of legal possession and ownership in it's entirety, to the real and personal property located at 557 Maple Avenue Barrington R.I., that descended from, and vested in said Plaintiff on September 28, 2002, the intestate death of his father Rudolph N. Marcello pursuant to RIGL § 33-1-1(1). "Real Estate Descending by Intestacy to Children ...."; by signing a Void Order designed by said defendant attorney Bernard P. Healy a copy of such order signed on April 21, 2003 hereby annexed as (Exhibit A), purporting to probate the instrument purported to be a will of said plaintiff's father Rudolph N. Marcello dated March 6, 2002, a copy of said will hereby annexed as (Exhibit B), known by said Co-Defendant Judge Marvin Homonoff at the time of his act and his clear absence of all jurisdiction over subject matter by, both, the face of the record to be a Void will void for illegality and said plaintiffs petition to vacate purported will for being void for want of jurisdiction and obtained by fraud dated October 28, 2002 with attached revoking letters, and collateral to the record for being a revoked will by plaintiff's father who by his subsequent revoking letters executed by him on April 26, 2002 before Notary Public Debra A. Clark was certified accepted for probate deposit on May 16, 2002 by Defendants: Barrington Probate Clerk Lorraine DeRois, Attorney John A. DeSano, and Arthur T. Marcello, a copy of said revoking letters hereby annexed as (Exhibit C).

This violation is made pursuant to Title 42 USCA 1983. Civil Rights.

COUNT 2

5 On the 7th day of April, 2003, in the Probate Court of Barrington R.I., Defendants: Attorney John A. DeSano, Attorney Bernard P. Healy, and Arthur T. Marcello, procured Co-Defendant Albert Mastriano to commit perjury for a consideration, before Co-Defendant Judge Marvin Homonoff who acted under color of law in clear absence of all jurisdiction over subject matter, to the extent to swear under oath falsely in open court that he witnessed plaintiff's father Rudolph N. Marcello sign the instrument purporting to be a Will on March 6, 2002, that he was of sound mind, and that he signed voluntarily.

This violation is made pursuant to RIGL § 11-33-2. Subornation of Perjury.

6 On the 7th day of April, 2003, in the Probate Court of Barrington R.I., Defendant Albert Mastriano did willfully commit perjury for a consideration, before Co-Defendant Marvin Homonoff who acted under color of law in clear absence of all jurisdiction over subject matter, to the extent that he witnessed plaintiff's 82½ year old father Rudolph N. Marcello sign the instrument purporting to be a Will on March 6, 2002 when he knew in fact he did not, that he was of sound mind at the time when he knew he was not, and that he signed it voluntarily when he knew he did not.

This violation is made pursuant to RIGL § 11-33-1. Perjury.

7 On the 7th day of April, 2003, Defendant Arthur T. Marcello did knowingly, willfully, and unlawfully, impersonate the office of being an executor of plaintiff's father Rudolph N. Marcello's estate, to the extent by procuring a void order

COUNT 2

of the Barrington Probate Court purporting to probate the instrument purporting to be a will dated March 6, 2002 and appointment of executorship, know to him at the time to be void will for illegality, specifically revoked by said plaintiff's father certified revoking letters accepted by him, and non-probatable, for the intent to commit larceny of entire estate.

This violation is made pursuant to RIGL § 11-41-4. Obtaining Property by False Pretenses or Personation.

8 On the 7th day of April, 2003, at approximately 11:00 am Defendants: Arthur T. Marcello and Albert Mastriano were apprehended at gun point caught in the act of breaking and entering into the plaintiffs James and Olivia Marcello's residence owned property located at 557 Maple Avenue Barrington R.I., while the owners were home, for the intent to commit larceny of antiques, furniture, and household items and larceny of the real estate property.

This violation is made pursuant to RI (RICO) Statute §§ 7-15-1, 11-41-3. Embezzlement and Fraudulent Conversion, and Title 18 USCA 1961 et seq. Embezzlement and Larceny.

# COUNT 3

3th Episode

Defendants' Pattern of Racketeering Activity

To Single Fraudulent Scheme to Obtain Plaintiff's Real Property

Conspiracy to Misuse of Process

In the 6th District Court of RI

Time Period: June 6, 2003 to November 14, 2003

COUNT 3

1. On and about the 6th day of June, 2003, the State of Rhode Island Defendants: Attorney John A. DeSano of Barrington, Attorney Bernard P. Healy, Arthur T. Marcello of Barrington, Chief John LaCross of Barrington Police Department, David Coleman of Coleman Realty in Barrington, Jones Moving and Storage of Providence, and Judge Gorman of the 6th District Court of R.I., did conspire, in a single fraudulent scheme to obtain the real and personal property of plaintiff James C. Marcello located at 557 Maple Avenue Barrington R.I. worth over ($500,000.00), and fraudulently convert it and line their pockets by direct and indirect means, through a misuse of legal process with Co-Defendant Constable Alfred Harris, who's unauthorized acts done under color of executing process on said plaintiff James C. Marcello (see 6th Dist.Ct 03-5880 Arthur Marcello vs. James Marcello), calculated first a swift Void Default order dated July 23, 2003 on docket sheet, a subsequent illegal arrest, an illegal alleged probation violation, false imprisonment, and an illegal incompetency call against said plaintiff, the same fraudulent pattern of racketeering activity scam devised by the Defendant State of Rhode Island and Barrington Police Officers in the 1986-1987 conspiracy against said plaintiff James C. Marcello that also deprived him of his prior real estate property and business located at (558) Maple Avenue Barrington R.I. ajacently owned, causing said plaintiff and wife pain, suffering, and emotional trama.

This violation is made pursuant to the RI (RICO) Statute §§ 7-15-1 et seq, Conspiracy to violate RICO, § 11-41-3 Embezzlement and Fraudulent Conversion, and Title 18 USCA § 1961 et seq. Racketeering Influence and Corrupt Organization.

COUNT 3

2. On the 23th day of July, 2003, the State of Rhode Island Defendants: Attorney John A. DeSano, Attorney Bernard P. Healy, Arthur T. Marcello, did conspire with Judicial Officer of State of Rhode Island Judge Gorman of the 6th District Court of R.I. who acted under color of law in clear absence of all jurisdiction over subject matter; to deprive plaintiff James C. Marcello of his constitutional established right of legal possession and ownership in it's entirety, to the real and personal property located at 557 Maple Avenue Barrington R.I., that descended from, and vested in said plaintiff on September 28, 2002, the intestate death of his father Rudolph N. Marcello pursuant to RIGL § 33-1-1(1) "Real Estate Descending by Intestacy to Children...."; by entering on the docket sheet a Void default order on July 23, 2003, a copy of said Void default docket order hereby annexed at (Exhibit D:1), purporting to give possession to a non-legal entity plaintiff Arthur T. Marcello Executor of the Estate of Nicholas F. Marcello, who's notice to vacate the premises to defendant-plaintiff James C. Marcello attached to complaint unsigned by him and not signed by any other person, a copy of unsigned notice to vacate premises hereby annexed at (Exhibit D:2+3), evidenced to and known by said Defendant Judge Gorman at the time of his act, that he acted under color of law and clear absence of all jurisdiction over subject matter by the face of the record.

