# Exhibit 4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JAMES C. MARCELLO;
OLIVIA A. MARCELLO

VS C. A. NO. 07-055 ML

STATE OF RHODE ISLAND, ET AL

AFFIDAVIT OF JOHN A. DESANO

I, John A. DeSano, of Barrington, Rhode Island, on oath depose and say that I prepared the will of Nicholas Marcello; that I prepared and filed the petition to admit the will to probate in the Barrington Probate Court; that during the probate proceedings I was associated with Kiernan, Plunkett & Redihan; that neither I nor any member of Kiernan, Plunkett & Redihan met with James or Olivia Marcello in October, 2003 at the Maple Avenue property or any property of theirs and neither I nor any member of the firm made any statements to either of them about any illegal arrest or prosecution; that the will which was admitted to probate was executed on March 6, 2002; that there was no conspiracy to defraud Nicholas Marcello, by myself, Albert Mastriano, or Arthur T. Marcello; that at the time the will was executed, Nicholas Marcello was not incompetent because of Alzheimer's Disease or dementia; that on the contrary, he was competent and of sound mind; that he was not "strong armed" out of his house or grabbed or stuffed into any car to flee the police; that he was not forced or

coerced in any manner; that he was not "exhorted" to sign his will; and that he signed his will freely and voluntarily.

John A. DeSano

JOHN A. DESANO

Subscribed and sworn to before me this 11 day of October 2007.

Aubrey [illegible]

Notary Public

# Exhibit 5

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

JAMES C. MARCELLO;
OLIVIA A. MARCELLO

VS C. A. NO. 07-055 ML

STATE OF RHODE ISLAND, ET AL

AFFIDAVIT OF ARTHUR T. MARCELLO

I, Arthur T. Marcello, of Barrington, Rhode Island, on oath depose and say that Arthur T. Marcello, Jr. and Thomas Marcello are my sons and that Nicholas Marcello was my brother; that neither I nor my sons met with James or Olivia Marcello in October, 2003 at the Maple Avenue property or any property of theirs and none of us made statements to either of them about any illegal arrest or prosecution; that I was with John DeSano and Albert Mastriano and Nicholas Marcello on March 6, 2002; that there was no conspiracy to defraud Nicholas Marcello by myself, Albert Mastriano or John DeSano; that at the time his will was executed on March 6, 2002, he was not incompetent because of Alzheimer's Disease or dementia; that on the contrary he was competent and of sound mind; that he was not "strong armed" out of his house or grabbed or stuffed into any car to flee police; that he was not forced or coerced in any manner; that he was not "exhorted" to sign his will; and that he signed his will freely and voluntarily.

Arthur T. Marcello
ARTHUR T. MARCELLO

Subscribed and sworn to before me this 11 day of October, 2007.

Aubrey Dubardo
Notary Public

# Exhibit 6

Barrington, RI
Date: OCT - 9 2007
A True Copy
Attest: [signature]
Town Clerk

000429

EXECUTORS' DEED

I, ARTHUR T. MARCELLO, of Barrington, RI, Executor (the "Grantor") of the ESTATE OF NICHOLAS F. MARCELLO A/K/A RUDOLPH MARCELLO, by virtue of and in exercise of the power and authority vested in us, by the power of sale contained in the Last Will and Testament of Nicholas F. Marcello filed with the Probate Court of the Town of Barrington in the State of Rhode Island referenced as Docket No. 5148, and by every other power thereunto enabling the Grantor, for consideration paid in the amount of Two Hundred Seventy-Five Thousand and 00/100 ($275,000.00) Dollars, the receipt and sufficiency of which is hereby acknowledged, do hereby grant, bargain and sell and convey to NUNO C. NEVES and NATALIA PAIVA-NEVES, of Barrington, RI, Tenants By The Entirety (the "Grantee"):

See Exhibit "A" attached hereto and made a part hereof.

I, ARTHUR T. MARCELLO, for myself, heirs, executors, administrators and assigns covenant with the Grantee that I am the duly appointed and qualified Executor, appointed by said Probate Court, and as Executor, warrant title to the said premises afore described as fully as the above-mentioned authority allows me to do, against the claims and demands of all persons claiming by, through or under me as Executor of said Estate.

Grantor hereby certify that I have complied with the smoke detector law R.I. Gen. Laws §23-28.35-1 et seq. Grantor covenants that this transfer is such that no withholding under R.I. Gen. Laws § 44-30-71.3 is required as Nicholas Marcello was a resident Rhode Island.

IN WITNESS WHEREOF, the Grantor have signed, acknowledged and delivered these presents this 6th day of February, 2004

[signature] Executor
Arthur T. Marcello, Executor

STATE OF RHODE ISLAND
COUNTY OF KENT

In Warwick in said County, on the 6th day of February, 2004, before me personally appeared the above-named ARTHUR T. MARCELLO, to me known and known by me to be the parties executing the foregoing instrument and he acknowledged said instrument by him so executed to be his free act and deed, individually and in his capacity as Executor of the Estate of Nicholas Marcello.

[signature]
Notary Public
My Commission Expires: 7/18/2005
Jeffrey F. Caffrey

Property Address:
557 Maple Avenue
Barrington, RI 02806
AP 19, Lot 18

REAL ESTATE CONVEYANCE TAX 005067

TAX $1,100.00
DATE FEB - 9 2004
RECEIVED PM

RECEIVED FOR RECORD
Barrington, R.I. FEB - 9 2004
at 10:40 o'clock ____ M
Town Clerk

557 Maple Avenue
Barrington, RI 02806

EXHIBIT A

PARCEL NO. 1

A certain tract of land with all buildings and improvements thereon situated on the Northerly side of Maple Avenue in said Town of Barrington and bounded and described as follows:

Commencing at a point on the northerly side of said Maple Avenue 197 feet 4 inches westerly from the northwest corner of Barrington Avenue and Maple Avenue and running northerly 225 feet more or less to a corner; thence turning at right angles and running westerly, bounding northerly on land now or formerly of Joseph Palumbo and wife, 98 feet and 8 inches to a corner; thence turning at right angles and running southerly 225 feet more or less to the northerly line of said Maple Avenue; thence turning at right angles and running easterly along the northerly line of said Maple Avenue 98 feet, 8 inches to the place of beginning.

