# Exhibit 13

4-06

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

**JAMES C. MARCELLO**
**OLIVIA A. MARCELLO**

**v.**

**C.A. NO: 05-004ML**

**JOHN A. DESANO, BERNARD HEALY, JOHN LACROSS, ALBERT MASTRIANO and ARTHUR T. MARCELLO**

## JUDGMENT

[ ] Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered it's verdict.

[X] Decision by the Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED:

**Judgment is hereby entered for the defendants, John A. DeSano, Bernard Healy, John Lacross, Albert Mastriano and Arthur Marcello against the plaintiffs, James C. Marcello and Olivia A. Marcello, pursuant to the Memorandum and Order dated April 7, 2006 accepting the Report and Recommendation of Magistrate Judge David L. Martin pursuant to Title 28 U.S.C. § 636(b)(1) GRANTING the defendants' Motions to Dismiss.**

Enter:

Barbara Barletta
Deputy Clerk

**DATED: April 10, 2006**

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JAMES C. MARCELLO and
OLIVIA A. MARCELLO

v. CA 05-004 ML

JOHN A. DESANO, BERNARD P. HEALY,
JOHN LACROSS, ALBERT MASTRIANO,
and ARTHUR T. MARCELLO

MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Objection to a Report and Recommendation issued by United States Magistrate Judge Martin on March 23, 2006. In the Report and Recommendation, Magistrate Judge Martin recommends that Defendants DeSano, Healey, Mastriano, and Arthur Marcello's ("Moving Defendants") Motion to Dismiss pursuant to Fed. R. Civ. P. 12(6)(6) be granted; that Moving Defendants' Motion to Dismiss for Plaintiffs' Failure to Attend Deposition be denied; and that Defendant LaCross' Motion to Dismiss for Plaintiff's Failure to Attend Deposition be granted.

Because the motions seek dispositive relief, this Court is required to "made a *de novo* determination of those portions of the report or specified proposed findings or recommendation to which objection is made." 28 U.S.C. § 636(b)(1). This Court has considered Plaintiffs' objections and finds that none of them has merit. Furthermore, this Court is very familiar with the history of this litigation and Plaintiffs' abusive and obstructive conduct. This Court has reviewed the Amended Complaint filed by Plaintiffs and finds that Magistrate Judge Martin accurately described its many deficiencies.

175

Accordingly, the Court adopts the recommendation that the Moving Defendants' Motion to Dismiss be granted.

The Court has also considered Plaintiffs' failure to attend deposition and agrees with Magistrate Judge Martin's conclusion that Plaintiffs' failure to attend a properly noticed deposition was "unjustified." Moreover, this Court finds that Plaintiffs' failure to submit to a deposition after having been ordered to do so and warned by the Magistrate Judge constitutes a flagrant and willful defiance of a Court order. The Court, therefore, agrees with Magistrate Judge Martin that a dismissal of the action is appropriate.

For these reasons, this Court adopts the March 23, 2006 Report and Recommendation in its entirety. The Moving Defendants' 12(b)(6) Motion to Dismiss and Defendant LaCross' Second Motion to Dismiss for Failure to Attend Deposition are GRANTED. Moving Defendants' Motion to Dismiss for Failure to Attend Deposition is DENIED as moot.

SO ORDERED:

Mary M. Lisi
Mary M. Lisi
United States District Judge
April 7 , 2006

# Exhibit 14

MANDATE

05-0000 4
USDC/RI
Lisi, J

# United States Court of Appeals
## For the First Circuit

---

[redacted]

06-1004

JAMES C. MARCELLO; OLIVIA A. MARCELLO,

Plaintiffs, Appellants,

v.

JOHN A. DESANO, ET AL.,

Defendants, Appellees.

---

Before

Boudin, Chief Judge,
Torruella and Howard, Circuit Judges.

---

**JUDGMENT**

Entered: March 14, 2006

Appellants have filed a notice of appeal from a November 29, 2005 Order of a Magistrate Judge, which has been docketed as Appeal No. 06-1003. This Order is not a final order over which we have appellate jurisdiction. See 28 U.S.C. § 1291 (giving the courts of appeals jurisdiction over appeals "from all final decisions of the *district courts* of the United States") (emphasis added); United States v. Ecker, 923 F.2d 7, 8 (1st Cir. 1991) (per curiam) ("[A] magistrate's order is not a 'final' order which can be reviewed directly by a court of appeals.").

