UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JAMES C. & OLIVIA A. MARCELLO

Plaintiffs

vs. **CA NO: 07-055 ML**

STATE OF RHODE ISLAND, ET AL

Defendants

**MOTION TO COMPEL ANSWERS TO FIRST SET OF INTERROGATORIES AND RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**

Now comes the Plaintiffs, James C. Marcello and Olivia A. Marcello, and hereby moves this Court or an Order compelling both the Defendant Betty Barney homecare Nurse and Thomas P. Acciardo 2nd Will Witness of 3/6/02 for the late Insane Alzheimer Dementia home patient plaintiff's father Rudolph N. Marcello a/k/a Nicholas F. Marcello, to file answers to Plaintiffs' First Set of Interrogatories and Requests of Production of Documents dated August 24th and 28th of 2007. Plaintiffs hereby requests that this Court issue an Order compelling responses on or before November 22, 2007. As grounds Plaintiffs relies on the Memorandum of Law filed herewith.

CERTIFICATION OF ATTORNEY

The movant has, in good faith, conferred or attempted to confer with the persons or party failing to make the discovery in an effort to secure the information or material without Court action.

/s/ James C. Marcello

/s/ Olivia A. Marcello

Respectfully submitted,

PLAINTIFFS * IN PRO SE

JAMES C. MARCELLO
OLIVIA A. MARCELLO

/s/ James C. Marcello

/s/ Olivia A. Marcello

James & Olivia Marcello
152 Cross Rd.
Stetson, ME 04488
207 296 3433

**CERTIFICATION**

I, the undersigned, hereby certify that I have mailed a conformed copy of the following:

1. **MOTION TO COMPEL ANSWERS TO FIRST SET OF INTERROGATORIES**
2. **AND RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**
3. __________
4. __________
5. __________

by regular U.S. Mail, postage prepaid, on the **22nd** day of **October**, **2007,** to counsels of record and parties as indicated below:

Michael DeSisto,esq
211 Angell St
Providence RI 02906

Robert Smith,esq
155 S Main St
Providence RI 02903

Thomas Palombo,esq
150 S Main St
Providence RI 02903

Mark Dolan,esq
175 Westminister St
Providence RI 02903

James Moretti,esq
300 Centerville Rd
Warwick RI 02886

Mark Charleson,esq
928 Park Avenue
Cranston RI 02910

Frederick Connelly,jr,esq
30 Rowes Wharf
Boston MA 02110

Alfred Harris
287 Rand St - Box 1107
Central Falls RI 02862

Betty Barney
77 Dorr Avenue
E Providence RI 02915

/s/ James C. Marcello

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JAMES C. & OLIVIA A. MARCELLO

Plaintiffs

vs. CA NO: 07-055 ML

STATE OF RHODE ISLAND, ET AL

Defendants

**MEMORANDUM IN SUPPORT OF PLAINTIFFS JAMES & OLIVIA MARCELLO'S MOTION TO COMPEL ANSWERS TO FIRST SET OF INTERROGATORIES AND RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiffs, James C. Marcello and Olivia A. Marcello, files this memorandum in support of their Motion for an order Compelling both Defendant Betty Barney homecare Nurse and Thomas P. Acciardo 2nd Will Witness of 3/6/02 for the late Insane Alzheimer Dementia home patient plaintiff's father Rudolph N. Marcello a/k/a Nicholas F. Marcello, to file responses to this Plaintiffs' First Set of Interrogatories and Requests of Production of Documents dated August 24th and 28th of 2007. Defendant Betty Barney's First Set of Interrogatories & Request For Production of Documents dated August 24, 2007 are attached to this memorandum. Thomas P. Acciardo's First Set of Interrogatories dated August 28, 2007 are attached also to this memorandum. There has been no Objection filed by neither Defendant Betty Barney nor Thomas P. Acciardo, but Mr. Acciardo has expressed intense fear on the phone to respond because of the Crime Organization that Defendant Attorney John DeSano has maintained for over 40 years.

Wherefore, Plaintiffs James & Olivia Marcello, respectfully requests that this court grant their motion to compel both Defendant Betty Barney and Thomas P. Acciardo to respond to their First Requests for Interrogatories and Production of Documents, and furthermore grant protection to both parties as well.

