UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JAMES C. & OLIVIA A. MARCELLO

Plaintiffs

vs. **CA NO: 07-055 ML**

STATE OF RHODE ISLAND, ET AL

Defendants

**REPLY MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Plaintiffs, James C. Marcello and Olivia A. Marcello, respectfully submit this brief Reply Memorandum of Law in consolidated response to Defendants Memorandums in Opposition (Opp. Memos.) to the Motion for Summary Judgment filed by Plaintiffs.

First, Contrary to Defendants' KPR, et al's argument (Opp. Memo. at 22-4), RIGL § 33-19-3 does have application here and "because the property was sold (on 2/6/04) pursuant to a power of sale in the will", is an absolute obsurdity when determining the question of Plaintiff's Constitutional Legal Rights of Ownership to his father's Entire Estate property established on September 28, 2002 the day of his father's intestate death as defined by RIGL § 33-1-1(1) Real Estate Decending by Intestacy to Children.... A copy of KPR, et al's page 22 Opp. Memo is hereby attached at A: 1, with ¶ 4 framed.

The mere "power of sale clause" in a will cannot of it self sever the Constitutional legal Rights of ownership of the surviving children, that is established on the day of their parents' intestate death. The only time when Constitutional

legal Ownership ceases is when an Authorization Order to Sell the Decedent's real estate property is granted to an executor pursuant to RIGL § 33-19-3 and the surviving children agree to sign their name on it in exchange for a liquidated specified sum, and it is at that point the Constitutional legal ownership ends. However, because Defendant Arthur T. Marcello, who impersonated executorship through a Void Order of Probate and never acquired an Authorization Order from probate to sell plaintiff's deceased father's estate, not only the Constitutional legal Ownership remains in plaintiff James C Marcello in it's entirety of his father's estate, but Defendant Arthur T. Marcello committed larceny of the said estate property pursuant to RIGL § 11-41-3 Embezzlement and Fraudulent Conversion, because he, Defendant Arthur T. Marcello took the property unlawfully in the first instance **See R.I. Case Law: State v. Crescenzo, 114 R.I. 242, 332 A.2d 421 (1975)**. And furthermore, Defendant Arthur T. Marcello could be convicted under section RIGL § 11-41-3 Embezzlement and Fraudulent Conversion although the proof showed an offense that would have been larceny at common law **See R.I. Case Law: State v. Taberner, 14 R.I. 262 (1883)**.

Second and lastly, the doctrine of Res Judicata does not apply here to these two above issues because the identity of these issues have never been determined in any former judgment of any state of federal courts in R.I. And because the judgment in this suit will depend upon the determination of these particular points or questions, a former judgment between the

same parties would have been final and conclusive in this second if these same points or questions were in issue and adjudicated in the first suit; otherwise not. **See R.I. Case laws: Messier v Messier 34 R.I. 233, 82 A 996; Schaffer v Brown, 23 R.I. 233, 82 A 895; and Crafts v Crafts, 23 R.I. 5, 52 A 890.**

**Conclusion**

Therefore, for the reasons set forth herein and in the initial Memorandum, Plaintiff respectfully request that their Fed. R. Civ. P. Rule 56(a)+(c) Motion For Summary Judgment be granted;

1. that the Court may find that there is no genuine issue as to any material fact and that the plaintiffs are entitled to a judgment as a matter of law;

2. that the Court may find that the plaintiff James C. Marcello had property interest in his fathers entire estate property as defined by RIGL § 33-1-1(1) Real Estate Descending by intestacy to Children.... and that it was acquired on September 28, 2002 the day of his father's intestate death;

3. that the Court may find that there was deprivation of said plaintiff's property interest above described and that it was done by defendants under Color of Law and that State remedy was inadequate to plaintif both in form and in substance;

4. and that the court may grant other and further relief to the circumtance and justice may require.

Respectfully submitted,

PLAINTIFFS * IN PRO SE

JAMES C. MARCELLO
OLIVIA A. MARCELLO

/s/ James C. Marcello

/s/ Olivia A. Marcello

James & Olivia Marcello
152 Cross Rd.
Stetson, ME 04488
207 296 3433

**CERTIFICATION**

I, the undersigned, hereby certify that I have mailed a conformed copy of the following:

1. REPLY MEMORANDUM OF LAW
2. IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
3. ATTACHED KPR, ET AL'S PAGE 22 OF (OPP. MEMO.)
4. 
5. 

by regular U.S. Mail, postage prepaid, on the **22nd day of OCTOBER, 2007,** to counsels of record and parties as indicated below:

Michael DeSisto,esq
211 Angell St
Providence RI 02906

Robert Smith,esq
155 S Main St
Providence RI 02903

Thomas Palombo,esq
150 S Main St
Providence RI 02903

Mark Dolan,esq
175 Westminister St
Providence RI 02903

James Moretti,esq
300 Centerville Rd
Warwick RI 02886

Mark Charleson,esq
928 Park Avenue
Cranston RI 02910

Frederick Connelly,jr,esq
30 Rowes Wharf
Boston MA 02110

Alfred Harris
287 Rand St - Box 1107
Central Falls RI 02862

Betty Barney
77 Dorr Avenue
E Providence RI 02915

/s/ James C. Marcello

and not James C. Marcello or Olivia Marcello, were the owners of or entitled to possession of the property. Title and right to possession have been litigated and the determinations have all been in favor of the estate and executor, not James C. Marcello or Olivia Marcello. The C.J.S. reference and cases cited by the plaintiffs are of no assistance to their argument.

The last section of the plaintiffs' memorandum is entitled 4th Reason, State Remedy Was Inadequate to Plaintiffs, both in Form and In Substance.

In paragraph 4.1, the plaintiffs assert that probate proceedings cannot settle issues of title. This argument seems to be made in opposition to a motion of the co-defendants. However, these defendants disagree with plaintiffs' argument and assert for the reasons stated earlier, title and the right to possession have been decided conclusively against the plaintiffs in prior proceedings.

Paragraph 4.2 makes reference to R.I.G.L. 33-19-3 which gives authority to an executor or administrator among others to sell real estate. Again this argument appears to be in opposition to a motion of a co-defendant but these defendants do wish to respond. R.I.G.L. 33-19-3 has no application here because the property was sold pursuant to a power of sale in the will. The affidavit as to the statements of Judge Homonoff is of no assistance to the plaintiffs. The quote is taken completely out of context and has nothing to do with the validity of the sale by power of sale. Judge Homonoff eventually approved the sale by denying the motion of James C. Marcello to set aside the sale and in approving the final accounts. Additionally, for the reasons stated earlier, the validity of the sale has been established conclusively.

Another argument is presented in paragraph 4.3 but it is confusing, unclear, and not viable. The statements about rights to the property ten months later, estoppel, and rights not being prior to or contained in the judgment do not make sense. There is no issue here of rights being acquired prior to or after any judgment. Title and ownership were in issue and were resolved in the probate court in favor of the estate.

In paragraph 4.4, the plaintiffs are attempting to refute arguments from a co-defendant's motion and do not appear to be asserted to support plaintiffs' motion against these defendants. The affidavit referred to in plaintiffs' **Exhibit 21** establishes no fact here. It relates to the prior Federal Court suit, C.A. No. 05-004ML and it contains no facts.

For the reasons stated above, these defendants assert that the plaintiffs' requests for judgment on the issues of plaintiffs' constitutional rights to ownership to his father's estate and



A·1