UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

JAMES C. & OLIVIA A. MARCELLO

Plaintiffs

vs. **CA NO: 07-055 ML**

STATE OF RHODE ISLAND, ET AL

Defendants

**MOTION FOR LEAVE TO AMEND OBJECTION**

**TO DCNH JUDGE MCAULIFFE'S ORDER & JUDGMENT**

**AND MOTION FOR REMAND OF ENTIRE CAUSE**

Plaintiffs, James C. & Olivia A. Marcello, hereby motions for leave to amend their Objection respectfully filed and dated November 10, 2007 and assigns amended grounds as follows:

**LAW**

Under the **R.I. Case Law: "Westerly Probate Ct. v. Potter, 26 R.I. 202, 58 A 661** concludes the theory on Void Judgments and the question of effect of Res Judicata upon it by saying:

a) "Where a judgment is void for want of jurisdiction, whether of the subject matter or of the person of defendant, it is of no effect whatever as an estoppel, does not merge the cause of action, and consitutes no bar to further litigation upon the same cause of action, ... ",

b) "The effect of res judicata cannot be ascribed to a judgment rendered without authority of law, as where it assumes to determine the rights of a party not before the court."

## FACTS

The Judgment dated April 21, 2007 signed by Defendant Judge Marvin Homonoff of Barrington Probate Court, copy hereby annexed and viewed at (cmplt Exhibit A), purporting to admitt to probate the March 6, 2002 Will (see Exhibit B), is entirely Void for want of jurisdiction of the subject matter and over the person defendant because of reasons as follows:

1. Plaintiff James C. Marcello, fraudulently named as a (Defendant) at the time of the Barrington Probate Court proceedings, never received required notice of the hearing to probate will and granting of executorship because the Barrington Probate Court never sent such notices as required by law;

**RIGL § 33-22-7. Proceedings in which notice given by court provides that:**

Every probate court shall, before proceeding, give notice to all parties known to be interested in the following cases:

1) In the granting of letters of administration.

2) In the probate of a will.

Wherefore, Plaintiff was not aware of nor before the probate court on April 7, 2003 hearing when Defendants Arthur T Marcello, Attorney Bernard P Healy, and Albert Mastriano merely walked in and Defendant Arthur T Marcello was granted appointment of executorship and admitting of 3/6/02 will and the probate court lacked jurisdiction over defendant.

2. Plaintiff James C. Marcello's father Rudolph N. Marcello executed on April 26, 2002 revoking letters revoking everything on purported will of March 6, 2002 as required by law, revoking letters certified & viewed at (cmplt Exhibit C);

**RIGL § 33-5-10. Methods of revoking will provides that:**

No will or codicil or any part thereof shall be revoked except as provided in § 33-5-9, or by another will or codicil executed in the manner required by § 33-5-5, or by some writing declaring an intention to revoke the will..., or by burning, tearing, or otherwise destroying the will by the testator, or by some person in his or her presence and by his or her direction, with the intention of revoking the will.

Wherefore, the March 6, 2002 will was revoked and was void for invalidity and the probate court lacked subject matter jurisdiction.

**CONCLUSION**

Therefore, for the reasons set forth above and in the original objection, Plaintiffs, James C. & Olivia A. Marcello, respectfully request that the order and judgment and proceedings within the DCNH be vacated and set aside for being coram non juris and void for reasons that the transfer from DCRI to DCNH is improper not constituting an "adjoining state" as within the terms of the statute; that the court may find that the doctrine of res judicata cannot be ascribed to the void judgment of Barrington Probate and that the case remains active, that the motion for the Remand of Entire Cause be granted; that a local judge of DCRI be made available; and such other and further relief as to the circumstance and justice may require.

STATE OF RHODE ISLAND
BRISTOL, SC.

PROBATE COURT OF THE
TOWN OF BARRINGTON

ESTATE OF NICHOLAS F. MARCELLO, :
a/k/a NICHOLAS RUDOLPH MARCELLO :

No. 5148

**ORDER**

This matter came before the Probate Court of the Town of Barrington on April 7, 2003, upon the petition of Arthur Marcello for admission to probate as the Last Will and Testament of Nicholas F. Marcello that instrument dated March 6, 2002, together with the appointment of Arthur Marcello as Executor pursuant to said Last Will and Testament and the motion of Arthur Marcello for assessment of penalties and fees against James C. Marcello. After hearing thereon and consideration thereof, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. the Last Will and Testament of Nicholas F. Marcelo a/k/a Nicholas Rudolph Marcello dated March 6, 2002, may be and hereby is admitted to Probate as the Last Will and Testament of the decedent.

2. Arthur Marcello is hereby appointed Executor of the Estate of Nicholas F. Marcello a/k/a Nicholas Rudolph Marcello and shall file a bond in the principal sum of $600,000 without surety.

3. The motion to Arthur Marcello for assessment of penalties and/or fees against James C. Marcello is continued to the probate calendar of June 2, 2003.

4. Arthur Marcello, through his attorneys, did duly notify James C. Marcello of the within hearing by certified and ordinary mail sent January 10, 2003; January 16, 2003; February 7, 2003; and March 5, 2003.

ENTER

4/21/03

PER ORDER

Lorraine A. Deroia
Probate Clerk

Respectfully submitted,

PLAINTIFFS * IN PRO SE

JAMES C. MARCELLO
OLIVIA A. MARCELLO

/s/ James C. Marcello

/s/ Olivia A. Marcello

James & Olivia Marcello
152 Cross Rd.
Stetson, ME 04488
207 296 3433

**CERTIFICATION**

I, the undersigned, hereby certify that I have mailed a conformed copy of the following:

1. MOTION FOR LEAVE TO MANED OBJECTION
2. TO DCNH JUDGE MCAULIFFE'S ORDER & JUDGMENT
3. AND MOTION FOR REMAND OF ENTIRE CAUSE
4. ANNEXED PROBATE ORDER APRIL 21, 2003
5. ________________

by regular U.S. Mail, postage prepaid, on the **19th** day of **November**, **2007**, to counsels of record and parties as indicated below:

Michael DeSisto,esq
211 Angell St
Providence RI 02906

Robert Smith,esq
155 S Main St
Providence RI 02903

Thomas Palombo,esq
150 S Main St
Providence RI 02903

Mark Dolan,esq
175 Westminister St
Providence RI 02903

James Moretti,esq
300 Centerville Rd
Warwick RI 02886

Mark Charleson,esq
928 Park Avenue
Cranston RI 02910

Frederick Connelly,jr,esq
30 Rowes Wharf
Boston MA 02110

Alfred Harris
287 Rand St - Box 1107
Central Falls RI 02862

Betty Barney
77 Dorr Avenue
E Providence RI 02915

/s/ James C. Marcello