UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

**CA NO: 07-055 ML**

JAMES C. MARCELLO; OLIVIA A. MARCELLO

Plaintiffs

vs.

STATE OF RHODE ISLAND, ET AL

Defendants

(To the Available Honorable Judge, Presiding)

# MOTION FOR SUMMARY JUDGMENT

(On The Issues of Defendants' Questions of Embezzlement and)
(Fraudulent Conversion of Plaintiff's Father's Estate Property)

**[Pursuant to R.I.G.L. § 11-41-3]**

Respectfully submitted,

**PLAINTIFFS * IN PRO SE**

JAMES C. MARCELLO
OLIVIA A. MARCELLO

/s/ James C. Marcello

/s/ Olivia A. Marcello

James & Olivia Marcello
152 Cross Rd
Stetson, ME 04488
(207) 296-3433

# TABLE OF CONTENTS

**PAGE(S)**


Table of Contents.................................... i.

Table of Authorities.................................. ii.

Statement of Issues Presented............................ iii.

**MOTION FOR SUMMARY JUDGMENT**.......................... iv.

**MEMORANDUM OF LAW IN SUPPORT OF**........................ 1-26

I. Introduction.......................................... 1-4

II. Argument and Law..................................... 5-22

III. Conclusion.......................................... 23-24

AFFIRMATION OF TRUTH................................... 25

CERTIFICATION.......................................... 26

**EXHIBITS**............................................... 1-37

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASE LAW**

RIGL § 11-41-3. Embezzlement & Fraudulent Conversion......2,23,25

State v Taberner,(R.I.)...................................3

State v Crescenzo, (R.I.)..................................3,4

State v McAvoy, (R.I.)....................................3

State v Champagne, (R.I.)..................................3

William v Smith, (R.I.)...................................3

Struthers v Peckham, (R.I.)...............................4

State v Oliveira, (R.I.)..................................4

RIGL § 33-3-10. Real Estate Not Disposed of by Will.......7

RIGL § 33-22-7. Proceeding in which notice given by court.8,11,12

Westerly Probate Court v Potter, (R.I.)...................8

RIGL § 11-41-4. Obtaining Property by False Pretenses.....11

Mauro v Vervena, (R.I.)...................................12

RIGL § 33-9-26. Liability of Executor in own Wrong........12

RIGL § 33-5-10. Methods of Revoking Wills.................12

Fortin v Tanguay (R.I.)...................................13

RIGL § 33-19-3. Authority to Sell Real Estate.............14

Brown v Birman managed Care,inc, (TENN)...................16

# STATEMENT OF ISSUES PRESENTED

## Defendants' Questions of Embezzlement & Fraudulent Conversion of Plaintiff's Deceased Father's Estate Property

### 1st Reason

Whether Defendants were intrusted with the Plaintiff's Deceased Father's Estate Property for a Specific Use.

### 2nd Reason

Whether Defendants Came Into Possession of Plaintiff's Deceased Father's Estate Property in a Lawful Manner, Often as a Result of Their Employment.

### 3rd Reason

Whether Defendants Intended to Appropriate and Convert Plaintiff's Deceased Father's Estate Property to Their Own Use and Permanently Deprive Plaintiffs of the Use.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JAMES C. & OLIVIA A. MARCELLO

Plaintiffs

vs. **CA NO: 07-055 ML**

STATE OF RHODE ISLAND, ET AL

Defendants

**MOTION FOR SUMMARY JUDGMENT**

Now come Plaintiffs, James C. Marcello, Olivia A. Marcello, (Collectively the "Marcellos" or "Plaintiffs"), and pursuant to Rule 56 (a)(+(c) of the Federal Rules of Civil Procedure, move for Summary Judgment on the Issues of Defendants' Questions of Embezzlement and Fraudulent Conversion of Plaintiff's deceased father's (Entire) Estate Property in violation to Rhode Island General law § 11-41-3 Embezzlement and Fraudulent Conversion. In support hereof, Plaintiffs respectfully submit the accompanying Memorandum of Law and Affirmation of Truth.

WHEREFORE, Plaintiffs respectfully request that the Motion for Summary Judgment may be granted; that the Court may find that there is no genuine issue as to any material fact and that the plaintiffs are entitled to a judgment as a matter of law; and such other and further relief as justice may require.