This violation is made pursuant to Title 42 USCA § 1983. Civil Action for Deprivation of Rights.

COUNT 3

3. On and about August 13, 2003, in the Town of Barrington and County of Bristol, and State of Rhode Island, Defendant Arthur T. Marcello did commit an assault on an officer of the law, to wit that he purchased for a consideration Co-Defendant Chief John LaCross of Barrington Police Department, to illegally stake out with entire Barrington Police Officers, defendant Constable Alfred Harris, persons from Jones Moving and Storage of Providence, and numerous unknown persons, in front of plaintiff's home residence located at 557 Maple Avenue Barrington R.I., and brake the close of the driveway, enter, in unlawfully and without probable cause, and illegally arrest kidnapp said plaintiff James C. Marcello into false imprisonment for (2) weeks, for the agree consideration to buy himself, and Co-Defendants attorney John A. DeSano, attorney Bernard P. Healy, David Coleman, Nuno C. Neves, and Natalia Paiva-Neves, time to commit embezzlement and/or larceny of the personal real estate property (100) year old dining room set, (3) antique bedroom sets, antique china, law office equipment and books, carpentry and mechanic equipment, lades, etc, in approximate value of ($200,000.00), and to illegally market the real estate property, preplanned with David Coleman Realty of Barrington commit a larceny sale of the real estate property to Co-Defendants Nuno C. Neves and Natalia Paiva-Neves.

This violation is made pursuant to RIGL § 11-7-4. Bribery of Agent, Employee, or Public Officer, and the RI State and Federal (RICO) Statutes.

COUNT 5

4. On August 13, 2003, Defendants: Attorney John A. DeSano, Attorney Bernard P. Healy, Arthur T. Marcello, did conspire with Defendant State of Rhode Island's Judicial Officer Judge Krause of the 6th District Court in the Superior Court Division therein, who acted under color of law in clear absence of all jurisdiction over subject matter, to the extent to illegally hold under false imprisonment said plaintiff James C. Marcello as a purported alledged probation violator for (2) weeks, so as to aid and abett and assist said above named defendants in a racketeering larceny of said plaintiff's property located at 557 Maple Avenue Barrington R.I.

This violation is made pursuanat to Title 42 USCA § 1983., and the State and Federal (RICO) Statutes.

5. On August 13, 2003, Defendant State of Rhode Island Officer Chief John LaCross of Barrington Police Department, did knowingly and willfully act under color of state law evictions statutes, and with a counterfeit writ of execution in his hand that was designed and given to him by defendant Attorney John A. DeSano throught direct or indirect means, did illegally enter the plaintiffs property located at 557 Maple Avenue Barrington R.I., and after being warned by said plaintiff that he and his fellow police officers and unknown persons were trespassing and ordered to leave the property, and further charged by said plaintiff with conspiring with defendant Arthur T. Marcello to commit embezzlement and/or larceny of his property, did illegally arrest, kidnapped by way of false imprisonment said plaintiff for (2) weeks, to aid and abett

COUNT 3

co-defendants Arthur T. Marcello, Attorney John A. DeSano, Attorney Bernard P. Healy, in the racketeering larceny of said plaintiffs property.

This violation is made pursuant to Titles 42 USCA § 1983. Civil Rights Deprivation, and Title 18 USCA § 1961 et seq, Federal RICO Statute and the RI (RICO) Statute.

6. On and about August 13, 2003, Defendants Attorney John A. DeSano and/or Bernard P. Healy, forged and counterfeited a writ of executionand forwarded for use by co-defendant Chief John LaCross in the course of a conspiracy to kidnapp plaintiff James C. Marcello from his property located at 557 Maple Avenue Barrington R.I., by way of false imprisonment, and with intent to subsequently commit a racketeering larceny of his property.

This violation is made pursuant to RIGL § 11-17-1. Forging and Counterfeiting.

7. On and about August 13, 2003, Defendant David Coleman of Coleman Realty in Barrington R.I., did knowingly and willfully conspired with and at the behest of co-defendants Attorney John A. DeSano, attorney Benard P. Healy, and Arthur T. Marcello, to practise fraud, misrepresentation or deceit against plaintiff James C. Marcello' real estate property located at 557 Maple Avenue Barrington R.I., to advertising the sale of said plaintiffs property on the computer real estate systems knowing at the time it was a larceny sale.

This violation is made pursuant to RIGL § 5-20.5-5. Fraud, Misrepresentation or Deceit.

COUNT 5

8. On and about the 13th day of August, 2003, Defendant Arthur T. Marcello, did knowingly and willfully, trespassed and break and entered into the plaintiff James C. Marcello's residence owned property located at 557 Maple Avenue Barrington, R.I., did embezzle and fraudulently convert to his own use the personal real estate property consisting of (100) year old antique dining room set, (3) antique bedrooms sets, antique china, law office equipment books and supplies, carpentry and mechanic equipment, lades, auto mobile, etc, all in approximate value of ($200,000.00).

This violation is made pursuant to RIGL § 11-41-3. Embezzlement and Fraudulent Conversion, and the State and Federal (RICO) Statutes.

9. On and about the 13th day of August, 2003, Defendant Albert Mastriano, did aid, assist, abet, counsel, hire, command, or procured one Co-Defendant Arthur T. Marcello to willfully and unlawfully trespass and break and enter into the plaintiff James C. Marcello's residence owned property located at 557 Maple Avenue Barrington, R.I., and Embezzle and Fraudulently convert to their own use the personal real estate property consisting of (100) year old antique dining romm set, (3) antique bedrooms sets, antique china, law office equipment books and supplies, crpentry and mechanic equipment, lades, auto mobile, etc, all in approximate value of ($200,000.00).

This violation is made in pursuant to RIGL § 11-1-3. liability for Aiding, Abetting, Etc.

COUNT 5

10. On and about the 13th day of August, 2003, Defendant Arthur T. Marcello,(jr.) of 114 Governor Bradford Rd, Barrington R.I., did receive from Co-Defendant Arthur T. Marcello by direct or indirect means, stolen personal real estate property from the plaintiff James C. Marcello's residence owned property located at 557 Maple Avenue Barrington R.I., consisting of (100) year old antique dining room set, (3) antique bedrooms sets, antique china, law office equipment books and supplies, carpentry and mechanic equipment, lades, auto mobile, etc, all in approximate value of ($200,000.00), with guilty knowledge thereof.