PARCEL NO. 2

And also that lot or parcel of land with all buildings and improvements thereon, situated in the Town of Barrington and State of Rhode Island, bounded and described as follows:

Beginning at a point on the northerly side of Maple Avenue at the southeasterly corner of land conveyed by deed of J. Clifton Allen et al, to Salvatore A. Pezzullo and wife, dated December 3, 1940 and recorded in the records of Land Evidence in said Barrington in Book 38 at page 535; thence running northerly bounding westerly on said Pezzullo land to land now or lately of Guiseppe Palumbo and wife; thence easterly bounding northerly on said Palumbo land seventy five (75) feet to land now or lately of Peter Marcello and wife; thence southerly bounding easterly on said Marcello land two hundred twenty five (225) feet to Maple Avenue; thence westerly bounding southerly on said Maple Avenue seventy-five (75) feet to the point of beginning.

Excepting herefrom that portion of parcel number two (2) which has been previously conveyed by this grantor to Gayton A. Marcello and wife Philomena Marcello which deed is recorded in the land records for the said Town of Barrington in deed book 43 at page 488.

# Exhibit 7

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

# CIVIL FACE SHEET

DISTRICT COURT, ____________ DIVISION

| | |
|---|---|
| PLAINTIFF(S) Arthur Marcello, Executor<br>VS.<br>DEFENDANT(S) James Marcello | DEFENDANT(S), James Marcello<br>PLAINTIFF(S) Arthur Marcello, Executor |
| CASE NO. 03-5880 | CASE NO. 03-5880 |
| ATTORNEY NAME: Bernard P. Healy | ATTORNEY NAME: |

10/01/03 11:14AM 000001#2283 XX16
08/07/03 12:31 COPIES 0001#713 $1.80
SURCHARGE $10.00

## TYPE OF ACTION

- ☐ Property Damage
- ☐ Personal Injury
- ☐ Contract
- ☐ Book Account
- ☐ Landlord and Tenant
  - ☐ Possession
  - ☐ Rent, Other
- ☐ Replevin
- ☐ Administrative Appeal
- ☐ Note
- ☐ Other Tort
- ☐ Other Action

Date: 6/6/03
6-12-03

FILINGS
- ☑ Complaint Filed
- ☑ Summons Filed
- ☐ Answer Filed
- ☐ 3rd Party Comp.

vs. ____________

Date: 7/23/03

DEFAULT 08/07/03 11:05AM 000001#0178 XX10
☑ Default ENTRY FEE $60.00

By order: Clerk Alice Albuquerque
CLERK

| DATE | ACTIVITY | JUDGE |
|---|---|---|
| 6-20-03 | Motion to Dismiss | |
| 6-25-03 | obj. to motion to dismiss | |
| 6-30-03 | obj. to motion to strike | |
| 7-2-03 | Motion for Hearing 7-9-03 (T) 7-16-03 | |
| 7-9-03 | ENTERED UNDER RULE OF COURT | |
| 7/16/03 | Δ failed to appear. Ans. has been | filed. Default |

entered. π may schedule POC ub

## JUDGMENT

Judgment for: ☐ ~~Plaintiff~~ ☐ Defendant ☐ Counterclaim ☐ Other

- ☐ By Default
- ☐ By Stipulation
- ☐ For Possession
- ☐ After Trial
- ☐ Oral Proof of Claim
- ☐ Execution to Issue on ____________
- ☐ Summary Judgment
- ☐ Written Proof of Claim

~~For Damages: Amount $~~____________ Costs $____________ Interest $____________

Attorney's Fee $____________ Total Judgment $____________ Plus Statutory interest.

☐ Soldiers and Sailors Relief Act of 1940 Affidavit filed.

Order: Alice Albuquerque CLERK
Clerk

Enter: ____________
Judge

Date: 7/23/03

## EXECUTION

8-5-03 ☑ Execution Issued, in the amount of $____________.

12/23/03 ☑ Execution Returned

☐ Satisfied ☐ Unsatisfied: ☐ In Whole ☐ To extent of $____________

## SUPPLEMENTARY PROCEEDINGS

DATE:

- ☐ Citation Issued — Per Order: ____________
- ☐ Body Attachment to Issue — Per Order: ____________
- ☐ Body Attachment Withdrawn — Per Order: ____________
- ☐ Citation to Show Cause Issued — Per Order: ____________

STATE OF RHODE ISLAND
SUPREME COURT
JUDICIAL RECORDS CENTER

I hereby certify that this document is an exact photographic reproduction of the original document on file in the R.I. Supreme Court Records Center

Marqua [signature] 10-4-07
Signature Date

BPH:Sl , 3/03 1236

STATE OF RHODE ISLAND
PROVIDENCE, SC.

DISTRICT COURT
SIXTH DIVISION

ARTHUR MARCELLO, DULY APPOINTED
EXECUTOR OF THE ESTATE OF NICHOLAS
RUDOLPH MARCELLO
130 Roffee Street
Barrington, RI 02806

VS

C. A. NO. 03-5880

JAMES MARCELLO
rental premises
557 Maple Avenue
Barrington, RI

2003 JUN -6 PM 3:47
ALICE ... CLERK
DISTRICT COURT SIXTH DIVISION

**COMPLAINT FOR EVICTION**
**FOR REASON OTHER THAN NONPAYMENT OF RENT**
**RIGL 34-18-36, RIGL 34-18-38**
**AND/OR**
**COMPLAINT FOR TRESPASS AND ACTION FOR POSSESSION**

COUNT I

1. Plaintiff Landlord, Arthur Marcello, duly appointed Executor of the Estate of Nicholas Rudolph Marcello, owns and/or controls the rental premises listed above in which the defendant-tenant resides.

2. CHECK ONE:

_____ Defendant breached the tenant's obligations under the rented agreement or §34-18-24 as set forth in the attached copy of noncompliance which was mailed to the defendant. Defendant has not cured or remedied the breach. Plaintiff must attach copy of required notice of noncompliance.

XXXX Defendant has remained in possession of the rented premises following the period set forth in the attached notice of termination of tenancy which was mailed to defendant. (Plaintiff must attach copy of required termination notice).

_____Defendant breached the tenants' obligations under §34-18-24(8), (9) or (10).

3. Plaintiff seeks judgment for possession of the premises plus the costs of this action.

STATE OF RHODE ISLAND
SUPREME COURT
JUDICIAL RECORDS CENTER
I hereby certify that this document is an exact photographic reproduction of the original document on file in the R.I. Supreme Court Records Center
Signature Date 10-4-07

COUNT II

1. Arthur C. Marcello is the duly appointed executor of the Estate of Nicholas C. Marcello.

2. Nicholas F. Marcello died September 28, 2002, and at the time of his death owned that certain real property situate in the Town of Barrington at 557 Maple Avenue, Barrington, Rhode Island.