Accordingly, Appeal No. 06-1003 is summarily dismissed for lack of jurisdiction.

Appellants have also filed a separate notice of appeal (docketed as Appeal No. 06-1004) seeking to appeal from two separate district court orders. First, appellants seek to appeal from a December 7, 2005 district court order denying their request for leave to proceed on appeal in forma pauperis in the appeal described above (Appeal No. 06-1003). The IFP request was properly denied on the ground that Appeal No. 06-1003 is an impermissible interlocutory appeal. To the extent that appellants seek to appeal

that aspect of the district court's December 7 ruling that ordered them to refrain from filing any additional motions in the district court until it had disposed of all then pending motions, that directive is also interlocutory.

Second, appellants seek to appeal from a December 13, 2005 district court order that denied an additional request for leave to proceed on appeal in forma pauperis. We have already dismissed the underlying appeal for which appellants sought IFP status (Appeal No. 05-2838) because, it too, was an impermissible interlocutory appeal from an order of a magistrate judge.

Accordingly, to the extent that Appeal No. 06-1004 seeks review of the district court directive forbidding further filings until pending motions are resolved, we summarily dismiss for lack jurisdiction and to the extent that Appeal No. 06-1004 seeks review of the denials of IFP status on appeal, we summarily affirm.

By the Court:

Richard Cushing Donovan, Clerk.

**Certified and Issued as Mandate under Fed. R. App. P. 41.**

**Richard Cushing Donovan, Clerk**

By: MARGARET CARTER
Chief Deputy Clerk.

[signature]
**Deputy Clerk**

**Date:** 4/11/06

[cc: James C. Marcello, Olivia A. Marcello, Robert W. Smith, Esq., Marc DeSisto, Esq., Michael A. DeSisto, Esq.]

MANDATE

05-0000 4
USDC/RI
Lisi, J

# United States Court of Appeals
## For the First Circuit

---

Nos. 06-1003
[redacted] JAMES C. MARCELLO; OLIVIA A. MARCELLO,

Plaintiffs, Appellants,

v.

JOHN A. DESANO, ET AL.,

Defendants, Appellees.

---

Before

Boudin, Chief Judge,
Torruella and Howard, Circuit Judges.

---

JUDGMENT

Entered: March 14, 2006

Appellants have filed a notice of appeal from a November 29, 2005 Order of a Magistrate Judge, which has been docketed as Appeal No. 06-1003. This Order is not a final order over which we have appellate jurisdiction. See 28 U.S.C. § 1291 (giving the courts of appeals jurisdiction over appeals "from all final decisions of the district courts of the United States") (emphasis added); United States v. Ecker, 923 F.2d 7, 8 (1st Cir. 1991) (per curiam) ("[A] magistrate's order is not a 'final' order which can be reviewed directly by a court of appeals.").

Accordingly, Appeal No. 06-1003 is summarily dismissed for lack of jurisdiction.

Appellants have also filed a separate notice of appeal (docketed as Appeal No. 06-1004) seeking to appeal from two separate district court orders. First, appellants seek to appeal from a December 7, 2005 district court order denying their request for leave to proceed on appeal in forma pauperis in the appeal described above (Appeal No. 06-1003). The IFP request was properly denied on the ground that Appeal No. 06-1003 is an impermissible interlocutory appeal. To the extent that appellants seek to appeal

that aspect of the district court's December 7 ruling that ordered them to refrain from filing any additional motions in the district court until it had disposed of all then pending motions, that directive is also interlocutory.

Second, appellants seek to appeal from a December 13, 2005 district court order that denied an additional request for leave to proceed on appeal in forma pauperis. We have already dismissed the underlying appeal for which appellants sought IFP status (Appeal No. 05-2838) because, it too, was an impermissible interlocutory appeal from an order of a magistrate judge.

Accordingly, to the extent that Appeal No. 06-1004 seeks review of the district court directive forbidding further filings until pending motions are resolved, we summarily dismiss for lack jurisdiction and to the extent that Appeal No. 06-1004 seeks review of the denials of IFP status on appeal, we summarily affirm.