Respectfully submitted,

PLAINTIFFS * IN PRO SE

JAMES C. MARCELLO
OLIVIA A. MARCELLO

/s/ James C. Marcello

/s/ Olivia A. Marcello

James & Olivia Marcello
152 Cross Rd.
Stetson, ME 04488
207 296 3433

**CERTIFICATION**

I, the undersigned, hereby certify that I have mailed a conformed copy of the following:

1. MEMORANDUM IN SUPPORT OF PLAINTIFFS JAMES & OLIVIA
2. MARCELLO'S MOTION TO COMPEL ANSWERS TO FIRST SET OF
3. INTERROGATORIES AND RESPONSES TO REQUEST FOR PRODUCTION
4. OF DOCUMENTS (WITH ATTACHED)
5. BETTY BARNEY & THOMAS ACCIARDO'S SET OF INTERROGATORIES

by regular U.S. Mail, postage prepaid, on the **22nd day of October , 2007,** to counsels of record and parties as indicated below:

Michael DeSisto,esq
211 Angell St
Providence RI 02906

Robert Smith,esq
155 S Main St
Providence RI 02903

Thomas Palombo,esq
150 S Main St
Providence RI 02903

Mark Dolan,esq
175 Westminister St
Providence RI 02903

James Moretti,esq
300 Centerville Rd
Warwick RI 02886

Mark Charleson,esq
928 Park Avenue
Cranston RI 02910

Frederick Connelly,jr,esq
30 Rowes Wharf
Boston MA 02110

Alfred Harris
287 Rand St - Box 1107
Central Falls RI 02862

Betty Barney
77 Dorr Avenue
E Providence RI 02915

/s/ James C. Marcello

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JAMES C. & OLIVIA A. MARCELLO

Plaintiffs

vs. **CA NO: 07-055 ML**

STATE OF RHODE ISLAND, ET AL

Defendants

**1ST SET OF INTERROGATORIES & REQUEST FOR PRODUCTION OF DOCUMENTS OF PLAINTIFF, MARCELLOS, TO DEFENDANT, BETTY BARNEY**

TO: BETTY BARNEY
Homecare Nurse, for the late:
Rudolph N. Marcello, a/k/a Nicholas F. Marcello
77 Dorr Avenue
East Providence, RI 02915

Dear Ms. Barney,

A law suit has been filed against the above named defendants pursuant to the Federal Civil RICO Statute 18 USCA § 1961 regarding the question of estate racketeering activity involving the embezzlement and fraudulent conversion of my real estate property located at 557 Maple Avenue, Barrington, RI 02806 to Defendants Nuno C. Neves and Natalia Paiva-Neves on February 6, 2004 in violation to RIGL § 11-41-3.

We have reason to believe that you, while serving in your own capacity as a Home Care Nurse for and during the last years of Rudolph N. Marcello, a/k/a Nicholas F. Marcello, are a witness to numerous crimes perpetrated by the named Defendants against him even to the extent of wrongful death, whereby your testimony is materially relevant to a racketeering investigation and hereby serve you this first interrogatory and request for production of documents requiring you to such material to produce for examination and answers under oath. Such demand(s) are as follows:

**ALLEGATION**

**(1) NATURE OF CONDUCT:**

The kidnapping, robbery, bribery, extortion of 82½ year insane Alzheimer Dementia home patient Rudolph N. Marcello, a/k/a Nicholas F. Marcello on March 6, 2002, committed by above named Defendants, Attorney John A. DeSano, Albert Mastriano, and Arthur T. Marcello, in violation of applicable laws under Title 18 USCA § 1961(1).

(Continued from page [1])

1ST DEMAND

(2) CLASS(S) OF DOCUMENTARY MATERIAL:

a) The written report made by you to the Barrington Police Department against the above named Defendants Attorney John A. DeSano, Albert Mastriano, and Arthur T. Marcello, regarding the alledged crimes of kidnapping, robbery, bribery, extortion against Rudolph N. Marcello, on the morning of March 6, 2002.

b) Any and all copies of documents that said Rudolph N. Marcello may have alledgedly signed on the morning of March 6, 2002, while under the alledged threats of kidnapping, robbery, bribery, extortion alledgedly perpetrated by above named Defendants Attorney John A. DeSano, Albert Mastriano, and Arthur T. Marcello.

c) Any and all other documents that you voluntarily submit that may be materially relevant to the alledged crimes of kidnapping, robbery, bribery, extortion alledgedly perpetrated by above named Defendants Attorney John A. DeSano, Albert Mastriano, and Arthur T. Marcello against Rudolph N. Marcello to the morning of March 6, 2002.