Respectfully submitted,

**PLAINTIFFS * IN PRO SE**

JAMES C. MARCELLO
OLIVIA A. MARCELLO

/s/ James C. Marcello
/s/ Olivia A. Marcello

James & Olivia Marcello
152 Cross Rd.
Stetson, ME 04488

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JAMES C. & OLIVIA A. MARCELLO

Plaintiffs

vs. **CA NO: 07-055 ML**

STATE OF RHODE ISLAND, ET AL

Defendants

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

This Memorandum of Law supports the Motion For Summary Judgment filed by Plaintiffs, James C. & Olivia A. Marcello, pursuant to Rule 56(a)+(c) of the Fed. R. Civ. P. on issues of Defendants', Arthur T. Marcello, Arthur T. Marcello,jr., Thomas Marcello & Albert Mastriano's, questions of Embezzlement & Fraudulent Conversion of Plaintiff's deceased father's (Entire) Estate Property in violation to **RIGL § 11-41-3.**

With all due respect to the life and death of plaintiff's 83½ year old father Rudolph N. Marcello, who was insane by both reason of Alzheimer Dementia and born with and militarily medically discharged in WWII with paranoid phsycosis and nervous breakdown, will a brother kill his brother to possess his land and possessions, and would he further jail his brother's children and grandchildren to meet that objective? What type of diabolical mind would even think no less execute such an intent, and mind(s) that would give aid, assist, plot, and provide a maniacal plan, to succeed in that endeavor? For the reasons set forth, Plaintiffs respectfully request that the Motion For Summary Judgment be granted; that the Court may find no genuine issue as to any material fact and that plaintiffs are entitled to a judgment as a matter of law; and such other and further relief as justice may require.

a. RIGL § 11-41-3. Embezzlement and Fraudulent Conversion.

Every official of a financial institution and every officer, agent, clerk, servant, or other person to whom any money or other property shall be entrusted for any specific purpose, and every person acting as executor, administrator, conservator, guardian, reciever, assignee, custodian, or trustee appointed by order, decree or judgment of court, or by deed, will or other instrument in writing, who shall embezzle or fraudulently convert to his or her own use, or who shall take or secrete, with intent to embezzle or fraudulently convert to his or her own use, any money or other property which shall have come into his or her possession or shall be under his or her care or charge by virtue of his or her employment or for that specific purpose or by virtue of his or her acting a executor, administrator, guardian, conservator, receiver, assignee, custodian, or trustee, and every person who shall collect or receive money or property from another for a commission to be retained out of the money or other property so collected or received, and who shall fraudulently retain out of that money or property so collected or received more than the amount of the commission, and shall embezzle or fraudulently convert it to his or her own use, or shall take or secrete it with intent to embezzle or fraudulently to convert the same to his or her own use, shall be deemed guilty of larceny and shall be fined not more than fifty thousand dollars ($50,000.00) or three (3) times the value of the money or property thus embezzled or converted, which ever is greater, or imprisoned not more than twenty (20) years, or both, except that if the sum or value of the property embezzled is less than one hundred dollars ($100.00), he or she shall be fined not more than one thousand dollars ($1,000), or imprisoned not more than one year, or both.

## 1. Embezzlement and Larceny Distinguished.

Defendant could be convicted under this section although the proof showed an offense that would have been larceny at common law. **State v. Taberner, 14 R.I. 272 (1883).**

The basic distinction between embezzlement and larceny is that, in embezzlement, the property comes lawfully into the possession of the offender, while in larceny the offender takes it unlawfully in the first instance. **State v. Crescenzo, 114 R.I. 142, 332 A.2d 421 (1975).**

## 2. Agency.

An agent selling as agent and authorized to collect his principal's accounts was guilty of embezzlement where he collected account and deposited same for his own use, even though under his contract he was charged interest on late payments. **State v. McAvoy, 40 R.I. 437, 101 A. 109 (1917).**

A real estate closing attorney who diverted funds to the attorney's own personal account and returned the money approximately four years later only after an investigation could be found guilty of embezzlement, since a reasonable inference of an intent to permanently deprive the true owner of that money was clear. **State v. Champagne, 668 A.2d 311 (R.I. 1995).**

## 3. Statute of Limitations.

Embezzlement, as a form of larceny, is excepted from the statute of limitation set out in § 12-12-17. **Williams v. Smith, 28 R.I. 531, 68 A. 306 (1907).**