This violation is made pursuant to RIGL § 11-41-2. Receiving Stolen Goods.

11. On and about the 13th day of August, 2003, Defendant Thomas Marcello, of 24 Cove Avenue, Barrington R.I., did receive from Co-Defendant Arthur T. Marcello by direct or indirect means, stolen personal real estate property from the plaintiff James C. Marcello's resident owned property located at 557 Maple Avenue Barrington R.I., consisting of (100) year old antique dining room set, (3) antique bedrooms sets, antique china, law office equipment books and supplies, carpentry and mechanic equipment, lades, auto mobile, etc, all in approximate value of ($200,000.00), with guilty knowledge therof.

This violation is made pursuant to RIGL § 11-41-2. Receiving Stolen Goods.

# COUNT 4

4th Episode

Defendants' Pattern of Racketeering Activity

To Single Fraudulent Scheme to Obtain Plaintiff's Real Property

Conspiracy to Misuse of Process

In the Providence Superior Court of RI

Time Period: November 14, 2003 to February 6, 2004

COUNT 4

1. On and about 12th day of November, 2003, the State of Rhode Island Defendants: Attorney John A. DeSano of Barrington, Attorney Bernard P. Healy, Arthur T. Marcello of Barrington, Chief John LaCross of Barrington Police Department, David Coleman of Coleman Realty in Barrington, Nuno C. Neves, Natalia Paiva-Neves, and Co-Defendant Judicial Officer of State of R.I. Judge Patricia Moore of the 6th District Court in Providence R.I., who acted under color of law and in clear absence of all jurisdiction over subject matter, did conspire, in the second repeated episode to same single fraudlent scheme to obtain the real estate property of plaintiff James C. Marcello located at 557 Maple Avenue Barrington R.I. worth approximately ($500,000.00), and fraudulently convert it through an unlawful debt of a larceny sale to said defendants Nuno C. Neves and Natalia Paiva-Neves on February 6, 2004 and line their pockets by direct or indirect means, (see 6th Dist.Ct. 61-03-14824 State of R.I. vs. James C. Marcello), to commit to a RI IMH Facility said James C. Marcello till March 1, 2004, who was know at the time of said Judge Moores act in clear absence of all jurisdiction over subject matter, not to be developmentally disabled.

This violation is made pursuant to RIGL § 40.1-22-25. Conspiracy to Commit Person Improperly.

COUNT 4

1. On and about the 14th day of November, 2003, the State of Rhode Island Defendants: Attorney John A. DeSano of Barrington, Attorney Bernard P. Healy, Arthur T. Marcello of Barrington, Chief John LaCross of Barrington Police Department, David Coleman of Coleman Realty in Barrington, Nuno C. Neves, Natalia Paiva-Neves, and Judge Clifton of Providence Superior Court of R.I. who acted under color of law in clear absence of all jurisdiction over subject matter, did conspire, in a second repeated episode to same single fraudulent scheme to obtain the real estate property of plaintiff James C. Marcello located at 557 Maple Avenue Barrington R.I. worth approximately ($500,000.00), and fraudulently convert it through an unlawful debt of a larceny sale to said defendants Nuno C. Neves and Natalia Paiva-Neves on February 6, 2004 and line their pockets by direct or indirect means, through a misuse of legal process with Co-Defendant Constable Alfred Harris, who's unauthorized acts done under color of executing process on said plaintiff James C. Marcello (see Sup.Ct. 03-6003 Arthur T. Marcello vs. James C. Marcello), calculated first by perversion of process, a second illegal arrest, a second illegal alleged probation violation, a second false imprisonment all on December 10, 2003, and unlawful commitment of said plaintiff to IMH facility till March 1, 2004 discharge, all done even prior to a swift Void Order dated December 12, 2003 signed by said Judge Clifton indicating on face no finding of trespass or breaking and entering, as claimed by Barrington Police false affidavit of arrest 12/10/03, or title determination.

This violation is made pursuant to the RI (RICO) Statute §§ 7-15-1 et seq, Conspiracy to violate RICO, § 11-41-3 Embezzlement and Fraudulent Conversion, and Title 18 USCA § 1961 et seq. Racketeering Influence and Corrupt Organization.

COUNT 4

3. On and about January 1, 2004, Defendants: Attorney John A. DeSano, Attorney Bernard P. Healy, and Arthur T. Marcello, by virtue of their involvement in the enterprise's affairs, did conspire with the Defendant State of Rhode Island's Pyschiatrist (unknown) who acted under color of law in clear absence of jurisdiction over subject matter and for a consideration, to have Plaintiff James C. Marcello illegally committed to a R.I. IMH Forensic Unit for (60) days till March 1, 2004, upon false information manufactured by said defendants and said defendant State of R.I. Psyshciatrist and known by him to be false information at the time of his act, to the extent falsely that said plaintiff James C. Marcello had been committed numerous times in the past to the Providence Center for Pyschiatrics when in fact the said defendants and said R.I. Psyshciatrist invaded the personal files of said Providence Center by direct or indirect means and finding a person with some simularity to said plaintiff's name but clearly and distinctly not the same person by reason of different middle initial and social security number and numerous other varifying reasons known by them at the time, so as for their corrupt reasons within the second repeated episode to same fraudulent scheme to obtain the real estate property of said plaintiff James C. Marcello located at 557 Maple Avenue Barrington R.I. while he held under the said false and illegal committed, to fraudulently convert said plaintiff's real estate property through the monthly collection of an unlawful debt mortgage by a larceny sale financed to said Co-Defendants Nuno C. Neves and Natalia Paiva-Neves on February 6, 2004.

COUNT 4

4. On and about 6th day of February, 2004, the Defendants: Attorney John A. DeSano, Attorney Bernard P. Healy, Arthur T. Marcello, did conspire and at their behest, with an attorney notary public Jeffrey Caffrey of the law firm Resnick,Caffrey,Moretti, to improperly take the acknowledgment to a counterfeit executors deed purporting on it's face said defendant Arthur T. Marcello as an executor of plaintiff's deceased father Rudolph N. Marcello estate and purporting to have authority to sell the said plaintiff's deceased father's real estate property located at 557 Maple Avenue Barrington R.I. to Co-Defendants Nuno C. Neves and Natalia Paiva-Neves, known by said notary public Jeffrey Caffrey at the time of his act, to be entirely untrue and false for his agreed purpose, for a consideration, to aid in the pattern of racketeering activity to the second episode of a single fraudulent scheme for the accomplishment of a larceny sale thereof.