3. The defendant, James C. Marcello, has wrongfully and in violation of Chapter 20 of Title 34 of the Rhode Island General Laws entered in and upon and trespassed upon the property of the Estate of Nicholas Marcello as described above.

4. Arthur C. Marcello, as the duly appointed Executor of the Estate of Nicholas Marcello, has a right of entry into the premises and needs to enter the premises to perform properly his duties as Executor.

5. Despite demands made, James C. Marcello has refused and continues to refuse to deliver to the plaintiff possession of the premises.

Wherefore, the plaintiff demands judgment against the defendant, James C. Marcello, awarding him possession of the subject premises together with the cost of this action.

The plaintiff, by his attorneys,

Bernard P. Healy (2072)
Kiernan, Plunkett & Redihan
91 Friendship Street
Providence, RI 02903
(401) 831 2900

**STATE OF RHODE ISLAND**
**DISTRICT COURT**

**NOTICE TO QUIT**
**R.I.G.L. 34-18-37**

May 19, 2003
Date of Mailing

TO: James C. Marcello
557 Maple Avenue
Barrington, RI 02886

James C. Marcello
P. O. Box 180
Barrington, RI 02806

James C. Marcello
152 Cross Road
Stetson, Maine 04488

YOU ARE HEREBY DIRECTED TO VACATE AND REMOVE YOUR PROPERTY AND PERSONAL POSSESSIONS FROM THE PREMISES LOCATED AT 557 MAPLE AVENUE, BARRINGTON, RHODE ISLAND, AND DELIVER CONTROL OF THE PREMISES TO THE LANDLORD/OWNER, ARTHUR MARCELLO, ON OR BEFORE JUNE FIRST, 2003.

THIS NOTICE IS GIVEN FOR THE PURPOSE OF TERMIANTING YOUR TENANCY AND/OR OCCUPATION.

IF YOU FAIL TO VACATE THE PREMISES BY THE DATE SPECIFIED, AN EVICTION ACTION MAY AND WILL BE INSTITUTED AGAINST YOU WITHOUT FURTHER NOTICE. IF YOU BELIEVE YOU HAVE A DEFENSE TO THIS TERMINATION, YOU WILL BE ABLE TO RAISE THIS DEFENSE AT THE COURT HEARING.

ARTHUR MARCELLO, EXECUTOR OF THE
ESTATE OF NICHOLAS MARCELLO,
BY HIS ATTORNEY,

______________________________

BERNARD P. HEALY (2072)
KIERNAN, PLUNKETT & REDIHAN
91 FRIENDSHIP STREET
PROVIDENCE, RI 02903
(401) 831-2900
(401) 331-7123 FAX

I CERTIFY THAT I PLACED IN REGULAR U.S. MAIL, FIRST CLASS, POSTAGE PRE-PAID, A COPY OF THIS NOTICE, ADDRESSED TO THE TENANT ON THE 19TH DAY OF MAY, 2003.

BERNARD P. HEALY (2072)
KIERNAN, PLUNKETT & REDIHAN
ATTORNEY FOR ARTHUR MARCELLO,
EXECUTOR OF THE ESTATE OF
NICHOLAS MARCELLO

State of ‌e Island and Providence ‌ıtations

PROVIDENCE, SC.
1 DORRANCE PLAZA

DISTRICT COURT
SIXTH DIVISION
C.A.NO: 03-5880

PLAINTIFF

ARTHUR MARCELLO

V.

130 Roffee Street
Barrington,RI 02806

DEFENDANT

JAMES C. MARCELLO

557 Maple Avenue
Barrington,RI 02806

**MOTION TO DISMISS**

NOW COMES the above named defendant, James C Marcello, and hereby motions to this Honorable District Court for a dismissal of the above action on the grounds that the plaintiff's purported summons and complaint is not timely filed as required under the RI District Court Civil Rules RULE 3(3).

**Fact**

On June 7, 2003 the alledged attorney for the above named plaintiff, Mr. Bernard Healy, had a person alledging to be a constable,leave the purported summons and complaint at the above defendant's private property pursuant to Rule 3(3).

As of June 17, 2003 the purported summons and complaint of the plaintiff alledged attorney, Mr. Bernard Healy, has not been filed.

**Law**

**RULE 3(3) OF THE DISTRICT COURT RULES PROVIDES THAT:**

A civil action is commenced (3) by delivery of a summons and complaint to an officer for service. When method (3) is used, the complaint shall be filed with the court within ten (10) days after the completion of service;..... If the complaint is not timely filed, the actionmay be dismissed on motion and notice, and in such case the court may, in its discretion, if is shall be of the opinion that the action was vexatiously commenced, tax a reasonable attorney's fee as costs in favor of the defendant, to be recovered of the plaintiff or the plaintiff's attorney.

THEREFORE, the defendant prays, that the action be dismissed and a reasonable attorney's fee as costs in favor of the defendant to be recovered of the plaintiff's attorney as the court deems fair and just.

Dated: June 18, 2003

Respectively Submitted,
James Marcello
JAMES C. MARCELLO

DISTRICT COURT R.I.
SIXTH DIVISION - PROVIDENCE
FILED
JUN 20 2003
ALICE ALBUQUERQUE
CLERK

No. __________

IN THE

SIXTH DISTRICT COURT OF RHODE ISLAND

ARTHUR T. MARCELLO

-Plaintiff-

v.

JAMES C. MARCELLO

-Defendant-

## PROOF OF SERVICE

I, JAMES C. MARCELLO, do swear or declare that on this date, JUNE 18, 2003, I have served a conformed copy of the enclosed:

MOTION TO DISMISS

on each party to the above proceeding or the party's counsel, and on every other person required to be served, by depositing an envelope containing the above documents in the United States Mail properly addressed to each of them and with postage prepaid.

The names and addresses of those served are as follows:

Bernard P. Healy
91 Friendship Street,
Providence, RI 02903

I declare under penalty of perjury that the forgoing is true and correct.

Executed on: JUNE 18, 2003

James Marcello

JAMES C. MARCELLO
557 Maple Avenue
Barrington, RI 02806

STATE OF RHODE ISLAND
SUPREME COURT
JUDICIAL RECORDS CENTER

I hereby certify that this document is an exact photographic reproduction of the original document on file in the R.I. Supreme Court Records Center

Signature Date
10.5.07

STATE OF RHODE ISLAND
PROVIDENCE, SC.