By the Court:

Richard Cushing Donovan, Clerk.

MARGARET CARTER

By: ______________________
Chief Deputy Clerk.

**Certified and Issued as Mandate under Fed. R. App. P. 41.**

**Richard Cushing Donovan, Clerk**

______________________
**Deputy Clerk**

**Date:** 4/4/06

[cc: James C. Marcello, Olivia A. Marcello, Robert W. Smith, Esq., Marc DeSisto, Esq., Michael A. DeSisto, Esq.]

# Exhibit 15

**State of Rhode Island and Providen... Plantations**

Providence Superior Court

State of Rhode Island vs James Christian Marcello

Case No: P2-2004-0586A

JUDGMENT OF CONVICTION AND COMMITMENT

On the date(s) below came the attorney for the State and the defendant, who appeared in ~~person and by counsel,~~ before the justice of the Superior Court named below.

Prosecutor: John Clayton Krollman
Defense Attorney(s): Martin A Connell

**IT IS ADJUDGED** that the defendant, having entered a plea or having been found guilty as charged of the offense(s):

Count 1: Wilfull Trespass, Plea Of Nolo Contendere, Sentenced By Magistrate McAtee, 26-Feb-2004

Suspended 1 Years
Probation 1 Years
Total Assessments $90.00

and the Court, having asked the defendant whether he/she has anything to say why judgment should not be pronounced, and no sufficient cause to the contrary being shown or appearing to the Court,

**IT IS ADJUDGED** that the defendant is guilty as charged and convicted.

**IT IS ADJUDGED** that the defendant is hereby committed to the custody of the warden of the Adult Correctional Institutions for the period stated above.

**IF CONVICTED AFTER TRIAL,** the defendant has been advised of his/her right to appeal within twenty (20) days to the Supreme Court and of his/her right, if unable to pay the cost of an appeal, to apply for leave to be represented on appeal by the public defender or to appeal in forma pauperis.

**IT IS ORDERED** that the Clerk deliver a certified copy of this judgment to the proper authority of the Adult Correctional Institutions and that the copy serve as the commitment of the defendant.

TRUE COPY ATTEST

True Copy Attest

Clerk | Justice, Superior Court | Date

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

# STATE OF RHODE ISLAND DISTRICT COURT
## CRIMINAL COMPLAINT

| DISTRICT COURT NO. | COURT DIVISION | POLICE NO. |
|---|---|---|
| | 6 TH | 03-1457-OF |

STATE EX REL VS. DEFENDANT (NAME AND ALIAS): James Marcello, Alias J. Doe

DEFENDANT ADDRESS AND PHONE: 557 Maple Avenue, Barrington, RI

| DEF. D.O.B. | DEF. BCI NO. | DEF. SOC. SEC. NO. | DEF. M.V. LIC. NO. |
|---|---|---|---|
| 02/07/1954 | 00035337 | 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 | RI-7012297 |

| DETERMINE ATTY DATE | PRETRIAL DATE |
|---|---|
| 12-17-03 | |
| PRE-ARRAIGN CONF DATE | TRIAL DATE |
| 2-16-03 | |
| SUPERIOR CT ARRAIGN DATE | MISC DATE/BAIL HRG/CONTROL |
| 2-18-03 | 12-17-03 |

OFFENSE DATE: 11/17/2003 ☐ DIVERS DATE

OFFICER/COMPLAINANT: Sgt. Lee A. Soito

POLICE DEPT./COMPLAINANT ADDRESS: Barrington Police Department, 100 Federal Road

TO ANY JUDGE OR JUSTICE OF THE PEACE: ON BEHALF OF THE STATE I SWEAR THAT THE ABOVE DEFENDANT DID COMMIT THE FOLLOWING OFFENSES:

| OFFICER/COMPLAINANT | DATE | SWORN TO BEFORE JUDGE/JUSTICE OF THE PEACE | DATE |
|---|---|---|---|
| X Sgt. L. A. Soito #7 | 11/26/03 | X [signature] | 11/26/03 |