1ST INTERROGATORY

1. On March 6, 2002 at approximately 8:30 a.m., were you Betty Barney present in the home of Rudolph N. Marcello located at 557 Maple Avenue Barrington RI ?

RESPONSE:

2. If you answered yes to question (1), please state what you reason or purpose for being there ?

RESPONSE:

3. On March 6, 2002, did you observe (3) men enter the premises above stated in question (1) ?

RESPONSE:

4. If you answered yes to question (3), please state the names of these (3) men if known to you ?

RESPONSE:

5. If you stated the names John A. DeSano, Albert Mastriano, or Arthur T. Marcello to question (4), did John A DeSano call you quote: "You are a theft and a crook, Stay Out Of Our Business" ?

RESPONSE:

(Continued from page [2] ) 1ST INTERROGATORY

6. If you answered yes to question (5), what "business" did you observe attorney John A. DeSano was referring to ?

RESPONSE:

7. Did you Betty Barney witness any of the (3) men, attorney John A. DeSano, Albert Mastriano, and Arthur T. Marcello, make any promises to Rudolph N. Marcello that they would get him R.I. Housing money for him to spend if he would sign any papers presented that morning of March 6, 2002 ?

RESPONSE:

8. Did you Betty Barney call the Barrington Police Department that morning against these (3) men attorney John A. DeSano, Albert Mastriano, and/or Arthur T. Marcello ?

RESPONSE:

9. If you answered yes to question (8), did you observe, following your call to the Barrington Police, the (3) men attorney John A. DeSano, Albert Mastriano, and Arthur T. Marcello, grab by the arm Rudolph N. Marcello and head out the door with him ?

RESPONSE:

10. If you answered yes to question (9), did you observe the (3) men attorney John A. DeSano, Albert Mastriano, and Arthur T. Marcello, put him in a car and drive off with him ?

RESPONSE:

11. Did the Barrington Police arrive at the home of Rudolph N. Marcello following you call to them ?

RESPONSE:

12. How much time elapsed between the time you call Barrington Police and when the (3) men attorney John DeSano, Albert Mastriano, and Arthur T. Marcello grabbed Rudolph N. Marcello and proceed to exit the premises ?

RESPONSE:

(Continued from page [3] ) 

13. If you answered yes to question (11), "that Barrington Police arrive...following my call to them....", did the Barrington Police arrive at the premises while the (3) men attoney John DeSano, Albert Mastriano, and Arthur T. Marcello, were still present there ?

RESPONSE:

14. If you answered no to question (13), how much time elapsed between the time the (3) men attorney John A. DeSano, Albert Mastriano, and Arthur T. Marcello drove off with Rudolph N. Marcello, and the time Barrington Police arrived ?

RESPONSE:

15. Do you have reason to believe that Barrington Police arrived at the premises while the (3) men attorney John A. DeSano, Albert Mastriano, and Arthur T. Marcello had Rudolph N. Marcello in their seize, and waited for them to drive off ?

RESPONSE:

16. Who and how many Barrington Police Officers arrived and name them or discribe them to the best of your ability ?

RESPONSE:

17. If one of the Barrington Police Officers was named, Tom Pine Overseerer of Elderly Affairs, did he or any other police officers pursue after the (3) men above named with Rudolph N. Marcello in their seize ?

RESPONSE:

18. Did the Barrington Police wait at the premises, in the alternative, for the return of the (3) men attorney John A. DeSano, Albert Mastriano, and Arthur T. Marcello with Rudolph N. Marcello in their seize, and question and or make any arrests ?

RESPONSE:

**1ST INTERROGATORY**

19. If you anwered no to quetion (18), that Barrington Ploice did not "... wait at premises ... quetion and or make any arrests ....", then how much time elapsed between the time Barrington Police departed premises and the time the (3) defendant men attorney John A. DeSano, Albert Mastriano, and Arthur T. Marcello with Rudolph N. Marcello in thier seize returned to premises if in fact returned ?

**RESPONSE:**

20. Is there anything further you would like to state voluntarily in regards to this matter or any other concerns?

**RESPONSE:**

________________________________

**Betty Barney**

Subscribed and sworn to before me this ____ day of ________________, _____.

State of Rhode Island )

) SS.