## 4. Civil Action.

Since this section makes embezzlement the equivalent of larceny, a felony at common law, the former statute requiring criminal prosecution before a civil action would apply to such a case. **Struthers v. Peckham, 22 R.I. 8, 45 A. 742 (1900).**

## 5. Sufficiency of Indictment.

An indictment that set forth the esential elements of the offense described in the section and left the defendant in no doubt about the crime with which he was charged was sufficient to withstand the constitutional attacks of failure to be informed of the nature and cause of the accusation. **State v. Crescenzo, (omitted)**

## 6. Elements.

The elements to be proven in order to establish the offense of embezzlement are (1) that defendant was entrusted with the property for a specific use, (2) that he came into possession of the property in a lawful manner, often as a result of his employment, and (3) that defendant intended to appropriate and convert the property to his own use and permanently deprive that person of the use. **State v. Oliveira, 432 A.2d 664 (R.I. 1981).**

Even though indictment alleged that the money embezzled was "the property of the city of providenece," the issue of ownership wa not an esential element of the crime to be proven in order to sustain a conviction for embezzlement. **State v. Oliveira, (omitted).**

# II. ARGUMENT AND LAW

## ARGUMENT AND LAW

### 1st Reason

Defendant Arthur T. Marcello Was Not Intrusted With the Plaintiff's Deceased Father's Estate Property For a Specific Use

## ARGUMENT AND LAW

### 1st Reason

There Are (2) Sub-Reasons Why Arthur T. Marcello Was Not Intrusted With the Plaintiff's Deceased Father's Estate Property For a Specific Use and Summary Judgment Should be Granted:

**1.1: Real Estate Not Disposed of by Will:**

The March 6, 2002, instrument purporting to be the last will of plaintiff's father appointing Defendant Arthur T. Marcello as executor does not dispose of any real estate property seized of, and therefore by state of R.I. Law the real estate property left and located at 557 Maple Avenue Barrrington R.I. passes in it't entirety to the heir at law plaintiff James C. Marcello the only son and child (See cmplt at **Exhibit B: 1-7)** as in the same manner if person died intestate.

**RIGL § 33-3-10.** Real estate not disposed of by will provides: Whenever any person shall die leaving a last will and testament duly executed, and shall at the time of his or her decease be seized of any real estate not disposed of by the will, the estate shall be divided among the heirs at law of the deceased in the same manner as though he or she had left no will.

Therefore, the real and personal property of plaintiff's deceased father, whom both were in possession at time of death, passed to plaintiff and there was no need/request for intrustment

**1.2: Probate Order 4/21/03 is VOID for Want of Jurisdiction:**

The Barrington Probate Court's Order signed by Co-Defendant Judge Marvin Homonoff on April 21, 2003, admitting 3/6/02 Will and Appointing Defendant Arthur T Marcello as Executor is VOID for Want of Subject Matter and Over the Person (Defendant) at the time Plaintiff James C. Marcello, a copy of said order hereby viewed at **Exhibit** 1-5.

**RIGL § 33-22-7. Proceedings in which notice given by court provides that:**

Every probate court shall, before proceeding, give notice to all parties known to be interested in the following cases:

(1) In the granting of letters of administration.

(2) In the probate of a will.

Plaintiff James C. Marcello, named at (Defendant) at time of probate proceedings, never received such required notices nor did the probate give such required notice. Therefore, said Plaintiff was not aware of nor before the court on April 7, 2003 hearing when said Defendant Arthur T Marcello was appointed executorship and admitting the 3/6/02 will.

It was found in **R.I. Case Law "Westerly Prob. Ct. v. Potter, 26 R.I. 202, 58 A 661** that: "Where a judgment is void for want of jurisdiction, whether of the subject matter or of the person

of defendant, it is of no effect whatever as an estoppel, does not merge the cause of action, and constitutes no bar to further litigation upon the same cause of action,...." Furthermore, "the effect of res judicata cannot be ascribed to a judgment rendered without authority of law, as where it assumes to determine the rights of a party not before the court."

Therefore, the real and personal property of plaintiff's deceaed father, whom both in possession at time of death, was not intrusted into the hands of Defendant Arthur T Marcello because the void judgment of 4/21/03 conferred no power of entrustment to the said defendant acting under it and is not final.