This violation is made pursuant to RIGL § 42-30-16. and Title 18 USCA § 1961 et seq. Counterfeiting.

COUNT 4

5. On February 6, 2004, Defendant Arthur T. Marcello, by virtue of his involvement in the enterprise's affairs, did commit, through a pattern of racketeering activity, a larceny sale of plaintiff James C. Marcello's real estate property located at 557 Maple Avenue Barrington R.I., by a collection of an unlawful debt to Co-Defendants Nuno C. Neves and Natalia Paiva-Neves who subsequently trepassed and broke and entered upon and took unlawful possession thereof, while said plaintiff James C. Marcello was held kidnapped under both false imprisonment and false commitment to IMH Facility perpetrated at the behest of the enterprise Defendants: the Law firm Kiernan, Plunkett, Redihan, the State of Rhode Island, Marvin Homonoff of Barrington Probate Court, Constable Alfred Harris, David Coleman of Barrington Coleman Realty, Chief John LaCross of Barrington PD, for the accomplishment thereof.

This violation is made pursuant to RI (RICO) Statute § 7-15-1, Title 18 USCA § 1961(6), and RIGL § 11-41-3. Embezzlement and Fraudulent Conversion.

And further made in violation pursuant to RIGL § 11-41-2. Receiving Stolen Goods, RIGL § 11-44-26. Trespass, and RIGL § 11-8-2. Unlawful Breaking and Entering of Dwelling House.

COUNT 4

6. On and about February 6, 2004, Defendants: Attorney John A. DeSano, Attorney Bernard P. Healy, and Arthur T. Marcello, by virtue of their involvement in the enterprise's affairs, did conspire with the R.I. Social Security Administration in Providence R.I., to deprive the Plaintiff James C. Marcello and his wife Olivia A. Marcello of their JointSocial Security Disability monthly income for (1) year suspension, without due process of law and for corrupt reasons, to terminate said plaintiff's ability to pay, and to take over, the ($300.00) per month property tax payments timely made and due by him on his real estate property located at 557 Maple Avenue Barrington R.I., that was stolen by said defendants and larceny saled to Co-Defendants Nuno C. Neves and Natalia Paiva Neves on February 6, 2004, by using the monthly proceeds from the collection of an unlawful debt mortgage, that is being illegally financed and paid by said defendant Neves for their purchase of said plaintiff's stolen property, and paid indirectly by the "lower management" of the enterprise Co-Defendant Resnick, Caffrey, & Moretti, while said plaintiff James C. Marcello was held kidnapped under both false imprisonment and false commitment to IMH Facility perpetrated at the behest of the enterprise Defendants: the law firm Kiernan, Plunkett, Redihan, the State of Rhode Island, Marvin Homonoff of Barrington Probate, Constable Alfred Harris, David Coleman of Barrington Coleman Realty, Chief John LaCross of Barrington PD.

Plaintiffs suffered subsequent homeless, pain, emotional trauma, as a result of the defendant State of Rhode Island's conduct.

This violation is made pursuant to Title 42 USCA § 1983 and Title 18 § 1962(b)(c), of USCA.

# COUNT 5

State of Rhode Island's Acts of Constitutional Violations

In Aid of Co-Defendants' Racketeering Activity

Time Period: March 6, 2002 to September 25, 2006

## COUNT 5

1. On and about the 6th day of March, 2002, the Defendant: State of Rhode Island's Department of Elderly Affairs, Ms. Carol Baker,SW, following her investigation of complaints thereof, did fail to act in presenting criminal charges to RI Attorney Generals Office, of the crimes of kidnapping, assault, and extortion, that occurred against Plaintiff's (82½) year old insane Alzheimer Dementia father Rudolph N. Marcello at and from his home located at 557 Maple Avenue Barrington RI, that was perpetrated and committed by Co-Defendants Attorney John A. DeSano, Albert Mastriano, and Arthur T. Marcello on said March 6, 2002, in the course of their racketeering activity, to successfully commit larceny of said plaintiff's father's estate property above described.

COUNT 5

2. On and about the 12th day of March, 2002 through the 23th day of August, 2002, the Defendant: State of Rhode Island's Department of Elderly Affairs social worker Ms. Carol Baker, at the behest of Co-Defendants Will Attorney John A. DeSano, Arthur T. Marcello, and Albert Mastriano, did interefere, discourage, and prevented Plaintiff James C. Marcello's attempts for his ($82\frac{1}{2}$) year old father Rudolph N. Marcello, who was insane by reason of Alzheimer Dementia, from undertaking a (D.M.A.T.) competency examination with a RI Dr. Cappizzo, as said defendant Baker stated on 8/23/02 quote: "without a determination the presumption of his competency stands", for the corrupt intention of concealing the fact that said plaintiff's father was insane at the time he alledgedly signed an instrument purporting to be a will of his on March 6, 2002 for vacating it and to aid in said Co-Defendants racketeering activity to their objective in committing a larceny of his estate.

COUNT 5

3. On the 29th day of March, 2005, the Defendant: State of Rhode Island's Judicial Officer of the Providence Superior Court, Judge Judith Savage, did violate the due process clause of the U.S.C.A. Const. Amend. 14 of Plaintiff James C. Marcello, while unlawfully presiding in the Providence Superior Court action for Trepass and Ejectment to Try Title of said plaintiff (James C. Marcello vs. Nuno C. Neves, & Natalia Paiva-Neves CA NO: PC-04-3972), to the extent that said Judge Savage decisions on the undisputed facts were arbitrary and deprived said plaintiff of his property rights, of the 557 Maple Avenue Barrington RI real estate property that decented by the intestate death of his father on September 28, 2002, without due process of law, and further denied said plaintiff equal protection of laws to the extent that said Judge Savage concealed said plaintiffs Motion for Summary Judgement from the summary judgment hearing held on said March 29, 2005, by falsely stating into the record that she and the court did not receive said plaintiff's summary judgment papers, when in fact they were timely received and accepted certified mail by Clerk of Providence Superior Court on March 10, 2005.

COUNT 5

4. On and about the 7th day of April, 2003, the Defendant: State of Rhode Island's Judicial Officer of the Barrington Probate Court Defendant Judge Marvin Homonoff and Defendant Clerk Lorraine DeRois, did violate the due process clause of the U.S.C.A. Const. Amend. 14 of Plaintiff James C. Marcello, to the extent by depriving said plaintiff of the required RIGL § 33-22-7(1)+(2) statutory notice of the probate hearing to the granting of letters of administration and the probate of a will, for corrupt reasons to act under color of law in total absence of all jurisdiction over subject matter, to the extent by signing a void order purporting on it's face probating an instrument purporting to be a will dated March 6, 2002 of said plaintiffs father Rudolph N. Marcello that was known by said Defendant Judge Homonoff at time of act to be a revoked will, presented, designed, and forged, by Co-Defendants Attorney Bernard P. Healy, Attorney John A. DeSano, Arthur T. Marcello, and Albert Mastriano, and for the intent to aid said Co-defendants in a racketeering activity to commit larceny sale, of the real and personal estate property of said plaintiff's father located at 557 Maple Avenue Barrington RI, through the mere said void order and in the absence of a required Authorization Order to Sell Real Estate pursuant to RIGL § 33-19-3.