DISTRICT COURT
SIXTH DIVISION

ARTHUR MARCELLO, EXECUTOR OF THE,
ESTATE OF NICHOLAS MARCELLO

VS.

C. A. NO. 03-5880

JAMES MARCELLO

DISTRICT COURT
SIXTH DIVISION
FILED
2003 JUL 23 PM 3:49
ALICE ALBUQUERQUE
CLERK

**APPLICATION TO CLERK FOR
ENTRY OF DEFAULT**

The plaintiff in the above-entitled action pursuant to Rule 55(a) of the Rhode Island Rules of Civil Procedure hereby makes application to the Clerk for Entry of Default for the plaintiff and against the defendant(s) for failure of said defendant(s) to plead or otherwise defend.

Said failure of defendant(s) to plead or otherwise defend is set forth in the affidavit immediately following this application.

**AFFIDAVIT**

The undersigned, being duly sworn, upon oath deposes and says:

1. That he is the duly authorized agent of the plaintiff and its attorney of record and has personal knowledge of the facts set forth in this affidavit.

2. That the plaintiff herein on the 6th day of June, 2003, filed in the action, (his/her) complaint against the defendant(s) herein.

3. That examination of the court files and records in this action shows that the said defendant(s) was/were duly served with a copy of the summons together with a copy of plaintiff's complaint.

4. That more than 20 days have elapsed since service of the summons and complaint; and

5. That the said defendant(s) herein has/have failed to plead or otherwise defend as to plaintiff's complaint; and

6. That this affidavit is executed by affiant herein in accordance with Rule 55(a) of the Rhode Island Rules of Civil Procedure, for the purpose of enabling the plaintiff herein to obtain an entry of default against the said defendant(s) herein for his/her failure to plead or otherwise defend as to the plaintiff's complaint.

STATE OF RHODE ISLAND
SUPREME COURT
JUDICIAL RECORDS CENTER
I hereby certify that this document
is an exact photographic reproduction
of the original document on file in the
R.I. Supreme Court Records Center.
Mangua 10.4.07
Signature Date

AFFIANT

Subscribed and sworn to before me this 23 day of

July, 2003

CHARLES N. REDIHAN, JR

NOTARY PUBLIC

NOTARY PUBLIC

**AFFIDAVIT AS TO MILITARY SERVICE AND COMPETENCY**

The undersigned, being duly sworn, upon oath deposes and says;

That the defendant(s) was not at the time of the commencement of the above action, nor is now in the Military Service of the United States as defined in Article I of the (Soldiers' and Sailors' Civil Relief Act of 1940" as amended, nor an infant or an incompetent.

Arthur T. Morelli
AFFIANT

Subscribed and sworn to before me this 23 day of July, 2003

Charles N. Redihan, Jr.
CHARLES N. REDIHAN, JR
NOTARY PUBLIC

**ENTRY OF DEFAULT**

It appearing that the defendant(s) in the above action, has failed to plead or otherwise defend as provided by the Rhode Island Rules of Civil Procedure;

DEFAULT is hereby entered for the plaintiff and against said defendant(s) this 23 day of July, 2003.

Alice Albuquerque
CLERK CLERK

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

EXECUTION TRESPASS AND EVICTION

FILE NUMBER: 03005880

| CITY/TOWN | COUNTY | DISTRICT COURT | EXECUTION DATE |
|---|---|---|---|
| PROVIDENCE | PROVIDENCE SC | SIXTH DIVISION | 8/05/2003 |

JUDGMENT DATE: 7/23/2003 JUDGMENT AMOUNT: $ COSTS AMOUNT: $140.00

PLAINTIFF: ARTHUR MARCELLO EXECUTOR ESTATE-NICHOLAS MARCELLO

DEFENDANT: JAMES MARCELLO

PLAINTIFF'S
ATTORNEY: JOHN A. DESANO
91 FRIENDSHIP STREET PROVIDENCE/RI

PREMISES: 557 MAPLE AVENUE
BARRINGTON/RI

2003 DEC 23 PM 10:54

TO THE SHERIFFS, THEIR DEPUTIES, AND CERTAIN AUTHORIZED CONSTABLES:

THE PLAINTIFF HAS A JUDGMENT FOR POSSESSION OF THE ABOVE DESCRIBED PREMISES AGAINST DEFENDANT AND THE DEFENDANT HAS UNJUSTLY WITHHELD FROM THE PLAINTIFF POSSESSION OF THE ABOVE DESCRIBED PREMISES AND ALSO, BY CONSIDERATION OF THE COURT, PLAINTIFF HAS RECOVERED THE AFORESAID JUDGMENT AND THE COSTS OF SUIT. THEREFORE, YOU ARE HEREBY COMMANDED TO EXECUTE THIS JUDGMENT WITHOUT DELAY, CAUSING THE PLAINTIFF TO HAVE POSSESSION OF AND IN THE DESCRIBED PREMISES WITH THE PRIVILEGES AND APPURTENANCES BELONGING THERETO. ALSO, THAT OF THE GOODS AND CHATTELS AND REAL ESTATE OF THE DEFENDANT WITHIN YOUR PRECINCT, YOU ARE COMMANDED TO CAUSE TO BE LEVIED AND PAID TO THE PLAINTIFF THE AFORESAID JUDGMENT AND COSTS OF SUIT AND SATISFACTION OF YOUR FEES.

PURSUANT TO 34-18.1-9 OF THE GENERAL LAWS OF RHODE ISLAND, 1956, AS AMENDED, THIS EXECUTION SHALL BE EXECUTED WITHIN TWENTY (20) DAYS. IF YOU SHALL FAIL TO EXECUTE SAID MANDATE WITHIN THE PRESCRIBED TIME, YOU ARE TO APPEAR BEFORE A JUSTICE OF THIS COURT AT THE REGULAR SESSION NEXT FOLLOWING SAID TWENTY (20) DAYS TO SHOW CAUSE WHY THE MANDATE OF THIS EXECUTION HAS NOT BEEN CARRIED OUT.