### INITIAL APPEARANCE

| APPEARANCE DATE | BAIL FOR ALL COUNTS | ARRAIGNMENT DATE | JUSTICE OF THE PEACE |
|---|---|---|---|
| | $ | | |

### ARRAIGNMENT

| ARRAIGNMENT DATE | ADVISED OF RIGHTS | JURY TRIAL WAIVED | PLEA COUNT 1 | PLEA COUNT 2 | PLEA COUNT 3 |
|---|---|---|---|---|---|
| 12-10-03 | ☒ YES ☐ NO | ☐ YES ☐ NO | NO Plea | NO Plea | |

| BAIL FOR ALL COUNTS | ATTORNEY NAME | | JUDGE/JUSTICE OF THE PEACE |
|---|---|---|---|
| $ 5,000 w/s | wants to be pro se | ☐ PRIVATE ☒ COURT APPT. PD | X [signature] |

**COUNT 1** STATUTE(S) VIOLATED: 11-44-26 ☐ FELONY ☒ MISDEMEANOR ☐ VIOLATION ☐ ORDINANCE

TRESPASS ON PUBLIC OR PRIVATE PROPERTY

"did then and there willfully trespass upon certain property, to wit: 557 Maple Avenue, Barrington, RI, after having been forbidden to do so by a person legally entitled to the possession of such domicile Arthur Marcello on 10/01/03, Det. Sirrell & Det. Sgt. Decrescenzo on 11/14/03, & Superior Court Judge McGuirl on 11/17/03, in violation of the G.L.R.I 1956 as amended."

DISPOSITION: ☐ DISMISSAL ☐ GUILTY PLEA ☐ NOLO PLEA ☐ GUILTY FINDING ☐ NOT GUILTY FINDING ☐ CASE FILED 1 YEAR ☐ INFO/TRUE BILL ☐ NO INFO/NO TRUE BILL ☐ OTHER ______

SENTENCE IMPOSED:

PROCEEDING: ☐ ARRAIGN ☐ PRE TRIAL ☐ TRIAL ☐ OTHER

APPEAL TAKEN ☐ JUDGE X DATE

**COUNT 2** STATUTE(S) VIOLATED: 11-8-2 ☒ FELONY ☐ MISDEMEANOR ☐ VIOLATION ☐ ORDINANCE

BREAKING AND ENTERING

"did then and there break into the dwelling of Arthur Marcello of 557 Maple Avenue, Barrington, R.I., without the consent of the owner thereof, in violation of the General Laws of R.I., 1956, Title 11, Chapter 8, Section 2 reenactment."

DISPOSITION: ☐ DISMISSAL ☐ GUILTY PLEA ☐ NOLO PLEA ☐ GUILTY FINDING ☐ NOT GUILTY FINDING ☐ CASE FILED 1 YEAR ☐ INFO/TRUE BILL ☐ NO INFO/NO TRUE BILL ☐ OTHER ______

SENTENCE IMPOSED:

PROCEEDING: ☐ ARRAIGN ☐ PRE TRIAL ☐ TRIAL ☐ OTHER

APPEAL TAKEN ☐ JUDGE X DATE

True Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

**COUNT 3** STATUTE(S) VIOLATED: ☐ FELONY ☐ MISDEMEANOR ☐ VIOLATION ☐ ORDINANCE

DISPOSITION: ☐ DISMISSAL ☐ GUILTY PLEA ☐ NOLO PLEA ☐ GUILTY FINDING ☐ NOT GUILTY FINDING ☐ CASE FILED 1 YEAR ☐ INFO/TRUE BILL ☐ NO INFO/NO TRUE BILL ☐ OTHER ______

SENTENCE IMPOSED:

PROCEEDING: ☐ ARRAIGN ☐ PRE TRIAL ☐ TRIAL ☐ OTHER

APPEAL TAKEN ☐ JUDGE X DATE

VICTIM(S) NOTIFIED: ☐ ARRAIGNMENT ☐ PRE TRIAL ☐ TRIAL

VICTIM(S) APPEARED: ☐ ARRAIGNMENT ☐ PRE TRIAL ☐ TRIAL

CASE TYPE: ☐ DOMESTIC VIOLENCE

IMMEDIATE APPEAL TAKEN: DATE JUDGE X

ADDITIONAL COUNTS ATTACHED ☐

D001 3/99

COURT COPY

# STATE OF RHODE ISLAND DISTRICT COURT CRIMINAL COMPLAINT

| DISTRICT COURT NO. | COURT DIVISION | POLICE NO. |
|---|---|---|
| | 3 TH | 03-1457-OF |

STATE EX REL VS. DEFENDANT (NAME AND ALIAS): James Marcello Alias J. Doe

DEFENDANT ADDRESS AND PHONE: 557 Maple Avenue, Barrington, RI (STREET / CITY / STATE / PHONE)