County of )

________________________________

**NOTARY PUBLIC**

**My Commission Expires:** __________

Respectfully submitted,

PLAINTIFFS * IN PRO SE

JAMES C. MARCELLO
OLIVIA A. MARCELLO

/s/ James C. Marcello

/s/ Olivia A. Marcello

James & Olivia Marcello
152 Cross Rd.
Stetson, ME 04488
207 296 3433

**CERTIFICATION**

I, the undersigned, hereby certify that I have mailed a conformed copy of the following:

1. 1ST SET OF INTERROGATORIES & REQUEST FOR PRODUCTION
2. OF DOCUMENTS OF PLAINTIFFS, MARCELLOS, TO DEFENDANT,
3. BETTY BARNEY
4. 
5. 

by regular U.S. Mail, postage prepaid, on the 24th day of August, 2007, to counsels of record and parties as indicated below:

Michael DeSisto,esq
211 Angell St
Providence RI 02906

Robert Smith,esq
155 S Main St
Providence RI 02903

Thomas Palombo,esq
150 S Main St
Providence RI 02903

Mark Dolan,esq
175 Westminister St
Providence RI 02903

James Moretti,esq
300 Centerville Rd
Warwick RI 02886

Mark Charleson,esq
928 Park Avenue
Cranston RI 02910

Frederick Connelly,jr,esq
30 Rowes Wharf
Boston MA 02110

Alfred Harris
287 Rand St - Box 1107
Central Falls RI 02862

Betty Barney
77 Dorr Avenue
E Providence RI 02915

/s/ James C. Marcello

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JAMES C. & OLIVIA A. MARCELLO

Plaintiffs

vs. CA NO: 07-055 ML

STATE OF RHODE ISLAND, ET AL

Defendants

**FIRST SET OF INTERROGATOIRES OF PLAINTIFF, MARCELLOS, TO MARCH 6, 2002 WILL WITNESS, THOMAS P. ACCIARDO**

TO: THOMAS P. ACCIARDO
2nd Will Witness 3/6/02 for the late:
Rudolph N. Marcello, a/k/a Nicholas F. Marcello
170 Whipple Avenue
Barrington, RI 02806

Dear Mr. Acciardo,

If your recall, we had a phone call conversation with you regarding a will which my father alledged signed on March 6, 2002 at Vic's Texaco Gas Station, and you were alledgedly a witness to that signing. A copy of the Will in (7) page form is hereby attached (defendants can view attached as Exhibit B). You had indicated within that phone call that you did not in fact witness my father sign that will, and furthermore, you indicated that my father most certainly did not sign his name (10) times on the will as shown in the will on pages 1 thru 5, whereby your testimony is materially relevant to a racketeering investigation and hereby serve you this first interogatory and answers under oath. Such demand are as follows:

**IST INTERROGATORY**

1. Did you Thomas Acciardo actually witness Rudolph N. Marcello sign his name on the March 6, 2002 Will at Vic's Texaco Gas Station that day ?

**RESPONSE:**

2. Is there anything further you would like to state voluntarily in regards to this matter or any other concerns?

**RESPONSE:**

Respectfully submitted,

PLAINTIFFS * IN PRO SE

JAMES C. MARCELLO
OLIVIA A. MARCELLO

/s/ James C. Marcello

/s/ Olivia A. Marcello

James & Olivia Marcello
152 Cross Rd.
Stetson, ME 04488
207 296 3433

**CERTIFICATION**

I, the undersigned, hereby certify that I have mailed a conformed copy of the following:

1. FIRST SET OF INTERROGATORIES OF PLAINTIFF, MARCELLOS, TO MARCH 6, 2002 WILL WITNESS, THOMAS P. ACCIARDO
2. 
3. 
4. 
5. 

by regular U.S. Mail, postage prepaid, on the 28th day of August, 2007, to counsels of record and parties as indicated below:

Michael DeSisto,esq
211 Angell St
Providence RI 02906

Robert Smith,esq
155 S Main St
Providence RI 02903

Thomas Palombo,esq
150 S Main St
Providence RI 02903

Mark Dolan,esq
175 Westminister St
Providence RI 02903

James Moretti,esq
300 Centerville Rd
Warwick RI 02886

Mark Charleson,esq
928 Park Avenue
Cranston RI 02910

Frederick Connelly,jr,esq
30 Rowes Wharf
Boston MA 02110

Alfred Harris
287 Rand St - Box 1107
Central Falls RI 02862

Betty Barney
77 Dorr Avenue
E Providence RI 02915

/s/ James C. Marcello