## ARGUMENT AND LAW

### 2nd Reason

**Defendant Arthur T. Marcello Came Into Possession of Plaintiff's Deceased Father's Estate Property in an Unlawful Manner, Often as a Result of His Unlawful Employment.**

## ARGUMENT AND LAW

### 2nd Reason

There Are (3) Sub-Reasons Why Arthur T. Marcello Came Into Possession of Plaintiff's Deceased Father's Estate Property in an Unlawful Manner, Often as a Result of His Unlawful Employment and Summary Judgment Should be Granted:

**2.1: Defendant Arthur T. Marcello's Obtained Plaintiff's Deceased Father's Estate Property by False Pretenses or Personation:**

In the absence of required notice pursuant to **RIGL § 33-22-7** to be given by Barrington Probate Court to Plaintiff James C. Marcello, on April 7, 2003, Defendants Arthur T. Marcello, Attorney Bernard Healy, and Albert Mastriano, simply walked into Barrington Probate Court, after forging said plaintiff's deceased father's name on a purported will dated March 6, 2002, and acquired a Void Order purporting in both the granting of letters of administration (app. of executorship to Arthur T. Marcello) and the admisssion of the said purported forged will 3/6/02 (See Cmplt at **Exhibit A: 1-2)**

**RIGL § 11-41-4.** Obtaining Property By False Pretenses or Personation. Every person who shall obtain from another designedly, by any false pretense or pretenses, any money, good, wares, or other property, with intent to cheat or defraud, and every person who shall personate another or who shall falsely represent himself or herself to be the agent or servant of another and shall receive any money or other property intended to be delivered to the person so personated, or to the alledged principal or master of that agent or servant, shall be guilty of larceny.

**1.2: Defendant Arthur T. Marcello Was Without Proper Appointment or Qualification and Liable as Executor De Son Tort:**

Under the **Rhode Island Case Law: "Mauro v. Vervena, 62 R.I. 242, 4 A.2d 893 (1939)** "An executor de son tort is a person who without authority intermeddles with the estate of a decedent and does such acts as properly belong to the office of an executor...."and however, "he cannot obtain any personal advantage or benefit for his intermeddling....", "...and is liable or all damages caused thereto." Furthermore, **Mauro v. Vervena** says "Liability for intermeddling with the estate of a decedent has been imposed and regulated by statute. (such statute being **RIGL § 33-9-26**) Under such statute, an intermeddller is liable as an executor de son tort only where his acts of intermeddling come within the provisions of the statute, as, for example, where the intermeddling causes injury or damage to the estate;...." and finally, "The lawful executor or administrator is as a general rule the proper person to enforce the liability of an executor de son tort."

Defendant Arthur T. Marcello on April 7, 2003 was improperly appointed executor for numerous reasons.

First, the purported will dated March 6, 2002 was revoked by plaintiff's father puruant to **RIGL § 33-5-10** and therefore the Barrington Probate Court Co-Defendant Marvin Homonoff lacked subject matter jurisdiction simply because the purported will no longer exist in law (See Cmplt at **Exhibits B** forged purported will 3/6/02 + **C** revoking letters Executed April 26, 2002 of Rudolph N Marcello of purported will 3/6/02).

Second, because plaintiff's father wrote in his own hand writing "I revoke everything on the papers...at Vic's Texecao Gas Station on March 6, 2002", he revoked Defendant Arthur T. Marcello as executor on that purported will and therefore the Barrington Probate Court CoDefendant Judge Marvin Homonoff lacked jurisdiction over the person defendant Arthur T. Marcello.

Third, because the Barrington Probate Clerk Co-Defendant Lorraine DeRois deliberately and willfully failed to provide required notice of April 7, 2002 hearing to plaintiff James C Marcello as required by **RIGL 33-22-7,** said plaintiff was not before the court and therefore lacked jurisdiction over the person.

Forth, **fraud** was the reason why said plaintiff James Marcello was not provided notice because Arthur T Marcello cannot obtain executorship againt plaintiff James C Marcello' deceased fathers estate because **Rhode Island Case Law "Fortin v. Tanguay, 75 R.I. 102, 64 A.2d 188 (1949)** says: "...the right to administer follows the right to inherit." Certainly plaintiff James C Marcello the only son and child of deceased father has the superior right to appointment because of his first right to inherit as againt a mere brother of said deceased being defendant Arthur T. Marcello and that's why said plaintiff was not given notice because they did not want him there because of the larceny plan at large.