COUNT 5

5. On and about the 26th day of May, 2006, the Defendant: State of Rhode Island's Department of Attorney General Office employees Ms. Linda Morison, Roger Demers, of the Criminal Division, following receipt certified mail from Plaintiff James C. Marcello of (16) sworn affidavits and other numerous material of said plaintiff in support of warrant of arrest charging Defendants: Attorney John A. DeSano, Attorney Bernard P. Healy, Arthur T. Marcello, Albert Mastriano, and Chief John LaCross of Barrington Police Department, with crimes of larceny of estate property, kidnapping, assault, extortion, bribery, false imprisonment, and numerous other crimes under RI (RICO) Statute, did fail to act on the matter thereof.

6. On and about the 8th day of August, 2006, the Defendant: State of Rhode Island's RI State Police Department of Danielson Pike Scituate RI, trooper Capone, Brian Cassilli, of Financial Crime Unit, following receipt certifed mail from Plaintiff James C. Marcello of (16) sworn affidavits and other numerous material of said plaintiff in support of warrant of arrest charging Defendants: Attorney John A. DeSano, Attorney Bernard P. Healy, Arthur T. Marcello, Albert Mastriano, and Chief John LaCross of Barrington Police Department, with crimes of larceny of estate property, kidnapping, assault, extortion bribery, false imprisonment, and numerous other cirmes under RI (RICO) Statute, did fail to act on the matter thereof.

COUNT 5

7. On and about the 25th day of September, 2006, the Defendant: State of Rhode Island's RI Supreme Court Clerk Michael Caffrey, while at the behest of the enterprise Co-Defendant's Attorney John A. DeSano, Attorney Bernard P. Healy, Attorney James Moretti, did violate the due process clause of U.S.C.A. Const. Amend. 14 of Plaintiff James C. Marcello, to the extent by depriving said plaintiff of the required notice of hearing on appeal (See RI SUPR CT * Marcello v Neves, et al 05-176 A) and denying the appeal and affirming the judgment through a Void Order on appeal dated November 6, 2006, from Co-Defendant Providence Superior Court Judge Savage's unauthorized Void Decision that was absent findings of facts and conclusions of law on March 29, 2005, granting summary judgment of Co-Defendants Nuno C. Neves and Natalia Paiva-Neves and dismissing the complaint of said plaintiff for Trespass and Ejectment to Try Title (See RI SUP CT * Marcello v Neves, et al PC-04-3972), for corrupt reasons to delay and deny justice to said plaintiff and to aid in said defendant's racketeering activity in lining their pockets with money from the collection of an unlawful debt from monthly mortgage payments paid to them by said defendants Neves in the larceny sale of said plaintiff's real estate property located at 557 Maple Avenue Barrington RI.

# PRAYER FOR RELIEF

## PRAYER FOR RELIEF

Wherefore, The Plaintiffs Pray:

1. That a writ of possession may be issued, Granting possession to the plaintiffs James C. Marcello and Olivia A. Marcello of his the certain real estate property located at 557 Maple Avenue Barrington Rhode Island and further ordering a Sheriff to personally place said plaintiffs in possession thereof.

2. That the Court may order the defendants, who are found to be in possession of any personal properties of plaintiffs so stolen from his 557 Maple Avenue Barrington Rhode Island property, to return the said properties back to the said Maple Avenue property at his own expense.

3. That the defendants Nuno C. Neves and Natalia Paiva-Neves, the occupant purchasers of certain stolen real estate property belonging to plaintiffs located at 557 Maple Avenue Barrington Rhode Island, be so ordered to vacate the said premises by a reasonable time fixed by the court.

4. That the Court may enjoin the Defendant State of Rhode Island and all named defendants, restraining them from further harassing, molesting, and any continuing proceedings and/or filing any other actions relating specifically to these circumstances complained of against the plaintiffs.

5. That the Plaintiffs may receive any and all other relief as the circumstances in the cause may require.

In The 1st Alternative-Defendant State liability

That Subject To The Court's Finding Of Defendant State Of Rhode Island Liability and Non-Recovery of Property; The Plaintiffs Pray In The 1st Alternative To The Following:

6. That the defendant State of Rhode Island be order to pay to the plaintiff James C. Marcello in the amount of One Million Dollars ($1,000,000.00) or the current appraized value [three times the value thereof], which ever is greater, for the loss of his real estate property located at 557 Maple Avenue Barrington Rhode Island.

7. That the defendant State of Rhode Island be ordered to pay to the plaintiff James C. Marcello in the amount of Five Hundred Thousand Dollars ($500,000.00) or the current appraized value [three times the value thereof], which ever is greater, for the loss of his personal properties that is found and determined by this Court to been stolen, sold, and or destroyed by said named defendants on and about August 13, 2003 and December 10, 2003, herein complained, from the said plaintiffs property located at 557 Avenue Barrington Rhode Island.

8. That the defendant State of Rhode Island be ordered to pay to the plaintiff James C. Marcello in the amount of One Million Dollars ($1,000,000.00) or the maximum penalty allowed by statute, which ever is greater, for the wrongful death of said plaintiff's father Rudolph N. Marcello.

9. That the defendant State of Rhode Island be ordered to pay to plaintiffs James C. Marcello and Olivia A. Marcello the amount of Five Hundred Thousand Dollars ($500,000.00) for the pain, suffering, mental anguish, and emotional trama and stress endued by and through the circumstances of homelessness, false imprisonment, resulting from said defendant State's participation and negligence to act on the timely complaints to the crimes committed by the named defendants herein.

10. That the defendant State of Rhode Island's Office of the Attorney General be ordered to entertain, issue warrants of arrest, and criminally prosecute, the any and all criminal charges filed by plaintiff James C. Marcello with the said R.I. Attorney Generals Office, the Governor Office, the R.I. State Police, the R.I. Depart. of Elderly Affairs, and Barrington Police Department, against all named defendant parties or other persons so liable, that has been forever lingering in delay and refusal to act upon since March of 2002.