WRIT RETURN DATE 8/05/2004 ISSUE DATE: 8/05/2003

Alicia Albuquerque
CLERK (OR JUSTICE)
CLERK

RETURN OF SERVICE (USE REVERSE SIDE FOR ADDED RETURN OF SERVICE)

DATE SERVED: 8/13/03 MANNER OF SERVICE Took Possession

I HEREBY CERTIFY AND RETURN THAT I HAVE, AS COMMANDED, SERVED THIS WRIT UPON THE DEFENDANT Other 45.00
SERVICE 45.00 MILEAGE DATE RETURNED / /
Evict.
AUTHORIZED OFFICER

ALFRED J. HARRIS
CONSTABLE # 6060

STATE OF RHODE ISLAND
SUPREME COURT
JUDICIAL RECORDS CENTER

I hereby certify that this document is an exact photographic reproduction of the original document on file in the R.I. Supreme Court Records Center

Signature . Marquez 10-4-07
Date

# Exhibit 8

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
DISTRICT COURT

STATE OF RHODE ISLAND

Complaint No. 62/03-14824

V.

Marcello, James

DISMISSAL BY PROSECUTION (48A)

Now comes the State of Rhode Island and dismisses the above entitled matter under Rule 48 (a) of the Rules of Criminal Procedure for the following reasons:

Dismissin Ct 1 Disorderly in exchange for plea to Ct 2

STATE OF RHODE ISLAND

By: ______________________
ASSISTANT ATTORNEY GENERAL
SOLICITOR FOR CITY/TOWN OF

STATE OF RHODE ISLAND
SUPREME COURT
JUDICIAL RECORDS CENTER

I hereby certify that this document is an exact photographic reproduction of the original document on file in the R.I. Supreme Court Records Center

Maugua 10-4-07
Signature Date

# STATE OF RHODE ISLAND DISTRICT COURT CRIMINAL COMPLAINT

0008533? ✓

| | |
|---|---|
| DISTRICT COURT NO. | 20030 14824 |
| COURT DIVISION | 6th |
| POLICE NO. | 03-289-AR |
| STATE EX REL VS. DEFENDANT (NAME AND ALIAS) | JAMES C MARCELLO Alias- J. Doe |
| DEFENDANT ADDRESS AND PHONE | 557 MAPLE AVE (STREET) BARRINGTON (CITY) RI (STATE) 401-245-8775 (PHONE) |
| DEF. D.O.B. | 02/07/1954 |
| DEF. BCI NO. | 00085337 |
| DEF. SOC. SEC. NO. | 038366795 |
| DEF. M.V. LIC. NO. | RI-7012297 |
| OFFENSE DATE | 08/13/2003 |
| ☐ DIVERS DATE | |
| OFFICER/COMPLAINANT | Sergeant Lee A Soito |
| POLICE DEPT./COMPLAINANT ADDRESS | Barrington Police Department, 100 Federal Road |
| DETERMINE ATTY DATE | |
| PRE TRIAL DATE | 8/27/03 |
| PRE-ARRAIGN CONF DATE | |
| TRIAL DATE | 9/10/03 |
| SUPERIOR CT ARRAIGN DATE | |
| MISC DATE/BAIL HRG/CONTROL | |

TO ANY JUDGE OR JUSTICE OF THE PEACE: ON BEHALF OF THE STATE I SWEAR THAT THE ABOVE DEFENDANT DID COMMIT THE FOLLOWING OFFENSES:

| OFFICER/COMPLAINANT | DATE | SWORN TO BEFORE JUDGE/JUSTICE OF THE PEACE | DATE |
|---|---|---|---|
| X Sgt L A Soito #7 [signature] | 08/13/03 | X [signature] | 8/13/03 |

## INITIAL APPEARANCE

| APPEARANCE DATE | BAIL FOR ALL COUNTS | ARRAIGNMENT DATE | JUSTICE OF THE PEACE |
|---|---|---|---|
| | $ | | |

## ARRAIGNMENT

| ARRAIGNMENT DATE | ADVISED OF RIGHTS | JURY TRIAL WAIVED | PLEA COUNT 1 | PLEA COUNT 2 | PLEA COUNT 3 |
|---|---|---|---|---|---|
| 8/13/03 | ☒ YES ☐ NO | ☐ YES ☐ NO | N/G | N/G | |

| BAIL FOR ALL COUNTS | ATTORNEY NAME | | JUDGE/JUSTICE OF THE PEACE |
|---|---|---|---|
| $ 500 PR | Pro Se | ☐ PRIVATE ☐ COURT APPT. ☐ P.D. | X [signature] |

**COUNT 1** STATUTE(S) VIOLATED 11-45-1 ☐ FELONY ☒ MISDEMEANOR ☐ VIOLATION ☐ ORDINANCE

DISORDERLY CONDUCT

"did then and there intentionally, knowingly, or recklessly engage in fighting or threatening, or in violent or tumultuous behavior, in violation of the General Laws of RI 1956, as amended"

DISPOSITION: ☒ DISMISSAL ☐ GUILTY PLEA ☐ NOLO PLEA ☐ GUILTY FINDING ☐ NOT GUILTY FINDING ☐ CASE FILED 1 YEAR ☐ INFO/TRUE BILL ☐ NO INFO/NO TRUE BILL ☐ OTHER ______

SENTENCE IMPOSED: 48A

PROCEEDING: ☐ ARRAIGN ☐ PRE TRIAL ☐ TRIAL ☐ OTHER — APPEAL TAKEN ☐ — JUDGE X — DATE 2/24/04

**COUNT 2** STATUTE(S) VIOLATED 11-32-1 ☐ FELONY ☒ MISDEMEANOR ☐ VIOLATION ☐ ORDINANCE

OBSTRUCTING OFFICER IN EXECUTION OF DUTY

"did then and there obstruct Chief John LaCross, Ptlm. Handfield of the Barrington Police Dept., and Constable Alfred J. Harris of the U.S. District Court, by refusing to leave and obey a valid court order, while said officers was in the execution of his duties,in violation of the GL of RI 1956 amended"

DISPOSITION: ☐ DISMISSAL ☐ GUILTY PLEA ☒ NOLO PLEA ☐ GUILTY FINDING ☐ NOT GUILTY FINDING ☐ CASE FILED 1 YEAR ☐ INFO/TRUE BILL ☐ NO INFO/NO TRUE BILL ☐ OTHER ______