| DEF. D.O.B. | DEF. BCI NO. | DEF. SOC. SEC. NO. | DEF. M.V. LIC. NO. | DETERMINE ATTY DATE | PRE TRIAL DATE |
|---|---|---|---|---|---|
| 02/07/1951 | 00035327 | 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 | RI-7013297 | 12-17-03 | |

| OFFENSE DATE | DIVERS DATE | OFFICER/COMPLAINANT | PRE-ARRAIGN CONF DATE | TRIAL DATE |
|---|---|---|---|---|
| 11/17/2003 | ☐ | Sgt. Lee A. Soito | 2-11-03 | |

| POLICE DEPT./COMPLAINANT ADDRESS | SUPERIOR CT ARRAIGN DATE | MISC. DATE/BAIL HRG/CONTROL |
|---|---|---|
| Barrington Police Department, 100 Federal Road | 2-18-03 | 12-10-03 |

TO ANY JUDGE OR JUSTICE OF THE PEACE: ON BEHALF OF THE STATE I SWEAR THAT THE ABOVE DEFENDANT DID COMMIT THE FOLLOWING OFFENSES:

| OFFICER/COMPLAINANT | DATE | SWORN TO BEFORE JUDGE/JUSTICE OF THE PEACE | DATE |
|---|---|---|---|
| X [signature] Sgt. ... #7 | 11/26/03 | X [signature] | 11/26/03 |

## INITIAL APPEARANCE

| APPEARANCE DATE | BAIL FOR ALL COUNTS | ARRAIGNMENT DATE | JUSTICE OF THE PEACE |
|---|---|---|---|
| | $ | | |

## ARRAIGNMENT

| ARRAIGNMENT DATE | ADVISED OF RIGHTS | JURY TRIAL WAIVED | PLEA COUNT 1 | PLEA COUNT 2 | PLEA COUNT 3 |
|---|---|---|---|---|---|
| 12-10-03 | ☒ YES ☐ NO | ☐ YES ☐ NO | NO Plea | NO Plea | |

| BAIL FOR ALL COUNTS | ATTORNEY NAME | | JUDGE/JUSTICE OF THE PEACE |
|---|---|---|---|
| $ 5,000 w/sv | wants to be own | ☐ PRIVATE ☐ COURT APPT. ☒ P.D. | X [signature] |

**COUNT 1** STATUTE(S) VIOLATED 11-44-26 ☐ FELONY ☒ MISDEMEANOR ☐ VIOLATION ☐ ORDINANCE

TRESPASS ON PUBLIC OR PRIVATE PROPERTY
"did then and there willfully trespass upon certain property, to wit: 557 Maple Avenue, Barrington, RI, after having been forbidden to do so by a person legally entitled to the possession of such domicile Arthur Marcello on 10/01/03, Det. Dirrall & Det. Sgt. Decrescenzo on 11/14/03 & Superior Court Judge McGuird on 11/17/03, in violation of the G.L.R.I 1956 as amended."

DISPOSITION: ☐ DISMISSAL ☐ GUILTY PLEA ☐ NOLO PLEA ☐ GUILTY FINDING ☐ NOT GUILTY FINDING ☐ CASE FILED 1 YEAR ☐ INFO/TRUE BILL ☐ NO INFO/NO TRUE BILL ☐ OTHER ____

SENTENCE IMPOSED

PROCEEDING: ☐ ARRAIGN ☐ PRE TRIAL ☐ TRIAL ☐ OTHER — APPEAL TAKEN ☐ — JUDGE X — DATE

**COUNT 2** STATUTE(S) VIOLATED 11-8-2 ☒ FELONY ☐ MISDEMEANOR ☐ VIOLATION ☐ ORDINANCE

BREAKING AND ENTERING
"did then and there break into the dwelling of Arthur Marcello of 557 Maple Avenue, Barrington, R.I., without the consent of the owner thereof, in violation of the General Laws of R.I., 1956, Title 11, Chapter 8, Section 2 reenactment."