Fifth and finally, **fraud** also was establish that April 7, 2003 hearing day for the purpose of admitting the forged purported will 3/6/02 into probate by a void order for the mere

purpose of Defendant Arthur T. Marcello to sell plaintiff's deceased father's real estate property through the mere power of sale clause in the will. Co-Defendants Will Attorneys John A DeSano and Bernard P Healy known for a fact that in the State of Rhode Island **RIGL § 33-19-3** requires every executor to petition the probate court for an authorization order to sell decedent's real estate, and that the power to sell clause in the will must assent to the authorization order, and without it the executor not only cannot sell anything real or personal estate, but becomes liable for larceny. This larceny however is not feared by these defendants in the least however, simply because their enterprise not only controls the state of Rhode Island judicial system in a subservient position, but they deem themselves above the law and the folly played by these men, taking advantage of elderly person and depriving their children of theire rightful inheritance, is mere aristocratic pleasure.

Therefore, Defendant Arthur T Marcello came into possession of Plaintiff's deceased father's (entire) estate property in an unlawful manner, resulting from an improper and unlawful appointment, and has committed larceny by both fraudulently converting the real estate property lining his pockets every month with larceny money and stole all the personal possession to the estate in approximate value of ($200,000.00) and delivered them to his two Co-Defendant children Arthur T. Marcello,jr. and Thomas Marcello.

**2.3: Defendant Arthur T. Marcello Obtained Unlawful Possession of Plaintiff's Deceased Father's Real and Personal Property Under a Void Default Order for Lack of Jurisdiction and Obtained by Fraud:**

As viewed in Plaintiff's RICO Complaint (see Ct: 3 Sub-Cts: 1-11) Defendant Arthur T. Marcello along with the named Co-Defendants within said 3rd Episode, did conspire on and about June 6, 2003 thru November 14, 2003 within a pattern of rackerteering activity to a single fraudlulent scheme to obtain and gain unlawful posseion of said plaintiff's real and personal property, by conspiring to a Misuse of Process in the 6th District Court of RI CA NO: 035880. As viewed in **Exhibit** 6-12, are 7 face pages of the suit. There is a Void Default Judgment on the Civil Face Sheet for plaintiff for possession that was obtained by lack of jurisdiction and fraud **(Ex:** 6 **)**; and viewed at **(Ex:**10-11**)** is an unsigned Notice to Quit Premises attach to complaint; and viewed at **(Ex:** 12 **)** is a [counterfeited] Writ of Execution, not on file nor issued by said court, that was manufactured by Defendant Attorneys John A DeSano and Bernard P Healy and given to Chief LaCross on August 13, 2003 when he and Barrington PD broke and entered onto said plaintiffs property at 557 Maple Avenue Barrington RI and used the counterfeit writ to illegally arrest and false imprison plaintiff (see cmplt at Ct: 3 Sub-Ct: 5).

The fact that Defendant Arthur T Marcello did not sign his name on the Notice to Quit the premises (see **Exhibit 10** ), not only is evidence that he is not in fact a duly appointed executor of the estate of plaintiff's deceased father, but supports conclusively that the court lacked jurisdiction over the person and all subject matter and persons and that the Default Judgment on the Civil Face Sheet is entirely Void.

Under the Case law of **Tenn.--Brown v. Birman managed Care, inc., 42 S.W.3d 62 (Tenn. 2001)** "A civil conspiracy may arise in the context of a misuse of legal process including malicious prosecution, or an abuse of process." And ultimately, this concludes also not only that the subsequent pretended Writ of Execution is Void but confers no authority on Co-Defendant Constable Alfred Harris nor Co-Defendant Chief John LaCross to enter onto plaintiff's property and remove him, nor arrest and imprison him, as they did in fact, and that they acted under color of law.

Therefore, plaintiff conferr that Defendant Arthur T Marcello obtained unlawful possession of said plaintiffs deceased father's real and personal property on August 13, 2003 under a Void Default Order for lack of jurisdiction and obtained by fraud.

## ARGUMENT AND LAW

### 3rd Reason

Defendant Arthur T. Marcello Intended To Appropriate and Convert Plaintiff's Deceased Father's Estate Property to Both His and Co-Defendant Children Arthur T. Marcello,jr. and Thomas Marcello's Use, and Permanently Deprive Plaintiff of the Use.