**In The 2nd Alternative-Joint Named Defendant Liability**

That Subject To The Court's Finding Of Joint Named Defendant Liability In Individual Capacities and Non-Recovery Of Property; The Plaintiffs Pray In The 2nd Alternative To The Following:

11. That the Joint Named Defendants be ordered to pay to the plaintiff James C. Marcello in the amount of One Million Dollars ($1,000,000.00) or the current appraized value [three

times the value thereof], which ever is greater, for the loss of his real estate property located at 557 Maple Avenue Barrington Rhode Island.

12. That the Joint Named Defendants be ordered to pay to the plaintiff James C. Marcello in the amount of Five Hundred Thousand Dollars ($500,000.00) or the current appraized value [three times the value thereof], which ever is greater, for the loss of his personal properties that is found and determined by this Court to been stolen, sold, and or destroyed by said named defendants on and about August 13, 2003 and December 10, 2003, herein complained, from the said plaintiffs property located at 557 Maple Avenue Barrington Rhode Island.

13. That the Joint Named Defendants be ordered to pay to the plaintiff James C. Marcello in the amount of One Million Dollars ($1,000,000.00) or the maximum penalty allowed by statute, which ever is greater, for the wrongful death of said plaintiff's father Rudolph N. Marcello.

14. That the Joint Named Defendants be ordered to pay to plaintiffs James C. Marcello and Olivia A. Marcello the amount of Five Hundred Thousand Dollars ($500,000.00) for the pain, suffering, mental anguish, and emotional trama and stress endued by and through the circumstances of homelessness, false imprisonment, resulting from Defendant State of Rhode Island's participation and negligence to act on the timely complaints to the crimes committed by the said Joint Named Defendants.

15. That the Court may order a lien against all Joint Named Defendants real estate properties to be granted to plaintiff

James C. Marcello for the total sum liabilities incurred and determined by this Court, in its entirety against all, till the full debt is paid-in-full.

Respectfully submitted,

PLAINTIFFS * IN PRO SE

JAMES C. MARCELLO
OLIVIA A. MARCELLO

James Marcello
Olivia Ann Marcello

James & Olivia Marcello
152 Cross Rd.
Stetson, ME 04488
(207) 296 3433

PLAINTIFFS HEREBY CLAIM A TRIAL BY JURY

Subscribed to in the Town of Stetson, in the County of Penobscot, and in the State of Maine, this 6TH day of FEBRUARY, 2007.

EXHIBIT NO. A

1236 BPH:SH 4/21/03

STATE OF RHODE ISLAND
BRISTOL, SC.

PROBATE COURT OF THE
TOWN OF BARRINGTON

ESTATE OF NICHOLAS F. MARCELLO, :
a/k/a NICHOLAS RUDOLPH MARCELLO :

No. 5148

**ORDER**

This matter came before the Probate Court of the Town of Barrington on April 7, 2003, upon the petition of Arthur Marcello for admission to probate as the Last Will and Testament of Nicholas F. Marcello that instrument dated March 6, 2002, together with the appointment of Arthur Marcello as Executor pursuant to said Last Will and Testament and the motion of Arthur Marcello for assessment of penalties and fees against James C. Marcello. After hearing thereon and consideration thereof, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. the Last Will and Testament of Nicholas F. Marcelo a/k/a Nicholas Rudolph Marcello dated March 6, 2002, may be and hereby is admitted to Probate as the Last Will and Testament of the decedent.

2. Arthur Marcello is hereby appointed Executor of the Estate of Nicholas F. Marcello a/k/a Nicholas Rudolph Marcello and shall file a bond in the principal sum of $600,000 without surety.

3. The motion to Arthur Marcello for assessment of penalties and/or fees against James C. Marcello is continued to the probate calendar of June 2, 2003.

4. Arthur Marcello, through his attorneys, did duly notify James C. Marcello of the within hearing by certified and ordinary mail sent January 10, 2003; January 16, 2003; February 7, 2003; and March 5, 2003.

ENTER

[signature]
4/21/03

PER ORDER

Lorraine A. DeCrois
Probate Clerk

RECEIPT REQUESTED & REGULAR MAIL

James C. Marcello
P. O. Box 180
Barrington, RI 02806

CERTIFIED MAIL/RETURN
RECEIPT REQUESTED & REGULAR MAIL

James C. Marcello
152 Cross Road
Stetson, Maine 04488

David J. Strachman, Esq.
321 South Main Street
Providence, RI 02903

CERTIFICATION

I hereby certify that I mailed a copy of the within to the above.

Dated: April 21, 2003

Filed: April 22, 2003

FILMED Sept. 30, 2003

EXHIBIT NO. B

WILL OF NICHOLAS F. MARCELLO
a/k/a NICHOLAS RUDOLPH MARCELLO

I, Nicholas F. Marcello, a/k/a Nicholas Rudolph Marcello, of the Town of Barrington, County of Bristol, State of Rhode Island, make this my Will and revoke any and all Wills and Codicils previously made by me.

**SECTION 1**

**DEFINITIONS**

Each reference hereinafter contained:

1.1 to "my son" is to my son, **JAMES C. MARCELLO**; and

1.2 to "my grandchildren" when referring to a grandchild or grandchildren of mine is to my grandchildren, **PETER MARCELLO, NICHOLAS MARCELLO, JAMES C. MARCELLO, JR. and JENNY MARCELLO.**

**SECTION 2**

**PAYMENT OF DEBTS, EXPENSES AND TAXES**

I direct my executor hereinafter named to pay from the residue of my estate my debts (including any debts secured by mortgages on real estate), funeral expenses, all proper expenses incurred in the administration of my estate and all taxes imposed because of my death on my estate, on any interest therein, or on any property which does not come into the possession of my executor, including any jointly held property. Without limiting the foregoing

Nicholas F Marcello AKA Nicholas Rudolph Marcello

**NICHOLAS F. MARCELLO, a/k/a**
**NICHOLAS RUDOLPH MARCELLO**

generality, it is my intention that all devisees, legatees and beneficiaries hereinafter named or otherwise and beneficiaries of insurance on my life or other contracts with insurance companies receive their respective interests without diminution by reason of any of said taxes, so that only the residue of my estate will be thereby reduced.