SENTENCE IMPOSED: 1 yr susp 1 yr prob NCO – 557 Maple Ave Barrington Co 5-6

PROCEEDING: ☐ ARRAIGN ☐ PRE TRIAL ☐ TRIAL ☐ OTHER — APPEAL TAKEN ☐ — JUDGE X B Bucci — DATE 2/24/04

**COUNT 3** STATUTE(S) VIOLATED ☐ FELONY ☐ MISDEMEANOR ☐ VIOLATION ☐ ORDINANCE

DISPOSITION: ☐ DISMISSAL ☐ GUILTY PLEA ☐ NOLO PLEA ☐ GUILTY FINDING ☐ NOT GUILTY FINDING ☐ CASE FILED 1 YEAR ☐ INFO/TRUE BILL ☐ NO INFO/NO TRUE BILL ☐ OTHER

SENTENCE IMPOSED:

PROCEEDING: ☐ ARRAIGN ☐ PRE TRIAL ☐ TRIAL ☐ OTHER — APPEAL TAKEN ☐ — JUDGE X — DATE

VICTIM(S) NOTIFIED: ☐ ARRAIGNMENT ☐ PRE TRIAL ☐ TRIAL

VICTIM(S) APPEARED: ☐ ARRAIGNMENT ☐ PRE TRIAL ☐ TRIAL

CASE TYPE: ☐ DOMESTIC VIOLENCE

IMMEDIATE APPEAL TAKEN: DATE — JUDGE X

ADDITIONAL COUNTS ATTACHED ☐

D001 3/99 COURT COPY

STATE OF RHODE ISLAND
SUPREME COURT
JUDICIAL RECORDS CENTER
I hereby certify that this document is an exact photographic reproduction of the original document on file in the R.I. Supreme Court Records Center

C. Mangua 10-4-07
Signature Date

# Exhibit 9

1236

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

ARTHUR MARCELLO, EXECUTOR OF THE
ESTATE OF NICHOLAS MARCELLO

VS

C. A. NO. 2003-6003

JAMES MARCELLO, ALIAS JOHN DOE

## COMPLAINT

1. The plaintiff, Arthur Marcello, is a duly appointed executor of the Estate of Nicholas Marcello.

2. The defendant, James C. Marcello, is an heir-at-law of Nicholas Marcello and among the residuary beneficiaries under the Will of Nicholas Marcello duly admitted to Probate Court in the Town of Barrington.

3. At the time of his death, Nicholas Marcello owned certain real property situated in the Town of Barrington at 557 Maple Avenue which property became a part of the Estate of Nicholas Marcello currently under the control of Arthur Marcello.

4. Pursuant to his duties as executor and pursuant to the direction of the Last Will and Testament of Nicholas Marcello, Arthur Marcello has duly advertised the property for sale and has had offers made in reference to the property which offers as executor he wishes to accept.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

5. James C. Marcello wrongfully occupied the subject premises at 557 Maple Avenue and refused to vacate the same.

6. On or about June 7, 2003, plaintiff commenced against defendant an action for trespass and ejectment in the District Court – Sixth Division bearing Civil Action No. 2003-5880.

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2003 NOV 14 P 2: 15

Rec 11/7 35

RLP
N
2072

7. Judgment has entered against James C. Marcello in reference to that case, which judgment was not appealed.

8. The plaintiff has received an execution from the District Court – Sixth Division to be levied upon James C. Marcello and execution was served upon him on August 13, 2003.

9. James C. Marcello refused voluntarily to vacate the premises, and as a result of his conduct during the course of the levy of execution, James C. Marcello was charged with disorderly conduct and obstructing a police officer in the performance of his duty.

10. After being physically evicted from the premises, the defendant, James C. Marcello, did wrongfully break and enter into the premises and reoccupy the same.

11. James C. Marcello's continued occupation of the premises constitutes a continuing and willful trespass.

12. As a direct and proximate result of the wrongful conduct of the defendant, James C. Marcello, Arthur Marcello has been unable to perform his duties as executor and has suffered irreparable harm in that the estate is being wasted, Arthur Marcello is prevented from selling the subject premises and disbursing to the beneficiaries under the Will and is incurring significant legal expense.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

13. The plaintiff, Arthur Marcello, is without an adequate legal remedy in that, among other things, the defendant, James C. Marcello, has ignored and continues to ignore valid decrees of the probate court and judgment of the District Court – Sixth Division awarding Arthur Marcello possession.

WHEREFORE, plaintiff respectfully requests that a preliminary injunction enter and that the court order the defendant, James C. Marcello, to vacate the subject premises at 557 Maple Avenue, Barrington, Rhode Island immediately, that James C. Marcello be restrained and enjoined from attempting to reenter the subject premises, that James C. Marcello be enjoined from filing specious documents, including deeds in the Land Evidence Records in the Town of Barrington, that James C. Marcello be permanently restrained and enjoined from interfering with Arthur Marcello in the performance of his duties as executor, that James C. Marcello be restrained and enjoined from having any further contact with Arthur Marcello, that Arthur Marcello be granted all other relief just and due in the premises, including a reasonable attorney's fee and the costs of the within action.

The plaintiff, by his attorney,

Bernard P. Healy (2072)
KIERNAN, PLUNKETT & REDIHAN
91 Friendship Street
Providence, RI 02903
(401) 831-2900
(401) 331-7123 FAX

Dated: November 14, 2003

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

ARTHUR MARCELLO, Executor of the
Estate of Nicholas Marcello

VS.

C.A. NO. 2003-6003

JAMES C. MARCELLO, Alias John Doe

# ORDER

This matter came before the court, Mr. Justice Clifton presiding, on the 8th, 9th and 12th of December, 2003 upon the motion of the plaintiff, Arthur Marcello, Executor of the Estate of Nicholas Marcello, for a preliminary injunction against James C. Marcello, defendant. After hearing thereon, and in consideration thereof, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. The motion of the plaintiff for a preliminary injunction against James C. Marcello ordering him to vacate the premises at 557 Maple Avenue, Barrington, Rhode Island and that James C. Marcello thereafter be restrained and enjoined from attempting to reenter the subject premises is granted and James C. Marcello is preliminarily enjoined and restrained from attempting to reenter the subject premises.

2. The plaintiff's motion for a preliminary injunction enjoining James C. Marcello from filing documents, including deeds in the land evidence records of the Town of Barrington, is granted and James C. Marcello is preliminary restrained and enjoined from filing any documents in the land evidence records of the Town of Barrington which purport to grant him title to that real estate situated at 557 Maple Avenue, Barrington, Rhode Island.

3. The motion of Arthur Marcello for a preliminary injunction restraining and enjoining James C. Marcello from interfering with Arthur Marcello in the performance of his duties as executor is granted and James C. Marcello is restrained and enjoined from interfering with Arthur Marcello in the performance of his duties as executor of the estate of Nicholas Marcello.