DISPOSITION: ☐ DISMISSAL ☐ GUILTY PLEA ☐ NOLO PLEA ☐ GUILTY FINDING ☐ NOT GUILTY FINDING ☐ CASE FILED 1 YEAR ☐ INFO/TRUE BILL ☐ NO INFO/NO TRUE BILL ☐ OTHER ____

SENTENCE IMPOSED

PROCEEDING: ☐ ARRAIGN ☐ PRE TRIAL ☐ TRIAL ☐ OTHER — APPEAL TAKEN ☐ — JUDGE X — DATE

**COUNT 3** STATUTE(S) VIOLATED ☐ FELONY ☐ MISDEMEANOR ☒ VIOLATION ☐ ORDINANCE

True Copy Attest [signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

DISPOSITION: ☐ DISMISSAL ☐ GUILTY PLEA ☐ NOLO PLEA ☐ GUILTY FINDING ☐ NOT GUILTY FINDING ☐ CASE FILED 1 YEAR ☐ INFO/TRUE BILL ☐ NO INFO/NO TRUE BILL ☐ OTHER ____

SENTENCE IMPOSED

PROCEEDING: ☐ ARRAIGN ☐ PRE TRIAL ☐ TRIAL ☐ OTHER — APPEAL TAKEN ☐ — JUDGE X — DATE

VICTIM(S) NOTIFIED: ☐ ARRAIGNMENT ☐ PRE TRIAL ☐ TRIAL
VICTIM(S) APPEARED: ☐ ARRAIGNMENT ☐ PRE TRIAL ☐ TRIAL
CASE TYPE: ☐ DOMESTIC VIOLENCE
IMMEDIATE APPEAL TAKEN: DATE — JUDGE X
ADDITIONAL COUNTS ATTACHED ☐

# Exhibit 16

IN THE
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES C. and OLIVIA A. MARCELLO<br>Plaintiffs<br>vs.<br>JOHN A. DESANO, BERNARD P HEALY<br>JOHN LACROSS, ARTHUR T MARCELLO<br>ALBERT MASTRIANO & RHODE ISLAND<br>Defendants | ) | C.A. NO. 05-004 ML |

RESPONSE OF PLAINTIFF,JAMES MARCELLO,TO DEFENDANT'S

INTERROGATORIES

1. Please se forth your full name, present residence address, date of birth, educational background and employment, including part-time employment held by you during the last five(5) yers, if any.

RESPONSE: James Christian Marcello, 152 Cross Road Stetson Maine, February 7, 1954,, 12 grade Barrington High School - Self Employed WoodCutter and Excavation - musician guitar piano organ entertainer Employment ended involuntary 1987,, no part-time employment last (5) years.

2. Please state the names,present addresses and telephone numbers of any and all persons whom you believe to have any knowledge or information pertaining to your claim against Defendant LaCross, its causes or consequences, or who may testify in this matter,and set forth what information you know or believe such person or persons have and how such person or persons acquired such knowledge.

RESPONSE:: See Memorandum of Plaintiffs dated October 9, 2005 at page 4 thru 7 Plaintiffs Witness List - Filed in Pursuant to Pre-trial Order 4/1/05: Addresses of Witnesses: (1) Dan Berg 602 Maple Ave Barrington RI 245-7615; (2) Betty Barney 77 Dorr Ave E Providence RI 433-1361; (3) Vic Texieria 424 Maple Ave Barrington RI 245 9439; (4) Tom Acciardo 170 Wipple Ave Barrington RI 245-7175;(5) Patrick Lynch 150 South Main St Providence RI 274-4400; (6) David Coleman 35 Adelaide Av Barrington RI 247-1982; (7) Ava Martinelli 872 Park Av Cranston RI 941-3770; Kevin Kernan 59 Central St Providence RI 421-0081; (9) Robert Andreozzi 511 Maple Av Barrington RI 245-2243; Jerry O'Donnell 11 Aubin Rd Warren RI 245-1208; (11) James N Marcello,jr 24 Carpenter St Cumberland RI ph(?); (12) Robin Coyle Marcello 24 Carpenter St Cumberland RI ph(?): (13)

10. Please set forth each and every fact upon which you base your claim against Defendant, John LaCross.

RESPONSE: 1. Defendant LaCross: a) Denied equal protection to plaintiff's father Rudolph Marcello when investigating kiddnapping and explotation on Mar 6, 2002 by co-defendants John A DeSano, Arhtur T Marcello, and Albert Mastriano.