## ARGUMENT AND LAW

### 3rd Reason

**There Are ( / ) Sub-Reasons Why Arthur T. Marcello Intended To Appropriate and Convert Plaintiff's Deceased Father's Estate Property to Both His and Co-Defendant Children Arthur T. Marcello,jr. and Thomas Marcello's Use, and Permanently Deprive Plaintiff of the Use and Summary Judgment Should be Granted:**

**3.1: Defendant Arthur T. Marcello's Repeated Manufacturing of Numerous Self-Beneficial Wills Shows Persistent Intention to Appropriate, Convert, and Permanently Deprive Plaintiff of his InSane Father's Property:**

Death or Alive, Defendants Arthur T. Marcello, wife Rosalia Marcello, and Co-Defendants adult children Arthur T. Marcello,jr., and Thomas Marcello, intended to appropriate, convert, and permanently deprive plaintiff James C Marcello's to all of his inheritable Constitutional Rights to his insane father's real and personal property through any and all methods of deceptions and frauds.

First, view at (cmplt **Exhibit E**), was a May 22, 1999 will manufactured collectively by above named defendants granting not only granting over 60% of the sale of said plaintiff's insane father's estate to themelves but appointing said defendant Arthur T. Marcello,sr as 1st executor and his son Thomas Marcello to jr. as 2nd executor to secure the objective.

Second, in the event plaintiff's insane father, who had a bad heart and known by above named defendants to have such, became incapacitated in a hospital or nursing home for lets say a successful attempt to induce him into a heartattach and fail not to die, as above named defendants attempted and succeeded as such (see cmplt at Ct: 1 - Sub-Ct: 1), a Power of Attorney for Sale of Real Estate **(Exhibit F)** dated February 14, 1995 was manufactured collectively by above named defendants the "Marcello clan", against plaintiff's insane father to sell his real estate property worth approx. $500,000.00 and appropriate and convert it to themselves. Barring in mind that these defendants "Marcello clan" are not decedents of plaintiff's insane father and have no legal inheritable rights to his estate. This Power to Sell plaintiff's insane father's real estate property was not only attempted to be executed and sold when said plaintiff's father suffer two massive heartattachs on May 17, 2000 and became hospitalized and later shipped to a nursing home **(see Exhibit** 13-23; VA Hospital Records of RNM**)** at behest of defendant Arthur T. Marcello to buy more time to embezzle and fraudulently convert as he later repeatedly bought more time on January 1, 2004 thru March 1, 2004 when he had plaintiff false arrested and illegal commited to a RI Forenic Unit IMH Facility to embezzle and fradulently convert (see cmplt at Ct: 4 Sub-Ct: 1 + 3), but it was carefully designed by said "Marcello clan" to ultimately box plaintiff's insane father's full assets to their intended secured fraudulent conversion, dead or alive.

Third, on June 5, 2000, Defendant Arthur T Marcello and collectively the defendants "Marcello Clan", had plaintiff's insane father shipped from the RI VA Hospital of Providence to the Desilets Nursing Home in Warren RI to keep him on ice so as to embezzle his property through the POA For Sale of Real Estate without his awareness nor consent. A Discharge of 6/9/2000 indicating the admission on 6/5/00 at top right hand corner is viewed at **Exhibit** 24-25 On June 4, 2000, plaintiff's father, after being informed of a breaking and entering and larceny by the defendant "Marcello Clan" at his home (see cmplt at Ct: 1 Sub-Ct: 2) by his grandson James Marcello,jr. who was directly threaten by Defendant Arthur T. Marcello quote: "I will pay (bribery) money to put you all in jail to get this house and property" (see cmplt at Ct: 1 Sub-Ct: 3), plaintiff' father did immediately call his son plaintiff James C Marcello and asked to have defendant Arthur T Marcello revoked of his POA to Sell his Real Estate, revoke his will of 1999, appoint plaintiff son as new POA and sign him out of Nursing Home, and make a new will giving him estate to his son plaintiff. So on June 8, 2000 all powers were revoked against Defendant Arthur T Marcello, POA was granted to plaintiff son James C Marcello from his father, (a POA to James C Marcello 6/8/2000 from father Nichola F Marcello viewed at **Exhibit** 26-29), a discharge of plaintiffs father from Nursing home into his care on 6/9/00 is viewed at **Exhibit** 24-25 on July 30, 2000 plaintiff recieved Special Power of Attorney from his father in his presence to revoke the May 22, 1999 Will (see cmplt at **Exhibit** E ~~30-31~~), (see

**Exhibit** 24-25 SP POA to revoke old will and type at his direction new Will), (see new Will executed on 7/30/2000 at **Exhibit** 32-33), a Certification of Affirmation to revoke viewed at **Exhibit** 34 ), and a certificate of Service of all above deposited in the Probate Court of Barrington signed received by clerk Linda James on August 4, 2000 is viewed at **Exhibit** 35 ).