**SECTION 3**

**RESIDUE OF MY ESTATE**

If they survive me, I give, devise and bequeath all the rest, residue and remainder of the property and estate, whenever acquired and wherever located, which I own or am entitled to at the time of my death, but excluding any property over which I have any power of appointment, which power I do not exercise, to the following persons in the percentages indicated herein:

A) 15% to my son, **JAMES C. MARCELLO,**
B) 20% to my brother, **ARTHUR T. MARCELLO,**
C) 25% to be equally divided amongst my grandchildren, namely, **PETER MARCELLO, NICHOLAS MARCELLO, JAMES C. MARCELLO, JR. and JENNY MARCELLO,**
D) 10% to my niece, **MARY ANNE MARCELLO,**
E) 10% to my nephew, **ARTHUR T. MARCELLO, JR.,**
F) 10% to my nephew, **GAYTON MARCELLO, JR.,** and
G) 10% to my nephew, **THOMAS A. MARCELLO.**

**SECTION 4**

**NOMINATION OF EXECUTOR**

4.1 I nominate my brother, **ARTHUR T. MARCELLO,** as executor of this Will. If my brother predeceases me, declines, or for any reason fails or ceases

Nicholas F Marcello AKA

Nicholas Rudolph Marcello

**NICHOLAS F. MARCELLO, a/k/a**
**NICHOLAS RUDOLPH MARCELLO**

executor of this my will or administrator with the will annexed, as the case may be. I direct that my executors shall be exempt from furnishing surety on any bond required of them by any court.

4.2 Each reference contained in this will to "executor" and any pronoun referring thereto shall be deemed to include any executor or any administrator with the will annexed.

**SECTION 5**

**POWERS OF EXECUTOR**

I specifically authorize and empower my executor, without application to any court for permission so to do, whenever in his sole discretion such action may be deemed advantageous or desirable during the period of administration of my estate:

5.1 To sell (at public or private sale), mortgage, pledge, lease or otherwise deal with or dispose of my estate or any part thereof, real or personal;

5.2 To execute and deliver all deeds and other instruments necessary or proper for such purpose;

5.3 To make any such sale for such price, for cash or on credit, and upon such terms as my executor deems advisable;

5.4 To invest cash in savings accounts in any bank, certificates of deposit, money market funds and United States government obligations, and

Nicholas F. Marcello AKA
Nicholas Rudolph Marcello

**NICHOLAS F. MARCELLO, a/k/a**
**NICHOLAS RUDOLPH MARCELLO**

to invest or reinvest in such securities or other property as my executor deems appropriate;

5.5 To hold and continue in his discretion any investments of my estate existing at the time of my death even though hazardous or doubtful or not authorized by law as investments for executors, without liability for any loss occasioned thereby;

5.6 To employ agents, attorneys, accountants, appraisers, investment advisors and others to act for my executor, and to pay reasonable compensation for his services;

5.7 To use administration expenses as deductions for estate tax purposes or income tax purposes, to use date of death values or alternate values for estate tax purposes, and to make any other elections available to my estate under federal or state estate or income tax laws which my executor determines will result in the smallest tax liability to my estate, unless my executor for any reason deems that course unwise, regardless of the effect on any of the interests under this my will, and I direct that there shall be no adjustment of such interests by reason of any action taken by my executor pursuant hereto;

5.8 To make any division or distribution of my estate in kind or in money or partly in kind and partly in money, and to that end to allot specific

Nicholas F Marcello AKA
Nicholas Rudolph Marcello

**NICHOLAS F. MARCELLO, a/k/a**
**NICHOLAS RUDOLPH MARCELLO**

securities or other property, real or personal, or an undivided interest therein,

to any share;

5.9 To make any distribution or payment required to be made under the provisions of this will to any person who is under the age of majority or who is under any disability directly to such person upon his or her individual receipt therefor (which shall be a valid discharge in spite of the minority and/or disability of such person), or to make such distribution or payment to his or her legally appointed guardian, conservator or other legal representative, or to his or her custodian under a Uniform Gifts to Minors Act or a Uniform Transfers to Minors Act, or to make such distribution or payment to anyone who may have the actual custody of such person.

5.10 To compromise any and all claims that might be filed against my estate.

**SECTION 6**

**DISCLAIMER AS TO TITLES**

The Table of Contents and all section titles are used for convenience only and have no legal or binding effect upon this my will.

**IN WITNESS WHEREOF,** I have hereunto set my hand and have written my name in the margin of the four (4) preceding pages hereof this 6th day of March, 2002.

Nicholas F. Marcello AKA Nicholas Rudolph Marcello

---

**NICHOLAS F. MARCELLO, a/k/a**
**NICHOLAS RUDOLPH MARCELLO**

Signed, published and declared by the said **NICHOLAS F. MARCELLO, a/k/a NICHOLAS RUDOLPH MARCELLO** as and for his will, in the presence of us and each of us, and we, at his request and in his presence and in the presence of each other, have hereunto subscribed our names as witnesses to its execution.

Albert Mastriano 431 Maple Ave. Barrington

James P. Ricciardo 170 Whipple St Barr[illegible]

**AFFIDAVIT**

Albert Mastriano,

being duly sworn, deposes and says:

1. I witnessed the execution of the attached will of the testator, dated March 6, 2002;

2. The signature to the will is in the handwriting of the testator;

3. The testator signed said will and declared the same to be his will in my presence and in the presence of the other witness;

4. The witnesses signed said will as witnesses in the presence of the testator and in the presence of each other;

5. At the time of execution of said will the testator appeared to be of sound mind and was eighteen (18) years of age or over; and

6. The signatures of the witnesses on the will are genuine.

Albert Mastuono

**STATE OF RHODE ISLAND**

**COUNTY OF** Bristol

Subscribed and sworn to before me at Barrington on this 6th day

of March , 2002.

John A. DeSano

**NOTARY PUBLIC**

**MY COMMISSION EXPIRES:**

6/21/05

JOHN A. DESANO NOTARY PUBLIC RHODE ISLAND



Filed: Oct. 10, 2002

FILMED Sept. 30. 2003

7

# EXHIBIT NO. C

RUDOLPH N. MARCELLO
C(O JAMES MARCELLO, POA
ATTORNEY-IN-FACT FOR RNM
152 CROSS ROAD
STETSON, MAINE 04488
TEL: 1-207-296-3433

MAY 11, 2002

ORRAINE A. DEROIS, CLERK
ARRINGTON PROBATE COURT
83 COUNTY ROAD
ARRINGTON, RI 02806

STATE OF: Rudolph N. Marcello
~~a/k/a Nickolas R.~~ Marcello
557 Maple Avenue
Barrington, RI 02806
Docket: ___-___-___

)ear Ms. Derois,

Enclosed for filing is:

(2) NOTICES OF REVOCATION BY SUBSEQUENT WRITING & (2) TYPED COPIES OF TESTATOR NICKOLAS R. MARCELLO, SIGNED, ATTESTED, & SUBSCRIBED ON APRIL 26, 2002 TO ARTHUR T. MARCELLO & JOHN A. DESANO, ESQ., REVOKING EVERYTHING ON THE PAPERS (INSTRUMENT PURPORTING TO BE A WILL & ALL OTHER DOCUMENTS) SIGNED BY SAID TESTATOR ON MARCH 6, 2002

PROOF OF SERVICE (CERTIFIED MAIL * RESTRICTED DELIVERY * RETURN RECEIPT REQUESTED)

Thank you for your assistance in this matter.