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2003 DEC 16 P 4:10

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

4. The motion of Arthur Marcello for a preliminary injunction enjoining James C. Marcello from having any further contact with Arthur Marcello is denied.

By ORDER:

J. DeCosta
Dep. Clerk 12/19/03

ENTER:

Clifton
Clifton, J. Dec 19, 2003

Prepared by:

Bernard P. Healy #2072
KIERNAN, PLUNKETT & REDIHAN
91 Friendship Street
Providence, RI 02903
(401) 831-2900
(401) 331-7123 (FAX)

To: James C. Marcello
152 Cross Road
Stetson, Maine 04488

CERTIFICATION

I hereby certify that I mailed a copy of the within to the party listed above.

Dated: December 15, 2003 B. Brown

A True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

STATE OF RHODE ISLAND
SUPERIOR COURT

Arthur Marcello :
:
vs. : C.A. PC-03-6003
:
James Marcello :

**ORDER**

Plaintiff's prayer for temporary restraining order / preliminary injunction

came on for hearing before Mr. Justice Clifton on Dec. 12, 2003, after hearing thereon it is hereby

**ORDERED, ADJUDGED and DECREED as follows:**

1. Plaintiff's prayer for ~~(temporary restraining order)~~ preliminary injunction is hereby **GRANTED.** Defendant is hereby restrained from interfering, molesting, harassing or contacting the plaintiff until further order of this Court.

2. Take notice of R.I.G.L., 11-59-3, attached.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

**ENTER:**

12/12/03

**BY ORDER:**

Marybeth K Rachille

1236 CNR:SH 9/26/07

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

ARTHUR MARCELLO, EXECUTOR OF THE
ESTATE OF NICHOLAS MARCELLO

VS

C. A. NO. 03 6003

JAMES C. MARCELLO, ALIAS JOHN DOE

**JUDGMENT**

The above matter came on for hearing before Justice Pfeiffer on September 25, 2006, for trial and after hearing thereon judgment is entered for the plaintiff on the plaintiff's complaint for a permanent injunction enjoining James C. Marcello from filing documents, including deeds, in land evidence records of the Town of Barrington, is granted. James C. Marcello is permanently restrained and enjoined from filing any documents in land evidence records of the Town of Barrington which affect or relate to the title to the real estate situated at 557 Maple Avenue, Barrington, Rhode Island.

BY ORDER:

ENTER

Pfeiffer, J.

Dated: 10-18-06

2006 OCT 18 A 9:42
FILED
CLERK

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

# Exhibit 10

**Marcello** v. Neves
R.I. 2006.

Supreme Court of Rhode Island.
James C. **MARCELLO**
v.
Nuno C. NEVES et al.
**No. 2005-176-Appeal.**

Nov. 6, 2006.

James C. **Marcello**, pro se.
James Moretti.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

**ORDER**

The plaintiff, James C. **Marcello**, appeals from the Superior Court's grant of summary judgment in favor of the defendants, Nuno C. Neves and Natalia Paiva-Neves. This case was scheduled to come before this Court for oral argument on September 25, 2006, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After reviewing the memoranda submitted by the parties, we are of the opinion that this appeal may be decided at this time, without further briefing or argument.[FN1] For the reasons set forth in this order, we deny the appeal and affirm the judgment of the Superior Court.

FN1. This Court did not hear oral arguments in this case because plaintiff, who has been representing himself before this Court, failed to appear at the call of the calendar on September 25. On that morning, at the direction of the Court, counsel for defendant telephoned plaintiff at his residence in Maine and then reported to the Court that plaintiff averred that he had not received notice of the September 25 proceedings. However, the records of this Court indicate that notice of said proceedings was sent by regular mail to plaintiff at his residence in Maine on August 15, 2006. Accordingly, we shall decide this case on the basis of the memoranda submitted by the parties.

Mr. Nicholas **Marcello** ("decedent"), plaintiff's father, died testate on September 28, 2002. On April 21, 2003, the Probate Court of the Town of Barrington issued an order admitting the decedent's Will to probate and appointed Mr. Arthur **Marcello** (the decedent's brother) as executor of the estate.[FN2] Significantly, plaintiff did not appeal that order, and it therefore became final upon expiration of the period allowed for appeals pursuant to G.L. 1956 § 33-23-1. *See Bilotti v. LaSalle,* 506 A.2d 1362, 1365 (R.I.1986).

FN2. The Will nominated Mr. Arthur **Marcello** as executor of the estate, and it specifically authorized the executor to sell any or all of the decedent's assets.

At that juncture, the executor filed a motion for preliminary injunction in the Providence County Superior Court. On December 19, 2003, a Superior Court hearing justice issued the injunction, ordering plaintiff to (1) vacate the property and restrain from reentering it; (2) restrain from filing any documents in the Land Evidence Records of the Town of Barrington concerning title to the property; and (3) restrain from further interfering with the executor's duties.

In accordance with the power of sale clause contained in the Will, on February 6, 2004, the executor sold the decedent's real property located at 557 Maple Avenue in Barrington to defendants for

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

$275,000. In spite of the fact that the property had been sold, plaintiff, who was still living at the residence at the time of the sale, refused to vacate the property.

In May of 2004, plaintiff filed a motion with the Probate Court seeking to set ***421** aside the sale of the Maple Avenue property due to what he alleged was a grossly inadequate price, but that motion was denied in an order issued by the Probate Court. The plaintiff did not appeal that ruling; consequently, it became final when the period for appeals under § 33-23-1 came to an end. *See Bilotti,* 506 A.2d at 1365.

Then, on July 18, 2004, plaintiff commenced a civil action in the Providence County Superior Court against defendants, alleging that he was the rightful owner of the property at issue. The plaintiff requested that a "writ of possession * * * be issued, [g]ranting possession to the plaintiff * * *" and that he be awarded damages. On March 29, 2005, the hearing justice in the Superior Court granted summary judgment in favor of defendants. The plaintiff has appealed from that judgment.