10. (Continued)

RESPONESE:. b) Defendant LaCross took bribes from defendant Arthur T Marcello to jail plaintiff James C Marcello on Aug 13, 2003 and December 10, 2003; c), Defendant LaCross obstructed justice by instructing 6th District Ct of RI judge Patricia Moore to call compentency against plaintiff James Marcello for purposes of aiding the embezzlement and/or larceny of 557 Maple Ave property for the benefit of co-defendants. d) Defendant LaCross conspired with co-defendants to use illegal and eccessive police power in a premeditated illegal arrest of plaintiff on Aug 13, 2003. e) Defendant LaCross stole plaintiffs deed of property on Aug 13, 2003 indicating plaintiffs name on deed of property of 557 Maple Aveenue for purposed of concealment from Judge Krause of the fact that LaCross had no authority to arrest, no probalbe cause that a reasonable man would known. f) Defendant LaCross conspired and agreed to deprive plaintiffs of their consitutional rights of their property personal and real and their liberty with the co-defendants, knowing at the time that plaintiffs constitutional rights were clearly established.

11. Please set forth each and every fact upon which you base your contention in paragraph 3 of your Complaint that, on or abou August 13, 2003, Defendants DeSano, Healy, Arthur T. Marcello and Mastriano conspired with Chief John LaCross and reached andunderstanding to commit crimes against the constitutional rights of Plaintiffs.

RESPONSE: Answered in aboue paragraph (10).

12. se set forth each and every fact upon which you base your contention in paragraph 4 of your Complaint that, on or about December 10, 2003, Defendants DeSano, Healy, Arthur T Marcello and Mastriano conspired with Chief John LaCross and reached an understanding to commit crimes against the constitutional right of Plaintiffs.

RESPONSE:. Defendant Chief John LaCross agreed to illegally arrest plaintiff James C Marcello on December 10, 2003 while at an hearing in the 6th District Ct of RI where said James Marcello was expected to appear on 1st set of illegal charges. This decision was made at the behest of a superstructure decision making process controled by co-defendant attorneys John A DESano and Bernard Healy. Theydid not want the public to be aware of the fact that their organized crime group was affiliated with Barrington Law Enforcement assisting them in embezzlement and/or larceny of estates in the town of Barrington and that heirs were being illegally arrested throwgh and held in jail for that purpose. The plot,. a now 2nd episode,. involved a process filed by Bernard Healy in the Superior Court of RI CA 2003-6003 Arthur Marcello vs James Marcello filed on Nov 14, 2003. Constable Harris also agreed to serve the papers on plaintiff James Marcello on Nov 17, 2003 at another hearing where plaintiff James Marcello was expected to appear on purported alleged violation of probation to avaid public awareness that Constable Harris was a member of this corrupt organization and serving papers under color of law.

12. (Continued)

RESPONSE:. A hearing was scheduled on December 8,, 2003 by Bernard Healy and expecting a judgment thereon to be co-Odinated with Chief LaCross's illegal pre-planned arrest on plaintiff James Marcello for Dec 10, 2003 before the 6th District Ct. Being a Civil Complaint and not criminal,, Chief LaCross knew that a judgment of crivil conviction would be required first and then following an absence of an appeal of the alledged civil convicted a writ of execution would have to be properly exectted before Chief LaCross could even attempt to go to the place of alledged trespass of breaking and entering, and then it still would require that Chief LaCross would ask for the alledged civil convicted to leave, and then, apon refusal to leave, an arrest can be made. However, no judgment of trepass or breaking and entering was found, nor was there a judgment issued before the Dec 10, 2003 pre-arranged illegal arrest, but the proceedings was continued to Dec 12, 2003 to which a simple judment order restraining James Marcello from the person Arthur T Marcello.. James Marcello was illegal arrested by Chief LaCross who planned in the court room of the 6th District Ct of RI wwith his subordinates on said Dec 10, 2003 and was held without bail for 3 months.. James Marcello was deprived due process of law, deprived of liberty,(illegal arrest and illegal incarseration, illegal hold,

Defendant Chief John LaCross agreed to do this above illeagl service for c0-defendants knowing that the defendant Arthur T Marcello had no authority to sell the real estate property at 557 Maple Av Barringotn RI,, knowing that the sale, embezglment and/or larceny, was intended by the con-defendants prior to the commencement of the actions filed on 6/7/03 and 11/14/2003 and not lawfully obtainable within those actions as well.