Forth, this did not stop nor discourage the defendants "Marcello Clan" from pursecuting unto death plaintiff's insane father with newly repeated manufactured self-beneficial wills. So on June 3, 2001, plaintiffs father suffer a nervous breakdown and emergency admitted to VA Hospital resulting from the Defendant "Marcello Clan" terrorizing and inducing said plaintiff's 81½ year old father into signing a newly manufactured will (see cmplt at Ct: 1 Sub-Ct: 4). This attempt failed, but on March 6, 2002, with the recruting of Co-Defendant Attorney John A DeSano, who was later characturized by plaintiff's father to his son plaintiff as being a loan shark for organized crime for over 40 years and making millions of dollars towards the purchasing of land properties in the Town of Barrington, the defendant "Marcello Clan" went to the home of plaintiffs insane father, threatening the nurse, and kidnapped said plaintiff's father as stated by the nurse defendant Betty Barney quote: "they grabbed him by his arms and took him out of his home and into their car and fled the premises after she made a phone call to Barrington Police in their presence, making an attempted extortion to induce said plaintiff's father into signing the newly manufactured will designed by them to defraud his estate

(see cmplt at Ct: 1 Sub-Cts: 5,6,7). This attempt even failed, so on March 6, 2002, the defendant Arthur T. Marcello and his adult children "Marcello Clan", forged the named of plaintiff's father on the 3/6/02 purported will (viewed at cmplt **Exhibit B)**, 10 times (see cmplt at Ct: 1 Sub-Ct: 11).

Fifth, so on April 26, 2002, plaintiff's father sent revoking letters to Defendants Arthur T Marcello and John A DeSano, revoking everything on the papers... at Vic's Texeco Gas Station on March 6, 2002 (see cmplt at **Exhibit C** 1-7 ). Plaintiffs father demanded in the revoking letters for the purported will of his to be returned so as to tear it up, cancel it and destroy it. Defendant "Marcello Clan" refused return.

Six, so on May 16, 2002 through September 28, 2002, wrongful death of plaintiff's father, Defendants Arthur T Marcello, John A DeSano, and Co-Defendants "Marcello Clan" conspired to conceal purported will of 3/6/02 in the furtherance of their crimes (see cmplt at Ct: 1 SubCt: 14) and intent to appropriate, fraudulently convert to their own use the "entire" estate property of plaintiff's father and permanently deprive said plaintiff of the use. Complaints and Motions were filed in the Barrington Probate Court requesting an order to return the purported will of 3/6/02, (see **Exhibits** 36-37 Motion filed by plaintiff and father), but because Co-defendant Marvin Homonoff was a member of the crime enterprise with head sidicated co-defendant Attorney John A DeSano, (see cmplt at II. Identification of Enterprise at B. Judge Marvin Homonoff), defendant Homonoff refused to act.

# III. CONCLUSION

Accordlingly, and with all due respect to the life and death of plaintiff's 83½ year old father Rudolph N. Marcello, who was insane by both reason of Alzheimer Dementia and born with and militarily medically discharged in WWII with paranoid phsycosis and nervous breakdown, Defendants Arthur T. Marcello, Arthur T. Marcello,jr., Thomas Marcello, and Albert Mastriano committed larceny of said plaintiff's father's entire real and personal property in violation of **RIGL § 11-41-3. Embezzlement and Fraudulent Conversion.**

**THEREFORE**, for the reasons set forth above, Plaintiffs, James C. & Olivia A. Marcello, respectfully request that their Motion for Summary Judgment pursuant to Fed. R. Civ. P. Rule 56(a)+(c) be granted on the following:

1. that Plaintiff's Bill of Complaint be granted;