Sincerely yours,

James Marcello, POA

JAMES MARCELLO, POA
ATTORNEY*IN*FACT & SON OF RUDOLPH N. MARCELLO

cc: (w/encls.)

Arthur T. Marcello
John A. DeSano, Esq.
Rudolph N. Marcello (Testator)
Lorraine Derois, Clerk of Barr. Probate
Carol A. Baker, sw (Depart. of Elderly Affairs)
Betty Barney, RN (Home Careprovider for RNM)
James Marcello, POA (Attorney-in-Fact for RNM)
James Marcello, jr (Grandson of RNM)

TO ARTHUR MARCELLO

I REVOKE EVERYTHING ON THE PAPERS - I SIGNED AT VICS GAS STATION, ON MARCH 6, 2002, I DID NOT READ - WHAT I SIGNED I WANT PAPERS - RETURNED TO ME. AFTER I READ THEM - I MAY RECONSIDER WHAT I HAVE

SIGNED Nicholas [illegible] Marcello

1/26/[illegible]

[illegible signature]

[illegible] A. Clark

7/2/05

Arthur Marcello
130 Roffee Street
Barrington RI 02806

Mr. Arthur Marcello:

I revoke everything on the papers I signed at Vic's gas station on March 6, 2002. I did not read what I signed, I want the papers returned to me by certified mail. After I read them I may reconsider what I have signed.

Nicholas R Marcello
Nicholas R Marcello

4/26/02
Date

Notary Public
7/26/05

7/26/02
Date

JOHN DESANO JR.

I REVOKE EVERYTHING ON THE PAPER -

IT SIGNED AT VICS GAS STATION -

ON MARCH 6, 2002. I DID NOT READ WHAT -

I HAD SIGNED. I WANT THE PAPERS -

RETURED TO ME.

AFTER I READ THEM I MAY RECONSIDER -

WHAT I HAVE SIGNED

Nicholas R. Marcello

2/6/02

Debra A. Clark

7/6/05

John A Desano
459 Charles St
Providence RI 02904

Mr. DeSano:

I revoke everything on the papers I signed at Vic's gas station on March 6, 2002. I did not read what I signed, I want the papers returned to me by certified mail. After I read them I may reconsider what I have signed.

Nicholas R Marcello

4/26/02
Date

Notary Public

7/26/02
Date

IN THE

PROBATE COURT OF BARRINGTON RHODE ISLAND

ESTATE OF: RUDOLPH N. MARCELLO

557 Maple Avenue

Barrington, Rhode Island

Zip: 02806 - Tel: 1-401-245-7190

Petitioner: Attorney-in-Fact, James C. Marcello

## PROOF OF SERVICE

I, JAMES MARCELLO, do swear or declare that on this date, MAY 11, 2002, I have served a conformed copy of the enclosed

NOTICES OF REVOCATION BY SUBSEQUENT WRITING & TYPED COPY OF TESTATOR NICKOLAS R. MARCELLO, SIGNED, ATTESTED, & SUBSCRIBED ON APRIL 26, 2002 TO ARTHUR T. MARCELLO & JOHN A. DESANO,ESQ., REVOKING EVERYTHING ON THE PAPERS (INSTRUMENT PURPORTING TO BE A WILL & ALL OTHER DOCUMENTS) SIGNED BY SAID TESTATOR ON MARCH 6, 2002

on each party to the above proceeding or the party's counsel, and on every other person required to be served, by depositing an envelope containing the above documents in the United States Mail properly addressed to each of them and with postage prepaid CERTIFIED MAIL -- RESTRICTED DELIVERY -- RETURN RECEIPT REQUESTED.

The names and addresses of those served are as follows:

Arthur T. Marcello
130 Roffee Street
Barrington, RI 02806

KIERNAN, PLUNKETT, & REDIHAN
ATTN: John A. DeSano,Esq.
91 Friendship Street
Providence, RI 02903

Rudolph N. Marcello
aka Nickolas R Marcello
557 Maple Avenue
Barrington, RI 02806

Lorraine A. Derois, Clerk
BARRINGTON PROBATE COURT
283 County Road
Barrington, RI 02806

RI DEPARTMENT OF ELDERLY AFFAIRS
ATTN: Carol A. Baker,sw
160 Pine Street
Providence, RI 02903-3708

Betty Barney,RN
Home Careprovider for
Rudolph N. Marcello
77 Dorr Avenue
East Providence, RI 02915

James Marcello
Attorney-in-Fact for RNM
152 Cross Road
Stetson, ME 04488

James Marcello,jr
598 Arcade Avenue
Seekonk, MASS 02771

I declare under penalty of perjury that the forgoing is true and correct.

Executed on: MAY 11, 2002.

James Marcello, POA
JAMES MARCELLO
Attorney-in-Fact for RNM
152 Cross Road
Stetson, Maine 04488
Tel: 1-207-296-3433

6

C(0 James Marcello,poa
152 Cross Road
Stetson, Maine 04488
Tel: 1-207-296-3433

August 16, 2002

Lorraine A DeRois, Clerk
BARRINGTON PROBATE COURT
283 County Road]
Barrington, RI 02806

ESTATE OF: Rudolph N. Marcello
a/k/a Nickolas R. Marcello
557 Maple Avenue
Barrington, RI 02806
Docket: ___-___-___

Dear Lorraine,

Enclosed for filing is:

COPY OF RETURN CERTIFIED RECEIPTS - COMPLETION OF SERVICE ON MAY 15+16, 2002 - UPON: JOHN A. DESANO,ESQ. & ARTHUR T. MARCELLO OF: NICKOLAS R. MARCELLO'S REVOCATION LETTERS ATTACHED AT A: 1-2, B: 1-2

RUDOLPH N. MARCELLO'S MOTION COMPELLING PRODUCTION OF INSTRUMENT DATED MARCH 6, 2002 PURPORTING TO BE A WILL

CERTIFICATE OF AFFIRMATION IN SUPPORT OF MOTION COMPELLING PRODUCTION OF INSTRUMENT PURPORTING TO BE A WILL & ATTACMENTS A-1, A-2, B, + C

PROOF OF SERVICE

Thank you for your assistance in this matter.

Sincerely yours,

James Marcello

JAMES MARCELLO,POA
Attorney-in-fact for R.N.M.

cc: Rudolph N. Marcello (testator)
James Marcello,poa
Lorraine DeRois,Clerk of Probate
John A. DeSano,Esq.,Possessor of Purport Will
Carol A. Baker,sw,Department of Elderly Affairs

7