This Court reviews the grant of a motion for summary judgment *de novo,* applying the same standards as were used by the motion justice. *Neri v. Ross-Simons, Inc.,* 897 A.2d 42, 47 (R.I.2006); *Henshaw v. Doherty,* 881 A.2d 909, 914 (R.I.2005). We will uphold the judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Ritter v. Mantissa Investment Corp.,* 864 A.2d 601, 604 (R.I.2005). In making that determination, this Court will review the evidence-pleadings, depositions, answers to interrogatories, admissions on file, and affidavits-in the light most favorable to the nonmoving party. Super. R. Civ. P. 56(c); *see also Ritter,* 864 A.2d at 604. The nonmoving party must establish the existence of a disputed material issue of fact by "competent evidence" in order to successfully defeat the motion; the nonmoving party may not rest merely on allegations or denials in the pleadings, nor merely on conclusions or legal opinions. *Accent Store Design, Inc. v. Marathon House, Inc.,* 674 A.2d 1223, 1225 (R.I.1996); *see also Neri,* 897 A.2d at 47.

It is our opinion that summary judgment was appropriately granted in this case because the suit at issue was barred by the doctrine of res judicata. That doctrine acts to prevent the relitigation of issues that were, or could have been, adjudicated in a prior action. *Lennon v. Dacomed Corp.,* 901 A.2d 582, 590 (R.I.2006). Application of the doctrine of res judicata requires (1) identity of parties; (2) identity of issues; and (3) finality of the judgment in the earlier action. *Ritter,* 864 A.2d at 605.

In the instant case, all three of the requirements set forth in *Ritter* were satisfied. First, the present parties are identical to, or are in privity with, the parties to the former action. Second, the issue presented-whether plaintiff is the rightful owner of the property in question-was identical. Finally, both orders of the Probate Court became final when plaintiff failed to appeal within the period required by § 33-23-1. *See Bilotti,* 506 A.2d at 1365.

Since res judicata applies in this context, there is no genuine issue of material fact and the defendants were entitled to judgment as a matter of law. Accordingly, the grant of the defendants' motion for summary judgment was proper.

Therefore, the plaintiff's appeal is denied and dismissed in its entirety. The papers in this case may be returned to the Superior Court.

R.I. 2006.
Marcello v. Neves
912 A.2d 420

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# Exhibit 11

IN THE
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RH E ISLAND

JAMES C. MARCELLO, &
OLIVIA A. MARCELLO

Plaintiffs

vs.

CA NO. 05-004 ML

JOHN A DESANO, BERNARD P HEALY
JOHN LACROSS, ALBERT MASTRIANO
ARTHUR T MARCELLO, and the
STATE OF RHODE ISLAND

Defendants

## PLAINTIFFS' AMENDED BILL OF COMPLAINT

To The U.S. District Court ~~In~~ Rhode Island

Greetings:

1. The grounds upon which the jurisdiction of the Court depends are that this is a suit between the defendants all citizens of the State of Rhode Island and the plaintiffs both citizens of a different state, the State of Maine, and the matter in controversy herein, exclusive of interest, costs, and damages, exceeds the sum of $1,500,000.00.

2. Mr. James & Olivia Marcello, the plaintiffs, of 152 Cross Road, Stetson,Maine, complains against attorneys John A. DeSano and Bernard P. Healy, of 91 Friendship Street, Providence,RI, John La~~Cross,~~ ~~Chief~~ of the Barrington Police Department, of 100 Federal Road, Albert Mastriano, of 431 Maple Avenue, Arthur T. Marcello, of 130 Roffee Street, all of the town of Barrington,RI, and the State of Rhode Island, in it's behalf Attorney General Patrick Lynch, of 150 South Main Street,

and or Governor Donald Carcieri, of 222 State House, both of the city of Providence, and in the )tate of Rhode Island, the plaintiffs says:

3. On and about August 13, 2003, the defendants, attorney John A. DeSano, attorney Bernard P. Healy, Arthur T. Marcello, and Albert Mastriano, under color of state law, did then and there in the Town of Barrington, R.I., conspired with a local official one Chief John LaCross of the Barrington Police Department,. and reached an understanding to commit crimes against the constitutional rights of the plaintiffs, Mr. James & Olivia Marcello, by depriving them of their "Life, liberty, & Property" without due process of law.

This violation is made pursuant to Title 42 USCS § 1983.

4. On and about December 10, 2003, the defendants, attorney John A. DeSano, attorney Bernard P. Healy, Arthur T. Marcello, and Albert Mastriano, under color of state law, did then and there in the Town of Barrington, R.I., conspired with a local official one Chief John LaCross of the Barrington Police Department, and reached an understanding to commit crimes against the constitutional rights of the plaintiffs, Mr. James & Olivia Marcello, by depriving them of their "Life, Liberty, & Property" without due process of law.

This violation is made pursuant to Title 42 USCS § 1983.

5. That the defendants knowingly and willingly entered into an enterprise, (RICO), and further agreed that only the members of this said enterprise, (RICO), are to violate this statute.

This violation is made pursuant to Title 18 USCS § 1961.

6. That on February 6, 2004, the Diamond Funding Corporation president treasurer i Cranston Rhode Island, Ms. Ava Martinelli, engaged in a fraudulent scheme with said defendants in financing and assigning the mortgage to Mortgage Electronic Registration System in Flint, MI, of the said embezzled and fraudulently converted property of the plaintiffs located at 557 Maple Avenue, in the town of Barrington, R.I.

This violation is made pursuant to Title 18 USCS §. 1961.

PRAYER FOR RELIEF

Wherefore the plaintiffs prays:

1. That the sum of ($1,500,000.00) be ordered to the defendants to pay over to the plaintiffs.

2. That the fraudulent sale of the property located at 557 Maple Avenue in Barrington R.I. be vacated for fraud.

3. That the plaintiffs be granted possession.

4. That the occupant purchasers Mr. Nuno & Natalia Paiva-Neves be ordered to vacate the premises.

5. That the plaintiffs Mr. James & Olivia Marcello may receive any and all other relief as the circumstances in the cause may require.

PRAYER FOR PROCESS

The plaintiffs further prays:

That this Honorable Court to issue its writs of subpoena, in due form of law and according to the course and practice of the Court, directed to the said defendants, attorney John A. DeSano, attorney Bernard P. Healy, Chief John LaCross of the Barrington Police Department, Albert Mastriano, Arthur T. Marcello, and the State of Rhode Island, in it's behalf Attorney General Patrick Lynch and or Governor Donald Carcieri, the defendants as aforesaid, commanding them at a certain day and under a certain penalty to be therein specified to appear before this Honorable Court to answer under oath all and singular the matter and things hereinbefore set forth and complained of and to stand by and abide and perform all the orders and decrees of the Court herein.

Respectively Submitted,

James Marcello

Mr. James & Olivia Marcello
152 Cross Road
Stetson, ME 04488
(207) 296-3433