13. Please set forth the facts upon which you base your contention in paragraph 5 of your Complaint, that Defendants knowingly and willing entered into a RICO enterprise and further agreed that only the members of this enterprise are to violate this statute.

RESPONSE: Defendants conspired to violate the Rhode Island RICO statute by devising and formulating a fraudulent scheme to obtain the real estate property located at 557 Maple Ave Barrington RI a larceny at law, a racketeering activity. The one fraudulent scheme used by defendants and State of RI was essentially the same scheme used by Barrington Police Department and State of RI in depriving plaintiff James Marcello of his prior real estate property located at 558 Maple Avenue Barrington RI contained within the purported criminal record of the 1986-1987 action.

14. Please set forth a complete and itemized statement of the monetary damages you claim against Defendant LaCross.

RESPONSE: The Plaintiffs hold the State of Rhode Island for the monetary damages of up to (3) times the value of the 557 Maple Avenue property, being valued at $500,000.00 dollars including priseless antiques, construction equipment, office equipment and law books, etc, etc, as provided in RIGL 11-43-1 Embezzlment and Fraudulent Conversion, bringing it to $1,500,000.000

# Exhibit 17

CLOSED, RWL

# U.S. District Court
# District of Rhode Island (Providence)
# CIVIL DOCKET FOR CASE #: 1:02-cv-00488-L

Marcello v. Marcello, et al
Assigned to: Judge Ronald R Lagueux
Demand: $0
Cause: 28:1331 Fed. Question: Personal Injury

Date Filed: 11/12/2002
Date Terminated: 04/03/2003
Jury Demand: Plaintiff
Nature of Suit: 360 P.I.: Other
Jurisdiction: Federal Question

**Plaintiff**

**James C. Marcello** represented by **James C. Marcello**
557 Maple Ave.
Barrington, RI 02806
(401)245-7190
PRO SE

V.

**Defendant**

**Arthur T. Marcello**

**Defendant**

**John A. DeSano**

**Defendant**

**Albert Mastriano**

| Date Filed | # | Docket Text |
|---|---|---|
| 11/12/2002 | 1 | COMPLAINT filed; (McCabe, F) (Entered: 11/12/2002) |
| 11/12/2002 | | CASE assigned to Judge Ronald R. Lagueux . Assigned to Magistrate Judge Lovegreen (McCabe, F) (Entered: 11/12/2002) |
| 11/12/2002 | 2 | MOTION by James C. Marcello to Proceed in Forma Pauperis (McCabe, F) (Entered: 11/12/2002) |
| 11/20/2002 | 4 | MOTION by James C. Marcello for Removal of an Action from Barrington, RI Probate Court (Jackson, R) (Entered: 11/21/2002) |
| 11/21/2002 | 3 | ORDER denying [2-1] motion to Proceed in Forma Pauperis ( signed by Judge Ronald R. Lagueux ) (Gilfillan, B) (Entered: 11/21/2002) |
| 03/14/2003 | 5 | ORDER TO SHOW CAUSE: filing fee to be paid by3/28/03 or case will be dismissed ( signed by Judge Ronald R. Lagueux ) (Gilfillan, B) (Entered: 03/14/2003) |

| | | |
|---|---|---|
| 04/03/2003 | 6 | ORDER of dismissal ( signed by Judge Ronald R. Lagueux ) (Gilfillan, B) (Entered: 04/03/2003) |
| 04/03/2003 | | Case closed (Gilfillan, B) (Entered: 04/03/2003) |

---

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/09/2007 16:36:58 | | | |
| **PACER Login:** | kp0798 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:02-cv-00488-L |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

---