2. that the court may order the above named Defendants to pay over to the plaintiff James C. Marcello in the amount of One Million Dollars ($1,000,000.00) or the current appraized value [three times the value thereof], which ever is greater, as required by RIGL § 11-41-3, for the loss of his <u>real estate property</u> located at 557 Maple Avenue Barrington Rhode Island (see cmplt at prayer 2nd alternative joint named defendant liability - No: 11);

3. that the court may order the above named Defendants to pay to the plaintiff James C. Marcello in the amount of Five Hundred Thousand Dollars ($500,000.00) or the current appraized value [three times the value thereof], which ever is greater, for the loss of his personal properties that is found and determined by this Court to been stolen, sold, and or destroyed by said named defendants on and about August 13, 2003 and December 10, 2003, herein complained, from the said plaintiffs property located at 557 Maple Avenue Barrington Rhode Island (see cmplt at prayer 2nd alternative joint named defendant liability - No: 12);

4. that the court may order a lien against all above named defendants real estate properties to be granted to Plaintiff James C. Marcello for the total sum liabilities incurred and determined by this court, in its entirety against all said above named defendants, till the full debt is paid-in-full (see cmplt at prayer 2nd alternatie joint named defendant liability - No: 15);

5. that the court may order twenty year prison sentence for Defendants Arthur T. Marcello, Arthur T. Marcello,jr., Thomas Marcello, and Albert Mastriano as required under **RIGL § 11-41-3.**;

6. and that the court may order such other and further relief as justice may require.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JAMES C. & OLIVIA A. MARCELLO

Plaintiffs

vs. **CA NO: 07-055 ML**

STATE OF RHODE ISLAND, ET AL

Defendants

**AFFIRMATION OF TRUTH**

The Undersigned, upon Affirmation of Truth, Deposes and Says:

1. Defendant Arthur T. Marcello committed larceny on February 6, 2004, because he sold my deceased father's real estate property located at 557 Maple Barrington R.I. to Co-Defendants Nuno and Natalia Paiva-Neves under an unlawful Void Will dated March 6, 2002 through the mere 'Power of Sales' clause within it and in the absence of a required order of Probate granting leave to a 'Petition of Executor for Leave to Sell Real Estate' as required by **RIGL § 33-19-3. Authority to Sell Real Estate.**

2. Defendant Arthur T Marcello,jr., received stolen personal properties on and about August 13, 2003 from my father's real estate property above described of antiques furniture, etc in approximate value of ($200,000.00).

3. Defendant Thomas Marcello received stolen personal estate property on and about August 13, 2003 from my father's real estate property above described of antiques furniture, etc. in approximate value of ($200,000.00).

Subscribed to by Affirmation of Truth on this **15th day of November, 2007,** under penalties of perjury.

Respectfully submitted,

**PLAINTIFF * IN PRO SE**

JAMES C. MARCELLO

/s/ James C. Marcello

James & Olivia Marcello
152 Cross Rd
Stetson, ME 04488
(207) 296-3433

Respectfully submitted,

PLAINTIFFS * IN PRO SE

JAMES C. MARCELLO
OLIVIA A. MARCELLO

/s/ James C. Marcello

/s/ Olivia A. Marcello

James & Olivia Marcello
152 Cross Rd.
Stetson, ME 04488
207 296 3433

**CERTIFICATION**

I, the undersigned, hereby certify that I have mailed a conformed copy of the following:

1. MOTION TO SET FOR HEARING
2. MOTION FOR SUMMARY JUDGMENT
3. EXHIBITS (1 thru 37)
4. 
5. 

by regular U.S. Mail, postage prepaid, on the 15th day of **November**, 2007, to counsels of record and parties as indicated below:

Michael DeSisto,esq
211 Angell St
Providence RI 02906

Robert Smith,esq
155 S Main St
Providence RI 02903

Thomas Palombo,esq
150 S Main St
Providence RI 02903

Mark Dolan,esq
175 Westminister St
Providence RI 02903

James Moretti,esq
300 Centerville Rd
Warwick RI 02886

Mark Charleson,esq
928 Park Avenue
Cranston RI 02910

Frederick Connelly,jr,esq
30 Rowes Wharf
Boston MA 02110

Alfred Harris
287 Rand St - Box 1107
Central Falls RI 02862

Betty Barney
77 Dorr Avenue
E Providence RI 02915

/s/ James C. Marcello